Mary Basile Logan
Post Office Box 5237
Clinton, New Jersey 08809

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

MARY BASILE LOGAN, individually and on behalf          |
of those similarly situated, *Pro-Se*;                 |
                                                       |
                    Plaintiff,                         |
                                                       |
MERRITT GARLAND, in his official capacity              |
Attorney General, Department of Justice                |
                                                       |
LLOYD AUSTIN, III, in his official capacity as the     |
Secretary, Department of Defense;                      |
                                                       |
WILLIAM J. BURNS, in his official capacity as the      |
Director, Central Intelligence Agency;                 |
                                                       |
CHRISTOPHER A. WRAY, in his official capacity          |
as the Director of the Federal Bureau of Investigation;|
                                                       |
DENIS RICHARD MCDONOUGH, in his official               |
capacity as Secretary of Veterans Affairs;             |
                                                       |
ALEJANDRO MAYORKAS, in his official capacity as        |
Secretary, U.S. Department of Homeland Security;       |
                                                       |
MARCIA L. FUDGE, in her official capacity as Secretary |
U.S. Department of Housing and Urban Development;      |
                                                       |
ROBERT CALIFF, in his capacity as Commissioner,        |
Food and Drug Administration;                          |
                                                       |
WILLIAM J. CLINTON, in his official capacity as the    |
former President of the United States of America;      |
                                                       |
HILLARY R. CLINTON, in her official capacity as        |
Former Secretary of State for the United States of America; |
                                                       |

THOMAS KEAN, Sr., in his former capacity as Chairman
9/11 Commission;

ROBERT MUELLER, in his former capacity as Director
of the Federal Bureau of Investigation;

JAMES COMEY, in his former capacity as Director
of the Federal Bureau of Investigation;

CHRISTOPHER J. CHRISTIE, in the capacity of the
former-Governor of New Jersey;

RICHARD "DICK" CHENEY, in his former capacity
as Vice President of the United States;

ELIZABETH "LIZ" CHENEY, in her former capacity
as Chair, January 6 Commission;

JOHN KERRY, in his official capacity as U.S. Special
Presidential Envoy for Climate;

GEORGE W. BUSH, in his former capacity as
President of the United States;

BARACK H. OBAMA, in his former capacity as
President of the United States;

LORETTA LYNCH, in her former capacity as
United States Attorney General;

JAMES BAKER, in his former capacity as White House
Chief of Staff;

ERIC HOLDER, in his former capacity as United States
Attorney General;

JOSEPH R. BIDEN, in his official capacity as President,
his former capacities as Vice President and Senator, of
these United States;

JOHN ASHCROFT, in his former official capacity,
as United States Attorney General;

JAMIE GORELICK, in her official capacity, Homeland
Security Advisory Council member;

NANCY PELOSI, in her official capacity as
Congresswoman (CA);

GEORGE NORCROSS, in his capacity as Chairman,
Cooper University Medical Systems;

PHIL MURPHY, in his official capacity as Governor
of New Jersey, and as former Chair of the National
Governors Association (NGA);

TAHESHA WAY, in her former capacity as Secretary
of State, as former President of the National Association
of Secretaries of State, and her current capacity as
Lt. Governor, New Jersey;

JUDITH PERSICHILLI, in her official capacity as then-
Commissioner of Health for the State of New Jersey;

SEJAL HATHI, in her official capacity as Deputy
Commissioner for Public Health Services;

MATTHEW PLATKIN, in his official capacity as
Attorney General of the State of New Jersey;

KATHY HOCHUL, in her official capacity as Governor
of New York;

ANDREW CUOMO, in his former capacity as Governor
of New York and his capacity as Vice-Chair of the National
Governors Association;

LETITIA JAMES, in her capacity as Attorney General of
the State of New York;

DEMOCRATIC NATIONAL COMMITTEE;

REPUBLICAN NATIONAL COMMITTEE;

JAMES PITTINGER, in his official capacity as Mayor
of Lebanon Borough, State of New Jersey;

LISA SELLA, in her official capacity as Deputy Clerk,
Lebanon Borough, State of New Jersey;

ROBERT JUNGE, in his official capacity as Municipal
Chair, Republican Party, Lebanon Borough, State of

New Jersey;                                      |
                                                |
JOHN DOES (1-100)                               |
                                                |
JANE DOES (1-100)                               |
                    Defendants.                 |

---

**COMPLAINT, PRAYER FOR DECLARATORY, EMERGENT
AND PERMANENT INJUNCTIVE RELIEF AND DEMAND FOR A JURY TRIAL**

**TABLE OF CONTENTS**

1. **Introduction** ------------------------------------------------------5-6

2. **Nature of Action**---------------------------------------------- 6-9

3. **Parties, Jurisdiction and Venue**----------------------------9-21

4. **Factual Allegations** -------------------------------------------21-85

## <u>INTRODUCTION</u>

It is the human element, so often lost in translation among COVID-19 data points, medical charts and findings; a one-dimensional representation to that of a three-dimensional being, of and belonging to one-another in support, through bereavement and companionship, facets of dignity which were deprived those who stood in the burning towers on that tragic day and our veterans who served to protect our fine Nation in our stead.  Early in the pandemic, as provided for in EXHIBIT 1, veterans across our Nation were forced into isolation for weeks on end, many met an untimely death ***<u>ALONE,</u> <u>their honored bodies zipped into non-descript bag</u>***, in some cases to be stacked among others, an unacceptable closure.  The honor and integrity of the decedent's life stories would, thereafter, become an accounting for COVID-19/CARES Act and American Rescue Plan funding allocation and appropriation; their vote and voice having evidently lost its perceived value once the bag had been zipped; Plaintiff's plea resuscitates their life stories.

Amid this plea of the People, each decedent's voice gathers amid those of similar dignified life testimony; Dr. Martin Luther King, Jr., Harriet Tubman, Christopher Sign and Cary Roque, individuals who *employed* their time gifted by God on this earth for the betterment of humanity in advocacy of the truth that ***all*** people regardless of pigment, race, origin, or creed be counted in whole among the inclusive unalienable Rights enumerated in the Constitution and, moreover that as citizens,

each understands the weight of responsibility to its shared history as much the demand, regardless of personal cost, in its preservation.  The Defendants, having intimate knowledge of the protective State and Federal statutes, have and continue to knowingly skirt and contrive the body of enumerated Rights and self-evident truths, compromising *right reasoning*, the Executive Branch and the balance of legal precedents long established and held as sacred guideposts of these United States.

## NATURE OF ACTION

1.      This action is brought against the Defendants in their present and former official capacities. The case involves unprecedented constitutional violations conceived by the Defendants or at their directive, resulting in injury and a threat to cause continued injury to the Plaintiff including direct harm to the Plaintiffs' business interests and property located in Hunterdon County, New Jersey.

2.      The lawsuit alleges violations by the Defendants within four (4) distinct yet interrelated provisions of the United States Constitution, authored by the Founders to ensure that persons elected, appointed as designee of a Commission[1] serve in such capacity free from entanglements in or among foreign and domestic government and/or officials.  Constitutional provisions include:

   a.   Article II, Section 3.1.3.1.  Take Care Clause, Presidential authority.  "It may be presumed that he, the man discharging the presidential office, and he alone, grants, reprieves and pardons for offenses against the United States…So he, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name

---

[1] Public Law 107-306, 116 STAT. 2383. "Intelligence Authorization Act for Fiscal Year 2003."  November 27, 2002.

of office is *designatio personae.*"[2]  The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts.  (*See Wilcox v. McConnel, 28 U.S. (13 Pet.) 498, 513 (1839); United States v. Eliason,* 41 U.S. (16 Pet.)  291 (1842); *Williams v. United States* 42 U.S. (1 How.) 2990, 297 (1843); and *United States v. Jones,* 59 U.S. (18 How.) 92, 95 (1856)).

b.  18 U.S.C. § 1001.  Protection against employees of any department or agency of the United States, knowingly or willfully falsifying, concealing or covering up by means of trickery, scheme or device a material fact or the act of making any false, fictitious, fraudulent statements or representations, or to make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry; 18 U.S.C. § 1035 False statements relating to health care matters; 18 U.S.C. § 1038 False information and hoaxes; 18 U.S.C. §1519 Destruction, alteration, or falsification of records in Federal investigations and bankruptcy. (*See* ex rel. *Schutte, et al. v. SuperValu Inc., et al.* (Docket No. 21-1326); and *Yates v. United States*, USSC No. 13-7451, 2015 WL 773330 (February 25, 2015); reversing 733 F.3d 1059 (11th Cir. 2013)).

c.  18 U.S.C. §§ 2384, 2385. Seditious Conspiracy, the act of conspiring to overthrow, put down, or to destroy by force the Government of the United States, or to level war against them or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof.

---

[2] Congress.gov.  Article II, Section 3 "Who Can Fulfill the Take Care Duty."  Accessed January 2, 2024.
https://constitution.congress.gov/browse/essay/artII-S3-3-2/ALDE_00000217/['article',%20'1']

d.  Article III S3.C1.1.2.  Treason Clause: Doctrine and Practice.  Treason against the United States shall consist of levying War against them, or in adhering to their enemies, giving them aid and comfort.  No person shall be convicted of Treason unless on the testimony of two witnesses to the save over Act, or on Confession in Open Court.  Chief Justice John Marshall's opinion emphasized, if there was "an actual assemblage of men for the purpose of executing a treasonable design," the Court narrowly focused the scope of the treason by levying war against the United States.  (*See Ex parte Bollman & Swarthout* (1807); and *Cramer v. United States* (1945)).  18 U.S.C. § 371.  Conspiring to defraud the United States which includes an illegal agreements, criminal intent, and proof of an overt act. (*See Hass v. Henkel,* 216 U.S. 462 (1910); and *Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

Together, these provisions of the Constitution serve to assure the American people that the President, Legislative officers, their designees, and officials so appointed, will conduct themselves honorably, within the construct and constraint of the founding principles in a manner fitting of a republic form of government.

3.     Conferred by oath to the Constitution with immense responsibility, the President and Legislative officers are obligated to faithfully execute their respective office in a manner to preserve, protect, and defend the Constitution of the United States.  Fundamental to these ends, persons so serving must remain free from entanglements, including financial inducements provided by foreign nations, their leaders, domestic enterprise and competing interests which would otherwise render their oath and allegiance compromised.

## PARTIES

4.     Defendant, MERRITT GARLAND, in his official capacity as the United States Attorney General, subject to 28 U.S.C. § 503.   He practiced corporate litigation at Arnold & Porter, working as

a federal prosecutor in the United States Department of Justice where he supervised the Oklahoma City bombing investigation and subsequent prosecution.  Serving as a Judge of the United States Court of Appeals, District of Columbia Circuit, March 20, 1997 – March 11, 2021, appointed by Bill Clinton; appointed to Chief Judge, February 12, 2013 – February 11, 2020,  succeeded by Ketanji Brown Jackson and preceded by Abner Mikva.  Appointed to 86th United States Attorney General nominated by Joe Biden, confirmed by the Senate.

5.      Defendant, LLOYD AUSTIN, III, serving in his official capacity as Secretary, Department of Defense, ("DoD") subject to 10 U.S.C. § 133.  He is a retired United States Army four-star general, serving as commander of the United States Forces – Iraq from September, 2010 – December 2011, thereafter as 33rd vice chief of staff of the Army from January 2012 to March, 2013, followed by his service as 12th commander of United Stated Central Command, ("CENTCOM") commencing in March, 2013 until his retirement in 2016.  He serves on the Boards of Raytheon Technologies, Nucor, Tenet Healthcare, and Auburn University.  In his present role as Secretary of DoD, nominated by Joe Biden and confirmed by the Senate.

6.      Defendant, WILLIAM J. BURNS, serving in his official capacity as Director, Central Intelligence Agency, ("CIA") subject to 50 U.S.C. § 3036.  Formerly serving in the United States Foreign Service, retiring in 2014.  He served as United States deputy secretary of state from 2011 – 2014, appointed by Barack Obama, succeeded by Antony Blinken, preceded by James Steinberg.  In 2009, he served as acting secretary of state advancing Hillary Clinton's Senate confirmation, appointed by Barack Obama, succeeded by Hillary Clinton, preceded by Condoleezza Rice.  In 2014 – 2021, he served as the president of the Carnegie Endowment for International Peace.  In his current role as the 8th CIA Director, assuming office on March 19, 2021, appointed by Joe Biden, preceded by Gina Haspel.

7.      Defendant, CHRISTOPHER A. WRAY, serving in his official capacity as Director, Federal Bureau of Investigation, ("FBI") subject to 28 U.S.C. § 532.   He served as the Assistant United States Attorney, Northern District of Georgia from 1997, moving to the Justice Department in 2001 as associate deputy attorney general and principal associate deputy attorney general.   He was nominated to serve as Assistant Attorney General (Criminal Division), June 9, 2003, confirmed by the Senate on September 11, 2003, overseeing the investigation of Enron among other criminal matters.   In 2004, he was involved in presenting finding on the Bush Administration's warrantless domestic surveillance program under the Terrorist Surveillance Program (TSP), same was deemed unconstitutional, subsequent controversy resulted, subject of this plea.   In 2005, he served as a litigation partner for King & Spaulding who would represent Chris Christie during the Bridgegate matter.   His firm represented Gazprom and Rosneft, Russian energy corporations.

