

**KMC | KING, MOENCH & COLLINS LLP**

ATTORNEYS AT LAW

| | | |
|---|---|---|
| PETER J. KING ◊<br>MATTHEW C. MOENCH *<br>MICHAEL L. COLLINS *<br><br>ROMAN B. HIRNIAK ^<br>KRISHNA R. JHAVERI *+<br>TIFFANY TAGARELLI<br><br>RYAN J. WINDELS | Writer's Address:<br><br>51 Gibraltar Drive, Suite 2F<br>Morris Plains, NJ 07950<br>(973) 998-6860<br><br>Writer's E-Mail:<br>mmoench@kingmoench.com | Monmouth County Office:<br><br>225 Highway 35, Suite 202<br>Red Bank, NJ 07701<br>(732) 546-3670<br><br>Website:<br>www.kingmoench.com |

◊ Certified by the Supreme Court of New Jersey
 as a Municipal Court Attorney
* Also Member of the New York Bar
+ Also Member of the Arizona Bar
^ Of Counsel

A limited liability partnership of Peter J. King, LLC, Moench Law,
LLC & Collins Law, LLC

February 5, 2024

**VIA ELECTRONIC FILING**
Honorable Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Federal Building and United States Courthouse
Court Room 4W
Trenton, New Jersey 08608

  RE: **MARY BASILE LOGAN v. MERRITT GARLAND, et. al.**
     **Case No.: 3:24-CV-0400**

Dear Judge:

This office represents Defendants James Pittinger ("Mr. Pittinger") and Lisa Sella ("Ms. Sella") in the above-captioned litigation. Please accept this letter brief in lieu of a more formal memorandum of law in support of Mr. Pittinger and Ms. Sella's Motion to Dismiss the Plaintiff Mary Basile Logan's ("Plaintiff") Complaint.

**PRELIMINARY STATEMENT**

Plaintiff Mary Basile Logan has filed a 178-paragraph complaint against 40 individual defendants, which includes three former presidents, former vice-presidents, former presidential candidates, former governors, approximately a dozen

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 2

current cabinet members and other high-ranking appointed officials, and another dozen or so former high-ranking national leaders. Also included in this lawsuit is the current mayor of Lebanon Borough, James Pittinger, and Lebanon Borough Deputy Clerk, Lisa Sella.

The Complaint, without exhibits, is 91 pages long, and can best be described as a treatise on conspiracy theories beginning prior to the first World Trade Center bombing, and concluding with conspiracies involving the Covid-19 pandemic and conspiracies against President Trump. What is not contained in those 91 pages and 178 paragraphs are any factual allegations against Mr. Pittinger or Ms. Sella which suggest any cause of action that supports a theory of liability or damages as to the Plaintiff.

Even giving the Plaintiff every benefit of the doubt as a pro se plaintiff on a motion to dismiss, and searching liberally through all 178 paragraphs, nothing exists demonstrating that Plaintiff has standing or that there are any facts properly pleaded to support a viable cause of action. The matter must be dismissed.

## FACTUAL BACKGROUND

Given the meandering and far-reaching nature of the Complaint, it is difficult to set forth a specific factual background, however, the following paragraphs are the only instances that appear to possibly relate to Mr. Pittinger or Ms. Sella generally.

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 3

Plaintiff alleges that "Defendants [not specifically Pittinger or Sella] having intimate knowledge of the protective State and Federal statutes, have and continue to knowingly skirt and contrive the body of enumerated Rights and self-evident truths, compromising *right reasoning*, the Executive Branch and the balance of legal precedents long established and held as sacred guideposts of these United States." (Complaint, unnumbered "Introduction," at page 6). The Complaint continues to state that "[t]his action is brought against the Defendants in their present and former capacities. The case involves unprecedented constitutional violations conceived by the Defendants or at their directive, resulting in injury and a threat to cause continued injury to Plaintiff including direct harm to Plaintiffs' business interests and property located in Hunterdon County, New Jersey." (Complaint, at ¶ 1).

Plaintiff then articulates the four provisions of the constitution or federal law that Plaintiff believes have been violated by the 40 named defendants: (1) the Take Care Clause of the Constitution relating to the President's Authority under Article II, Section 3 to "take care that the laws be faithfully executed," (2) 18 U.S.C. § 1001, which prohibits public employees from making false statements, (3) 18 U.S.C. §§ 2384, 2385, which prohibits seditious conspiracy against attempting to overthrow the government, and (4) Article III, Section 3 which prohibits treason. (Complaint at ¶ 2).

