Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

*Counsel for Defendant Republican National Committee*
\* *Pending pro hac vice admission*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOGAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GARLAND, *in his official capacity Attorney General, Department of Justice*, et al.,<br><br>　　　　　　Defendants. | No. 3:24-cv-00040-ZNQ-TJB<br><br>**MOTION TO DISMISS BY THE REPUBLICAN NATIONAL COMMITTEE** |

The Republican National Committee moves to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b). This motion is based on the attached brief.

Dated: February 12, 2024            Respectfully submitted,

/s/ Michael L. Testa Jr.

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

* *Pending pro hac vice admission*

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOGAN,<br><br>            Plaintiff,<br><br>v.<br><br>GARLAND, *in his official capacity Attorney General, Department of Justice*, et al.,<br><br>            Defendants. | No. 3:24-cv-00040-ZNQ-TJB<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on February 12, 2024, I electronically filed the following pleadings on behalf of the Republican National Committee:

1. Motion to Dismiss Plaintiff's Complaint;
2. Brief in Support of Motion to Dismiss Plaintiff's Complaint;
3. Proposed Order; and
4. This Certificate of Service.

Notice of this filing will be sent by e-mail to all counsel of record by the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

Dated: February 12, 2024

Respectfully submitted,

/s/ Michael L. Testa Jr.

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

\* *Pending pro hac vice admission*

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

*Counsel for Defendant Republican National Committee*
\* *Pending pro hac vice admission*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOGAN,<br><br>        Plaintiff,<br><br>v.<br><br>GARLAND, *in his official capacity Attorney General, Department of Justice,* et al.,<br><br>        Defendants. | No. 3:24-cv-00040-ZNQ-TJB<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS BY THE REPUBLICAN NATIONAL COMMITTEE** |

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

LEGAL STANDARDS ......................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I.   The Court lacks jurisdiction. ...................................................................................... 3

    II.  The Plaintiff lacks standing and fails to state a claim against the Republican National Committee. ................................................................................................. 4

CONCLUSION ...................................................................................................................... 6

## INTRODUCTION

The Plaintiff filed the first version of this case in October of last year. *See Logan v. Lamont*, Doc. 1, No. 3:23-cv-21174 (D.N.J. Oct. 23, 2023). The Republican National Committee (RNC) and several other defendants moved to dismiss the complaint. *See id.*, Docs. 22, 23, 27, 46, 47. The Plaintiff moved to amend her complaint, but then filed a response in opposition to the motions to dismiss. *See id.*, Docs. 49, 51. The response did not address the RNC's motion. Before the Court could rule on the motions, the Plaintiff voluntarily dismissed the case. *See id.*, Doc. 54.

The Plaintiff then filed the complaint at issue here. The 91-page complaint is even longer than the first, but it adds no new allegations against the RNC. In fact, the new complaint has even *fewer* allegations against the RNC, though it is equally incomprehensible as the first. Again, the complaint is a disjointed stream of claims involving the COVID-19 outbreak, the impeachment of President Trump, the 2020 election, and miscellaneous meetings of public officials to "knowingly skirt and contrive the body of enumerated Rights and self-evident truths, … the Executive Branch and the balance of legal precedents." Doc. 1 at 6. The complaint is impossible to decipher, but it appears to claim violations only of constitutional provisions and the criminal code. *See* Doc. 1 at 6-8. The complaint is devoid of legal claims and allegations of traceable injury. The relief it requests is impossible for this Court to grant. And the RNC is barely mentioned. District courts routinely dismiss frivolous lawsuits for lack of jurisdiction when the complaint is so incomprehensible it is impossible to determine whether the Court even has power to decide the case. That is true here. The Court should dismiss the frivolous claims against the RNC.

## **LEGAL STANDARDS**

A federal court may dismiss a complaint for lack of subject matter jurisdiction "when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.'" *DeGrazia v. FBI*, 316 F. App'x 172, 173 (3d Cir. 2009) (cleaned up) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Indeed, the Court can dismiss such claims "on its own initiative," although ordinarily it should provide "notice and an opportunity to respond." *Allen v. AFL-CIO*, 276 F. App'x 197, 199 (3d Cir. 2008) (citing *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761-62 (3d Cir. 1976); *Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir.1965)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Courts give pro se litigants more leeway in pleading and do not hold them to the same technical standards as trained lawyers." *Johnson v. Hill*, 910 F. Supp. 218, 220 (E.D. Pa. 1996) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). For that reason, "[a] pro se action 'can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wassem v. Romac Int'l, Inc.*, No. 97-cv-7825, 1998 WL 834094, at *3 (E.D. Pa. Dec. 1, 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But that "rule does not require the district court to fabricate a claim that a plaintiff has not spelled out in the complaint." 5 Fed. Prac. & Proc. Civ. §1286 (Wright & Miller, 4th ed.).

## ARGUMENT

### I. The Court lacks jurisdiction over this frivolous lawsuit.

The complaint is so "devoid of merit" and "obviously frivolous" that the Court lacks power to entertain it. *Allen*, 276 F. App'x at 199. First, the complaint "rel[ies] on fantastic scenarios lacking any arguable factual basis." *DeGrazia*, 316 F. App'x at 173. Many of those allegations are impossible to decipher. For example, the complaint alleges that "the Defendant has willfully disemboweled the Executive Branch and its' [sic] Constitutional protections … an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994.45." Doc. 1 at 57. The Plaintiff also "reasserts that the body of Defendants, in the company of extraneous partners, yet to be named, manifested by conduct and oration, actionable usurpation of the Executive Branch of these United States and compromise to National Security." Doc. 1 at 87. Neither the parties nor the Court can determine what these allegations mean or whether the Court has power over them. Further confusing matters, the complaint is full of unexplained citations to irrelevant legal authorities.

