UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY BASILE LOGAN, individually and on behalf of those similarly situated, *Pro-Se*;

                             Plaintiff,

         -against-

MERRITT GARLAND, in his official capacity as Attorney General, Department of Justice;

LLOYD AUSTIN, III, in his official capacity as the Secretary, Defense Department;

WILLIAM J. BURNS, in his official capacity as the Director, Central Intelligence Agency;

CHRISTOPHER A. WRAY, in his official capacity as the Director of the Federal Bureau of Investigation;

DENIS RICHARD MCDONOUGH, in his official capacity as Secretary of Veteran Affairs;

ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security;

MARCIA L. FUDGE, in her official capacity as Secretary U.S. Department of Housing and Urban Development;

ROBERT CALIFF, in his official capacity as Commissioner, Food and Drug Administration;

WILLIAM J. CLINTON, in his official capacity as the former President of the United States of America;

HILLARY R. CLINTON, in her official capacity as former Secretary of State for the United States of America;

THOMAS KEAN, SR., in his official capacity as Chairman 9/11 Commission;

ROBERT MUELLER, in his former capacity as Director of the Federal Bureau of Investigation;

24-cv-00040 (ZNQ-TJB)

JAMES COMEY, in his former capacity as Director of the Federal Bureau of Investigation;

CHRISTOPHER J. CHRISTIE, in the capacity of the former-Governor of New Jersey;

RICHARD "DICK" CHENEY, in his former capacity as Vice President of the United States;

ELIZABETH "LIZ" CHENEY, in her former capacity as Chair, January 6 Commission;

JOHN KERRY, in his official capacity as U.S. Special Presidential Envoy for Climate;

GEORGE W. BUSH, in his official capacity as President of the United States;

BARACK H. OBAMA, in his official capacity as President of the United States;

LORETTA LYNCH, in her former capacity as United States Attorney General;

JAMES BAKER, in his former capacity as White House Chief of Staff;

ERIC HOLDER, in his former capacity as United States Attorney General;

JOSEPH R. BIDEN, in his official capacity as President, his former capacities as Vice President and Senator, of these United States;

JOHN ASHCROFT, in his former official capacity, as United States Attorney General;

JAMIE GORELICK, in her official capacity, Homeland Security Advisory Council Member;

NANCY PELOSI, in her official capacity as Congresswoman (CA);

GEORGE NORCROSS, in his capacity as Chairman, Cooper University Medical Systems,

PHIL MURPHY, in his official capacity as Governor of New Jersey, and as former Chair of the National Governors Association (NGA);

TAHESHA WAY, in her former capacity as Secretary of State, as former President of the National Association of Secretaries of State, and her current capacity as Lt. Governor, New Jersey;

JUDITH PERSICHILLI, in her official capacity as then-Commissioner of Health for the State of New Jersey;

SEJAL HATHI, in her official capacity as deputy Commissioner for Public Health Services;

MATTHEW PLATKIN, in his official capacity as Attorney General of the State of New Jersey;

KATHY HOCHUL, in her official capacity as Governor of New York;

ANDREW CUOMO, in his former capacity as Governor of New York and his capacity as Vice-Chair of the National Governors Association;

LETITIA JAMES, in her capacity as Attorney General of the State of New York;

THE DEMONCRATIC NATIONAL COMMITTEE;

THE REPUBLICAN NATIONAL COMMITTEE;

JAMES PITTINGER, in his official capacity as Mayor of Lebanon Borough, State of New Jersey;

LISA SELLA, in her official capacity as Deputy Clerk, Lebanon Borough, State of New Jersey;

ROBERT JUNGE, in his official capacity as Municipal Chair, Republican Party, Lebanon Borough, State of New Jersey;

JOHN DOES (1-100)

JANE DOES (1-100)

           Defendants.

