Mary Basile Logan
Post Office Box 5237
Clinton, New Jersey 08809

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

MARY BASILE LOGAN, individually and on behalf            |
of those similarly situated, *Pro-Se*;                    |
                                                          |
               Plaintiff,   |
                                                          |
MERRITT GARLAND, in his official capacity                 |
Attorney General, Department of Justice;                  |
                                                          |
LLOYD AUSTIN, III, in his official capacity as the        |
Secretary, Department of Defense;                         |
                                                          |
WILLIAM J. BURNS, in his official capacity as the         |
Director, Central Intelligence Agency;                    |
                                                          |
CHRISTOPHER A. WRAY, in his official capacity             |
as the Director of the Federal Bureau of Investigation;   |
                                                          |
DENIS RICHARD MCDONOUGH, in his official                  |
capacity as Secretary of Veterans Affairs;                |
                                                          |
ALEJANDRO MAYORKAS, in his official capacity as           |
Secretary, U.S. Department of Homeland Security;          |
                                                          |
MARCIA L. FUDGE, in her official capacity as Secretary    |
U.S. Department of Housing and Urban Development;         |
                                                          |
ROBERT CALIFF, in his capacity as Commissioner,           |
Food and Drug Administration;                             |
                                                          |
WILLIAM J. CLINTON, in his official capacity as the       |
former President of the United States of America;         |
                                                          |
HILLARY R. CLINTON, in her official capacity as           |
former Secretary of State for the United States of America; |
                                                          |

THOMAS KEAN, Sr., in his former capacity as Chairman
9/11 Commission;

ROBERT MUELLER, in his former capacity as Director
of the Federal Bureau of Investigation;

JAMES COMEY, in his former capacity as Director
of the Federal Bureau of Investigation;

CHRISTOPHER J. CHRISTIE, in his capacity as the
former-Governor of New Jersey;

RICHARD "DICK" CHENEY, in his former capacity
as Vice President of the United States;

ELIZABETH "LIZ" CHENEY, in her former capacity
as Chair, January 6 Commission;

JOHN KERRY, in his official capacity as U.S. Special
Presidential Envoy for Climate;

GEORGE W. BUSH, in his former capacity as
President of the United States;

BARACK H. OBAMA, in his former capacity as
President of the United States;

LORETTA LYNCH, in her former capacity as
United States Attorney General;

JAMES BAKER, in his former capacity as White House
Chief of Staff;                                    **CIVIL DOCKET: 3:24-CV-00040
                                                      ZNQ-TJB**

ERIC HOLDER, in his former capacity as United States
Attorney General;

JOSEPH R. BIDEN, in his official capacity as President,
his former capacities as Vice President and Senator, of
these United States;

JOHN ASHCROFT, in his former official capacity,
as United States Attorney General;

JAMIE GORELICK, in her official capacity, Homeland
Security Advisory Council member;

2

NANCY PELOSI, in her official capacity as
Congresswoman (CA);

GEORGE NORCROSS, in his capacity as Chairman,
Cooper University Medical Systems;

PHIL MURPHY, in his official capacity as Governor
of New Jersey, and as former Chair of the National
Governors Association (NGA);

TAHESHA WAY, in her former capacity as Secretary
of State, as former President of the National Association
of Secretaries of State, and her current capacity as
Lt. Governor, New Jersey;

JUDITH PERSICHILLI, in her official capacity as then-
Commissioner of Health for the State of New Jersey;

SEJAL HATHI, in her official capacity as Deputy
Commissioner for Public Health Services;

MATTHEW PLATKIN, in his official capacity as
Attorney General of the State of New Jersey;

KATHY HOCHUL, in her official capacity as Governor
of New York;

ANDREW CUOMO, in his former capacity as Governor
of New York and his capacity as Vice-Chair of the National
Governors Association;

LETITIA JAMES, in her capacity as Attorney General of
the State of New York;

DEMOCRATIC NATIONAL COMMITTEE;

REPUBLICAN NATIONAL COMMITTEE;

JAMES PITTINGER, in his official capacity as Mayor
of Lebanon Borough, State of New Jersey;

LISA SELLA, in her official capacity as Deputy Clerk,
Lebanon Borough, State of New Jersey;

ROBERT JUNGE, in his official capacity as Municipal                    |
Chair, Republican Party, Lebanon Borough, State of                     |
New Jersey;                                                            |
                                                                       |
JOHN DOES (1-100)                                                      |
                                                                       |
JANE DOES (1-100)                                                      |
             Defendants.                                    |

_____

### PLAINTIFFS' REPLY AND
### MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES

      Plaintiff, Mary Basile Logan, individually and on behalf of those similarly situated, does hereby reply to Defendant Robert Junge's Affirmative Defenses to Plaintiffs' Complaint.  Plaintiff states:

### INTRODUCTION

      Plaintiff reasserts the statements made in the introduction.  The Defendant is subject to NJ Rev. Stat § 19:5-2 (2021), having a sworn duty as Municipal Republican co-Chair and, by extension to the inclusive candidates of his affiliation.  Applying *right reasoning,* such elected capacity requires an intact self-awareness of personal bias in such service and an expectation of those persons that he will rightly "preside at all meetings of the committee, and shall perform all duties required of him by law and the constitution and bylaws of such committee."[1]  Plaintiff states there were four meetings held during the 2020, 2022 and 2023 election cycles for which the Plaintiff was a candidate, all legally defined and communicated as caucus meetings; the Defendant neither responded to the invitation nor was he present in attendance, not taking any initiative or effort whatever regarding the Plaintiff's candidacy despite a statutory responsibility to the contrary.  In fact, the Defendant evidenced actions taken at the bequest of his co-conspirator is an irrefutable abandonment of *right reasoning* in his autonomous elected capacity.