8.      Defendant, DENIS RICHARD MCDONOUGH, serving in his official capacity as Secretary, Veterans Affairs, ("VA") subject to 38 U.S.C. § 303.   From 1996 – 1998, he was an aide for the United States Committee on Foreign Affairs, focused on Latin America; thereafter serving as senior policy advisor to Tom Daschle, followed by his role as legislative director for Senator Ken Salazar.   In 2004 he served as senior fellow at the Center for American Progress.   In 2007, he served  Senator Barack Obama's chief foreign policy advisor replacement for Mark Lippert who was called to Iraq in active duty, he would serve as Lippert's replacement and remain in that role advising Barack Obama during his 2008 presidential campaign, he would remain in that role until 2010.   In 2010, he served as the 25th United States Deputy National Security Advisor from October 20, 2010 – January 20, 2013, appointed by Barack H. Obama, succeeded by Antony Blinken, preceded by Thomas Donilon, he would serve in that role during the SEAL operation in Pakistan which resulted in the death of Osama bin Laden.   In 2013, he was appointed to White House Chief of Staff by Barack H. Obama, serving from January 20,

2013 – January 20, 2017, succeeded by Reince Priebus, preceded by Jack Lew.  Serving presently as the 11th Secretary of Veterans Affairs, appointed by Joe Biden on February 9, 2021, confirmed by the Senate.  He is responsible to administer the department concerned with veterans' benefits, health care, and national veterans' memorials and cemeteries.

9.      Defendant, ALEJANDRO MAYORKAS, serving in his capacity as Secretary of Homeland Security, ("DHS") subject to 6 U.S.C. § 112.  From December 21, 1998 – April 20, 2001, he served as the United States Attorney, Central District of California, appointed by Bill Clinton, reappointed by George W. Bush.  From August 12, 2009 – December 23, 2013, he served as Director of United States Citizenship and Immigration Services, appointed by Barack H. Obama, succeeded by Leon Rodriguez, and preceded by Emilio T. Gonzalez.  In this role, he implemented the Deferred Action for Childhood Arrivals ("DACA").  On December 23, 2013, he was appointed as the 6th United States Deputy Secretary of Homeland Security, appointed by Barack H. Obama, he would serve in that role until October 28, 2016, succeeded by Elaine Duke and preceded by Jane Holl Lute.  On February 2, 2021, he was appointed by Joe Biden, confirmed by the Senate, and assumed his present role as DHS Secretary.

10.      Defendant, MARCIA L. FUDGE, in her capacity as Secretary of the Department of Housing and Urban Development, ("HUD") subject to 42 U.S.C. § 3532.  She began her career as Director of Budget and Finance in the Cuyahoga County, Ohio tax department, serving occasionally as a visiting judge for the tax department as chief referee for arbitration matters.  From 2000 to November 18, 2008, she served as Warrensville Heights, Ohio Mayor, later serving as chief of staff for U.S. Representative Stephanie Tubbs Jones; following Jones' passing, she ran by special election for Jones' seat, completing the existing term.  During her tenure, she Chaired the Congressional Black caucus from January 3, 2013 to January 3, 2015, supporting Nancy Pelosi as Speaker of the House.

Presently, she serves as the Secretary of HUD, appointed by and reporting to Joe Biden, confirmed by the Senate.

11.     Defendant, ROBERT CALIFF, in his capacity as Commissioner, Food and Drug Administration, ("FDA") subject to 5 U.S.C. § 552(f).  Beginning in 2015, he began his career as Deputy Commissioner of the United States FDA, office of Medical products and tobacco, commencing in January, 2015, an appointment by Barack Obama, serving until January 20, 2017.  He was renominated to the FDA by Joe Biden on November 12, 2021, confirmed by the Senate on February 15 2022.  He is responsible to administer an agency of the United States Department of Health and Human Services ("HHS") with a primary responsibility to regulate clinical investigations of drugs and biological products.

12.     Defendant, WILLIAM J. CLINTON, acting in his former capacity as President of these United States (1993 – 2001), formerly serving as Arkansas attorney general beginning in 1977 through 1979, thereafter running for Governor where he served until 1981; he would return as Governor in 1983 and serve until 1992.  In 1993, he ran with Al Gore for President, defeating George H. W. Bush.  As president, he served as the head of state and government of the United States, directing the Executive branch of the federal government as the Commander in Chief of the United States Armed Forces, subject to the Constitution with a term of four (4) years, renewable once, affirmed by election.

13.     Defendant, HILLARY R. CLINTON, acting in the capacity as the former First Lady, Senator (New York), and Secretary of State.  In her role as first lady, she was responsible primarily for the political and social life of the United States, although the position was never codified, it runs concurrent with the president's term in office. Serving as Senator, New York (2001 – 2009), preceded by Daniel Patrick Moynihan.  As Secretary of State (2009 – 2013), preceded by Condoleezza Rice, appointed by Barack H. Obama, subject to 22 U.S.C. § 2651, in such capacity she served as minister

of foreign affairs in other countries, administrator of the Department of State and immigration policy, fourth in line of succession, reporting to the president, confirmed by the Senate.

14.     Defendant, THOMAS KEAN, SR., in his former capacity as Chair of the 9/11 Commission, ("Commission") having served as the Governor of New Jersey (1982 -1990), thereafter as President of Drew University (1990-2005), he was appointed to Chair the 9/11 Commission by George W. Bush, preceded by Henry Kissinger, serving from December 15, 2002 – August 21, 2004, the time of the Commission's abolishment.  Thereafter serving as President of the Carnegie Corporation (April 15, 2021 – January, 2023), preceded by Vartan Gregorian.

15.     Defendant, ROBERT MUELLER, in his former capacity as Director of the Federal Bureau of Investigation, ("FBI") serving prior as U.S. Attorney (MA) (October 10, 2986-April 6, 1987), appointed by Ronald Reagan, preceded by Bill Weld.  Appointed by George H. W. Bush as United States Assistant Attorney General – Criminal Division, serving from August 1990 – January 1993. Serving as United States Attorney, Northern District (CA), August 1998-August 2001, appointed by Bill Clinton, thereafter by George W. Bush, preceded by Michael Yamaguchi.  From January 20, 2001 – May 10, 2001, serving as Acting United States Deputy Attorney General, appointed by George W. Bush, preceded by Eric Holder.  Serving as Director of the FBI September 4, 2001 – September 4, 2013, appointed by George W. Bush, followed by his subsequent appointment from Barack H. Obama, proceeded by Louis Freeh; his tenure was extended by the Senate due to security concerns of the time period.

16.     Defendant, JAMES COMEY, in his former capacity as Director of the Federal Bureau of Investigation, ("FBI") serving prior as the United States Attorney, Southern District (NY), January 7, 2002 – December 15, 2003, appointed by George W. Bush, preceded by Mary Jo White.  Serving as the 31st United States Deputy Attorney General, December 9, 2003 – August 15, 2005, appointed by

George W. Bush, preceded by Larry Thompson.  Thereafter serving as Director of the FBI, September 4, 2013 – May 9, 2017, appointed first by Barack H. Obama, followed by Donald J. Trump, preceded by Robert Mueller.

17.     Defendant, CHRISTOPHER J. CHRISTIE, in his capacity as the former Governor of New Jersey, serving as a member of Freeholder Board, Morris County from January 1, 1995 – December 31, 1997.  Appointed to serve as United States Attorney, District of New Jersey, January 17, 2002 – December 1, 2008, appointed by George W. Bush, preceded by Robert J. Cleary.  Serving as Governor, New Jersey, January 19, 2010 – January 16, 2018, Chairing the Republican Governor's Association, November 21, 2013 – November 20, 2014, preceded by Bobby Jindal.  Appointed to serve as Chair of the Opioid and Drug Abuse Commission, March 29, 2017 – November 1, 2017 by Donald J. Trump.

18.     Defendant, RICHARD "DICK" CHENEY, in his official capacity as Vice President of the United Stated, ("VP") serving as White House Deputy Chief of Staff, December 18, 1974 – November 21, 1975, appointed by Gerald Ford.  Appointed to 7th White House Chief of Staff by Gerald Ford, November 21, 1975 – January 20, 1977, preceded by Donald Rumsfeld.  Serving as a member of the U.S. House of Representatives (WY), January 3, 1979 – March 20, 1989, preceded by Teno Roncalio.  Serving as Chair of the House Republican Conference, June 4, 1987 – January 3, 1989, preceded by Jack Kemp.  Serving as House Minority Whip, January 3, 1989 – March 20, 1989, preceded by Trent Lott.  Appointed to serve as the 17th United States Secretary of Defense, March 21, 1989 – January 20, 1993 by George H. W. Bush, succeeding Les Aspin, preceded by Frank Carlucci.  Serving as Vice President of the United States, January 20, 2001 – January 20, 2009, succeeding Joe Biden, preceded by Al Gore, and serving with George W. Bush.

19.     Defendant, ELIZABETH "LIZ" CHENEY, in her official capacity then as a Congresswoman (WY), (2017 – 2023) and presently as a professor as the University of Virginia Center for Politics.

20.     Defendant, JOHN KERRY, in his official capacity as the United States Secretary of State, subject to 22 U.S.C. § 2651.  Serving as a member of the United States House of Representatives in the Massachusetts 5th congressional district.  He would serve as first assistant district attorney in Middlesex County, Massachusetts from 1977 – 1979, thereafter in private practice.  He ran and served as Lieutenant Governor of Massachusetts from January 6, 1983 to January 2, 1985, successfully running for the United States Senate in 1984.  During his tenure he was a member of the Senate Committee on Foreign Relations investigating narcotics trafficking, the Iran-Contra affair, etc.  He would chair the Committee from 2009 – 2013.  In January, 2013, he was nominated by Barack Obama to replace Hillary Clinton as Secretary of State, confirmed by the Senate, where he would serve until 2017.  He was appointed by Joe Biden as the United States special presidential envoy for climate in January, 2021, a role which he presently holds.

21.     Defendant, GEORGE W. BUSH, acting in his former capacity as President of these United States (2001 – 2009).  In 1994, he ran successfully for governor of Texas, retaining that position until his election as president.  Controversy arose during the presidential election, requiring the Supreme Court to intervene to stop the hand recount in Florida.  During his tenure as president, the attack of September 11, 2001 took place, subsequent military conflicts in the war on terror resulted as well as structured changes to domestic policy, extending to include economic policy.

22.     Defendant, BARACK HUSSEIN OBAMA, acting in his former capacity as President of these United States (2009 - 2017).  Serving as an Illinois Senator from 2005 – 2008 and previously as an Illinois state senator from 1997 – 2004, he ran for president in 2008.  Upon entering office, immediate

economic policy demanded attention for redress of the economic recession, the programs which resulted would sunset on December 31, 2016.

23.     Defendant, LORETTA LYNCH, acting in her official capacity as United States Attorney General, subject to 28 U.S.C. § 503, an appointed position by Barack H. Obama, held from April 27, 2015 – January 20, 2017, succeeded by Jeff Sessions and preceded by Eric Holder; same being subject of Plaintiff's suit.

24.     Defendant, JAMES BAKER, acting in his official capacity as United States, Secretary of State, subject to 22 U.S.C. § 2651.  Defendant held the foregoing position having previously served in the appointments of Secretary of Commerce (August 2, 1975 – May 7, 1976), Secretary of Treasury (February 4, 1985 – August 17, 1988), and thereafter, Secretary of State under George H. W. Bush from January 25, 1989 – August 23, 1992.  He would serve as chief of staff under George H. W. Bush from August 24, 1992 – January 20, 1993.  He would also serve as a United Nations envoy to Western Sahara and a consultant to Enron.  He was instrumental in the 2000 election management, calling for the hand-count in Florida.

25.     Defendant, ERIC HOLDER, acting in his official capacity as United States, Secretary of State, subject to 22 U.S.C. § 2651.  Serving in a variety of appointments beginning with the Superior Court of the District of Columbia as a Judge (1988-1993), United States Attorney for the District of Columbia (1993 – 1997), United States Deputy Attorney General (1997 – 2001), Acting United States Attorney General (January 20, 2001 – February 2, 2001), confirmed by the Senate in such capacity serving from February 3, 2009 – April 27, 2015.

26.     Defendant, JOSEPH R. BIDEN, in his official capacity as President of the United States, position held from January 20, 2001 to present.  Serving in a variety of elected capacities including

member of the New Castle County Council (1971 – 1973), United States Senator, Delaware (1973 - 2009), and Vice President of the United States (2009 – 2017).

27.     Defendant, JOHN ASHCROFT, in his official capacity as United States Attorney General, subject to 28 U.S.C. § 503, having previously served in a variety of elected and appointed capacities including Auditor for Missouri (1973-1975), Missouri Attorney General (1976 – 1985), Governor of Missouri (1985 – 1993), serving as Chair of the National Governors Association (1991 – 1992), United States Senator, Missouri (1995 – 2001), and, thereafter as United States Attorney General.