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 4

Paragraphs 41 and 42 of the Complaint identify Mr. Pittinger as the Mayor and Ms. Sella as the Deputy Clerk of Lebanon Borough, but provide no additional information regarding their role as defendants.

The next 40 or so pages of the Complaint allege a string of conspiracy theories regarding 9/11, the first World Trade Center Bombing, Covid-19, and a variety of other allegations against the other named defendants in this matter.  The only two other paragraphs relating to these defendants is Paragraph 86, where Plaintiff makes general allegations that "defendant acted as a willing designee, subordinance to co-Defendants imposing himself on free and fair elections while corrupting municipal staff and volunteers including co-Defendants, knowingly jeopardizing municipal officers by reputation and licensure." (Complaint at ¶ 86).  The same paragraph also alleges a string of other federal violations related to bribery or intimidation.

As for Defendant Sella, Plaintiff alleges that she "did knowingly violate the Civil Rights of the Plaintiff and, under color of law while acting in her public capacity did purposefully deprive Plaintiff her Rights protected by the Constitution and laws of these United States, extending to include the Hatch Act." (Complaint at ¶ 87).  That paragraph also contains string cites to federal election statutes and Hach Act statutes.

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 5

The above cited paragraphs are the only ones which appear in any way related to Mayor Pittinger or Deputy Clerk Sella.

As for harm, Plaintiff outlines four categories of harm she suffered because of the actions of the 40 named defendants:

> Plaintiff's harms, like other citizens of these United States, are immeasurable as it concerns this plea. By vocation, she sits with people who have lost their homes to foreclosure, in some cases a spouse to suicide due to financial ruin and embarrassment. The greatest loss was for her parents, for a generation never to leave bills unpaid, they lost everything after Plaintiff's step-father died, her mother would follow a few short years later. Time returns for no one, their lives like the countless others were used as chattel, having no merit of value but for the taxes they paid.
>
> Plaintiff's mother in law volunteered at the WTC for months on end following 9/11, making peanut butter/jelly sandwiches and passing prayer with workers; our family lost her to cancer. The loss of her in our lives is and remains heart-wrenching.
>
> During COVID19, tragically Plaintiff lost her youngest sibling, words cannot express the pain resulting from an inability to say, "I love you and I'm sorry for the things left unsaid between us." She lived in Pennsylvania, was cared for at a hospital in Rochester – no one, not even her young son could say good-bye due to the COVID-19 lock-down regulations.
>
> Plaintiff owns a loss mitigation firm, as a direct consequence of the governmental actions taken, she has lost years of income as a direct consequence of the federal programs and funding apparatus designs; this despite a growing need for the integrity instilled in her services, integrity absent many others in the industry.

(Complaint, at ¶¶161-164).

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 6

As a remedy, Plaintiff asks the Court to declare that Defendants, including Mr. Pittinger and Ms. Sella, have usurped the power of the President and engaged in treasonous behavior and should have their funds frozen, (Complaint, at ¶ 166), non-profits should be audited for collusion, (Complaint, at ¶ 167), government organizations such as the FBI and CIA must be evaluated (Complaint, at ¶ 168), public schools reformed (Complaint, at ¶169), the judiciary evaluated for integrity (Complaint, at ¶170), requiring disclosure of President Clinton's pardon of Susan Rosenberg, (Complaint at ¶ 171), and finally that Defendants (presumably including Mr. Pittinger and Ms. Sella) should be removed from office as a result of their "usurpations" of Executive Authority.

These "facts," as alleged, do not support a cause of action, nor do they convey standing on Plaintiff as to Defendants Mr. Pittinger and Ms. Sella (or quite frankly any of the Defendants). The matter must be dismissed.

## LEGAL ARGUMENT

### I.     MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint when, after accepting all factual allegations as true and construing the complaint in a light most favorable to the nonmoving party, the nonmoving party is not entitled to the relief sought. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 7

(3d Cir. 2008). The Court in <u>In re Rockefeller Ctr. Properties, Inc. Sec. Litig.</u>, 311 F.3d 198, 215 (3d Cir. 2002) held that the inquiry "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." The United States Supreme Court further clarified Rule 12(b)(6) in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), stating that to survive a motion to dismiss the factual allegations "must be enough to raise a right to relief above the speculative level." To that end, the complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Phillips</u>, 515 F.3d at 231.