Second, the requested relief is "wholly incredible." *Allen*, 276 F. App'x at 199. For example, the complaint demands that the Defendants' "funds should be frozen, made inaccessible, immediately," and that they "should be removed from office and constrained from serving in any capacity in the future." Doc. 1 at 87, 89. It demands that the nonprofit Defendants "be audited for collusion enterprise with the extraneous organizations." Doc. 1 at 88. The complaint even demands relief against nonparties

such as FEMA and "[t]he judiciary," and relief against no particular party, such as the demand that "[p]ublic schools are to be reformed with federal School Choice vouchers." *Id.* The Plaintiff requests an award of $8 billion without any articulated basis. *Id.* at 90. The Court lacks jurisdiction over the claims against the RNC, and it has no power to grant the outlandish relief requested.

## II. The Plaintiff lacks standing and fails to state a claim against the RNC.

Even if the complaint were not wholly frivolous, the Plaintiff lacks standing because she has not alleged an injury in fact fairly traceable to the RNC that is redressable by an order of this Court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (citation omitted)). The complaint is a general grievance against public officials—not an allegation of particular "personal injury" traceable to the Defendants. *Id.* At most, the paragraph about the RNC alleges injury to "these United States" and to "the citizens of these United States." Doc. 1 at 57-58. The Plaintiff does not explain what those injuries are. Even if she did, those injuries are not "particularized," "distinct," or "personal" to the Plaintiff—they are shared by every United States citizen. *Spokeo*, 578 U.S. at 339 (citations omitted). The Plaintiff later alleges that "she has lost years of income," but she does not explain how, nor does she tie that injury to her allegations against the RNC. Doc. 1 at 87. Finally, to the extent the Plaintiff seeks prospective relief, she has not alleged an "actual or

4

imminent" injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The Plaintiff thus lacks standing.

The complaint also fails to state a claim against the RNC. Most of the 91-page complaint isn't about the RNC at all. The few relevant parts allege that the RNC "knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States," "willfully disemboweled the Executive Branch and its' [sic] Constitutional protections," "evidenced willful deception resulting in the death of innocent persons of these United States," committed "malicious indifference/depraved-heart murder," and committed "such acts of treason with the intent to defraud these United States." Doc. 1 at 57-58. These allegations don't state a claim for several reasons.

First, these are not factual allegations—just vague recitations of legal concepts. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not state a claim. *Iqbal*, 556 U.S. at 678. Plaintiffs must instead "plead *factual matter* that, if taken as true, states a claim." *Id.* at 666 (emphasis added). The complaint doesn't even identify a cause of action, let alone allege factual events that would amount to a legal violation. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (citations omitted). Much less do empty citations to inapplicable law state a claim. "[E]ven in pleadings drafted by pro se parties, courts should not have to guess at the nature of the claim asserted." *Smith*, 2022 WL 16641857, at *3 (cleaned up). The complaint fails to state a claim.

5

Second, these allegations rely almost exclusively on criminal law. In her single paragraph mentioning the RNC, the Plaintiff extensively cites the criminal code, criminal case, and criminal concepts such as "depraved-heart murder." Doc. 1 at 58. But "private citizens do not have 'authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.'" *Livesay v. Murphy*, No. 3:20-cv-17947, 2022 WL 4597435, at *7 (D.N.J. Sept. 30, 2022) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)).

Third, to the extent Plaintiff seeks relief under the Constitution or 42 U.S.C. §1983 against the RNC, the complaint fails to allege a state action imputable to the RNC. *Jackson v. Temple Univ. of Com. Sys. of Higher Educ.*, 721 F.2d 931, 933 (3d Cir. 1983); *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 200-01 (3d Cir. 2009).

## CONCLUSION

For these reasons, the Court should dismiss the complaint for lack of jurisdiction or, alternatively, dismiss the claims against the RNC.

Dated: February 9, 2024

Respectfully submitted,

/s/ Michael L. Testa Jr.

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

* *Pending pro hac vice admission*

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

6

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

*Counsel for Defendant Republican National Committee*
\* *Pending pro hac vice admission*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOGAN,<br><br>   Plaintiff,<br><br> v.<br><br>GARLAND, *in his official capacity Attorney General, Department of Justice*, et al.,<br><br>   Defendants. | No. 3:24-cv-00040-ZNQ-TJB<br><br>**[PROPOSED] ORDER** |

**THIS MATTER** having been opened to the Court by the Republican National Committee's motion to dismiss under Federal Rule of Civil Procedure 12(b); and the Court, having considered the papers submitted in support thereof and in opposition thereto, if any; and good cause having been shown,

**IT IS** on this _____ day of _____, 2024, **ORDERED**, as follows:

1. The Republican National Committee's Motion to Dismiss (ECF No. ____) is **GRANTED**.
2. Plaintiff's claims against the Republican National Committee are **DISMISSED**.
3. The Republican National Committee is **DISMISSED** from this case.