**NEW YORK STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

LETITIA JAMES
Attorney General
  State of New York
*Attorney for the New York State Defendants*
28 Liberty Street
New York, NY 10005

Frances Polifione
Assistant Attorney General
*Of Counsel*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF ALLEGED FACTS AND PROCEDURAL HISTORY ................................. 2

    A. Statement of Alleged Facts ............................................................................................ 2

    B. Procedural History......................................................................................................... 3

ARGUMENT .................................................................................................................................. 4

    I.    THIS COURT LACKS PERSONAL JURISDICTION OVER THE NEW YORK STATE DEFENDANTS.............................................................................................................4

    II.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE NEW YORK STATE DEFENDANTS; THE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT ..............................................................................................................7

    III.  THE COMPLAINT IS DEFICIENT IN ITS FORM .................................................9

CONCLUSION............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES** **Page(s)**

*Alabama v. Pugh*,
  438 U.S. 781 (1978) ............................................................................................................7

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985)............................................................................................................7

*Coniker v. Monfortoh*,
  No. 23-1507, 2023 WL 7411531 (3d Cir. Nov. 9, 2023) .................................................10

*Control Screening LLC v. Tech. Application & Prod. Co.*,
  687 F.3d 163 (3d Cir. 2012)............................................................................................4, 5

*Cory v. White*,
  457 U.S. 85 (1982)..............................................................................................................7

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. 2016) .....................................................................................5

*Ex Parte Young*,
  209 U.S. 123 (1908)............................................................................................................8

*Franchise Tax Bd. Of California v. Hyatt*,
  139 S. Ct. 1485 (2019)........................................................................................................5

*Garrett v. Wexford Health*,
  938 F.3d 69 (3d Cir. 2019)..............................................................................................9, 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)............................................................................................................5

*Idaho v. Coeur d'Alene Tribe of Idaho*,
  521 U.S. 261 (1997)............................................................................................................8

*Logan v. Lamont, et al.*,
  No. 23-cv-21174 (ZNQ)(TJB) ...........................................................................................4

*Miller Yacht Sales, Inc. v. Smith*,
  384 F.3d 93 (3d Cir. 2004).................................................................................................4

*Missouri v. Fiske*,
  290 U.S. 18 (1933)..............................................................................................................7

*O'Connor v. Sandy Lane Hotel Co.*,
  496 F.3d 312 (3d Cir. 2007)...............................................................................................6

*Papasan v. Allain*,
   478 U.S. 265 (1986) ............................................................................................................. 7

*Pennhurst State School & Hospital v. Halderman*,
   465 U.S. 89 (1984) ............................................................................................................... 7

*Phillips v. Cty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ............................................................................................... 10

*Seminole Tribe of Florida v. Florida*,
   517 U.S. 44 (1996) ............................................................................................................... 7

*Stampone v. Amann*,
   No. CV 20-03874, 2021 WL 1912642 (D.N.J. Mar. 26, 2021) ........................................... 7

*Stampone v. Fopma*,
   No. CIV 13-5129 (SDW), 2013 WL 5937428 (D.N.J. Nov. 4, 2013), aff'd,
   567 F. App'x 69 (3d Cir. 2014) ........................................................................................... 7

*Trotman v. Palisades Interstate Park Commission*,
   557 F.2d 35 (2d Cir. 1977) ................................................................................................... 8

*Will v. Michigan Dep't of State Police*,
   491 U.S. 58 (1989) ........................................................................................................... 5, 8

**CONSTITUTIONAL PROVISIONS**

New York State Constitution. ....................................................................................................... 5

United States Constitution, Eleventh Amendment ............................................................... passim

**STATE STATUTES**

New York State Election Law
   Art. 7 and Art. 8 ................................................................................................................... 9
   § 6-102 ................................................................................................................................. 9

**RULES**

Fed. R. Civ. P. 4 ............................................................................................................................ 4

Fed. R. Civ. P. 8 ................................................................................................................... 1, 9, 10

Fed. R. Civ. P. 12(b)(1) ............................................................................................................. 1, 7

Fed. R. Civ. P. 12(b)(2) ............................................................................................................. 1, 9