_____

[1] New Jersey Revised Statutes §19:5-2 (2013).

Moreover, the Defendant has made no effort to create, suggest or author a constitution or bylaws for proper governance. The foregoing statement affirms that the Defendant has not performed his elected duties required of him by law and given the absence of a constitution and bylaws, the committee is in name only, as such, he is an integral component of the problem ripe for corruption within our elected body that comprises the substructure of government, he is not alone but the Plaintiff does not share his company. So derelict in his capacity that the Plaintiff was made to scramble in recruiting potential candidates for public office, forwarding contact information of such parties to the co-chairs, rightly. When the Defendant did contact the subject parties, it was weeks after the fact. Those persons brought forth by the Plaintiff, once elected, were mentored throughout the election process as well in their elected capacity of Council Committee responsibility; they would go on to be elected and serve the community with distinction. To the Plaintiff's credit, every effort was made to create, conduct, and effectuate thorough campaign designs which engaged the inclusive persons of the community, regardless of party affiliation, the voter turnout records attached as EXHIBIT 1 reflect such effort. The only assistance and/or guidance proffered concerning the three campaign cycles was from the Municipal Republican co-chair, Mrs. Schmidt. But for the Defendant's dismissal of *right reasoning* and subsequent actions taken by illegitimate means through fraudulent representations, made of his own volition.

## **<u>NATURE OF ACTION</u>**

1. Plaintiff's knowledge exceeds that of the Defendant. The constitutional violations as setforth in the Complaint are herein reaffirmed inclusive of those claims against the subject Defendant. Plaintiff's efforts to remedy such claims are sought with assurance that the resulting injury as well the threat to her, as much to the People of these United States, be extinguished. Plaintiff will not stand down to an illegitimate co-Chair of an unstructured, disorganized and

dysfunctional organization when that party has evidenced himself as no less dishonest than the manner in which he co-leads an organization.

2.  Plaintiff acknowledges that the subject elected capacity is not held by the subject Defendant.

    a.  Plaintiff acknowledges that the subject federal elected capacity is not held by the subject Defendant.

    b.  Plaintiff acknowledges that the subject federal elected capacity is not held by the subject Defendant.

    c.  Plaintiff acknowledges that the subject federal elected capacity is not held by the subject Defendant.

    d.  Plaintiff reiterates her claim of harm against the Defendant.  Plaintiff states as a matter of record that Defendant diligently worked to disenfranchise the Plaintiff from her Oath of Office.  Defendant willfully participated in and among his co-conspirators to direct and instruct the actions of extraneous persons, extending to members of the public, concerning the manner and selection of their vote.  Defendant conspired to exact a determined outcome in a manner so as to subvert, obstruct and conceal the fraudulent actions of his co-conspirators.  *Right reasoning* would have and should have prevailed with the Defendant declining to participate in meetings which obviated his allegiance and obligations under NJ Rev. Stat § 19:5-2 (2021); the decision to participate and subsequently carry out such actions holds him to the same color of law as his co-conspirators.  The intent of the Statute is meant to protect government functions from frustration, distortion and exploitation through deceptive practices, Plaintiff refers to section 371 of the code which reads, "…any conspiracy  for the purpose of impairing, obstructing or defeating the lawful function of any department of Government."  (Tanner v. United States, 483 U.S. 107, 128 (1987); see

Dennis v. United States, 384 U.S. 855 (1966). The "defraud part of section 371 criminalizes any willful impairment of a legitimate function of government, whether or not the improper acts or objective are criminal under another statute." United States v. Tuohey, 867 F.2d 534 (9th Cir. 1989).

The provisions in the subject paragraph state that the Constitution, in its entirety, serves to assure the American people, inclusive of the Plaintiff, that the President, Legislative officers, their designees, and officials, inclusive of the Defendant, ROBERT JUNGE, will conduct themselves honorably, within the construct and constraint of the founding principles and in a manner fitting of a Republic form of government. As setforth above, Defendant has not in the past, nor does he now conform to NJ Rev. Stat § 19:5-2 (2021). Additionally, as Plaintiff asserts, Defendant willfully and maliciously worked to ensure that the Plaintiff, a member of his self-identified party designation, not be elected in the 2022 and 2023 election cycles while willfully working to elect a member of the opposing party at the direction of a third party which further evidences his absence of moral compass as well his leadership autonomy. The foregoing becomes unlawful in the alleged fact that the co-conspirators transacted monetary and political favors as a form of currency to ensure that the Plaintiff was not re-elected; JUNGE did so willingly and of his own volition, directing others whom to vote for and, thereafter holding court at the polling station to track such voters; known as voter caging, a wholly unlawful practice. Moreover, in the 2020, 2022 and 2023 election cycles for which the Plaintiff was a candidate, Defendant did not participate in any manner whatever concerning the election process, any such efforts apart from the Plaintiff's were solely those of Defendant's peer Municipal Republican co-Chair, Mrs. Schmidt.