28.     Defendant, JAMIE GORELICK, in her official capacity as Chair of the Homeland Security Council, an appointment which she presently serves, commencing on March 21, 2022, at the recommendation of Alejandro Mayorkas.   Previously serving in a variety of capacities beginning with the appointment by Bill Clinton as General Counsel of the Department of Defense (1993 – 1994), United States Deputy Attorney General (1994 – 1997), and her current appointed thereafter, as above. Defendant served on the 9/11 Commission, an appointment by Tom Daschle.  She also served as Vice Chairwoman of Fannie Mae (1997 – 2003).

29.     Defendant, NANCY PELOSI, serving in her official capacity as a Member of the United States House of Representatives for California, a position to which she was elected commencing June 2, 1987 - present.  Previously serving in a variety of capacities including as Chair for the California Democratic Party (1981 – 1983).

30.     Defendant, GEORGE NORCROSS, in his official capacity as Chairman of the Board of Trustees Cooper Health System and Cooper University Hospital, ("Cooper") under his direction, Cooper has expanded to include Cooper Medical School at Rowan University and MD Anderson Cancer Center, for which he is a partner.  Defendant served as Executive Chairman of Conner, Strong & Buckelew, an insurance brokerage firm.  In 2015, as an investor, he developed the Liberty Property

Trust working with Robert A.M. Stern.  From 1989 – 1995, he served as Chairman of the Camden County Democratic Party, remaining influential in the New Jersey political landscape where he has been deemed a "party boss".  In 2023, he announced a decrease in political activities, citing the loss 2021 Senate seat loss formerly held by Steve Sweeney.

31.     Defendant, PHILIP MURPHY, serving in his official capacity as Governor of the State of New Jersey, an elected office held from 2018 to present.  Previously Defendant served as the United States Ambassador to Germany, an appointment by Barack H. Obama, serving from 2009 – 2013.  Previously he held a 23-year career with Goldman Sachs, retiring in 2006.

32.     Defendant, TAHESHA WAY, in her official capacity as Lt. Governor of New Jersey, formerly as the New Jersey Secretary of State, both positions appointed by the Governor, commencing in 2018 to present.

33.     Defendant, JUDITH PERSICHILLI, in her former capacity as then-Commission of Health for the State of New Jersey, an appointment by the Governor which commenced in July, 2019, now retired.

34.     Defendant, DEJAL HATHI, in her official capacity as Commissioner of Health for the State of New Jersey, an appointment by the Governor which commenced in 2023 with the retirement of Judith Persichilli.  Commencing in November, 2023, Dr. Hathi will serve as the Director of the Oregon Health Authority.  Previously Dr. Hathi served as an advisor to Pete Buttigieg.

35.     Defendant, MATTHEW PLATKIN, in his official capacity as Attorney General for the State of New Jersey serving from February 14, 2022 to present.  Previously serving at the Brookings Institute wherein he advised Congress on economic recovery during the 2008 financial collapse.  In 2020, he served as special counsel to Cory Booker during the first impeachment of Donald J. Trump.

36.     Defendant, KATHY HOCHUL, in her official capacity as Governor of New York (2021 – present), having previously served as Lieutenant Governor (2015 – 2021).  Previously serving in a variety of elected and appointed capacities as Hamburg Town Board (1994 – 2007), 8th Clerk – Erie County (2007 – 2011), United States House of Representatives for the 26th District of New York (2011 – 2013) and presently in her current role.

37.     Defendant, ANDREW CUOMO, in his previous capacity as Governor of New York, an elected position held from 2011 – 2021, succeeded by Kathy Hochul.  Previously serving in the capacity of New York Attorney General (2007 – 2010), the United States Secretary of HUD (1997 – 2001) and as Deputy (1993 – 1997) – the latter appointments by Bill Clinton.

38.     Defendant, LETITIA JAMES, in her current capacity as Attorney General for the State of New York, an elected position held since 2019.  Previously serving as the New York City Public Advocate (2014 -2019), and a member of the New York City Council – 35th District (2004 -2013).

39.     Defendant, the DEMOCRATIC NATIONAL COMMITTEE, in its current form and organizational structure, in the supervisory role of national convention with presidential candidates, fund raising, commissions polls, and coordination of campaign strategies for the Democratic Party and its member body.

40.     Defendant, REPUBLICAN NATIONAL COMMITTEE, in its current form and organizational structure, in the supervisory role of national convention with presidential candidates, fund raising, commissions polls, and coordination of campaign strategies for the Republican Party and its member body.

41.     Defendant, JAMES PITTINGER, in his capacity as Mayor, Lebanon Borough, Hunterdon County.

42.     Defendant, LISA SELLA, in her capacity as Deputy Clerk, Lebanon Borough, Hunterdon County,

43.     Defendant, ROBERT JUNGE, in his capacity as co-Chair, Republican Party, Lebanon Borough, Hunterdon County.

## JURISDICTION AND VENUE

44.     The District Court has subject jurisdiction pursuant to 28 U.S.C. §§1331-1332, because the actions arose under the Constitution, laws, or treaties of these United States.

45.     This Court has jurisdiction pursuant to the Civil Rights Act of 1871, (Section 1983)  the Fifth and Fourteenth Amendment, Constitutional protections, and the Patriot Act (Pub. L. 107-56).

46.     Declaratory and permanent injunctive relief is sought as authorized in 28 U.S.C. §§2201 and 2202 (Title 28 – Judiciary and Judicial Procedure Part VI - PARTICULAR PROCEEDINGS (§§2201-4105), Ch. 151 – Declaratory Judgment (§§2201 – 2202).

47.     In accordance with Rule 38 and Federal Rules of Civil Procedure, Plaintiff seeks court consent in Demand for Jury, same being contained in and among this pleading.

48.     Venue is proper in this Judicial District under 28 U.S.C. §§1391(b)(2) and (e)(1).  Defendants are United States federal agencies, State and local elected officers with suit brought in their official capacities, this Court having competent jurisdiction.  Plaintiff is a resident of this Judicial District, and where a substantial part of the events occurred giving rise to this Complaint and are continuing to occur within the District Court of New Jersey as well these United States.  Plaintiff does not yield to Defendant's manifest by conveyance of consent or subjugation; *natura appetit perfectum*, Plaintiff's allegiance tethers to those herein unnamed, denied death by natural cause at the knowing will of those herein named.  Given to the pledged obligations of civility in human conduct, the magnitude of the herein claims cannot be understated; Plaintiff as well those unnamed have suffered severe injury to

their most base Rights enumerated in the Constitution, same continuing to the present time and will continue unabated absent the deafening silence being broken.  Citing the present national security related events, this plea is of significant federal interest having ripened to the point of being putrid.

## FACTUAL ALLEGATIONS

49.     Plaintiff asserts that Defendant, MERRITT GARLAND, has knowingly interfered with elections by exacting the timing, of publication of federal Civil Rights of Institutionalized Persons ("CRIPA") investigative findings while knowingly withholding factual investigative detail concerning the death of countless innocent persons of these United States.  Such knowing actions were willfully ignored resulting in additional human harms, including the death of citizens, (*See* 18 U.S.C. § 1519; 17 C.F.R. § 240.15c1-2), the subject report, now a matter of historical record of September 7, 2023.[3] Plaintiff alleges that Defendant knowingly steered facts in evidence in a manner so as to deceive the People and corrupt facts in evidence, (*See* 5 U.S.C. § 7323), such criminal acts circumvent the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519), *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015).  The Defendant's actions were both willful and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference, absent taking any disclosure of the truth or associated corrective action. In maintaining silence throughout COVID-19, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Constitutional protections afforded the People; an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President Donald J. Trump established under the Constitution, (*See* Article II, Section 1) the inclusive safeguard of policies, statutes and laws

---

[3] United States Department of Justice, Civil Rights Division, United States Attorney's Office, District of New Jersey, "Investigation of the New Jersey Veterans Memorial Homes at Menlo Park and Paramus," September 7, 2023.  Accessed September 7, 2023, https://thehill.com/homenews/state-watch/4192639-doj-new-jersey-violated-constitution-with-veterans-covid-care

afforded by Executive capacity under Proclamation 9994.[4]   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

50.      Plaintiff asserts that Defendant, LLOYD AUSTIN, II, has knowingly conceal facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[5]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not

---

[4] *Ibid*. (12).
[5] *Ibid*. (12).

for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

51.     Plaintiff asserts that Defendant, WILLIAM J. BURNS, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[6]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001 ] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See*

---

[6] *Ibid*. (12).

*Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371; *Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

52.     Plaintiff asserts that Defendant, CHRISTOPHER A. WRAY, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[7]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to

---

[7] *Ibid*. (12).

defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

53.     Plaintiff asserts that Defendant, DENIS RICHARD MCDONOUGH, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[8]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

---

[8] *Ibid*. (12).

54.     Plaintiff asserts that Defendant, ALEJANDRO MAYORKAS, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[9]  serving in his capacity as Secretary of Homeland Security, ("DHS") Plaintiff alleges that Defendant did knowingly breach his Oath of Office, a dereliction of his Pledge to uphold the Constitution.  It is alleged that Defendant immediately upon taking office and through the present day has sought to exploit situational circumstance, the inclusive actions departing all Constitutional protections, egregious in nature while taking no corrective action on behalf of the People, to the contrary his policies further so impose.  On May 23, 2023, Title 42 expired in the absence of Executive action, waiver of CDC invocation of the public health provision, (*See* Public Health Service Act, 1944) and the absence of Congressional action; accordingly, DHS retains primary and lawful responsibility of the United States border management.  Plaintiff asserts Defendant willfully breached his Oath and obligation to the Constitution and to the American People resulting in great harm to citizens, inclusive of Plaintiff, and specifically that the Defendant has breached Section 102 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, as amended (IIRIRA") designated by Congress.  As a direct consequence to the Defendant's dereliction of duty and obligation to his Oath, the United States is

---

[9] *Ibid.* (12).

experiencing an existential threat to National Security, exceeding those which advanced September 11, 2001. The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

55.     Plaintiff alleges that Defendant, MARCIA L. FUDGE did knowingly concealed records belonging to the People while serving in her capacity, obviating her Oath and pledge to the People of these United States under auspices of the Fair Housing Act. (*See* 42 U.S.C.§§ 3612, 3617); protection *trahit subjectionem*, *et subjection protectionem*, to wit citizens of such protected auspices subject to Title VII of the Civil Rights Act of 1964 have been gravely harmed, inclusive of Plaintiff.  In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his

designation under Proclamation 9994.[10]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

56.      Plaintiff asserts that Defendant, ROBERT CALIFF, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[11]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved

---

[10] *Ibid*. (12).
[11] *Ibid*. (12).

indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

57.     Plaintiff asserts that Defendant, WILLIAM J. CLINTON, eviscerated Article II, Section 3.1.3.1, the Take Care Clause, and his Presidential authority, knowingly.  He, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name of office is *designatio personae.*"[12]  The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts.  (*See Wilcox v. McConnel, 28 U.S. (13 Pet.) 498, 513 (1839); United States v. Eliason,* 41 U.S. (16 Pet.)  291 (1842); *Williams v. United States* 42 U.S. (1 How.) 2990, 297 (1843); and *United States v. Jones,* 59 U.S. (18 How.) 92, 95 (1856)).  He knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).  In

---

[12] Congress.gov.  Article II, Section 3 "Who Can Fulfill the Take Care Duty."  Accessed January 2, 2024.
https://constitution.congress.gov/browse/essay/artII-S3-3-2/ALDE_00000217/['article',%20'1']

maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[13]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

58.     Plaintiff asserts that Defendant, HILLARY R. CLINTON did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an

---

[13] *Ibid*. (12).

unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994.[14]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, she has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

59.    Plaintiff asserts that Defendant, THOMAS KEAN, SR., did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws

---

[14] *Ibid*. (12).

afforded in official capacity and persons of his designation under Proclamation 9994.[15]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

60.    Plaintiff asserts that Defendant, ROBERT MUELLER did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[16]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a

---

[15] *Ibid*. (12).
[16] *Ibid*. (12).

specific time, divorced of human dignity as to those People who died, calculable depraved

indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56;

115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December

27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the

Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not

for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of

these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See*

*Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to

defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and*

*Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

61.     Plaintiff asserts that Defendant, JAMES COMEY, did knowingly concealed facts and material

evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See*

18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L.

Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19

and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the

Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass,

manifesting himself as an intercessor within the informed Executive authority vested President,

Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official

capacity and persons of his designation under Proclamation 9994.[17]  The Defendant's actions were

both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of

human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. §

242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26,

---

[17] *Ibid*. (12).

2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

62.     Plaintiff asserts that Defendant, CHRISTOPHER J. CHRISTIE, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[18]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the

---

[18] *Ibid*. (12).

Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

63.     Plaintiff asserts that Defendant, DICK CHENEY, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[19]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably

---

[19] *Ibid*. (12).

evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

64.     Plaintiff asserts that Defendant, ELIZABETH "LIZ" CHENEY, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994.[20]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent

---

[20] *Ibid*. (12).

to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

65.     Plaintiff asserts that Defendant, JOHN KERRY, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[21]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

---

[21] *Ibid*. (12).