Rule 12(b)(6) serves to streamline litigation "by dispensing with needless discovery and factfinding," and "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' (citation omitted) a claim must be dismissed." <u>Neitzke v. Williams</u>, 490 U.S. 319, 326-327 (1989). As in the present matter, when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." <u>Bell Atl. Corp.</u>, 550 U.S. at 558.

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 8

Here, reviewing the Complaint with the greatest deference to the Plaintiff, it demonstrates that not only has she not stated a cause of action, but she is affirmatively not entitled to relief.

**II.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED AS SHE LACKS STANDING**

The Court in <u>Davis v. Wells Fargo, U.S. Bank N.A.</u>, 824 F.3d 333, 346 (3d Cir. 2016) stated that standing is "a jurisdictional matter." Further, in <u>Taliaferro v. Darby Twp. Zoning Bd.</u>, 458 F.3d 181, 188 (3d Cir. 2006) the Court ruled "absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." The three elements that must be satisfied to show the constitutional minimum of standing are

> "(1) the plaintiff must have suffered an injury in fact- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." <u>Id</u>. at 188. (quoting <u>United States v. Hays</u>, 515 U.S. 737, 742-743 (1995)).

More simply put, the plaintiff must show that they have personally "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant [and] [t]he injury must be concrete and capable of being redressed by the

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 9

court should the plaintiff prevail on the merits." Taliaferro, 458 F.3d 181 at 188-189. (quoting Wheeler v. Travelers Ins. Co., 22 F3d 534, 537-538 (3d Cir. 1994)).

Here, Plaintiff cannot meet any of the requirements for standing.

1. Plaintiff has Not Suffered an Injury In Fact

In order to have standing, Plaintiff must first demonstrate that she has suffered a concreate harm, which is actual, concrete, and particularized. Paragraph 161 in the "Harm" section of the Complaint starts by declaring that Plaintiff's harms are "like other citizens of these Untied States." Thus, on its face, her harms are not specific to Plaintiff.

However, the remaining harms generally discuss that Plaintiff lost her mother to cancer, and infers the cancer was caused by her time spent volunteering at the World Trade Center. She also indicates that her sister died during the COVID-19 pandemic while she resided in a facility in Pennsylvania. Finally, she alleges that she lost income from her business as a result of governmental actions.

While the loss of her mother and her sister are tragic, as is the loss of income from her business, such losses are not legal injuries confirming a cause of action on Plaintiff to the extent the injuries are caused by general governmental policies applicable to all citizens, and not specific to Plaintiff.

2. <u>Plaintiff Has Not Demonstrated a Casual Connection to Defendants Pittinger and Sella</u>

Even to the extent that some of Plaintiff's harms are actual, concrete, and particularized, there is no connection to Defendants Mr. Pittinger and Ms. Sella. Neither individual had any control or involvement in 9/11, federal policy following 9/11, national security, COVID-19 policy, or any other federal or state policy. Furthermore, Plaintiff's sister was located in Pennsylvania during the COVID-19 pandemic so there is not even a remote connection between local officials' implementation of COVID-19 policy impacting Plaintiff.

3. <u>The Remedies Sought Do Not Redress The Harm</u>

Finally, even if the Court somehow found that the Plaintiff has suffered harm, and it was causally connected to Defendants Pittinger and Sella, the remedies sought do not redress the harms. Local officials have no control on any of the issues complained of Plaintiff and thus, the Plaintiff, even if successful on the merits in some way, is not seeking relief which can address those harms.

As a result, Plaintiff lacks standing, and the Complaint must be dismissed.

**III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 11

Even if the Court finds that the Plaintiff does have the required standing, the case should be dismissed for a failure to state a claim for which relief may be granted. Courts have generally given more leeway to pro se litigants, holding that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Montgomery v. Pinchak, 294 F.3d 492, 500 (3d Cir. 2002). Yet, a pro se complaint "may be dismissed for failure to state a claim if the allegations set forth by the plaintiff cannot be construed as supplying facts to support a claim entitling the plaintiff to relief." Grohs v. Yatauro, 984 F. Supp. 2d 273, 282 (D.N.J. 2013). Such is the case here.

Paragraph 2 of the Complaint sets forth the four bases upon which the Plaintiff is bringing the current action. These causes of action are legally and factually insufficient to state a claim.