Defendants Kathy Hochul, Governor of the State of New York, and Letitia James, Attorney General of the State of New York (collectively the "New York State Defendants"),[1] respectfully submit this memorandum of law in support of their motion to dismiss the complaint (ECF No. 1, the "Complaint") as against them pursuant to Fed. R. Civ. P. 8, 12(b)(1), and 12(b)(2).[2]

## PRELIMINARY STATEMENT

Plaintiff Mary Basile Logan brings this lawsuit against numerous federal and state officials in relation to what appear to be bizarre and indecipherable conspiracy claims concerning COVID-19, and possibly also that the presidency was stolen from former President Donald Trump. However, there is no cause for the Court to address Plaintiff's dubious claims in relation to the New York State Defendants because those claims must be dismissed for lack of personal jurisdiction.

As an initial matter, the District of New Jersey does not have personal jurisdiction over the New York State Defendants, as there are no facts pled remotely suggesting that the New York State Defendants are subject to the general or specific personal jurisdiction of this Court. Even if such jurisdiction existed, this Court would nonetheless lack subject matter jurisdiction over the damages claims against the New York State Defendants, as they are barred by the Eleventh Amendment. And to the extent Plaintiff seeks any injunctive relief against the New York State Defendants, those claims must be dismissed because the only comprehensible relief she seeks from them – placing Donald J. Trump on the ballot for the next presidential election, is not in their power to grant. Finally, the Complaint does not meet Fed. R. Civ. P. 8's requirement that a

---

[1] Plaintiff has named the New York State Defendants in their official capacity only.

[2] To the extent that other defendants have raised alternative grounds for dismissal that may be applicable to the New York State Defendants (such as improper venue or abstention doctrines), the New York State Defendants join in those motions.

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Plaintiff filed this Complaint containing these fatal flaws despite already being put on notice of the jurisdictional deficiencies in her pleadings in a prior matter bringing nearly identical claims, but nevertheless failing to make changes to her newest complaint addressing them.

Accordingly, the Complaint must be dismissed as against the New York State Defendants.

## STATEMENT OF ALLEGED FACTS AND PROCEDURAL HISTORY

**A. Statement of Alleged Facts**

The prolix and incoherent nature of the Complaint makes it difficult, if not impossible, to parse Plaintiff's allegations and claims. However, even the most diligent and generous attempt to interpret its allegations does not show any connection between the New York State Defendants and New Jersey or a basis for this Court's jurisdiction.

Regarding Governor Hochul, Plaintiff has alleged that she has held numerous New York State political positions. Compl. ¶ 36. Plaintiff also alleges - in a copy of what she alleges for almost all of the other defendants and without alleging anything specific - that Governor Hochul "knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States," maintained "her silence throughout the epidemic known as COVID-19 and prior" and that "*intentio mea imponit nomen operi meo*, [she] has willfully disemboweled the Executive Branch and its Constitutional protections… unlawful trespass [sic], manifesting herself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of her designation under Proclamation 9994." Compl. ¶ 81. Plaintiff also alleges that the Governor's "actions were both knowing and calculated,

2

predetermined to exact an outcome at a specific time, divorced of humanity as to those People who died, calculable [sic] deprived indifference." *Id.* Plaintiff goes on to confusingly allege that "[b]y the knowing and willful actions of the Defendant and those of her designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of the United States, she has irrefutably evidenced malicious indifference/depraved-heart murder… such acts of treason with the intent to defraud these United States." *Id.* Plaintiff also makes a generalized allegation that Governor Hochul "co-colluded" with a number of other officials regarding COVID-19, the lockdowns and money laundering. Compl. ¶ 139.

As for Attorney General James, Plaintiff has alleged that she is the current Attorney General of New York State and prior to that was the New York City Public Advocate. Compl. ¶ 38. Plaintiff also then alleges exactly the same as what she alleges against Governor Hochul for Attorney General James (which is also a generic copy of what she alleges for almost all of the other defendants). Compl. ¶¶ 83, 139.