Defendant as well the co-defendants knew of the Plaintiff's efforts within the state of New Jersey as well across the United States regarding analysis of the 2020 election, as evidenced below:

a.  In November, 2021, Plaintiff sought to read an original authored analysis regarding the Center for Tech and Civic Life as well as findings on Panorama Education, an affiliate entity, at the Council dais.  Plaintiff felt the weight and obligation to the community who elected her to ensure such facts be disclosed in their interest while seeking to engage her peers as to the content.  Once Plaintiff began reading the letter, PITTINGER publicly admonished her, advising her to stop and deferred to a Councilwoman who immediately continued the admonishment, no one interrupted their joint actions which terminated the Plaintiff's ability to speak further; Council and its attorney sought a copy of the letter which was provided, however, it was withheld from becoming a component of the official meeting minutes, the contents were knowingly withheld from the community by the meeting officiate, PITTINGER.

b.  The co-Defendants were present at private meetings commencing in May, 2022, which included ROBERT JUNGE, LISA SELLA , JAMES PITTINGER, among others who formulated plans to subvert the Plaintiff, personally as well in her elected capacity.  By attending and participating in such meetings, these parties knowingly accepted the consequences to their actions.  In their most egregious manifestation, the co-conspirators involved members of the public in brokering promises of future Commission and Board appointments, same was fulfilled in November, 2023, see EXHIBIT 2, appointment to Land Use Board.  These parties then imposed on the earnest efforts to address mental health complexities within the community.  Plaintiff

seeks to ensure that the co-Defendants understand the manifest unintended consequences of their actions; two residents attempted suicide during that time period. Plaintiff would not discuss those persons, rather it is brought forward to evidence the irresponsible and heinous leadership structure to which the co-Defendants knowingly participated which placed the community at great risk while conducting themselves for aggrandizement; the underlying issues have not dissipated, now, however, they are without an advocate.

c.   Following the June, 2022 election and repeating through the 2023 election, PITTINGER was heard stating on different occasions, "I will not stop until she (Plaintiff) is gone, off Council and forced to move." Following the 2022 election, the personal attacks against the Plaintiff commenced during Council meetings by a variety of residents; each meeting, the parties being the same group of residents who stated being in attendance of private meetings which were also attended by PITTINGER and SELLA, as above.

d.   The earnest nature of the Plaintiff's efforts across these United States and in New Jersey was confronted by a myriad of persons including Michael Flynn, members of the Central Intelligence Agency and Christopher Christie – the latter parties contacting Plaintiff's husband under the auspices of his business. Additional persons include Lynne Lippincott, the cousin of SELLA, see attached EXHIBIT 3, whom the Plaintiff trained in the company of some 100,000 other residents across the United States. To be blunt, Plaintiff has touched the truth in every sovereign State of this fine Nation and, on a granular scale, that of New Jersey. So too has the Plaintiff experienced a variety of subterfuge to the efforts, in New Jersey as well as many other states. Plaintiff's

degrees of study when combined with her avocational skills create a formidable analytical toolbox, unmatched for the task at hand.  Moreover, she has a working knowledge of nearly every one of the co-conspirators having walked in and among their shadows through years of dedicated civic volunteer roles held with the highest degree of integrity.  The court record reflects the Plaintiff's thorough and appreciative analysis as well the timeline of history as to her advocate actions.  Moreover, the record evidences the claims herein concerning the influence and posture of the co-Defendants as much a foreshadow of their actions in attempting to extinguish Plaintiff's advocate voice both as an elected official as well redress to the harms outlined in the complaint.

e.   Not unlike the Plaintiff, the co-Defendants too applied their avocation skills, advantaging themselves in business enterprise; a sell out for a buck and a pat on the head by the "PittBull", the Land Use Chair and/or a member of the hierarchal structure within the body politic in New Jersey.

f.   Contrary to the co-Defendants and their associated cohorts enumerated in the complaint, the Plaintiff's primary concerns orbit on the unintended consequences of the collective conspiratorial actions; these concerns remain unchanged for the Plaintiff, never far in thought or prayer, hauntingly so.  The Plaintiff's intimate knowledge of the unintended consequences is engrained in her very nature, she has an extensive interview of whispered advocacy unknown to the co-Defendants and their cohorts but for those persons who drew benefit from her actions.  Examples within her community include quietly resolving tax sale matters to stay foreclosure, drug addiction counseling and homeless inreach as well youth mentoring.  Plaintiff brings this into pleading to

ensure that the weight of the decisions by and between the co-conspirators is understood insofar as the resulting consequence by Plaintiff's absence of voice and presence in advocacy; the human complexities remain, now being unaddressed. Plaintiff's familiarity with the composition of the co-Defendants is appreciative as well their cohorts, their disastrous, self-absorption and attachment to capacity as power versus capacity in service, falls hollow in the vastness of human impact happening all around us.  In the last ten (10) months of 2023, Plaintiff had worked with Hunterdon County officials in an attempt to extend Municipal Board of Health (BoH) services to incorporate mental health advocacy noting the significant rise in mental health complexities as a consequence of the varied parameters resulting from COVID-19.  In lieu of partnering with Plaintiff for the benefit of the community, and, by extension the entirety of the County, the co-conspirators focused on a property management ordinance which sought redress for a limited number of impacted properties in the community; meanwhile two of our valued residents had attempted suicide with a vast number of others were living through extreme bouts of depression, same continuing to this very day.  But for the heinous actions of the co-Defendants and their co-conspirators, the resident needs and care would be met with a wrap-around program ensuring that those who need help would have immediate access, retaining full confidentiality and discretion with trained professionals.