66.     Plaintiff asserts that Defendant, GEORGE W. BUSH, eviscerated Article II, Section 3.1.3.1, the Take Care Clause, and his Presidential authority, knowingly.  He, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name of office is *designatio personae."*[22]  The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts.  (*See Wilcox v. McConnel, 28 U.S. (13 Pet.) 498, 513 (1839); United States v. Eliason,* 41 U.S. (16 Pet.)  291 (1842); *Williams v. United States* 42 U.S. (1 How.) 2990, 297 (1843)); and *United States v. Jones,* 59 U.S. (18 How.) 92, 95 (1856)).  He knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[23]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001;

---

[22] Congress.gov.  Article II, Section 3 "Who Can Fulfill the Take Care Duty."  Accessed January 2, 2024.
https://constitution.congress.gov/browse/essay/artII-S3-3-2/ALDE_00000217/['article',%20'1']
[23] *Ibid*. (12).

the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

67.     Plaintiff asserts that Defendant, BARACK HUSSEIN OBAMA, eviscerated Article II, Section 3.1.3.1, the Take Care Clause, and his Presidential authority, knowingly.  He, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name of office is *designatio personae."*[24]  The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts.  (*See Wilcox v. McConnel, 28 U.S. (13 Pet.) 498, 513 (1839); United States v. Eliason,* 41 U.S. (16 Pet.)  291 (1842); *Williams v. United States* 42 U.S. (1 How.) 2990, 297 (1843); and *United States v. Jones,* 59 U.S. (18 How.) 92, 95 (1856)).  He knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit*

---

[24] Congress.gov.  Article II, Section 3 "Who Can Fulfill the Take Care Duty."  Accessed January 2, 2024.
https://constitution.congress.gov/browse/essay/artII-S3-3-2/ALDE_00000217/['article',%20'1']

*nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[25]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

68.     Plaintiff asserts that Defendant, LORETTA LYNCH, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority

---

[25] *Ibid*. (12).

vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994.[26]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, she has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

69.      Plaintiff asserts that Defendant, JAMES BAKER, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[27]  The

---

[26] *Ibid*. (12).
[27] *Ibid*. (12).

Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

70.      Plaintiff asserts that Defendant, ERIC HOLDER, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[28]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. §

---

[28] *Ibid*. (12).

242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

71.      Plaintiff asserts that Defendant, JOSEPH R. BIDEN, eviscerated Article II, Section 3.1.3.1, the Take Care Clause, and his Presidential authority, knowingly.  He, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name of office is *designatio personae."*[29]  The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts.  (*See Wilcox v. McConnel, 28 U.S. (13 Pet.) 498, 513 (1839); United States v. Eliason,* 41 U.S. (16 Pet.)  291 (1842); *Williams v. United States* 42 U.S. (1 How.) 2990, 297 (1843); and *United States v. Jones,* 59 U.S. (18 How.) 92, 95 (1856)).  He knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In

---

[29] Congress.gov.  Article II, Section 3 "Who Can Fulfill the Take Care Duty."  Accessed January 2, 2024.
https://constitution.congress.gov/browse/essay/artII-S3-3-2/ALDE_00000217/['article',%20'I']

maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[30]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

72.     Plaintiff asserts that Defendant, JOHN ASHCROFT, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an

---

[30] *Ibid*. (12).

unlawful trespass, manifesting himself as an intercessor within the informed Executive authority

vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws

afforded in official capacity and persons of his designation under Proclamation 9994.[31]  The

Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a

specific time, divorced of human dignity as to those People who died, calculable depraved

indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56;

115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December

27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the

Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not

for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of

these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See*

*Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to

defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and*

*Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

73.     Plaintiff asserts that Defendant, JAMIE GORELICK, did knowingly concealed facts and

material evidence, deceived, and obstructed the interests and safety of the citizens of these United

States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64,

25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as

COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully

disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an

unlawful trespass, manifesting herself as an intercessor within the informed Executive authority

vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws

---

[31] *Ibid*. (12).

afforded in official capacity and persons of her designation under Proclamation 9994.[32]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, she has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

74.     Plaintiff asserts that Defendant, NANCY PELOSI, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[33]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a

---

[32] *Ibid*. (12).
[33] *Ibid*. (12).

specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, she has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

75.     Defendant, GEORGE NORCROSS, in his official capacity as Chairman of Cooper Health System, ("Cooper") Plaintiff alleges that Defendant did concealed knowledge to the detriment of the People's health and welfare while serving in his capacity throughout the state of emergency provided for under Executive Proclamation 9994.[34] Defendant's concealment continues to the present day, having made no effort to speak to the truth on behalf of the American People, magnifying his culpability.   Through his knowing, actual and constructive fraudulent actions, and those of his designation, as yet to be named including for profit and not for profit entities; Plaintiff alleges knowing criminal acts so as to conceal material evidence, deceive and obstruct the interests of the safety and welfare of the citizens of these United States. (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved

---

[34] *Ibid*. (12).

indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022];Title VII, the Civil Rights Act of 1964).  Citing matters of national security presented herein, evidenced further by current national and geopolitical events, the consequence to Defendant's knowing actions and those of his designation, including but not limited to for profit and non-for-profit entities, his deception has resulted in the death of innocent persons within these United States .  As a direct consequence to Defendant's collective embodiment of negligent actions and invidious discrimination on behalf of the citizens of these United States, additional death of citizens has resulted, causational directly to his dereliction and obstructive hand; Defendant evidenced malicious indifference/depraved-heart murder.  (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946), *Eaton v. State*, Del., 363 A.2d 440, 441).  In maintaining silence including the epidemic known as COVID-19, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections; (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[35]  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

---

[35] *Ibid*. (12).

76.     Plaintiff asserts that Defendant, PHIL MURPHY, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[36]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder,  (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

77.     Plaintiff asserts that Defendant, TAHESHA WAY, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United

---

[36] *Ibid*. (12).

States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994.[37]  Plaintiff asserts that Defendant further imposed on Executive authority through the National Association of Secretaries of State in January, 2020 while in attendance of the National Conference, the keynote speaker, Chris Watts, whose speech (EXHIBIT 2), which details the scheme that would play out under guise of COVID-19 in the election process and more broadly.  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

---

[37] *Ibid*. (12).

78.      Plaintiff asserts that Defendant, JUDITH PERSICHILLI, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994.[38]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

79.      Plaintiff asserts that Defendant, SEJAL HATHI, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See*

---

[38] *Ibid*. (12).

18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994.[39]   The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).   By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, she has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

80.     Plaintiff asserts that Defendant, MATTHEW PLATKIN, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as

---

[39] *Ibid*. (12).

COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[40]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder,  (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

81.     Plaintiff asserts that Defendant, KATHY HOCHUL, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an

---

[40] *Ibid*. (12).

unlawful trespass, manifesting herself as an intercessor within the informed Executive authority

vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws

afforded in official capacity and persons of her designation under Proclamation 9994.[41]  The

Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a

specific time, divorced of human dignity as to those People who died, calculable depraved

indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56;

115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December

27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the

Defendant and those of her designation, yet to be named inclusive of entities who are for profit and

not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons

of these United States, she has irrefutably evidenced malicious indifference/depraved-heart murder,

(*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent

to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and

Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

82.     Plaintiff asserts that Defendant, ANDREW CUOMO, did knowingly concealed facts and

material evidence, deceived, and obstructed the interests and safety of the citizens of these United

States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64,

25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining his silence throughout the epidemic known as

COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully

disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an

unlawful trespass, manifesting himself as an intercessor within the informed Executive authority

vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws

---

[41] *Ibid*. (12).

afforded in official capacity and persons of his designation under Proclamation 9994.[42]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

83.     Plaintiff asserts that Defendant, LETITIA JAMES, did knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).   In maintaining her silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994.[43]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a

---

[42] *Ibid*. (12).
[43] *Ibid*. (12).

specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, she has irrefutably evidenced malicious indifference/depraved-heart murder,  (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

84.     Plaintiff asserts that the Defendant, the DEMOCRATIC NATIONAL COMMITTEE, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).  In maintaining its silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[44]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56;

---

[44] *Ibid*. (12).

115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the Defendant and those of its designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, it has irrefutably evidenced malicious indifference/depraved-heart murder,  (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

85.      Plaintiff asserts that the Defendant, the REPUBLICAN NATIONAL COMMITTEE, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)).  In maintaining its silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.[45]  The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)).  By the knowing and willful actions of the

---

[45] *Ibid*. (12).

Defendant and those of its designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, it has irrefutably evidenced malicious indifference/depraved-heart murder,  (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371*; Hass v. Henkle,* 216 U.S. 462 (1910)*; and Hammerschmidt v. United States,* 265 U.S. 182 (1924)).

86.     Plaintiff asserts that Defendant, JAMES PITTINGER did knowingly breach his Oath and Attestation to the People in the commission of malfeasance, made *malum quo communius eo pejus* by its' repetition (*See Grandstaff v. State*, 214 Tenn. 58, 377 S.W. 2d 921, 926; *State v. Shedoudy*, 45 N.M. 516, 118 P.2d 280, 287)).  Further it is alleged that Defendant acted as a willing designee, subordinate to co-Defendants imposing himself on free and fair elections while corrupting municipal staff and volunteers including co-Defendants, knowingly jeopardizing municipal officers by reputation and licensure. (*See* Title 18, U.S.C. § 245, 594).  Plaintiff alleges Defendant did knowingly bribe and make private promises to members of the public and business enterprises in carrying out the foregoing acts. (*See United States v. Manzo*, 851 F. Supp. 2d 797 (D.N.J. 2012).  The Defendant's actions have escalated to bias intimidation in elections. (*See Allen v. State* 63 Okl.Cr. 16, 72 P.2d 516, 519; *State v. London*, 194 Wash. 458, 78 P.2d 548, 519; 18 U.S.C.A. § 201; 18 U.S.C. § 594; Hatch Act Reform Amendments of 1993; Title 5 U.S.C. § 7323; 42 U.S.C. §5062 (2021); Title 42 U.S.C. § 12584(a)(6), (8); and the Federal Election Campaign Act of 1974, Public Law 93-443, as Amended; 2 U.S.C. § 441a(1)(4)).

87.     Plaintiff asserts that Defendant, LISA SELLA, did knowingly violate the Civil Rights of the Plaintiff and, under color of law while acting in her public capacity did purposefully deprive Plaintiff her Rights protected by the Constitution and laws of these United States, extending to include the

Hatch Act. (*See* Title 18, U.S.C., §§ 242, 245; 42 U.S.C. § 12584a(5)(6); Hatch Act Reform Amendments of 1993; Title 5 U.S.C. § 7323; 42 U.S.C. §5062 (2021); Title 42 U.S.C. § 12584(a)(6), (8); and the Federal Election Campaign Act of 1974, Public Law 93-443, as Amended; 2 U.S.C. § 441a(1)(4)).

88.     Plaintiff asserts that Defendant, ROBERT JUNGE, acting solely at the direction of the Mayor has unequivocally violated Plaintiff's Civil Rights, aborting his elected role having evidenced blatant disregarded for the liberty of the Plaintiff.  (*See* Title 18, U.S.C. § 245, 594; Hatch Act Reform Amendments of 1993; Title 5 U.S.C. § 7323; 42 U.S.C. §5062 (2021); Title 42 U.S.C. § 12584(a)(6), (8); and the Federal Election Campaign Act of 1974, Public Law 93-443, as Amended; 2 U.S.C. § 441a(1)(4)).

89.     Plaintiff reserves Defendants, JOHN DOES (1-100) and JANE DOES (1-100), to be called forward is this matter moves forward, including but not limited to for profit and non-for-profit entities.

90. Plaintiff calls on the lessons of our Nation's past, rightly, in consideration to those cases and controversies having surfaced by the collective hand of the Defendants, inclusive of those yet named,

> …It is not to be denied that we live in the midst of strong agitations, and are surrounded by very considerable dangers to our institutions of government.  The imprisoned winds are let loose.  The East, the West, the North, and the stormy South, all combine to throw the whole sea into commotion, to toss its billows to the skies, and to disclose its profoundest depths.  I do not affect to regard myself…as holding, or as fit to hold, the helm in this combat with the political elements; but I have a duty to perform, and I mean to do it with fidelity – not without a sense of surrounding dangers but not without hope.  I have a part to act, not for my own security or safety, for I am looking out for no fragment upon which to float away from the wreck, if wreck there must be, but for the good of the whole, and the preservation of the whole…I speak today for the preservation of (these United States).[46]

---

[46]Webster, Daniel. *The Constitution and the Union – Hear Me for My Cause*. March 7, 1850. Accessed Liberty.edu academic repository

91. Plaintiff presents evidence in support of factual allegations by way of three distinct historic crises.

    I.      September 11, 2001 - Fraud.

    II.      Emergency Economic Stabilization Act of 2008 and TARP – Economic Espionage.

    III.      COVID-19 – Malicious Indifference/Depraved-heart murder.

**I.     September 11, 2001 ("9/11").**

91.    The Safari Club, Henry Kissinger, and Arab oil.  Plaintiff asserts that through a variety of extraneous partners, foreign and domestic, an invisible hand was permitted to permeate and entrench itself in our Nations foreign affairs, men not being angels (Federalists 51).  These relationships are the subject of lore; however, the lore falls away upon thorough analysis. Plaintiff states that Defendants have acted to recycle the history of Bank of Credit and Commerce International ("BCCI"), headquartered in United Arab Emirates connected through financial ties with Pakistan and Saudi Arabia, the BCCI collapse, its' subsurface upheld by a series of shell companies, foreign entity entanglements otherwise constrained from doing business in the United States, while finding venue through BCCI with the assistance of extraneous parties including law firms, publicists and auditors by which they purchased United States real property, among a variety of other unlawful transnational exchanges.  Plaintiff's provocation calls to *Richard v. Ramirez,* 418 U.S. 24 (1974) in which the Supreme Court held, "…this distinguishes felony disenfranchisement from other forms of voting restrictions, which must be narrowly tailored to serve compelling state interests in order to be constitutional."[47]  The holding of the Court calls to the Equal Protections Clause of the Fourteenth Amendment , the

---

[47] *Richardson v. Ramirez*, 418 U.S. 24 (1974). Accessed January 10, 2021 via Justia https://supreme.justia.com/cases/federal/us/418/24/

Court opined further in Pp. 418 U.S. 55, "*largely through the accident of political exigency, rather than for the relation which it bore to the sections of Amendment.*"[48]  The controversy in this case is the existence of felonious disenfranchisement which exists as an undercurrent, lay hold and hostage of the uninformed as chattel while the parties to the malfeasance continue their actions, unstained by an informed electorate body, such knowing actions are abhorrent to the Constitution, disingenuous and made further entrenched by and through each election cycle. Bank of America is yoked to BCCI.