1. Constitutional Violation of The "Take Care Clause" and the "Treason Clause"

Paragraphs 2(a) and 2(d) of the Complaint allege violations by the 40 Defendants of two provisions of the Constitution. The first allegation is a violation of the "Take Care Clause" of Article II, Section 3. That provision states in relevant part that the President of the United States "shall take Care that the Laws be faithfully executed." In Las Ams. Immigrant Advocacy Ctr. V. Biden, 571 F. Supp. 3d 1173,

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 12

1180 (D. Or. 2021), the Oregon District Court found that the "viability of the 'Take Care Clause' as a stand-alone cause of action is, to put it lightly, uncertain," and that "no circuit court has definitively found a private right of action stemming from the clause." (quoting <u>City of Columbus v. Trump</u>, 453 Supp. 3d 770, 800 (D. Md. 2020)).

The second allegation alleges a violation of the Treason Clause, which is found in Article III, Section 3 of the United States Constitution, and states "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the testimony of two Witnesses to the same overt Act, or on Confession in open Court."

42 U.S.C. § 1983 is the federal statute which provides a private right of action generally when government officials violate constitutional rights. It provides that:

> "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, in equity, or other proper proceeding for redress…"

In order to successfully state a claim for relief under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States,

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 13

and must show that the alleged deprivation was committed by a person acting under color of state law (citations omitted)." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

In the instant matter, the Plaintiff fails both prongs of the test to sustain a claim for relief under § 1983. First, Plaintiff has failed to demonstrate that these provisions of the Constitution provide her with a specific "right" which provides her with a cause of action. As contrasted with due process rights or rights to free speech, there is nothing in the "Take Care" clause or the "Treason Clause" providing a private right to be conferred on Plaintiff.

Even if such a right existed and § 1983 could be read to infer a private right to enforce any aspect of the Constitution, there are no facts to support the notion that the local mayor and deputy clerk of Lebanon usurped presidential authority or committed a treasonous act at all, let alone related to 9/11, COVID-19 policy, international relations, or any of the other allegations in the Complaint.

2. <u>Federal Statutory Claims</u>

Paragraphs 2(b) and 2(c) allege violations of various federal statutes which generally relate to criminalizing the falsifying records by federal employees (18 U.S.C. § 1001) and by participating in the overthrow of government (18 U.S.C. §§ 2384, 2384). As a threshold matter, Defendants Mr. Pittinger and Ms. Sella are not federal employees. However, more importantly, these are federal criminal statutes

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 14

which provide the government, not a private citizen, to bring federal criminal charges for alleged violations. They do not confer a private right of action. Therefore, they cannot stand as a basis for relief.

    3. <u>General Claims Against Pittinger and Sella</u>

Finally, to the extent that the claims contained in Paragraphs 86 and 87 could be read to contain additional causes of action than those set forth in paragraph 2, those similarly do not set forth a cause of action. No right is specifically identified that the Defendants allegedly violated, no specific actions in support of the perceived violation is set forth, and no harm is identified. Further, to the extent Plaintiff is alleging criminal actions, she would not have a private right of action, which would be reserved to state law enforcement officials. And finally, to the extent she is alleging election matters, then this court would not have subject matter jurisdiction.

The Plaintiff does not demonstrate whatsoever that Mr. Pettinger and Ms. Sella violated any right secured by the Constitution or federal law, or that the alleged deprivation of rights was done under the color of state.

As previously discussed in this letter brief, the allegations made against Mr. Pittinger and Ms. Sella in the Complaint are completely baseless and they offer no shred of evidence to back up the Plaintiff's ludicrous claims. If this matter is allowed to proceed, Mr. Pittinger and Ms. Sella would be forced to defend themselves further

Hon. Zahid N. Quraishi, U.S.D.J
February 5, 2024
Page 15

at a significant cost based on a Complaint that is deficient on its face. Though a pro se litigant is allowed to be given flexibility in their pleadings, the current Complaint is egregiously deficient and contains no facts that would show the Plaintiff has suffered actual harm as a result of any conduct of Mr. Pettinger and Ms. Sella.

## CONCLUSION

For these reasons, Defendants Mr. Pittinger and Ms. Sella respectfully request that their Motion to Dismiss should be granted as a matter of law.

Very truly yours,

s/*Matthew C. Moench, Esq.*
MATTHEW C. MOENCH

Cc:  Mary Basile Logan, Plaintiff (via Regular Mail) and All Counsel of Record (via electronic filing)