Additionally, Plaintiff alleges that Governor Hochul and Attorney General James are "colluding to draw down property values in New York City, allowing foreign entities to purchase real property for bargain prices." Compl. ¶ 114. She provides one alleged example of her claim, which is property in New York City. *Id.*

For both Governor Hochul and Attorney General James, the Complaint is devoid of any allegation that the purported acts giving rise to the allegations against them took place in New Jersey or were directed at New Jersey residents.

**B. Procedural History**

In October 2023, Plaintiff filed a lawsuit against nearly 20 defendants, many of whom have

3

been named again in this lawsuit (including New York State Defendants), seeking nearly-identical relief and involving the same set of material allegations, mostly relating to COVID-19 and the presidential elections. *See Logan v. Lamont, et al.*, No. 23-cv-21174 (ZNQ)(TJB), ECF Nos. 1 and 6. The New York State Defendants filed a motion to dismiss, noting that Plaintiff had failed to make any allegations that would provide personal or subject matter jurisdiction over them. *Id.*, ECF No. 22. Numerous other defendants filed additional motions to dismiss soon thereafter. Rather than oppose those motions in substance, Plaintiff voluntarily dismissed her proceeding on December 29, 2023 (*id.*, ECF No. 54) and the Court marked the case closed on January 2, 2024 (*id.*, ECF No. 55). Only two days later, on January 4, 2024, Plaintiff filed this lawsuit. Despite being aware of the law regarding personal jurisdiction and the shortcomings of her complaint, Plaintiff has nevertheless proceeded on substantially the same flawed factual allegations and substantially the same legal theories as her prior case.

## ARGUMENT

### I. THIS COURT LACKS PERSONAL JURISDICTION OVER THE NEW YORK STATE DEFENDANTS

A United States District Court may only exercise personal jurisdiction over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. R. 4:4-4). As a result, "[a] district court may exercise *in personam* jurisdiction over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012), *citing Int'l Shoe Co. v.*

*Washington*, 326 U.S. 310, 316 (1945). "[T]he plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Control Screening*, 687 F.3d at 167 (internal quotations omitted).

"Personal jurisdiction may be either general or specific." *Id.* It is manifestly clear that general jurisdiction does not exist here. For general jurisdiction to be present, when the cause of action is unrelated to the defendant's contacts with the forum state and service of process occurs outside of the forum state,[3] the defendant's contacts must be "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). For natural persons, this means the state in which they are domiciled.[4] *Id.* at 924; *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 182 n. 2 (D.N.J. 2016). However, when a suit is brought against an official in her official capacity, as in this case, it is generally considered to be a suit against the state. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Further, a State is not "at home" within another state, and basic principles of federalism and sovereignty necessitate that a state is not subject to general jurisdiction in another state's federal courts. *Cf. Franchise Tax Bd. Of California v. Hyatt,* 139 S. Ct. 1485 (2019) (under the Eleventh Amendment, states retain their sovereign immunity from suits brought in the courts of other states).

Nor does this Court possess specific jurisdiction over the New York State Defendants. To exercise specific jurisdiction over a nonresident defendant, the court must find that the defendant (1) "purposefully directed its activities at the forum" state, (2) that the cause of action arose out of

---

[3] Plaintiff served the New York State Defendants at their New York State offices.

[4] Governor Hochul and Attorney General James are both residents of New York by nature of their positions, and in fact are legally required to reside in New York State to qualify for the positions they hold. N.Y. Const. Art. IV, § 2; N.Y. Const. Art. V, § 1. Accordingly, the New York State Defendants are nonresidents who would be outside the reach of this Court's general jurisdiction even if they had been sued in their personal capacities.

those activities, and (3) if the first two elements are met, that "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).