g.  COVID-19 masked a myriad of disastrous outcropping human entanglements, by far the most egregious was the orchestration of synthetic opioids, fentanyl and over the counter accessible liquids made readily available by the co-conspirators, unabated, within our Nation's communities.  Plaintiff serves as the Chair of the Hunterdon

County Local Advisory Committee on Drug and Alcohol Abuse, her interview in that capacity and its interface with the County Prosecutor as well peer advocates is a matter of Minutes and recordation.  Plaintiff has full breadth of knowledge in the orchestration and sourcing of these abhorrent humanity impositions, extending to her formal academic acumen and moreover the individuals responsible in New Jersey and more broadly.

    h.  Plaintiff cites the foregoing as distinct harms; they are a sample of the Plaintiff's experiential expertise focused centrally on whole human well-being for her fellow man/woman and child.

<b><u>PARTIES</u></b>

3. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

4. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

5. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

6. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

7.  Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

8.  Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

9.  Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

10. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

11. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

12. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

13. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

14. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

15. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

16. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

17. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

18. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

19. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

20. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

21. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

22. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

23. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

24. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

25. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

26. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

27. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

28. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

29. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

30. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

31. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

32. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

33. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

34. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

35. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

36. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

37. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

38. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

39. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

40. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

41. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

42. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

43. Plaintiff restates the named Defendant, ROBERT JUNGE, having evidenced by his dereliction and dismissal of *right reasoning* through a willful collaborative partnership with those of subversive intent, an imminent threat to these United States and her People.  Plaintiff further states that Defendant willfully colluded with his co-conspirators, seeking to safeguard the monetary and political favors exchanged which would remain hidden from the public's knowledge while working to ensure that the Plaintiff did not continue to hold elected capacity.

## <u>JURISDICTION AND VENUE</u>

44. Plaintiff reasserts jurisdiction and venue, Defendants claim so limited in scope of definition and unsupported by facts in law.  Plaintiff reiterates the Defendant's imposition on her Constitutional rights as setforth above, Defendant was operating under a false premise, misrepresenting himself under the auspices of an organization which, in fact, has no legitimate basis of formation.  Accordingly, Plaintiff reaffirms federal jurisdiction pursuant to 28 U.S.C. §§1331 and 1332, as the actions arose under the Constitution, laws, or treaties of these United States.  Citing Sandusky Co. Democratic Party v. Blackwell 387 F3d. 565 (6th Circ. 2004), the district court holding "it is clearly established that the Supremacy Clause grants the federal courts jurisdiction over such claims; conflict with a federal law raises a federal question pursuant to 28 U.S.C. §1331."[2]  Citing the Civil Rights Act of 1871, (Section 1983), Plaintiff states:

---

[2] Sandusky Co. Democratic Party v. Blackwell 287 F.3d 565 (6th Cir. 2004).

a.    *Perez v. Zagami, LLC* 94 A.3d. 869 (N.J. 2014).  "Referring to *Felicioni v. Administrative Office of the Courts*, 404 N.J. Super. 382, 961 A.2d 1207 (App.Div. 2008), certify. Denied, 203 N.J. 440, 3 C.3d 1228 (2010), the appellate panel determined that N.J.S.A. 10:6-2(c) has two distinct clauses: one clause protects against a 'deprivation' of an individual's constitutional or statutory rights and the other clause protects against an 'interference' with those same rights…(c) any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or who exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief."

b.    *Solis v. Beacon Associates Management Corporation*, 09 Civ. 777 (AJP) (S.D.N.Y. Aug. 10, 2011).  "In assessing the sufficiency of an affirmative defense, the Court 'should construe 'the pleadings liberally to give the defendant a full opportunity to support its claims at trial, after full discovery has been made.'" *Coach, Inc. v. Kmart Corps.,* 756 F. Supp. 2d 421, 425 (S.D.N.Y. 2010) (quoting *McCaskey,* 56 F. Supp. 2d at 326).  A motion to strike an affirmative defense "is not favored and will not be granted 'unless it appears to a certainty that Plaintiffs would succeed despite any state of the facts which could be provided in support of the defense.'" *William Z. Salcer, Panfield, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986) (quoting *Durham Indus., Inc. v. N.*

*River Ins. Co.*, 482 F. Supp. 910, 913 (S.D.N.Y. 1979)). "[E]ven when the defense presents a purely legal question, the courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." Id. (quoting 5 C. Wright & A. Miller, Federal Practice & Procedure § 1381, at 800-01).