92.    Plaintiff states that between 1993 and 1999, Kuwait-American Corporation, Yousef Saud Al Sabah (Chairman) held controlling share of Stratesec.  Stratesec designed the new security system at the World Trade Center following the 1993 bombing event.  Also serving on the Board of Stratesec were Wirt Walker, III, cousin to George W. Bush, and Marvin Bush, George's brother, as well as Charles Archer, the former Assistant Director in charge of the FBI's Criminal Justice Information Services Division.  Strategically, it would be in the interest of the Kuwaiti government to remove Sadam Hussein from power.  In 1997, James Abrahamson became Director of Stratesec, he also co-founded Crescent Investment Management with Mansoor Ijaz, a Pakistani-American.  Crescent's Board of Directors included James Woolsey, the CIA Director appointed by Defendant, WILLIAM J. CLINTON.  Stratesec provided the security for United Airlines, Dulles Airport which was the departure for American Airlines Flight 77, subject of 9/11.

93.    Plaintiff states that Defendant, JAMES BAKER joined the Carlyle Group shortly after the 1993 WTC bombing.  On September 11, 2001, BAKER was at the Ritz-Carlton in Washington D.C., also present were Frank Carlucci, former Chairman of BDM International, and George H. W. Bush.  Carlucci represented the interests of the bin Laden family.  The Washington D.C. event

---

[48] Ibid.

venue was hosted by the Carlyle Group.  Frank Carlucci had previously served as the Deputy

Director, CIA under George H. W. Bush and had a working relationship with BAKER.

94.   Plaintiff states, Marvin Bush served as Stratesec Director (1993-2000), thereafter he

became principal at HCC Insurance, one of the primary insurance carriers for the WTC in

advance of 9/11.

95.   Plaintiff states, Science Application International Corporation (SAIC) provided non-

governmental investigators to the WTC, they were also hired to investigate the 1993 bombing

incident.

96.   The history of HSBC would echo that of BCCI, in 1989 with HSBC Holdings plc,

transference by acquisition from Great Britain to Hong Kong, retaining headquarters in Great

Britain.  In 1999, HSBC expanded into the United States with the purchase of Republic National

Bank, two years after the purchase the founder of Republic National Bank would be convicted of

fraud (2001).  Four years later, 2005, following a fiscal investigation, HSBC was found guilty of

laundering funds for terrorist organizations and drug cartels and in 2015, a whistleblower

complaint affirmed that HSBC had been fraudulently involved in the movement of deposit funds

to Swiss offshore accounts.  Defendants, WILLIAM J. CLINTON and HILLARY R. CLINTON

received donations to the Clinton Foundation through HSBC, citing federal disclosure law, and

the sorted history of HSBC as to the herein facts, the People seek the subject records.  Plaintiff

alleges that Defendants are in possession of documents as regards this matter having direct

relation to the events of September 11, 2001 and the invisible hand, whether fiduciary exchange,

consociationalism or other accommodation; the People, not being party to such contract or

emoluments, herein make demand of transparency (*See* Title 18 U.S.C. § 1519).  Plaintiff

acknowledges *Judicial Watch v. U.S. Department of Justice (*No. 1:18-cv-02105); however,

citing the herein disclosures, Plaintiff reiterates the claim under the *Economic Espionage Act of 1996* (EEA) Title 18 U.S.C. § 1831 at (4) the Defendants knew that they intended the offense to benefit a foreign government, foreign instrumentality, or foreign agent, or that it would do so.

97.   Defendants, WILLIAM J. CLINTON, HILLARY R. CLINTON and LORETTA LYNCH, knew the HSBC history to which Senator Grassley, spoke of the HSBC matter in confirmation hearing held for Loretta Lynch, the Defendant and those yet named averted the Grassley query. Plaintiff asserts that the foregoing is a matter of public record, irrefutable.  The People seek the true nature of the conversation held on the tarmac and Benghazi for the good of our Nation and its national security.

98.   Plaintiff read the 9/11 Commission report noting that it is void of reference to Marc Rich ("Rich") whose pardon, in the company of Pincus Green coincided with the Defendant's departure from office (1983) and days before Defendant's public statements concerning the opportunity, he had to address Osama bin Laden, the statement was made within hours of the events on that fateful September morning.  Plaintiff asserts compromise of investigative integrity by withholding mining records of and belonging to Charter Oil Company, bills of lading, etc. Plaintiff refers to declassified memorandum of 4 December, 1998, subject "Bin Laden Preparing to Hijack US Aircraft and other Attacks," and Washington Post Article of July 18, 2004, "1998 Memo Cited Suspected Hijack Plot by Bin Laden."

99.   Plaintiff asserts that the DNC has knowingly aided the elected and appointed persons herein named as Defendants, aided, and abetted their activities, no less culpable.  One example is Alan Flacks who has a long history and one which is directly tied to 9/11.  Mr. Flacks lobbies by convention of persons to intimate the movement of Judges in New York City, among them Arthur Engoron; compromising all vestiges of Justice and the Rule of Law.

100.  Given to the hand of monetary exchange whether through donor capacity or favor, political in nature or otherwise, Plaintiff asserts that an unlawful imposition on the public trust of the People has taken place.  As a consequence, the People have unwittingly consented to imposition of First Amendment rights, including but not limited to those of the Patriot Act, under pretense of fraud by contrivance.  Moreover, that under such false pretense, the body of Defendants while holding the People to codified laws, otherwise abhorrent to their constitutional rights enumerated, they have and continue to willfully, overtly, and covertly, advanced schemes in retention of their deceitful reliance.  The Marc Rich investigation was conducted by persons who have come under scrutiny of character with the passage of time, that judgment is not the Plaintiff's, rather an interview of their own conduct; given to the history of persons being buttressed by surrogate or designee to such investigation, Plaintiff calls to the facts FBI investigative record from the Rich repository, which suggests reasonableness to the foregoing statements.  Citing Rule 15c1-5 (17 CFR 240.15c1-5), which was adopted "to protect the public by prohibiting a broker or dealer from inducing the purchase or sale of any security by any act, practice or course of business which would defraud or deceive any person."[49]

101.  In review of the FBI sourced repository and in light of recent events, attaching to the President's open border policy, Plaintiff calls on the statements of John McCain who in 2012, warned of infiltration of extraneous parties including the Muslim Brotherhood gaining access to and working for the United States government.  Plaintiff calls to reports by the Hill citing Huma Abedin as being connected to the Muslim Brotherhood by lineage, her association with the Defendants known as well their collective influence on the present Administration.  Citing the inclusive facts presented, Plaintiff seeks assurance as a taxpaying citizen of these United States

---

[49] Security and Exchange Act of 1934.  Accessed January 4, 2021 https://www.sec.gov

concerning this query, in writing, noting Senator McCain's interface with Abdelkarim Belhaj at Benghazi.  The source of the record was a sitting Senator who, sharing concern as the to the Plaintiff, sent advisement to Directors within the United States Military, DHS, etc.  The threat concerning enemies foreign and domestic no less relevant today as the time of authorship.

102.  Plaintiff asserts that Defendants THOMAS KEAN SR. and ROBERT MUELLER, have knowledge or have withheld records (*See* 18 U.S.C. § 1519) regarding bank accounts of and belonging to Omar al-Bayoumi associated with RIGGS Bank as well as the inclusive records of dialogue by and between United States designees and Saudi Arabian designees ten days advancing and ten days following September 11, 2001.  Plaintiff refers specifically to the funding of 9/11 and Saudi Arabia.  Absent disclosure, Plaintiff asserts that the investigation was knowingly steered towards a determinant finding, so as to avoid public disclosure in an effort to defraud and/or abrogate the investigative integrity.  (*See United States v. Burgin,* 621 F.2d 1352, 1356 (5th Cir.), *cert. denied*, 449 U.S. 1015(1980); *see United States v. Herron,* 825 F.2d 50, 57-58 (5th Cir.); *United States v. Winkle*, 587 F2d 705, 708 (5th Cir. 1979)).  The entire body of Defendants knew of the foregoing facts, inclusive of those Senators and Congresspersons seated at the time and since; Plaintiff reserves the right to call such persons as this case moves forward.

103.  Plaintiff asserts that persons exist by appointment are acting as consuls to various foreign nation-states, having been knowingly embedded into the United States government, a treasonous act, unquestionably seditious conspiracy under color of law.

104.  BCCI and HSBC were found guilty of laundering funds for repudiated persons and organizations.  Plaintiff asserts a nexus between BCCI and FTX through Almeda Research.  Plaintiff asserts the foregoing parties share a nexus with the Securities and Exchange ("SEC") Chair who previously served as the Defendant's Campaign Finance Chairman.  The foregoing

statement is heightened with the knowledge that BCCI shared a close nexus with Tether and BitFinex who maintains offshore accounts in the Virgin Islands.  BCCI's founder was of Pakistani descent.  BCCI in conjunction with United States taxpayer funds through Public Law 480 were used to collaborate in and among the laundering schemes to advance the nation-states of the Middle East.  Plaintiff asserts that the checks and balances to Government designed by the Founders and believed by the People to be present have been knowingly compromised to the point of criminal conduct, these allegations, ripe for exploitation by extraneous parties, expose a security threat to these United States and her citizens.  These matters are made imperative when consideration is given to the actions of the Defendant, JOSEPH R. BIDEN concerning Title 42 and our border security managed by Defendant, ALEJANDRO MAYORKAS.

105.  Plaintiff reviewed the BCCI reports subject of the Commission headed by Defendant JOHN KERRY.  It is unequivocal that JOHN KERRY, the CIA, the FBI, and the Treasury Department retained undisclosed facts in evidence.  A review of the FBI unclassified documents unequivocally confirms the foregoing statement.  The fact that the information was knowingly withheld is, itself, an act of sedition, aiding and abetting the enemy.

106.  Plaintiff asserts that Defendant JAIMIE GORELICK worked with HSBC, having served as the driving force in the reconfiguration of intelligence communication following 9/11, a thorough review of the facts discloses that JAIMIE GORELICK withheld facts, knowingly, to the detriment of the United States, an act of treason.

107.  BCCI has affiliation with Philipp Brothers which acquired Salomon Brothers, becoming a new entity PhiBro Energy.  Plaintiff asserts that the tentacles of Phibro are extensive, having compromised the integrity of every affiliate organization it touches, including Citigroup and Occidental Petroleum; each respectively with their own story portraying an absence of moral

compass affixed on greed and fed by the Defendants who, themselves, gained by stock portfolio having full knowledge of the anticipated market movements.  The monetary schemes are conducted via merger, legislators having been lobbied move to invest in advance of the merger and the relationships become a win-win.  Phibro Energy, Inc. was established in 1984, absorbing Philipp Brothers, the company changed its name in 1986 to Phibro as the parent company.  In 1993 Phibro Energy became the Phibro Energy Division of Salomon, Inc.  In 1997, Salomon acquired the Travelers Group which merged with CitiCorp; following the completed merger process, Salomon became an indirect, wholly owned subsidiary of Citigroup.  Andrew Hall, a Phibro executive, received a $100m bonus from Citigroup, the funds garnered through the TARP bailouts, funds of and belonging to the taxpayers.  The collective actions amount to treason, facts that will be for the Court and, respectfully, the Jury to consider.  One such fact is that the taxpaying public have bailed out these organizations in the past and continue presently to foot the bill for their miscreant behavior, it is unconscionable.  Plaintiff asserts that the green energy agenda is simply a substitutional vehicle for the recycled schemes that have been perpetrated upon the People, here in the United States, and globally.