Here, the Complaint does not satisfy even the first requirement. While it is not clear from the Complaint what specifically the New York State Defendants are accused of, the most generous interpretation is that Plaintiff believes that the New York State Defendants "colluded" to reduce property values in New York City and New York State, that they repressed information about COVID-19, and that they have held multiple political positions within New York State and New York City. There is no possible reading of the alleged facts which constitutes a "purposeful direction" of the activities of the New York State Defendants to furnish sufficient contact with New Jersey. Indeed, none of the allegations related to the New York State Defendants mention New Jersey in any way. Even if the Complaint were read to allege facts that the purported actions of the New York State Defendants somehow harmed New Jersey residents in New York, that alone would still be insufficient to confer jurisdiction, as "[c]ontacts with [New Jersey] citizens that take place outside the state" are insufficient to establish the minimum purposeful contact within New Jersey required by the Due Process clause. *O'Connor*, 496 F.3d at 317. There is no suggestion in the Complaint of any connection at all between any actions taken by the New York State Defendants and the forum state of New Jersey.

As it is beyond serious dispute that the New York State Defendants did not direct any activities relevant to this case towards New Jersey, the other requirements for the exercise of specific jurisdiction cannot possibly be satisfied. Moreover, subjecting the New York State Defendants to suit in the District of New Jersey, when they took no action remotely directed at or related to New Jersey, would violate the general requirement of due process that "the defendant's

conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotations omitted). Indeed, this Court has dismissed suits against out-of-state government officials based on a lack of personal jurisdiction where all events involving Plaintiff and non-resident Defendants occurred outside the state. *Stampone v. Fopma*, No. CIV 13-5129 (SDW), 2013 WL 5937428 (D.N.J. Nov. 4, 2013), aff'd, 567 F. App'x 69 (3d Cir. 2014); *see also Stampone v. Amann*, No. CV 20-03874, 2021 WL 1912642, at *3 (D.N.J. Mar. 26, 2021), appeal dismissed, No. CV 21-1881, 2021 WL 5467057 (3d Cir. Oct. 28, 2021).

The District of New Jersey does not have specific or general personal jurisdiction over the New York State Defendants in this action, and must therefore dismiss the Complaint and any cross-claims as against them pursuant to Fed. R. Civ. P. 12(b)(1).[5]

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE NEW YORK STATE DEFENDANTS; THE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment to the United States Constitution bars federal suits by individuals against a state and its agencies and departments unless (i) the state unambiguously consents to be sued, or (ii) Congress enacts legislation explicitly and unmistakably overriding the state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55 (1996); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). This bar applies regardless of the remedy sought, and precludes injunctive as well as monetary relief. *Missouri v. Fiske*, 290 U.S. 18, 27 (1933); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Cory v. White*, 457 U.S. 85, 90-91 (1982). Plaintiff

---

[5] The Court's lack of personal jurisdiction over the New York State Defendants extends to the putative cross-claims interposed by co-defendant Robert Junge (ECF No. 13) and the Eleventh Amendment bars the relief he seeks, and those cross-claims should accordingly be dismissed.

does not and cannot demonstrate that the State of New York has waived its Eleventh Amendment immunity. To the contrary, the State of New York has not consented to suit in federal court. *See Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 38-40 (2d Cir. 1977). Nor does Plaintiff allege or demonstrate that Congress has enacted legislation abrogating the State's immunity in this case. *See also Will*, 491 U.S. at 66–67 (Eleventh Amendment applies to § 1983 claims).

With respect to individual state officials, lawsuits against state officials named in their official capacity for monetary relief are deemed to be lawsuits against the state itself. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); *Will*, 491 U.S. at 71. Such a lawsuit is therefore equally barred as one against the state itself. Here, Plaintiff has clearly indicated that she is only bringing suit against Governor Hochul and Attorney General James in their official capacities. Furthermore, there is nothing in the Complaint that could be read to allege any actions taken outside their official duties. As such, Eleventh Amendment immunity squarely applies to the damages claims against Governor Hochul and Attorney General James and requires dismissal of this case as against them.