c.    Monell v. New York City Dept. of Social Services, 436 U.S. 6598 (1978).  Citing 4(d), "finally, it appears beyond doubt from the legislative history of the Civil Rights Act of 1871 that *Monroe* misapprehended the meaning of the Act.  Where §1983 unconstitutional as to local governments, it would have been equally unconstitutional as to state or local, officers yet the 1871 Congress clearly intended §1983 to apply to such officers and all agreed that such officers could constitutionally be subjected to liability under §1983.  The Act also unquestionably was intended to provide a remedy, to be broadly construed, against all forms of official violation of federally protected rights.  Therefore, without a clear statement in the legislative history, which is not present, there is no justification for excluding municipalities from the 'persons' covered by §1983.  Pp. 700-701. 5. Local government sued under §1983 cannot be entitled to an absolute immunity, lest today's decision 'be drained of meaning,' *Scheuer v. Rhodes*, 416 U.S. 232, 248. P.701. *Perez v. Zagami, LLC.*  94 A.3d 869 (N.J. 2014) Citing N.J.S.A. 10:6-2(c) "Any person who has been deprived of any substantive due process or equal protection rights privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered

with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief. The parties dispute the requirements for initiating an action under subsection (c) against a private party for civil rights violations. Specifically at issue is whether all claims filed under N.J.S.A. 10:6-2(c) require the presence of state action, or whether the 'under color of law' condition of that subsection is limited to claims based on interference with protected civil rights."

d.    14th Amendment, Section 1. "Persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protections of law."

e.    Title 18, Section 242. "Acts under 'color of law' include acts not only done by federal, state or local officials within their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prison guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials." Plaintiff states, no one is above the law, regardless of political bargaining as capital to which Plaintiff finds abhorrent in all representations.

f.  Declaratory and permanent injunctive relief is sought as authorized in 28 U.S.C. §§2201 and 2202, Title 28 – Judiciary and Judicial Procedure Part VI – Particular Proceedings (§§2201-4105), Ch. 151 – Declaratory Judgment (§§2201 – 2202).

45. In accordance with Rule 38 and Federal Rules of Civil Procedure, Plaintiff seeks court consent in Demand for Jury, same being contained in and among this pleading.

## **FACTUAL ALLEGATIONS**

46. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

47. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

48. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

49. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

50. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

51. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

52. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

53. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

54. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

55. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

56. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

57. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

58. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

59. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

60. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

61. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

62. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

63. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

64. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

65. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

66. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

67. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

68. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

69. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

70. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

71. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

72. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

73. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

74. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

75. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

76. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

77. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

78. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

79. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

80. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

81. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

82. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

83. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

84. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

85. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

86. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

87. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful actions, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

88. Plaintiff reiterates the statements of harm outlined herein, the resulting impact to the community through JUNGE's willful action evident, Plaintiff reasserts claims against Defendant.

89. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

90. Plaintiff  reasserts quote from *Hear me for My Cause*, Daniel Webster (1850).

91. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

92. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

93. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

94. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

95. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

96. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

97. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

98. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

99. Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

100.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

101.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

102.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

103.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

104.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

105.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

106.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

107.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

108.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

109.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

110.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

111.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

112.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

113.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

114.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

115.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

116.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

117.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

118.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

119.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

120.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

121.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

122.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

123.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

124.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

125.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

126.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

127.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

128.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

129.     Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

130.     Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

131.     Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

132.     Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

133.     Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

134.     Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

135.     Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

136.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

137.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

138.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

139.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

140.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

141.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

142.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

143.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

144.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

145.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

146.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

147.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

148.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

149.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

150.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

151.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

152.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

153.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

154.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

155.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

156.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

157.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

158.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

159.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

160.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

161.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

162.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

163.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

164.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

165.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

166.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

167.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

168.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

169.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

170.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

171.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

172.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

173.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

174.    Plaintiff acknowledges the Defendant's absence of knowledge and integrity to his elected capacity as well the resulting impact to the community through his willful action, although apart from his co-Defendant herein reflected, Plaintiff reasserts.

## AFFIRMATIVE DEFENSES

1. Plaintiff refers to Rule 12(f), striking insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f), (1) citing no question of fact that might allow the defense to succeed; (2) there must be no substantial question of law that might allow the defense to succeed; and (3) the plaintiff must be prejudiced by the inclusion of the defense." *Specialty Minerals, Inc. v. Pluess-Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005).

2. Significantly, the Supreme Court of the United States has "reversed every finding of estoppel that [it] ha[s] reviewed." *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 419, 422 (1990). And each case cited against the government ultimately concludes that the defenses are unavailable.  See, e.g., *S.E.C. v. Elecs. Warehouse*, 689 F. Supp. at 73 (denying motion to

supplement pleadings with affirmative defenses of unclean hands and equitable conduct because defenses were insufficient as matter of law); *Donovan v. Robbins, 99 R.F.D.* 593, 600-01 (D.C. Ill. 1983) (striking defenses of unclean hands and laches as against Secretary of Labor).

3. Plaintiff presents contrary argument in ¶44, above.  Plaintiff reasserts jurisdiction and venue.

4. Defendants statement concerning Affirmative Defense ¶lacks the specificity with which Plaintiff might reply or counter.

5. Plaintiff presents contrary argument in ¶44, above.  Plaintiff reasserts jurisdiction and venue.

6. Defendants statement concerning Affirmative Defense ¶lacks the specificity with which Plaintiff might reply or counter.