108.  Plaintiff asserts that there is a duality, two prongs of revenue stream that flows from BCCI to which WILLIAM and HILLARY CLINTON were unquestionably principal collaborators.  The first prong is the obvious oil contracts, the second is "pizza" (EXHIBIT 3) which ties to another duality; trafficking in human beings and drugs.  The oil contracts also share a duality, oil, and weapons, including nuclear weaponry.  The trafficking ties directly to Harvey Weinstein and his Connecticut property which was torn down to raw land.  Weinstein hosted numerous fundraisers for the subject Defendants, same being a matter of public record.  The FBI declassified records, dating back to 1980 include specific reference to the Defendants and "pizza

investigation."  In 1984, Gaetano Badalamenti and 30-mafia members were arrested for cocaine and heroin trafficking between 1975 – 1984, the prosecutor in the case was Louis Freeh who would later be appointed as FBI Director by Defendant WILLIAM J. CLINTON and subsequently by Defendant GEORGE W. BUSH.

109.  Plaintiff asserts that the laundering activities continue to the present day under presently undisclosed shell organizations.  Plaintiff specifically refers to Avantus and its subsidiaries, who act in conjunction with the Treasury and HUD, a conduit to housing and 4506C (tax disclosures).  Avantus is a wholly owned subsidiary of QinetiQ, affiliated and owned by the CIA.  The foregoing is a direct conflict with confidential disclosures, the Patriot Act and the enumerated Rights of privacy affixed of the Constitution to which the People hold.

110.  Plaintiff asserts that the Bank of England, Minera Resources, Ltd., Lion Electric,  and the body of existing international auditing entities have been compromised by the foregoing activities.  The Abu Dhabi government was a majority shareholder in BCCI at the time of its collapse, liquidation reports provide that Abu Dhabi agreed to compensate small creditors by contributing $2.2bn to the bank's liquidation funds.  The United Arab Emirates was likewise associated through Union National Bank.  In 2002, investigative journalist Denis Robert and Ernest Backes discovered that BCCI had continued to maintain operations under Clearstream, associated with Deutsche.  Plaintiff refers to the settlement record of Deutsche Bank (October 20, 2023) for $75m as regards human sex trafficking.

111.  Plaintiff asserts that the inclusive body of Defendants each had intimate knowledge of the dual activities that swam in the undercurrent of these United States, not one of them stepped forward to tell the truth in these matters, allowing human beings to die by suicide, drug addiction, COVID-19, etc.  The inhumanity is truly incalculable.

112.  Plaintiff refers to the House Judiciary Committee on June 21, 2023 authored by John Durham, Special Counsel.  In paragraph 2, Mr. Durham gives reference to the cornerstone issue that all American people are asking themselves based on the extreme degrees of mixed messaging that has been broadcast by those holding office from both parties; that issue is accountability in law and policy, uncompromised.  The Durham report, as it has been referred, is consistent with the facts disclosed herein.  Plaintiff states that evident conflicts to national security were present regarding the head of the FBI, James Comey, having sat on the Board of HSBC during the period that the bank was found to be laundering funds for repudiated criminals, admittedly not alleged. (EXHIBIT 4)  Mr. Comey was also directly involved when query regarding led-up to 9/11 suggested that the Defendants were negligent, denying same in their stead.

113.  Plaintiff asserts that the nation-state of Saudi Arabia was involved in the planning and carrying out of 9/11.  The New York City Police and Fire were corrupted with many brought to justice following the events of that tragic day.  The facts surrounding the social security scam involving Glenn Lieberman are particularly strange with Leiberman owning multiple businesses, the facts infer similar structure as BCCI and HSBC on a smaller scale – learned behavior.  What has never been addressed is the truth, unvarnished; the inconsolable tragedies which continue to unfold to this very day by that event are unfathomable, it is unquestionably a moment in time that will forever be captured in the minds of the American people.  The war racket must come to an end, seeding hatred to mask the deceptions will not cease until and unless those responsible are brought to Justice and the truth made known for the good of all inhabitants of this globe as much for those in the United States.

114.  Plaintiff asserts that the Defendants, LETITIA JAMES, and KATHY HOCKUL are knowingly colluding to draw down property value in New York City, allowing foreign entities to purchase real property at bargain prices.  One example is 330 Madison Avenue.  In 2019, Abu Dhabi and Munich RE were aggressively bidding against each other to purchase 25 percent stake of the property, in June, 2019 Abu Dhabi was successful, purchasing the property share for $900m, adding to its ownership of the entire block adjacent to Grand Central Station.

II.  **Emergency Economic Stabilization Act of 2008 TARP.**  Plaintiff presents repository sample, the fraud (*See* Title 18 U.S.C. § 371; *Hass v. Henkel,* 216 U.S. 462 (1910); *Hammerschmidt v. United States,* 265 U.S. 182 (1924)).  Plaintiff states:

115.  Rocky Mountain Institute ("RMI"), a 501c3, non-profit entity focused on energy conservation, in 2014, RMI merged with Richard Branson's organization, Carbon War Room. Richard Branson, Plaintiff states Branson owns Necker, a private island located in the British Virgin Islands.  Plaintiff retains 990 repositories of RMI, Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."

116.  The C.O.U.Q. Foundation, Inc., a 501c3, non-profit entity, President Jeffrey Epstein, Plaintiff retains 990 repository.  Epstein owned St. John Island.  Board members of C.O.U.Q including Darren K. Indyke and Richard Kahn, such persons have counseled Defendants.

117.  Grant Agreement by and between C.O.U.Q. Foundation, Inc. and the YLK Charitable Fund (L. Wexner), yoking to the Wexner Foundation, a 501c3, non-profit entity .  Plaintiff retains 990 repository of both subject entities, Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."

118.  Center for Tech and Civic Life ("CTCL"), a 501c3, non-profit entity, Plaintiff initially researched the involvement of CTCL within the 2020 election cycle, letter and grant records attached (EXHIBIT 5).  The Exhibit reflects figures garnered from the subject Counties in New Jersey through Open Public Records and budget open source research, included are CARES Act and other grants for calendar years 2020, 2021 and 2022.  The data clearly provides that funds were disseminated in a focused manner, heavily leaning in Democratic held Counties which is consistent with other State findings including Wisconsin, Pennsylvania, etc.  Plaintiff retains 990 repository of CTCL and CEIR, affiliated in the 2020 grant dissemination; Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."

119.  The Energy Web Foundation, a 501c3, non-profit entity, President Zou Ji, National Center for Climate Change Strategy, and International Cooperation ("NCSC"), the People's Republic of China shared yoking with the United States Energy Foundation, a 501c3, non-profit entity, until 2020.  Plaintiff retains 990 repository of both subject entities, Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."

120.  Lora Enterprises Limited, affiliated with Fleurette Properties Limited and Zuppa Holdings Limited; entities are yoked to Dan Gertler and Swiss mining company, Glencore, these entities continue operation at the present time.

121.  The facts surrounding Glencore and BCCI, Marc Rich and Pincus Green and, more specifically, the pardon provided for by Defendant, WILLIAM J. CLINTON speaks to the magnitude of what they sought to keep hidden from the light of day.  Plaintiff asserts that the Defendant as President of these United States, attempted to compromise our entire country for the continuation of their crimes, literally.  And, moreover, that the co-Defendants, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, and JOSEPH R. BIDEN have evidenced their consent to

this perpetuation.  Their actions and those of their designees by appointment evidence a collective clear and irrefutable danger to national security of these United States, in direct conflict with the Patriot Act, treasonous in nature and abhorrent to the Rule of Law as much Natural Law, affixed by God, Almighty.

122.  Plaintiff asserts that Defendants, the DEMOCRATIC NATIONAL COMMITTEE, LORETTA LYNCH, ERIC HOLDER, JAMES COMEY, ROBERT MUELLER, JOHN KERRY, NANCY PELOSI, among others, consented and became party to treason by their actions of deception to protect and perpetuate the schemes as setforth herein.

123.  World Jewish Congress American Section Inc, a 501c3, non-profit entity, Plaintiff retains 990 repository of both subject entities, Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."

124.  The Carter Center, Inc., a 501c3, non-profit entity, Plaintiff retains 990 repository of both subject entities, Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."

125.  Jewish Colonial Trust, Plaintiff retains repository records, of and associated with Baron Edmond de Rothschild.  The Trust finds yoke with the Doral Group Renewable Energy Resources Ltd., S.H.I.R. Shlomo Real Estate Ltd., and Herzliya's Waters Ltd.  The foregoing yoke to Caribbean Property Group LLC, CPG Vintage Access Fund III, LLC., and an appreciative directory of equity and investment funds as noted in the Securities and Exchange Commission filing.  Plaintiff retains the SEC filing in repository.

126.  Arctic Circle Foundation Inc. US, a 501c3, non-profit entity, Plaintiff retains 990 repository, Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."  Arctic Circle is yoked to Frederik Paulsen, Jr., Ferring

Pharmaceuticals, and fertility clinics in Eastern Europe.  Through Board capacity, Phillip Morris International and, until 2022, Mr. Paulsen was of Honorary Consul of the Russian Federation, Switzerland.  Sharing yoke to SK Global America, Defense Contractor; Empire Resources, Inc.; the Alpert Group, SK Inc., Empire Resources Pacific, Ltd., and an appreciative directory of sibling entities, foreign and domestic.

127.  In addition to the vast body of independently run 501c3 organizations, Plaintiff confirms those approved under governmental structures including while not limited to the Centers for Disease Control and Preparedness, Emergency Preparedness and Response, these national and international 501c3, and NGO organizations are appreciative and funded through COVID-19, known as EPIC partners.  Plaintiff retains their 990 returns in repository.

128.  Plaintiff retains a repository of 1,700 non-profit entities, the inclusive reflecting Section 3 of fiscal checklist concerning direct or indirect opposition to candidates for public office, marked "No."  Plaintiff states, the Internal Revenue Service remains derelict in managing ownership of 501c3 entities.  For those entities receiving federal taxpayer funds the Hatch Act (1939), (*See* 5 U.S.C. §§ 1501, et. seq.) hold entities to prohibitions and guardrails of assurance in conduct; however, Plaintiff asserts that such prohibitions and guardrails have been vastly ignored, Plaintiff seeks redress as to taxpayer funds, raking back all that rightly belong to and of the People. Plaintiff reserves the right to add Defendants from the repository directory.  The Defendant donor records will be made subject of discovery.

129.  Under the Emergency Economic Stabilization Act of 2008 ("EESA"), TARP was formed through which the financial bailouts of 2008 took place under Public Law 110-343.  The bailouts came under the auspices of foreclosure relief for homeowners citing the subprime or residential mortgage-backed security structure which had failed, Plaintiff asserts that the subject failure was

by design; the designers of EESA are the very same as the American Rescue Plan Act ("ARPA"). The only outlier of the TARP federal bailout programs was American International Group ("AIG"), the remainder of fund recipients were lending institutions.  Plaintiff asserts that the scheme has been long in planning, iterated during EESA as Operation Destiny, subject of Congressional hearings.  The AIG executives, not unlike other redundant behavior evidenced, advanced appreciative bonuses to themselves.

130.  The precise model of mortgage-backed securities, (residential) despite codified legislative protections and extraordinary expense incurred by the taxpayers, was recycled, and applied to the commercial lending market, known as "CMBS", extending to include multi-unit dwelling market.  At the time of this plea, the CMBS market is failing.  Plaintiff asserts that the infrastructure that Defendants exacted to buttress the perceived necessity for condensed affordable housing, availing third party actors of PILOT or tax incentive programs, including financial equity partnerships, etc., has failed.  Plaintiff asserts that the Defendant's collective actions are fraudulent on their face, an absolute breach of fiduciary trust, and a perversion of the Fair Housing Act by a knowing hand.  (*See* Fair Housing Act [42 U.S.C. 3601]; the Anti-Money Laundering Act of 2020 [P.L. 116-283, 134 Stat. 4547], inclusive of Division F of the National Defense Authorization Act of Fiscal Year 2021; the Bank Secrecy Act ("BSA"), 31 U.S.C. 5311 *et. seq.*; the Economic Espionage Act of 1996, Public Law 104-294, 110 Stat. 3488, enacted October 11, 1996).

131.  Plaintiff asserts that legal framework and regulations advanced the introduction of the American Rescue Plan Act ("ARPA") appearing to have been designed for the sole and precise purpose of funding extraneous partnerships, P3, inclusive of those listed herein.  At the time of this plea, commercial properties are losing value at rapid pace to that of residential properties, by

design, investors are purchasing these large commercial properties at a significant reduction juxtaposed to the market pre-COVID19, citing vacancy and the absence of rent rolls, and, in many cases, they are being transformed into self-serve storage, warehousing and mixed-use rental housing to backstop the failing CMBS market that the Defendants knowing hands created. Plaintiff reasserts that the COVID-19 economic imposition of extended closings, expressly breached the Executive Branch authority to meet with a predetermined collision course, by the foregoing claims, same is evidenced.  By and large the properties are being transacted from the banks bailed out through TARP by taxpayer funds, this includes Capital One, Wells Fargo, among others; benefiting on the front end of the purchase and the back end of the sale, all at the taxpayers' expense.  Plaintiff asserts that the same process is taking place among business enterprise; the enterprise is knowingly being devalued and purchased at reduced pricing, thereafter layoffs result, bankruptcy, and closure.

132.  Plaintiff asserts that these United States, as a whole is being defrauded.  The only method to effectuate such criminal acts required that the Executive Authority of Proclamation 9994 be undermined and disemboweled.  Plaintiff asserts that such usurpation continues presently through the isolation of candidates by an autonomous hand by which the people of restricted to select from, such actions divest the American People of democracy, replacing it with a quasi-totalitarian government.