While the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908), provides an exception to sovereign immunity when the suit against the state officials seeks only prospective injunctive relief to cure an alleged ongoing violation of constitutional law, that exception has no application here. The *Ex Parte Young* exception only applies against state officials who have the authority or enforcement powers relevant to provide the requested relief. *See id.* at 157 ("[I]t is plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party."). Here, the only specific comprehensible relief Plaintiff seeks against defendants is

8

that they place Donald J. Trump on the ballot and that voting for that election is returned to in-person with paper ballots on only the first Tuesday of November. Compl. ¶¶ 173-78.[6] Plaintiff does not, and cannot, allege that the New York State Defendants have the authority to provide the requested relief. *See* N.Y. Elec. Law § 6-102; N.Y. Elec. Law Art. 7 and Art. 8.

As the claims against the New York State Defendants are barred by Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over these claims, and must dismiss the Complaint and any cross-claims as against the New York State Defendants pursuant to Fed. R. Civ. P. 12(b)(2).

### III. THE COMPLAINT IS DEFICIENT IN ITS FORM

Even if the Court finds it has both personal jurisdiction over the New York State Defendants and subject matter jurisdiction over the claims against them, the Complaint should still be dismissed for its total failure to make plain why Plaintiff would be entitled to any relief. Pursuant to Fed. R. Civ. P. 8(a), a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint in this action is convoluted and nonsensical to an extent that it is virtually impossible to determine precisely what Plaintiff is alleging the New York State Defendants have purportedly done, what laws those acts supposedly violated, and what relief Plaintiff seeks. This complete lack of clarity renders the Complaint defective under Fed. R. Civ. P. 8. The "plain statement requirement … prompts us to ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (internal quotations omitted). This rule requires that the pleading be adequate to provide the

---

[6] Plaintiff also seeks "preliminary and permanent injunctions enjoining the defendants from committing actions similar to those described herein in the future." Compl ¶ 174. In light of the difficulty in comprehending the complaint as a whole, however, this request for injunctive reliefs is too vague to be comprehensible.

defendant with "fair notice of what the claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotations omitted). If a pleading "is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it[, it] will not satisfy Rule 8." *Garrett*, 938 F.3d at 93 (internal quotation omitted). The Complaint here does not satisfy this standard, and it should be dismissed on this basis alone. *See, e.g., Coniker v. Monfortoh*, No. 23-1507, 2023 WL 7411531, at *2 (3d Cir. Nov. 9, 2023) (affirming dismissal under Rule 8 of a "confused, ambiguous, [and] vague" *pro se* complaint when the Plaintiff "failed to connect the vague bases for relief to any facts demonstrating that the defendants may be liable for misconduct.").[7]

Accordingly, if this Court does not dismiss the Complaint as against the New York State Defendants, Plaintiff should be required to amend her Complaint so that the New York State Defendants are provided with a short and plain statement of Plaintiff's claims showing that she is entitled to relief against them and so that they have proper notice of what her claims against them are.

## CONCLUSION

For the reasons set forth above, the New York State Defendants respectfully request that the Court grant their motion and dismiss the Complaint as against them, together with such other relief as the Court may grant.

However, if the Court does not grant their motion, the New York State Defendants respectfully request 45 days from the entry of that decision to respond to the Complaint and any cross-claims, or 45 days from service of Plaintiff's amended complaint, if she is ordered to amend.

---

[7] In the event that the Court finds that it has personal jurisdiction over the New York State Defendants, subject matter jurisdiction over the claims against them, and that the Complaint satisfies the requirements of Rule 8, it would nonetheless fail to state a claim against the New York State Defendants and they expressly reserve their right to move to dismiss, pursuant to Rule 12(b)(6), on that basis if necessary.

10

Dated: New York, New York
February 20, 2024

**LETITIA JAMES**
Attorney General
    State of New York
*Attorney for the New York State Defendants*

By: */s/ Frances Polifione*
FRANCES POLIFIONE
Assistant Attorney General
28 Liberty Street
New York, NY 10005
(212) 416-8973
Frances.Polifione@ag.ny.gov

11