7. Defendants statement concerning Affirmative Defense ¶lacks the specificity with which Plaintiff might reply or counter.

## **CROSSCLAIMS FOR CONTRIBUTION AND INDEMNIFICATION**

Plaintiff states that it appears Defense Counsel may have inadvertently married two response pleadings.  Providing for the benefit of the doubt, Plaintiff is happy to respond when the Answer is made clear.

## **CERTIFICATION OF SERVICE**

Plaintiff, Mary Basile Logan, hereby certifies that on this 20th day of February, 2024, I electronically filed the foregoing Plaintiff's Reply and Motion to Strike Defendant's Affirmative Defenses with the Clerk's office of the U.S. District Court for the District of New Jersey using the Electronic Case Filing ("ECF"), to be served upon the Defendants, Robert Junge, same being notice of electronic filing to the following:

**John C. Macce**
Macce & Cresti, P.C.
17 East Main Street
Clinton, New Jersey 08809
Email:          john@maccelaw.com
                vicki@maccelaw.com


Dated February 20, 2024

                                        Respectfully submitted,

                                        /s/Mary B. Logan
                                        Mary Basile Logan
                                        Plaintiff (*Pro Se*)


cc:     All Counsel of Record (***Via ECF***)

UNOFFICIAL STATEMENT OF RESULTS

2023 General Election

November 7, 2023

UNOFFICIAL RESULTS

Hunterdon County

**BOROUGH COUNCIL Lebanon Borough**

Vote For 2

| | TOTAL | VOTE % | Election Day | Early Voting | Mail In Ballots | Provisional | Emergency | Overseas |
|---|---|---|---|---|---|---|---|---|
| REP MARY B. LOGAN | 238 | 28.30% | 180 | 19 | 39 | 0 | 0 | 0 |
| REP LISA PORCELLO | 314 | 37.34% | 243 | 25 | 46 | 0 | 0 | 0 |
| DEM MARLENE BALDINGER | 287 | 34.13% | 184 | 35 | 68 | 0 | 0 | 0 |
| NO NOMINATION MADE | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Write-In Totals | 2 | 0.24% | 0 | 0 | 2 | 0 | 0 | 0 |
| Write-In: Matthew Calabrese | 1 | 0.12% | 0 | 0 | 1 | 0 | 0 | 0 |
| Write-In: Other | 1 | 0.12% | 0 | 0 | 1 | 0 | 0 | 0 |
| Not Assigned | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Votes Cast | 841 | 100.00% | 607 | 79 | 155 | 0 | 0 | 0 |



Exhibit 1 -1

SUMMARY RESULTS REPORT
June 6, 2023 Primary Election
June 6, 2023

UNOFFICIAL PRIMARY ELECTION RESULTS

Hunterdon County

### REP TOWNSHIP COMMITTEE Kingwood Township
Vote For 1

| | TOTAL | VOTE % | Election Day | Early Voting | Mail In Ballots | Provisional | Overseas | Emergency |
|---|---|---|---|---|---|---|---|---|
| PAYMON JELVANI | 46 | 95.83% | 0 | 0 | 46 | 0 | 0 | 0 |
| Write-In Totals | 2 | 4.17% | 0 | 0 | 2 | 0 | 0 | 0 |
| Write-In: Maureen Swank | 2 | 4.17% | 0 | 0 | 2 | 0 | 0 | 0 |
| Write-In: Invalid | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Write-In: Other | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Not Assigned | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Votes Cast | 48 | 100.00% | 0 | 0 | 48 | 0 | 0 | 0 |

### REP CITY COUNCIL Lambertville City
Vote For 2

| | TOTAL | VOTE % | Election Day | Early Voting | Mail In Ballots | Provisional | Overseas | Emergency |
|---|---|---|---|---|---|---|---|---|
| NO PETITION FILED | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| NO PETITION FILED | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Write-In Totals | 3 | 100.00% | 0 | 0 | 3 | 0 | 0 | 0 |
| Write-In: Rich DeRose | 1 | 33.33% | 0 | 0 | 1 | 0 | 0 | 0 |
| Write-In: Matthew Reid | 1 | 33.33% | 0 | 0 | 1 | 0 | 0 | 0 |
| Write-In: John Case | 1 | 33.33% | 0 | 0 | 1 | 0 | 0 | 0 |
| Write-In: Invalid | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Write-In: Other | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Not Assigned | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Votes Cast | 3 | 100.00% | 0 | 0 | 3 | 0 | 0 | 0 |

### REP BOROUGH COUNCIL Lebanon Borough
Vote For 2

| | TOTAL | VOTE % | Election Day | Early Voting | Mail In Ballots | Provisional | Overseas | Emergency |
|---|---|---|---|---|---|---|---|---|
| MARY B. LOGAN | 17 | 34.00% | 0 | 0 | 17 | 0 | 0 | 0 |
| CHRISTOPHER M. FOLEY | 17 | 34.00% | 0 | 0 | 17 | 0 | 0 | 0 |
| LISA PORCELLO | 16 | 32.00% | 0 | 0 | 16 | 0 | 0 | 0 |
| Write-In Totals | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Write-In: Invalid | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Write-In: Other | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Not Assigned | 0 | 0.00% | 0 | 0 | 0 | 0 | 0 | 0 |
| Total Votes Cast | 50 | 100.00% | 0 | 0 | 50 | 0 | 0 | 0 |

Exhibit 1 - 2.