133.  Plaintiff asserts that the Defendants as a whole have financially benefitted from TARP and the Economic downturn, both 2008 and COVID-19.  Defendant NANCY PELOSI transacted real property purchased using federal funds, selling to Diane Feinstein whose husband received federal grant to purchase the land back from NANCY PELOSI's spouse.  The land was later sold

to a developer earmarked with federal funds for a high speed rail system.  The property transacted three times, all with taxpayer funds.

134.  Plaintiff refers to press statement from AllSpring Global, transacting Wells Fargo Asset Management (WFAM), etc. (March 25, 2022), followed by an SEC press statement (2023-149) of August 8, 2023.  Plaintiff asserts that the SEC is knowingly encumbering the marketplace with regulatory protocols, conspiratorially, the marketplace is responding by selling off portions of their business structure to maintain market viability, the winners are the investors, in many cases foreign entities, having no investment or allegiance to these United States but for fiscal returns on investment.

135.  March, 2023, New York, (SDNY), Judge Kaplan issued an Order for mishandling of ERISA funds at St. Clare's Hospital, the Albany Roman Catholic Diocese, Albany filed Bankruptcy protection; however, the adjudication was hampered by Court staffing with a backlog of 100's of sexual abuse cases.  White Oak Merchant Partners LLC received renewed credit through First Republic Bank for $7m, the agreement was later reduced to $2m.  In September, 2021, White Oak Financial entered into an agreement with Mizuho Bank (Japan) with the condition that the obligations with First Republic Bank be terminated.  Plaintiff asserts that the ERISA accounts are now serviced by a foreign entity and, that the actions were knowingly conducted.  Plaintiff asserts that the correlation to the history of HSBC and BCCI is unequivocal.  In the case of New York, the actions are blatant with the State absolutely contradicting all real property market analysis while designating an arbitrary figure so as to exact a derived outcome, referencing Mar-a-lago.  The orchestration of these market impositions is absolutely inappropriate, a kin to government owned enterprise versus that of the free market,

aka Venezuela versus the United States.  (*See* the Economic Espionage Act of 1996, Public Law 104-294, 110 Stat. 3488, enacted October 11, 1996).

136.  The foregoing claim is further evidenced through the two co-Defendants, Christie, and Murphy.  Plaintiff asserts that the face of the conversation in 2018 regarding pensions on one hand was to boycott or, as was the case with Murphy, not to boycott, Israeli companies. Thereafter, in 2022, the discussion was given a face of fossil fuel by Murphy.  Plaintiff asserts that the true fact is that they knew, in both cases the short in the market was coming.

137.  Within weeks of the foregoing events, Defendant GEORGE NORCROSS and an associate, former TD Bank executive, moved to purchase First Republic Bank; that transaction has since been consummated, adding to the evident cases and controversies herein.

### III.    COVID-19 - Malicious Indifference/Depraved-Heart Murder

138.  The evidenced history of Wanaque echoed in and among federal partners HHS, DOJ, etc, as well among other States sharing common business enterprise.  Yet, despite having this experiential knowledge, nationwide, nursing homes experienced high incidents of mortality, this is an evidenced fact.  Compounding the nursing home mortality rate were health protocols incongruent with human welfare, including first responders directed by Defendant's offices to follow a do not resuscitate health protocol for individuals suffering cardiac arrest, waivers of liability were extended to those in healthcare, many working outside of their trained profession and in some cases working absent certification and licensure was commonplace.  Plaintiff asserts that the Defendants had intimate knowledge of the necessary, scientifically, and medically derived guardrails to save lives, all of which were knowingly withheld.  Moreover, the health and safety protocols provided for under Proclamation 9994 were blatantly ignored and undermined, as a consequence, people lost their lives; the outcome is unconscionable as it was avoidable.

139.  Plaintiff asserts that the Defendants, PHIL MURPHY, TAHESHA WAY, MERRITT

GARLAND, ALEJANDRO MAYORKAS, MATTHEW PLATKIN, JUDITH PERSICHILLI,

SEJAL HATHI, ANDREW CUOMO, KATHY HOCHUL and LETITIA JAMES co-colluded

regarding COVID-19, the lockdowns, associated federal funding, etc.  Plaintiff offers the

appreciative history of DocGo, Clearsence, Leidos, and Digital Gadgets, retained in repository,

the knowledge disclosed in the movement of taxpayer funds and policy dictum unequivocally

exacted by the co-Defendants illuminates fraud and money laundering.  These statements are

heightened in consideration of the reports regarding Civil Rights of Institutionalized Persons

("CRIPA") investigative findings while knowingly withholding factual investigative detail which

resulted in the death of countless innocent persons of these United States.  Such knowing actions

were willfully ignored resulting in additional human harms, including the death of citizens, (*See*

18 U.S.C. § 1519; 17 C.F.R. § 240.15c1-2), the subject report, now a matter of historical record

of September 7, 2023.[50]  Plaintiff alleges that Defendants knowingly steered facts in evidence in

a manner so as to deceive the People and corrupt facts in evidence, (*See* 5 U.S.C. § 7323) so as to

influence elections.

140.    In May, 2020 Dr. Rick Bright, resigned Biomedical Advanced Research and Development

Authority ("BARDA"), serving as the deputy assistant secretary for preparedness, response and

director of BARDA, filed a whistleblower complaint alleging "abuse of HHS authority, gross

mismanagement...(in) an effort to fund potentially dangerous drugs promoted by those (entities) with

political connections, (and an atmosphere) fueled largely by pressure from HHS leadership to ignore

scientific merit and expert recommendations and instead to award lucrative contracts based on

---

[50] United States Department of Justice, Civil Rights Division, United States Attorney's Office, District of New Jersey, "Investigation of the New Jersey Veterans Memorial Homes at Menlo Park and Paramus," September 7, 2023.  Accessed September 7, 2023, https://thehill.com/homenews/state-watch/4192639-doj-new-jersey-violated-constitution-with-veterans-covid-care

political connections and cronyism."[51]  Plaintiff asserts that her autonomous research resulted in nearly identical findings as that of Dr. Bright.

141.  On August 20, 2020, the NIH and HHS announced a collaboration with Johnson & Johnson ("J&J) via Janssen Pharmaceutical Companies ("Janssen") to develop large-scale manufacturing and delivery of its COVID-19 vaccine candidate, excerpt below:

> The vaccine candidate was developed under the supervisory authority of the Biomedical Advanced Research and Development Authority ("BARDA"), part of the HHS Office of the Assistant Secretary for Preparedness and Response, collaborated with DoD Joint Program Executive Office for Chemical, Biological, Radiological and Nuclear Defense ("JPEO-CBRND") and Army Contracting Command…the government…can acquire additional doses (of) up to a quantity sufficient to vaccinate 300 million people…investigational vaccine relies on Janssen's recombinant adenovirus technology, AdVac, that vaccine received European Commission approval and was used in the Democratic Republic of the Congo (DRC) and Rwanda during the 2018-2020 Ebola outbreak…[52]

142.  In May, 2022, the House Select Subcommittee on the Coronavirus Crisis and the Committee on Oversight and Reform held a joint hearing[53] regarding the federal contractor, Emergent BioSolutions, who received a federal contract under Operation Warp Speed at the direction of the FDA to facilitate production of the Janssen vaccine product.  Under sworn testimony, Emergent BioSolutions executives would state that an *error* occurred which crossed production lines between Aster Zeneca and the Janssen products resulting in contamination of the Janssen adenovirus vector-based one dose vaccine with Aster Zeneca product.  The contamination remained undisclosed at the time of the cross-contamination incident, allowing the vaccine to go to market patient/recipients of the vaccine.  As stated during the above hearing,

---

[51] Bennett, Geoff; Gregorian, Dareh. "Ousted HHS Official Files Whistleblower Complaint on Coronavirus Response," NBCNews.com, Accessed August 18, 2022, https://www.nbcnews.com/politics/white-house/ousted-hhs-official-files-whistleblower-complaint-coronavirus-response-n1200681

[52] August 5, 2020, Department of Defense (Press Release). "HHS, DoD Collaborate with Johnson & Johnson to Produce Millions of COVID-19 Investigational Vaccine Doses."  August 5, 2020.  Accessed January 10, 2021 https://www.defense.gov/News/Releases/Release/Article/2301220/hhs-dod-collaborate-with-johnson-johnson...

[53] Press Release. Committees' Report on Emergent BioSolutions Uncovers Extensive Vaccine Manufacturing Failures, Deliberate Efforts to Hide Deficiencies.  Accessed October 15, 2023 https://oversightdemocrats.house.gov/news/press-releases/committees-report-on-emergent...

Janssen's onsite production staff would find the cross-contamination error, Emergent concealed the truth until the time of the hearing, while under oath.

143.  On March 13, 2021, the FDA and CDC paused use of the Janssen one-dose vaccine product, the remaining Janssen inventory (12.5 million doses) along with the Aster Zeneca lots, unauthorized for use in the United States by the FDA,  both production lines were placed on hold and would be subsequently destroyed by the government contractor, Emergent BioSolutions. Subsequently, the *extremely rare* clotting disorder was broadcast by media, domestically and internationally, presently a matter of public record.   Plaintiff asserts an incongruence in the organic flow of consumer information concerning the vaccine products available to that of side effects; wherein the Moderna and Pfizer product side effects were downplayed, in some cases, the media fact-checking CDC reports of vaccine injury, also a matter of public record.  Plaintiff has a background in clinical research, Rx to OTC and CRO, specifically and is drawing on that experience herein.

144.  Plaintiff asserts that between January and February, 2021, prior to the Senate coronavirus hearing, the CEO of Emergent BioSolutions ("Emergent") sold off stock in the company, assuring his gains of $7.6m secure, as reflected in security filings.  Plaintiff researched Emergent's litigant and its' contractual history which, in fact, is voluminous with specifically investor complaints citing overinflated income statements which were forecasted by anticipated government contracts and later recanted and adjusted in scope or volume.  Plaintiff asserts which the record affirms, this rudimentary research was not undertaken in advance of awarding the Emergent partner contract appears odd given the weight placed on the importance of the project. As the Investors learned of the security filing, they filed suit, citing inflated earnings projections while withholding the ongoing warehouse and production issues.

145.  November, 28, 2023, despite the foregoing serious violations and allegations including deceptive business practices, Emergent was subsequently awarded a $75m Contract Option from BARDA to procure doses of cyfendus (anthrax vaccine).

146.  On September 18, 2001, governmental offices were reporting receipt of letters containing anthrax, resulting in the death of five (5) people and 17 known infections, the FBI would later determine than an American microbiologist, Bruce Edward Ivans was the perpetrator; however, the AMERITHRAX case, as it was deemed by the FBI so too would resurface during COVID-19.  BioPort merged with  Emergent , the federal contractor who had caused a cross-contamination of pharmaceutical drugs, attempting to mask their *error* by misrepresenting facts to FDA and primary Janssen inspectors, is in fact the very same who received the federal contract following the AMERITHRAX events.  Plaintiff asserts there is no coincidence, in point of fact, Jerome Hauer, who was member of the World Association of Disaster and Emergency Medicine, Advisor for Johns Hopkins School of Public Health (Humanitarian Health) and Associate Editor at the Journal of Special Operation Medicine, Director of Office of Emergency Management (NYC), before joining Teneo Risk and later, Kroll Investigative firm with his former associate, Bill Bratton.  Mr. Hauer would also serve on the Board of Emergent. Mr. Hauer had an office in Building 7, World Trade Center ("WTC"), serving as the head of security for the WTC.   Plaintiff asserts a causal relationship, as to Emergent, reserving the right to call as a co-Defendant.  Senator John McCain, among others, publicly proffered the masked anthrax bioattack.  The events and timing were uncanny when now the facts are brought to light.

147.  Admiral William J. Crowe, formerly with BioPort.  Admiral Crowe served as a former Ambassador in the United Kingdom (Great Britain), Northern Ireland and was part of the accountability review boards established after the American Embassies were bombed in Africa,

he was appointed to serve as Chair of the Intelligence Oversight Board.  His later appointment as Ambassador to Britain was by Defendant, WILLIAM J. CLINTON.  There are sourced reports that confirm Admiral Crowe, among others, had sold anthrax to Saddam Hussein for use against Iran.  Plaintiff reiterates demand for documents of and belonging to the People of these United States, held wrongly by the Defendants.

148.   The anthrax vaccine produced by BioPort would result in extensive injury among our endeared veterans, Plaintiff asserts this too is a matter of judicial record, indisputable.  The vaccine contract was granted through no-bid, very much the same as the P3 examples under ARPA and TARP, the taxpayers were beholden to the contract, absent legal thresholds.  BioPort was deemed to have price gauged during the crisis.

149.   At the time the COVID-19 outbreak, our vaccine stockpiles, overseen by the Pentagon were unprepared.  Plaintiff's research found that Fuad El-Hibri, the business partner of Admiral Crowe was of German – Lebanese descent, having worked for Porton International who sold anthrax vaccine to Middle Eastern nation-states including Saudi Arabia during the Gulf War. BioPort was in charge of the United States national vaccine stockpiles under the direction of the Pentagon.  Plaintiff reiterates her claims herein.