Hunterdon County 2022 General Election

November 8, 2022

Hunterdon County

## Lebanon Borough

### Boro Council 3 Yr Term Lebanon Borough
Vote For 2

|  | TOTAL | Election Day | Early Voting | Mail In Ballots | Provisional | Overseas | Emergency |
|---|---|---|---|---|---|---|---|
| REP GREGORY F. CRAWFORD | 388 | 310 | 24 | 54 | 0 | 0 | 0 |
| REP ROBERT J. KIRCHOFER | 414 | 337 | 26 | 51 | 0 | 0 | 0 |
| DEM MARLENE G. BALDINGER | 340 | 251 | 37 | 52 | 0 | 0 | 0 |
| NO NOMINATION MADE | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Write-In Totals | 6 | 4 | 0 | 2 | 0 | 0 | 0 |

### N. Hunter/Voorhees BOE Member 3Yr Clinton TWP \ Lebanon Bough
Vote For 1

|  | TOTAL | Election Day | Early Voting | Mail In Ballots | Provisional | Overseas | Emergency |
|---|---|---|---|---|---|---|---|
| CAN DEBORAH YARNELL | 112 | 93 | 3 | 16 | 0 | 0 | 0 |
| ROGER STRAIGHT | 52 | 40 | 1 | 11 | 0 | 0 | 0 |
| RACHEL MCLAUGHLIN | 47 | 37 | 4 | 6 | 0 | 0 | 0 |
| BETH KOTRAN | 140 | 100 | 12 | 28 | 0 | 0 | 0 |
| CYNTHIA REYES | 117 | 95 | 10 | 12 | 0 | 0 | 0 |
| Write-In Totals | 3 | 2 | 1 | 0 | 0 | 0 | 0 |

### BOE Membership 3 Yr Term Lebanon Borough School
Vote For 2

|  | TOTAL | Election Day | Early Voting | Mail In Ballots | Provisional | Overseas | Emergency |
|---|---|---|---|---|---|---|---|
| DAVID ABELES | 382 | 294 | 22 | 66 | 0 | 0 | 0 |
| DANIELLE NUGENT | 369 | 280 | 22 | 67 | 0 | 0 | 0 |
| Write-In Totals | 6 | 3 | 2 | 1 | 0 | 0 | 0 |

### BOND PROPOSAL QUESTION North Hunterdon Regional High School District
Vote For 1

|  | TOTAL | Election Day | Early Voting | Mail In Ballots | Provisional | Overseas | Emergency |
|---|---|---|---|---|---|---|---|
| YES | 374 | 284 | 33 | 57 | 0 | 0 | 0 |
| NO | 196 | 156 | 15 | 25 | 0 | 0 | 0 |

Exhibit 1 - 3

# MUNICIPAL REPORT
## 07 2022 Primary Election
### June 7, 2022

## OFFICIAL PRIMARY RESULTS BY MUNICIPALITY & CONTEST

### Hunterdon County

| Municipality | REP MAYOR Lebanon Borough VOTE FOR 1 | | | | | REP BOROUGH COUNCIL, Lebanon Borough VOTE FOR 2 | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | JAMES PITTINGER | MARY B. LOGAN | Write-in Totals | Write-in: Not Assigned | Total Votes Cast | GREGORY F. CRAWFORD | JOE CORTESE | Write-in Totals | Write-in: Not Assigned | Total Votes Cast |
| Municipality Totals | 135 | 48 | 0 | 0 | 183 | 170 | 155 | 0 | 0 | 325 |
| Alexandria Township | | | | | | | | | | |
| Bethlehem Township | | | | | | | | | | |
| Bloomsbury Borough | | | | | | | | | | |
| Califon Borough | | | | | | | | | | |
| Clinton Town | | | | | | | | | | |
| Clinton Township | | | | | | | | | | |
| Delaware Township | | | | | | | | | | |
| East Amwell Township | | | | | | | | | | |
| Flemington Borough | | | | | | | | | | |
| Franklin Township | | | | | | | | | | |
| Frenchtown Borough | | | | | | | | | | |
| Glen Gardner Borough | | | | | | | | | | |
| Hampton Borough | | | | | | | | | | |
| High Bridge Borough | | | | | | | | | | |
| Holland Township | | | | | | | | | | |
| Kingwood Township | | | | | | | | | | |
| Lambertville City | | | | | | | | | | |
| Lebanon Borough | 135 | 48 | 0 | 0 | 183 | 170 | 155 | 0 | 0 | 325 |
| Lebanon Township | | | | | | | | | | |
| Milford Borough | | | | | | | | | | |
| Raritan Township | | | | | | | | | | |
| Readington Township | | | | | | | | | | |
| Stockton Borough | | | | | | | | | | |
| Tewksbury Township | | | | | | | | | | |
| Union Township | | | | | | | | | | |
| West Amwell Township | | | | | | | | | | |

Exhibit 1 - 4

Hunterdon County
HUN_20201103_E

District Report
November 3, 2020

## Lebanon Boro

## Totals

### Registration & Turnout

| | Registration | Turnout | |
|---|---|---|---|
| **Total Registration & Turnout** | **1,207** | **1,046** | **86.66%** |