150.   Plaintiff affirms that on September 9, 2021, President Biden issued two Executive Orders, mandating vaccines for federal workers and contractors as well as new requirements for large employers, and healthcare providers affecting 100 million workers, roughly two-thirds of the U.S. workforce.  "We've been patient, but our patience is wearing thin…Let me be blunt: my plan also takes on elected officials and States that are undermining you and these life-saving

actions…if these governors won't help us beat the pandemic, I will use my power as president to get them out of the way."[54]

151.  In December, 2021, "the CDC downgraded J&J's vaccine, saying that the mRNA-based vaccines should be the preferred vaccines against COVID-19…in May, 2022, the FDA limited the use of the vaccine to those ages 18 and  older who were unable or unwilling to get an alternative vaccine."[55]

**OTHER MATTERS**

152.  Plaintiff asserts that the hoaxes perpetrated upon the Trump Administration during its tenure commencing in 2020 with spying, continuing through Russian collusion, abused FISA warrants, Misuse of FBI staff and resources, harassed election, and poll workers, etc.; given the autonomous, untainted research presented herein, Plaintiff asserts that they are, in fact, hoaxes manufactured to mask the guilt in and among the Defendants.  The culpability of the Defendants, including those yet named, concerning these actions are egregious and treasonous in nature.  The media body, no less culpable in this regard.

153.  Plaintiff asserts that the Defendant, THE DEMOCRATIC NATIONAL COMMITTEE, disclosed their culpability as well their intent to deceive as regards the Seth Rich laptop and dubious claims of Russian hacking; the FBI accompanied the DNC in echoed chorus, compromising their investigative integrity as much their reputation.  As an American citizen, Plaintiff states for the record that the foregoing facts weigh heavy on the mind. (*See Huddleston v. Federal Bureau of Investigation, et al.,* Case No. 4:20-cv-447-ALM).

---

[54] Pettypiece, Shannon, Przybyla, Heidi, et al., Biden Announces New Plan to Combat COVID Surge.  Accessed October 10, 2023 https://www.nbcnews.com/politics/white-house/biden-announce-additional-vaccine-mandates-he-unveils-new-covid-strategy-n1278735

[55] Mole, Beth.  J&J's COVID vaccine is Dead in the US; FDA Revokes Authorization.  June 6, 2023.  Accessed September 6, 2023 https://arstechnica.com/health/2023/06/j-fda-revokes-authorization/

154.  The Democratic professed war on drugs becomes problematic under scrutiny of the facts.

Defendants HILLARY R. CLINTON, WILLIAM J. CLINTON, among others were, as Plaintiff

asserts, trafficking in drugs; they were not alone in their venture.  Cannabis has become a

lucrative tax vehicle for States, absent federal imposition under 10th Amendment protections.

Plaintiff retains appreciative research concerning cannabis, hybridization, cultivation, etc.  The

cannabis that is presently being cultivated is substantially altered from those hybrids of days

past.  The methodology of cultivation including the fertilizers, (guano, etc.) are unsafe, untested

and will invariably have detrimental effects on end users up to and including diminished mental

faculties.  The political bodies knew this in advance, they masked the truth for monetary gain –

greed, at the expense of the People's health and welfare, a recurring theme as presented herein.

Defendant, GEORGE NORCROSS, and his family are heavily involved in lobbying for

cannabis.

155.  Robert A. Altman, acquitted of fraud charges related to BCCI, reinvented himself into

ZeniMax Media – a video gaming company which has changed hands through Microsoft.

Plaintiff asserts association between the video gaming industry and its unlimited access to users

through programming.  The 1992 indictment brought by New York District Attorney Morgenthau

investigation stated that Altman and his accomplice (Clifford) borrowed funds from BCCI,

laundered through First American stock, resulting in a $9.8m profit.  Altman was acquitted of all

charges in New York and the federal charges were dropped with a settlement to the Federal

Reserve reached of $5m.  The innocent human beings along the pipeline of BCCI's schemes

were not left untouched.  As Plaintiff presents, the absence of the Rule of Law being applied has,

in fact, given way to a perpetuation of the exact same schemes, recycled in the company of

existing and new actors.

156.  Plaintiff states that Huma Abedin is and remains associated with the BCCI scheme, her mother serving on the Presidency Staff Council of the International Islamic Council with direct affiliation to the Muslim Brotherhood.

157.  Occidental Petroleum, a sibling to Phibro (Philipp Brothers and Salomon), its origin founded in 1909 Germany of Jewish descent.  The company has an appreciative history of chemical and toxic accidents both here in the United States as well globally; these accidents have resulted in birth defects, cancer, and death, impacting food supplies including the fishing industry.  A component of the schemes are sibling organizations, in the case of Occidental, through Armand Hammer, research meets Al Gore via Island Creek Coal Company.  The champion of environmental protections and regulation has been the recipient of fiscal returns from the very industry that he publicly declares as disdainful.  The company has and remains a contributor to Democratic candidates, including but not limited to the Clinton Foundation.

158.  Plaintiff asserts that the events surrounding January 6, 2021 would have been averted, entirely, had the Defendant, NANCY PELOSI taken action to secure military for the event as was suggested.  The fact that protocol was not followed, given the disclosure of facts presented herein, presents disclosure of intent and malice on the part of the Defendant.  Plaintiff asserts that the Defendant is solely responsible for the murder of the individuals who died on that day.

159.  Plaintiff asserts that the knowing actions taken by Defendant, ELIZABETH "LIZ" CHENEY were retaliatory in nature, meant to stain and taint the opinion of the public concerning Donald J. Trump and admonish those citizens who had either been in attendance or would choose to attach their trusted vote to him in the future.  The truth of the matter, as provided herein, is and remains the Defendant's own culpability acting in and among her co-conspirators to disenfranchise the People from the truth, knowingly, to the point of destroying evidence and

material facts so as to disallow scrutiny of their collective actions. (*See* 18 U.S.C. § 1038 False

information and hoaxes; 18 U.S.C. §1519 Destruction, alteration, or falsification of records in

Federal investigations and bankruptcy. (*See* ex rel. *Schutte, et al. v. SuperValu Inc., et al.* (Docket

No. 21-1326); and *Yates v. United States*, USSC No. 13-7451, 2015 WL 773330 (February 25,

2015); reversing 733 F.3d 1059 (11th Cir. 2013)). The actions taken by the January 6

Commission, as it was deemed, become treasonous when the facts disclosed herein are applied.

160.  Plaintiff attended Michael Stenger's funeral service, meeting his lovely wife, taking a

moment to pray with her, thanking her for her husband's service to our Country.

**HARMS**

161.  Plaintiff's harms, like other citizens of these United States, are immeasurable as it

concerns this plea. By vocation, she sits with people who have lost their homes to

foreclosure, in some cases a spouse to suicide due to financial ruin and

embarrassment. The greatest loss was for her parents, of a generation never to leave

bills unpaid, they lost everything after Plaintiff's step-father died, her mother would

follow a few short years later. Time returns for no one, their lives like the countless

others were used as chattel, having no merit of value but for the taxes they paid.

162.  Plaintiff's mother in law volunteered at the WTC for months on end following 9/11,

making peanut butter/jelly sandwiches and passing prayer with workers; our family

lost her to cancer. The loss of her in our lives is and remains heart-wrenching.

163.  During COVID19, tragically, Plaintiff lost her youngest sibling, words cannot

express the pain resulting from an inability to, "I love you and I'm sorry for the

things left unsaid between us." She lived in Pennsylvania, was cared for at hospital

in Rochester – no one, not even her young son could say good-bye due to the COVID-19 lock-down regulations.

164.  Plaintiff owns a loss mitigation firm, as a direct consequence to the governmental actions taken, she has lost years of income as a direct consequence to the federal programs and funding apparatus designs; this despite a growing need for the integrity instilled in her services, integrity absent many others in the industry.

## REMEDY

165.  Plaintiff reasserts each and every inclusive claim set to authorship upon the Defendants, and moreover, Plaintiff adds each voice deprived of breath, their testimony no less imperative, emulsified herein by Created hand; God chooses the time of passing, human origin as much its continuity, when impose on by sanction of codified policy, such immoral usurpation is a punishable offense, abhorrent and demanding of accountability; acquiescing to such usurpation would be tyranny upon self.

166.  Plaintiff reasserts that the body of Defendants, in the company of extraneous partners, yet to be named, manifested by conduct and oration, actionable usurpation of the Executive Branch of these United States and compromise to National Security.  Plaintiff states that such actions as outright treasonous.  A jury should determine the Defendant's outcome; however, their funds should be frozen, made inaccessible, immediately.  Plaintiff states that these individuals have evidenced an invisible hand, resolving to constitutional imposition, the consequence to their actions is immeasurable, American citizens as much as citizens of foreign nation-states.  The compromise to foreign diplomacy negotiations, treaties, etc. have been

made tenuous and demand immediate attention to avoid further conflict while bringing to the forefront that common element which echoed throughout COVID-19 – human first is sacred.

167. The massive body of non-profit (501c3) entities absolutely must be audited for collusion enterprise with the extraneous organizations provided herein, these efforts must include their Board members who, in many cases, are themselves laundering funds.

168. The governmental organizations including the FBI, CIA, Homeland Security, FEMA, NSA, DoD, IRS, Treasury, etc. must be painstakingly evaluated for compromise to National Security, immediately.

169. Public schools are to be reformed with federal School Choice vouchers made freely accessible based on District per pupil cost exchange.  Public school, having no business in familial relationship, shall adhere to the protections afforded between parent and child foremost, the exception being legally imposed differences between the parties with same being settled by a jurist.

170. The judiciary must be evaluated with a standard litmus test of integrity apart from ideology in the practice and delivery of jurisprudence.

171. Citing the disclosures herein and those facts surrounding the WILLIAM J. CLINTON and ERIC HOLDER pardon of Susan L. Rosenberg (January 20, 2001), the facts of which are matter of historical record, irrefutable; Plaintiff seeks the immediate release of those prisoners unconstitutionally held regarding January 6, 2001 events.

172.    Plaintiff asserts that these the body of Defendants should be removed from office and constrained from serving in any capacity in the future, again that will be for a jury to determine.  Plaintiff states that the tragic events resulting in loss of life at the Wanaque Center, unequivocally parallelled the complex human, environmental and economic health of these United States and her citizens.  The Defendants, inclusive of those yet unnamed, having such experiential knowledge in form, oration, and protocol, having been memorialized in legislative action, whose guardrails, scope, and determinative coffers of protections to human health so too ignored by the inclusive parties.  Simultaneously, the People are to believe and trust a government that at every opportunity has evidenced by actionable cause to controversy, set to words by God herein, that those persons will act by conduct apart from extraneous contract or emolument in the interest of its citizenry.  Plaintiff states, without equivocation, that such trust, sacred and unassailable has been irrevocably shattered, violated by masked assailants, perpetrators who, in fact, murdered their own citizenry, violated their human rights and dignity, manifest to cage their choice in elections by unlawfully withheld facts in evidence and had the audacity to repeat their performance with the anticipation that a willing body of the governed would meet their crescendo with a chorus of applause; the People by way of Plaintiff as their advocate will not acquiesce to such usurpations.

**PRAYER FOR RELIEF**

Plaintiff has received no compensation for this undertaking, is and remains self-employed and unburdened by extraneous influence but for God, Almighty and her faith in same. Plaintiff respectfully requests that this Court:

173.   Declare that Defendant's actions as described herein as to the constitutional rights and statutes enumerated in Section 2 (a), (b), (c) and (d) are heinous actions and should not go unpunished.  Plaintiff holds to the legal remedy described therein, including Art. III. S3.C1.1.2 Treason Clause.

174.   Issue preliminary and permanent injunctions enjoining the Defendants from committing actions similar to those described herein in the future.

175.   Award the Plaintiff $8,000,000,000 in compensatory and punitive damages for the deprivation of the rights so infringed by corruptive practice, will and intent as setforth herein, funds will be placed in a Trust.

176.   Award the Plaintiff their attorney fees, costs and disbursements incurred in this action, as provided in 28 U.S.C. §1920 and 42 U.S.C.§ 1988.

177.   Plaintiff demands, given to the actions herein described, fortified by irrefutable supporting facts, and deemed true and factual, Donald J. Trump should be placed on the ballot, unimpeded by extraneous parties to the contrary, up to and including unconstitutional actions by States.

178.   Plaintiff demands that to fortify the People's rights enumerated under the Constitution, voting be returned to one day, the first Tuesday of November and that such voting be in person by hand-counted paper ballot.  That each citizen endeavoring to the practice of such right be proud to provide poll workers a voter identification.  Lastly, that all tangential contractual relationships with extraneous computer peripherals involved in elections be immediately terminated, prorated funds should be returned to offset paper-ballot election costs with any overages returned to the People.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully request a trial by jury for all claims and issues in her

Complaint to which they are or may be entitled to a jury trial.

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that I filed today, Wednesday, January 3, 2024, the foregoing with

the Federal Clerk of the Court for the United Stated District Court, District of New Jersey via

electronic filing, which will send notification as Summons is made available of such filing to all

parties registered for this case, including the Defendant's counsel when same is made known.


Dated January 3, 2024


＿＿＿＿/s/ Mary B. Logan＿＿＿＿＿＿＿＿
　　　　　Mary Basile Logan
　　　　　*Pro-Se* Plaintiff