### Contests

**Presidential Electors** — 1 of 1 precincts counted — 100.00%

| | Votes | % |
|---|---|---|
| JOSEPH R. BIDEN/KAMALA D. HARRIS | 466 | 44.98% |
| DONALD J. TRUMP/MICHAEL R. PENCE | 543 | 52.41% |
| HOWIE HAWKINS/ANGELA WALKER | 8 | 0.77% |
| DON BLANKENSHIP/WILLIAM MOHR | 2 | 0.19% |
| JO JORGENSEN/SPIKE COHEN | 15 | 1.45% |
| BILL HAMMONS/ERIC BODENSTAB | 1 | 0.10% |
| ROQUE 'ROCKY' DE LA FUENTE/DARCY G. RICHARDSON | 0 | 0.00% |
| GLORIA ESTELA LA RIVA/SUNIL FREEMAN | 1 | 0.10% |
| **Total** | **1,036** | |

**United States Senate** — 1 of 1 precincts counted — 100.00%

| | Votes | % |
|---|---|---|
| CORY BOOKER | 437 | 43.74% |
| RIKIN 'RIK' MEHTA | 539 | 53.95% |
| MADELYN R. HOFFMAN | 20 | 2.00% |
| DANIEL BURKE | 0 | 0.00% |
| VERONICA FERNANDEZ | 3 | 0.30% |
| **Total** | **999** | |

**House of Representatives- 7th District** — 1 of 1 precincts counted — 100.00%

| | Votes | % |
|---|---|---|
| TOM MALINOWSKI | 424 | 41.69% |
| THOMAS H. KEAN JR. | 593 | 58.31% |
| **Total** | **1,017** | |

**Board of Chosen Freeholders** — 1 of 1 precincts counted — 100.00%

| | Votes | % |
|---|---|---|
| PATRICK D. HELLER | 379 | 38.67% |
| SHAUN C. VAN DOREN | 601 | 61.33% |
| **Total** | **980** | |

**Lebanon Borough Council 3Yr Term** — 1 of 1 precincts counted — 100.00%

| | Votes | % |
|---|---|---|
| BENEDICT F. VALLIERE | 413 | 22.26% |
| CARONA DAVIS DIOP | 360 | 19.41% |
| JAMES P. LANCE | 562 | 30.30% |
| MARY BASILE LOGAN | 520 | 28.03% |
| **Total** | **1,855** | |

**N. Hunter/Voorhees-Lebanon Boro BOE Member 3 Yr. T** — 1 of 1 precincts counted — 100.00%

| | Votes | % |
|---|---|---|
| ROBERT KIRCHBERGER | 663 | 99.55% |
| BRYAN CHAPMAN | 3 | 0.45% |
| **Total** | **666** | |

Exhibit 1 - 5

## 1    Lebanon Borough Council 3Yr Term - Rep

| | | Registered | Ballots Cast | Turnout (%) | JAMES P. LANCE (1) | MARY BASILE LOGAN (1) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Lebanon Boro 1 | Total | 0 | 0 | 0.00 | | | | | | | | | | |
| Lebanon Boro Mail-In Ballot | Total | 494 | 196 | 39.68 | 167 | 159 | | | | | | | | |
| Lebanon Boro Provisional | Total | 0 | 8 | 0.00 | 4 | 7 | | | | | | | | |
| | | | | | | | | | | | | | | |
| Lebanon Boro | TC-Election Day | 494 | 0 | 0.00 | | | | | | | | | | |
| Lebanon Boro | TC-Mail-In Ballot | 494 | 196 | 39.68 | 167 | 159 | | | | | | | | |
| Lebanon Boro | TC-Provisional | 494 | 8 | 1.62 | 4 | 7 | | | | | | | | |
| Lebanon Boro | Total | 494 | 204 | 41.30 | 171 | 166 | | | | | | | | |
| | | | | | | | | | | | | | | |
| Total - TC-Election Day | | 494 | 0 | 0.00 | | | | | | | | | | |
| Total - TC-Mail-In Ballot | | 494 | 196 | 39.68 | 167 | 159 | | | | | | | | |
| Total - TC-Provisional | | 494 | 8 | 1.62 | 4 | 7 | | | | | | | | |
| Contest Total | | 494 | 204 | 41.30 | 171 | 166 | | | | | | | | |

Exhibit 1 ~ 6

# OATH OF ALLEGIANCE AND OFFICE

STATE OF NEW JERSEY
COUNTY OF HUNTERDON
BOROUGH OF LEBANON

I, **Marianne Mathewson** solemnly swear.
that I will support the Constitution of the United States
and the Constitution of the State of New Jersey,
and that I will bear true faith and allegiance to the same
and to the governments established in the United States
and in this State, under the authority of the people, and
that I will impartially and justly perform all the duties of the
office of **Lebanon Borough Land Use Board**
Alternate Member
(term expires December 31, 2023)
according to the best of my ability.
So, help me God.

_____
Signature

Sworn and subscribed before me this.
20th Day of November 2023 at Lebanon Borough.

Joseph S. Novak
Atty At Law of NJ

Exhibit 2

