# MACCE & CRESTI, P.C.

### 17 East Main Street
### Clinton, New Jersey 08809

_____

### Telephone (908) 713-9008
### Facsimile (908) 713-9009
#### www.maccelaw.com

John C. Macce, Esq.
john@maccelaw.com
Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Michelle M. Cresti, Esq.
michelle@maccelaw.com
R. 1:40 Qualified Mediator

February 21, 2024

**Via Electronic Filing**
Clerk of the Court
Clarkson S. Fisher Federal Building and
United States Courthouse
Trenton, New Jersey 08608

> Re:    **Mary Basile Logan v. Merritt Garland, et. al.**
> **Case No. 3:24-CV-0400**

Dear Sir or Madam:

Our office represents the Defendant Robert Junge in the captioned civil lawsuit.

Enclosed please find the following documents for filing:

1. Notice of Motion
2. Proposed Form of Order
3. Letter Brief
4. Certificate of Service

I thank you for your assistance in filing these documents and should you have any questions please feel free to contact me.

Respectfully submitted,

**MACCE & CRESTI, P.C.**

**JOHN C. MACCE, ESQ.**

JCM/vmf
Encl.
cc:    All Counsel of Record via Electronic Filing

**MACCE & CRESTI, P.C.**
17 East Main Street
Clinton, NJ  08809
(908) 713-9008
John C. Macce, Esq. (ID#045361990)
Attorneys for Defendant, Robert Junge

| | |
|---|---|
| MARY BASILE LOGAN, Individually and on behalf of those similarly situated, Pro Se<br><br>        Plaintiff,<br><br>V.<br><br>MERRITT GARLAND, in his official capacity of Attorney General, Department of Justice; et. al.<br><br>        Defendants. | UNITED DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>Case Number: 3:24-CV-00040-ZNQ-TJB<br><br><br>NOTICE OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AS TO DEFENDANT ROBERT JUNGE |

PLEASET TAKE NOTICE that the undersigned counsel for the Defendant Robert Junge shall move before the Honorable Zahid N. Quraishi, U.S.D.J. at the Clarkson S. Fisher Federal Building and Untied States Courthouse, Court Room 4W, for an Order Dismissing the Plaintiff's Complaint against the Defendant Robert Junge pursuant to Federal Rule of Civil Procedure 12(b)(6).

In support of the within Motion, the Defendant Robert Junge will rely on the attached Letter Brief . A Proposed Form of Order is annexed hereto.  Oral argument is not requested unless a timely Opposition is filed to the within Motion.

MACCE & CRESTI, P.C.
Attorneys for the Defendant, Robert Junge

BY: JOHN C. MACCE, ESQ.

Dated: February 21, 2024

**MACCE & CRESTI, P.C.**
17 East Main Street
Clinton, NJ 08809
(908) 713-9008
John C. Macce, Esq. (ID#045361990)
Attorneys for Defendant, Robert Junge

| | |
|---|---|
| MARY BASILE LOGAN, Individually and on behalf of those similarly situated, Pro Se<br><br>Plaintiff,<br><br>V.<br><br>MERRITT GARLAND, in his official capacity of Attorney General, Department of Justice; et. al.<br><br>Defendants. | **UNITED DISTRICT COURT DISTRICT OF NEW JERSEY**<br><br>**Case Number: 3:24-CV-00040-ZNQ-TJB**<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT AS TO THE DEFENDANT ROBERT JUNGE** |

This matter having been opened to the Court via Motion filed on behalf of the Defendant Robert Junge, through his counsel Macce & Cresti, P.C. seeking to dismiss the Plaintiff Mary Basile Logan's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Court having considered the moving papers and for good cause shown;

**IT IS** on this _____ day of _____, 2024;

**ORDERED** that Plaintiff's Complaint against the Defendant Rpbert Junge is hereby dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) ; and it is further

**ORDERED** that a copy of this Order shall be provided to all counsel within _____ days of its receipt by defense counsel.

1

SO ORDERED

_____

HONORABLE ZAHID N. QUAISHI, U.S.D.J.

# MACCE & CRESTI, P.C.

### 17 East Main Street
### Clinton, New Jersey 08809

_____

### Telephone (908) 713-9008
### Facsimile (908) 713-9009
#### www.maccelaw.com

John C. Macce, Esq.
john@maccelaw.com
Certified by the Supreme Court of
New Jersey as a Civil Trial Attorney

Michelle M. Cresti, Esq.
michelle@maccelaw.com
R. 1:40 Qualified Mediator

February 21, 2024

**Via Electronic Filing**
Honorable Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Federal Building and
United States Courthouse
Court 4W
Trenton, New Jersey 08608

Re:    **Mary Basile Logan v. Merritt Garland, et. al.**
**Case No. 3:24-CV-0040**

Dear Judge Quraishi:

Our office represents the Defendant Robert Junge (hereinafter also referred to as the "Moving Defendant") in the above captioned civil lawsuit. Please accept this Letter Brief in lieu of a more formal Memorandum of Law in support of the Defendant Robert Junge's Motion to Dismiss the Plaintiff Mary Basile Logan (hereinafter also referred to as "Plaintiff").

## PRELIMINARY STATEMENT

On or about January 10, 2024 the Defendant Robert Junge was served with a 178 Paragraph Complaint listing greater than forty (40) Defendants. This Complaint was filed by the Plaintiff Mary Basile Logan <u>Pro Se</u>. Much to my client's astonishment he was joined by former Presidents, State Governors, Federal Cabinet Members. In addition to these federal elected/appointed officials Mr. Junge, a volunteer non-publicly elected member of the

Honorable Zahid N. Quraishi, U.S.D.J.
Mary Basile Logan v. Merritt Garland, et al.
Case No. 3:24-CV0040
February 21, 2024

Hunterdon County Republican Committee representing Lebanon Boro (the "Boro"), the Plaintiff also brought suit against two elected Lebanon Boro officials , the Boro Clerk Lisa Sella and the Boro Mayor James Pittinger.

The only substantive allegations contained in Plaintiff's Complaint as it pertains to the Moving Defendant are found in Paragraph 88 wherein the Plaintiff alleges that Mr. Junge "acting solely at the direction of the Mayor unequivocally violated Plaintiff's Civil Rights, aborting his elected role having evidenced blatant disregard for the liberty of the Plaintiff." Following this allegation Plaintiff then cites several **federal** statutes but provides absolutely no factual support to sustain exactly how the Moving Defendant violated any of the cited statutes.

The Plaintiff's Complaint is a meandering, stream of consciousness which, to the best of this reader's comprehension, appears to be an essay on the Plaintiff's dissatisfaction with various political bodies/individuals handling of the 9/11 tragedy, the COVID-19 pandemic, as well as conspiracies involving federal programs and the alleged mistreatment of former President Donald Trump.

While the Complaint is less than clear, one thing is – the Complaint as pled does not state a claim upon which relief can be granted and as such should be dismissed.

## PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Rather than inundate the Court with additional papers, the Moving Defendant incorporates by reference the Legal Arguments made by the Defendants James Pittinger and Lisa Sella in their Motion to Dismiss filed on February 5, 2024 (Document Number 17-2). Counsel for these Defendants articulated the appropriate standard and interpretation of the applicability of

Honorable Zahid N. Quraishi, U.S.D.J.
Mary Basile Logan v. Merritt Garland, et al.
Case No. 3:24-CV0040
February 21, 2024

Fed. R. Civ. 12(b)(6). Additionally, as these same arguments are being relied upon the Moving Defendant in the instant Motion it is respectfully requested that the court modify the return date of the present Motion to coincide with the Motion previously field on behalf of the Defendants James Pittinger and Lisa Sella.

Notwithstanding the foregoing the Moving Defendant shall briefly address the allegations asserted against him which can be found in Paragraph 88 of Plaintiff's Complaint. In this Paragraph the Plaintiff generally alleges that Mr. Junge "acting solely at the direction of the Mayor has unequivocally violated Plaintiff's Civil Rights, aborting his elected role having evidenced blatant disregard for the liberty of he Plaintiff". The Moving Defendant will leave it to the Court to interpret these "allegations" which are followed by a reference to citations to following Federal statutes. I have annexed as Exhibits A through E the corresponding text of the statutes cited in the below Paragraphs A through E.

A. 18 U.S.C. Section 245

This is a lengthy statute that can only be characterized as far reaching as it deals with preventing discrimination based on "race, color, religion or national origin". If one reviews the statute it leaves one guessing what Plaintiff is alleging as the statute applies, inter alia, to prevent discrimination in a number of platforms. Plaintiff has failed to articulate which portion(s) of this Act (a) apply to the Moving Defendant and (b) which sections (again there are many) have allegedly been violated by the Moving Defendant.

B. Hatch Act Reform Amendments of 1993; Title 5 U.S.C. Section 7323

Unlike the previous Federal statute, at least the title of this provision, allows the reader a

Honorable Zahid N. Quraishi, U.S.D.J.
Mary Basile Logan v. Merritt Garland, et al.
Case No. 3:24-CV0040
February 21, 2024

fighting chance to understand what Plaintiff is alleging. This statute is entitled "Political activities authorized; prohibitions". The statute begins by stating "Subject to the provisions of subsection (b), an employee may take an active part in political management or in political campaigns, except an employee may not. . . ." The Act further defines "employee" as

> any individual, other than the President and the Vice President, employed or holding office in— (A) an Executive agency other than the Government Accountability Office; or (B) a position within the competitive service which is not in an Executive agency; but does not include a member of the uniformed services or an individual employed or holding office in the government of the District of Columbia.

5 U.S.C. 7322(1).

The Moving Defendant is a Certified Financial Planner who volunteers as a non-publicly elected member of the Hunterdon County Republican Committee representing Lebanon Boro. Even giving the statutory definition of "employee" its most strained interpretation there can be no argument that the Moving Defendant is or was an "employee" under this provision of the Hatch Act.

**C. 42 U.S.C. 5062**

This statute is entitled "Audit" and applies to those individuals who are the recipient of "**Federal** grants, subgrants, contracts, subcontracts or loans entered into under this chapter . . . ." (**emphasis supplied**). For those to whom the statute is applicable the statute requires certain recordkeeping requirements and allows the "Director, the Inspector General and Comptroller of the United States. . ." to review the subjects recordkeeping. None of this applies to the Defendant Robert Junge.

4

Honorable Zahid N. Quraishi, U.S.D.J.
Mary Basile Logan v. Merritt Garland, et al.
Case No. 3:24-CV0040
February 21, 2024

      **D.  42 <u>U.S.C.</u> 12584(a)(6)**

      This statue is entitled "Prohibited activities and eligible organizations".  The statute

begins "The approved national service position under this division may not be used for the

following activities . . . "  The statute then lists eleven (11) such activities.  In Plaintiff's Complaint

she alleges that the Moving Defendant violated section (6) which states in full:

> (6) Participating in, or endorsing, events or activities that are likely
> to include advocacy for or against political parties, political
> platforms, political candidates, proposed legislation, or elected
> officials.

      This section applies only applies to "approved national service positions" which are

statutorily defined as "a national service position for which the Corporation has approved the

provision of a **national service educational award** described in section 12603 of this title as one

of the benefits to be provided for successful service in the position."  432 <u>U.S.C.</u> 12511(3).

(**emphasis supplied**).  The Moving Defendant has no inkling as to the substance of this allegation,

but can state with certainty that he is not an "approved national service position".

      **E.  2 <u>U.S.C.</u> 441**

      Finally, Plaintiff references the Federal Election Campaign Act of 1974.  The above citation

places limitations on the amount of money one can contribute to a candidate for Federal office, a

political committee established and maintained by a national political party or a political

committee established and maintained by a State Committee of a political Party.  The Moving

Defendant was a unpaid volunteer representative to the Hunterdon County Republican

Committee.  Nothing in the above statute referenced by Plaintiff applies to Mr. Junge.

Honorable Zahid N. Quraishi, U.S.D.J.
Mary Basile Logan v. Merritt Garland, et al.
Case No. 3:24-CV0040
February 21, 2024

### <u>CONCLUSION</u>

For the reasons expressed above as well as the Legal Arguments posited by counsel for

the Defendants James Pittinger and Lisa Sella the Moving Defendant Robert Junge hereby

respectfully requests that this Court dismiss the Plaintiff Mary Basile Logan's Complaint against

him with prejudice.


Respectfully submitted,

MACCE & CRESTI, P.C.

JOHN C. MACCE, ESQ.


JCM/vmf
Encl.
CC:    All Counsel of Record via Electronic Filing

# EXHIBIT "A"

# 18 USCS 245

# 18 USCS § 245

Archived code versions

Current through Public Law 118-34, approved December 26, 2023.

## § 245. *Federally protected activities*

**(a)**

**(1)** Nothing in this section shall be construed as indicating an intent on the part of Congress to prevent any State, any possession or Commonwealth of the United States, or the District of Columbia, from exercising jurisdiction over any offense over which it would have jurisdiction in the absence of this section, nor shall anything in this section be construed as depriving State and local law enforcement authorities of responsibility for prosecuting acts that may be violations of this section and that are violations of State and local law. No prosecution of any offense described in this section shall be undertaken by the United States except upon the certification in writing of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any Assistant Attorney General specially designated by the Attorney General that in his judgment a prosecution by the United States is in the public interest and necessary to secure substantial justice, which function of certification may not be delegated.

**(2)** Nothing in this subsection shall be construed to limit the authority of Federal officers, or a Federal grand jury, to investigate possible violations of this section.

**(b)** Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with—

**(1)** any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

**(A)** voting or qualifying to vote, qualifying or campaigning as a candidate for elective office, or qualifying or acting as a poll watcher, or any legally authorized election official, in any primary, special, or general election;

**(B)** participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States;

**(C)** applying for or enjoying employment, or any perquisite thereof, by any agency of the United States;

**(D)** serving, or attending upon any court in connection with possible service, as a grand or petit juror in any court of the United States;

**(E)** participating in or enjoying the benefits of any program or activity receiving Federal financial assistance; or

**(2)** any person because of his race, color, religion or national origin and because he is or has been—

**(A)** enrolling in or attending any public school or public college;

**(B)** participating in or enjoying any benefit, service, privilege, program, facility or activity provided or administered by any State or subdivision thereof;

**(C)** applying for or enjoying employment, or any perquisite thereof, by any private employer or any agency of any State or subdivision thereof, or joining or using the services or advantages of any labor organization, hiring hall, or employment agency;

245. Federally protected activities

**(D)** serving, or attending upon any court of any State in connection with possible service, as a grand or petit juror;

**(E)** traveling in or using any facility of interstate commerce, or using any vehicle, terminal, or facility of any common carrier by motor, rail, water, or air;

**(F)** enjoying the goods, services, facilities, privileges, advantages, or accommodations of any inn, hotel, motel, or other establishment which provides lodging to transient guests, or of any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility which serves the public and which is principally engaged in selling food or beverages for consumption on the premises, or of any gasoline station, or of any motion picture house, theater, concert hall, sports arena, stadium, or any other place of exhibition or entertainment which serves the public, or of any other establishment which serves the public and (i) which is located within the premises of any of the aforesaid establishments or within the premises of which is physically located any of the aforesaid establishments, and (ii) which holds itself out as serving patrons of such establishments; or

**(3)** during or incident to a riot or civil disorder, any person engaged in a business in commerce or affecting commerce, including, but not limited to, any person engaged in a business which sells or offers for sale to interstate travelers a substantial portion of the articles, commodities, or services which it sells or where a substantial portion of the articles or commodities which it sells or offers for sale have moved in commerce; or

**(4)** any person because he is or has been, or in order to intimidate such person or any other person or any class of persons from—

**(A)** participating, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F); or

**(B)** affording another person or class of persons opportunity or protection to so participate; or

**(5)** any citizen because he is or has been, or in order to intimidate such citizen or any other citizen from lawfully aiding or encouraging other persons to participate, without discrimination on account of race, color, religion or national origin, in any of the benefits or activities described in subparagraphs (1)(A) through (1)(E) or subparagraphs (2)(A) through (2)(F), or participating lawfully in speech or peaceful assembly opposing any denial of the opportunity to so participate—

shall be fined under this title, or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire shall be fined under this title, or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse or an attempt to commit aggravated sexual abuse, or an attempt to kill, shall be fined under this title or imprisoned for any term of years or for life, or both, or may be sentenced to death. As used in this section, the term "participating lawfully in speech or peaceful assembly" shall not mean the aiding, abetting, or inciting of other persons to riot or to commit any act of physical violence upon any individual or against any real or personal property in furtherance of a riot. Nothing in subparagraph (2)(F) or (4)(A) of this subsection shall apply to the proprietor of any establishment which provides lodging to transient guests, or to any employee acting on behalf of such proprietor, with respect to the enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of such establishment if such establishment is located within a building which contains not more than five rooms for rent or hire and which is actually occupied by the proprietor as his residence.

**(c)** Nothing in this section shall be construed so as to deter any law enforcement officer from lawfully carrying out the duties of his office; and no law enforcement officer shall be considered to be in violation of this section for lawfully carrying out the duties of his office or lawfully enforcing ordinances and laws of the United States, the District of Columbia, any of the several States, or any political subdivision of a State. For purposes of the preceding sentence, the term "law enforcement officer" means any officer of the United

245. Federally protected activities

States, the District of Columbia, a State, or political subdivision of a State, who is empowered by law to conduct investigations of, or make arrests because of, offenses against the United States, the District of Columbia, a State, or a political subdivision of a State.

**(d)** For purposes of this section, the term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

## History

**HISTORY:**

Added April 11, 1968, P. L. 90-284, Title I, § 101(a), 82 Stat. 73; Nov. 18, 1988, P. L. 100-690, Title VII, Subtitle B, § 7020(a), 102 Stat. 4396; Nov. 29, 1990, P. L. 101-647, Title XII, § 1205(b), 104 Stat. 4830; Sept. 13, 1994, P. L. 103-322, Title VI, § 60006(c), Title XXXII, Subtitle A, § 320103(c), Title XXXIII, § 330016(1)(H), (L), 108 Stat. 1971, 2109, 2147; Oct. 11, 1996, P. L. 104-294, Title VI, § 604(b)(14)(C), (37), 110 Stat. 3507, 3509.

End of Document

# 5 USCS 7323

# 5 USCS § 7323

Archived code versions

Current through Public Law 118-34, approved December 26, 2023.

## § 7323. Political activity authorized; prohibitions

**(a)** Subject to the provisions of subsection (b), an employee may take an active part in ***political management*** or in political campaigns, except an employee may not—

> **(1)** use his official authority or influence for the purpose of interfering with or affecting the result of an election;

> **(2)** knowingly solicit, accept, or receive a political contribution from any person, unless such person is—

>> **(A)** a member of the same Federal labor organization as defined under section 7103(4) of this title [5 USCS § 7103(4)] or a Federal employee organization which as of the date of enactment of the Hatch Act Reform Amendments of 1993 [enacted Oct. 6, 1993] had a multicandidate political committee (as defined under section 315(a)(4) of the Federal Election Campaign Act of 1971 (2 U.S.C. 441a(a)(4) [52 USCS § 30116(a)(4)]));

>> **(B)** not a subordinate employee; and

>> **(C)** the solicitation is for a contribution to the multicandidate political committee (as defined under section 315(a)(4) of the Federal Election Campaign Act of 1971 (2 U.S.C. 441a(a)(4) [52 USCS § 30116(a)(4)])) of such Federal labor organization as defined under section 7103(4) of this title [5 USCS § 7103(4)] or a Federal employee organization which as of the date of the enactment of the Hatch Act Reform Amendments of 1993 [enacted Oct. 6, 1993] had a multicandidate political committee (as defined under section 315(a)(4) of the Federal Election Campaign Act of 1971 (2 U.S.C. 441a(a)(4) [52 USCS § 30116(a)(4)])); or

> **(3)** run for the nomination or as a candidate for election to a partisan political office; or

> **(4)** knowingly solicit or discourage the participation in any political activity of any person who—

>> **(A)** has an application for any compensation, grant, contract, ruling, license, permit, or certificate pending before the employing office of such employee; or

>> **(B)** is the subject of or a participant in an ongoing audit, investigation, or enforcement action being carried out by the employing office of such employee.

**(b)**

> **(1)** An employee of the Federal Election Commission (except one appointed by the President, by and with the advice and consent of the Senate), may not request or receive from, or give to, an employee, a Member of Congress, or an officer of a uniformed service a political contribution.

> **(2)**

>> **(A)** No employee described under subparagraph (B) (except one appointed by the President, by and with the advice and consent of the Senate), may take an active part in ***political management*** or political campaigns.

>> **(B)** The provisions of subparagraph (A) shall apply to—

>>> **(i)** an employee of—

7323. Political activity authorized prohibitions

    **(I)** the Federal Election Commission or the Election Assistance Commission;

    **(II)** the Federal Bureau of Investigation;

    **(III)** the Secret Service;

    **(IV)** the Central Intelligence Agency;

    **(V)** the National Security Council;

    **(VI)** the National Security Agency;

    **(VII)** the Defense Intelligence Agency;

    **(VIII)** the Merit Systems Protection Board;

    **(IX)** the Office of Special Counsel;

    **(X)** the Office of Criminal Investigation of the Internal Revenue Service;

    **(XI)** the Office of Investigative Programs of the United States Customs Service;

    **(XII)** the Office of Law Enforcement of the Bureau of Alcohol, Tobacco, and Firearms;

    **(XIII)** the National Geospatial-Intelligence Agency; or

    **(XIV)** the Office of the Director of National Intelligence; or

  **(ii)** a person employed in a position described under section 3132(a)(4), 5372, 5372a, or 5372b of title 5, United States Code.

**(3)** No employee of the Criminal Division or National Security Division of the Department of Justice (except one appointed by the President, by and with the advice and consent of the Senate), may take an active part in ***political management*** or political campaigns.

**(4)** For purposes of this subsection, the term "active part in ***political management*** or in a political campaign" means those acts of ***political management*** or political campaigning which were prohibited for employees of the competitive service before July 19, 1940, by determinations of the Civil Service Commission under the rules prescribed by the President.

**(c)** An employee retains the right to vote as he chooses and to express his opinion on political subjects and candidates.

## History

**HISTORY:**

Added Oct. 6, 1993, P. L. 103-94, § 2(a), 107 Stat. 1002; Oct. 14, 1994, P. L. 103-359, Title V, § 501(k), 108 Stat. 3430; Sept. 23, 1996, P. L. 104-201, Div A, Title XI, Subtitle B, § 1122(a)(1), 110 Stat. 2687; Dec. 21, 2000, P. L. 106-554, § 1(a)(3), 114 Stat. 2763; Oct. 29, 2002, P. L. 107-252, Title VIII, Subtitle B, § 811(a), 116 Stat. 1727; Dec. 17, 2004, P. L. 108-458, Title I, Subtitle G, § 1079(a), 118 Stat. 3695; March 9, 2006, P. L. 109-177, Title V, § 506(b)(2), 120 Stat. 249; Oct. 14, 2008, P. L. 110-417, [Div A,] Title IX, Subtitle D, § 931(a)(1), 122 Stat. 4575.

End of Document

# 42 USCS 5062

# 42 USCS § 5062

Archived code versions

Current through Public Law 118-34, approved December 26, 2023.

## § *5062. Audit*

(a) **Recordkeeping.**  Each recipient of Federal grants, subgrants, contracts, subcontracts, or loans entered into under this Act other than by formal advertising, and which are otherwise authorized by this Act, shall keep such records as the Director or the Inspector General shall prescribe, including records which fully disclose the amount and disposition by such recipient of the proceeds of such assistance, the total cost of the project or undertaking in connection with which such assistance is given or used, the amount of that portion of the cost of the project or undertaking supplied by other sources, and such other records as will facilitate an effective audit.

(b) **Access to books, documents, papers, and records; limitations.**  The Director, the Inspector General, and the Comptroller General of the United States, or any of their duly authorized representatives, shall, until the expiration of three years after completion of the project or undertaking referred to in subsection (a) of this section, have access for the purpose of audit and examination to any books, documents, papers, and records of such recipients which in the opinion of the Director, the Inspector General, or the Comptroller General may be related or pertinent to the grants, contracts, subcontracts, subgrants, or loans referred to in subsection (a).

## History

**HISTORY:**

Oct. 1, 1973, P. L. 93-113, Title IV, § 422, 87 Stat. 414; Sept. 21, 1993, P. L. 103-82, Title III, Subtitle B, Ch 3, § 369, 107 Stat. 909.

End of Document

# 42 USCS 1584a

LII  > U.S. Code  > Title 42  > CHAPTER 129  > SUBCHAPTER I `> Division C  > Part II
 > § 12584a

Quick search by citation:

**Title**

enter title

**Section**

section

[ Go! ]

# 42 U.S. Code § 12584a - Prohibited activities and ineligible organizations

U.S. Code    Notes

**(a) PROHIBITED ACTIVITIES**

An approved national service position under this division may not be used for the following activities:

**(1)** Attempting to influence legislation.

**(2)** Organizing or engaging in protests, petitions, boycotts, or strikes.

**(3)** Assisting, promoting, or deterring union organizing.

**(4)** Impairing existing contracts for services or collective bargaining agreements.

**(5)** Engaging in partisan political activities, or other activities designed to influence the outcome of an election to Federal office or the outcome of an election to a State or local public office.

**(6)** Participating in, or endorsing, events or activities that are likely to include advocacy for or against political parties, political platforms, political candidates, proposed legislation, or elected officials.

**(7)** Engaging in religious instruction, conducting worship services, providing instruction as part of a program that includes mandatory religious instruction or worship, constructing or operating facilities devoted to religious instruction or worship, maintaining facilities primarily or inherently devoted to religious instruction or worship, or engaging in any form of proselytization, consistent with section 12584 of this title.

**(8)** Consistent with section 12584 of this title, providing a direct benefit to any—

    **(A)** business organized for profit;

    **(B)** labor union;

    **(C)** partisan political organization;

    **(D)** nonprofit organization that fails to comply with the restrictions contained in section 501(c) of title 26, except that nothing in this paragraph shall be construed to prevent participants from engaging in advocacy activities undertaken at their own initiative; and

    **(E)** organization engaged in the religious activities described in paragraph (7), unless the position is not used to support those religious activities.

**(9)** Providing abortion services or referrals for receipt of such services.

**(10)** Conducting a voter registration drive or using Corporation funds to conduct a voter registration drive.

**(11)** Carrying out such other activities as the Corporation may prohibit.

**(b) Ineligibility**

No assistance provided under this division may be provided to any organization that has violated a Federal criminal statute.

**(c) Nondisplacement of employed workers or other volunteers**

A participant in an approved national service position under this division may not be directed to perform any services or duties, or to engage in any activities, prohibited under the nonduplication, nondisplacement, or nonsupplantation requirements relating to employees and volunteers in section 12637 of this title.

(Pub. L. 101–610, title I, §132A, as added Pub. L. 111–13, title I, §1310, Apr. 21, 2009, 123 Stat. 1507.)

 U.S. Code Toolbox

Law about... Articles from Wex
Table of Popular Names
Parallel Table of Authorities
How current is this?

# 2 USCS 441a

# §441a. Limitations on contributions and expenditures

## (a) Dollar limits on contributions

(1) No person shall make contributions-

    (A) to any candidate and his authorized political committees with respect to any election for Federal office which, in the aggregate, exceed $1,000;

    (B) to the political committees established and maintained by a national political party, which are not the authorized political committees of any candidate, in any calendar year which, in the aggregate, exceed $20,000; or

    (C) to any other political committee in any calendar year which, in the aggregate, exceed $5,000.

(2) No multicandidate political committee shall make contributions-

    (A) to any candidate and his authorized political committees with respect to any election for Federal office which, in the aggregate, exceed $5,000;

    (B) to the political committees established and maintained by a national political party, which are not the authorized political committees of any candidate, in any calendar year, which, in the aggregate, exceed $15,000; or

    (C) to any other political committee in any calendar year which, in the aggregate, exceed $5,000.

(3) No individual shall make contributions aggregating more than $25,000 in any calendar year. For purposes of this paragraph, any contribution made to a candidate in a year other than the calendar year in which the election is held with respect to which such contribution is made, is considered to be made during the calendar year in which such election is held.

(4) The limitations on contributions contained in paragraphs (1) and (2) do not apply to transfers between and among political committees which are national, State, district, or local committees (including any subordinate committee thereof) of the same political party. For purposes of paragraph (2), the term "multicandidate political committee" means a political committee which has been registered under section 433 of this title for a period of not less than 6 months, which has received contributions from more than 50 persons, and, except for any State political party organization, has made contributions to 5 or more candidates for Federal office.

(5) For purposes of the limitations provided by paragraph (1) and paragraph (2), all contributions made by political committees established or financed or maintained or controlled by any corporation, labor organization, or any other person, including any parent, subsidiary, branch, division, department, or local unit of such corporation, labor organization, or any other person, or by any group of such persons, shall be considered to have been made by a single political committee, except that (A) nothing in this sentence shall limit transfers between political committees of funds raised through joint fund raising efforts; (B) for purposes of the limitations provided by paragraph (1) and paragraph (2) all contributions made by a single political committee established or financed or maintained or controlled by a national committee of a political party and by a single political committee established or financed or maintained or controlled by the State committee of a political party shall not be considered to have been made by a single political committee; and (C) nothing in this section shall limit the transfer of funds between the principal campaign committee of a candidate seeking nomination or election to a Federal office and the principal campaign committee of that candidate for nomination or election to another Federal office if (i) such transfer is not made when the candidate is actively seeking

nomination or election to both such offices; (ii) the limitations contained in this Act on contributions by persons are not exceeded by such transfer; and (iii) the candidate has not elected to receive any funds under chapter 95 or chapter 96 of title 26. In any case in which a corporation and any of its subsidiaries, branches, divisions, departments, or local units, or a labor organization and any of its subsidiaries, branches, divisions, departments, or local units establish or finance or maintain or control more than one separate segregated fund, all such separate segregated funds shall be treated as a single separate segregated fund for purposes of the limitations provided by paragraph (1) and paragraph (2).

(6) The limitations on contributions to a candidate imposed by paragraphs (1) and (2) of this subsection shall apply separately with respect to each election, except that all elections held in any calendar year for the office of President of the United States (except a general election for such office) shall be considered to be one election.

(7) For purposes of this subsection-

(A) contributions to a named candidate made to any political committee authorized by such candidate to accept contributions on his behalf shall be considered to be contributions made to such candidate;

(B)(i) expenditures made by any person in cooperation, consultation, or concert, with, or at the request or suggestion of, a candidate, his authorized political committees, or their agents, shall be considered to be a contribution to such candidate;

(ii) the financing by any person of the dissemination, distribution, or republication, in whole or in part, of any broadcast or any written, graphic, or other form of campaign materials prepared by the candidate, his campaign committees, or their authorized agents shall be considered to be an expenditure for purposes of this paragraph; and

(C) contributions made to or for the benefit of any candidate nominated by a political party for election to the office of Vice President of the United States shall be considered to be contributions made to or for the benefit of the candidate of such party for election to the office of President of the United States.


(8) For purposes of the limitations imposed by this section, all contributions made by a person, either directly or indirectly, on behalf of a particular candidate, including contributions which are in any way earmarked or otherwise directed through an intermediary or conduit to such candidate, shall be treated as contributions from such person to such candidate. The intermediary or conduit shall report the original source and the intended recipient of such contribution to the Commission and to the intended recipient.

**(b) Dollar limits on expenditures by candidates for office of President of United States**

(1) No candidate for the office of President of the United States who is eligible under section 9003 of title 26 (relating to condition for eligibility for payments) or under section 9033 of title 26 (relating to eligibility for payments) to receive payments from the Secretary of the Treasury may make expenditures in excess of-

(A) $10,000,000, in the case of a campaign for nomination for election to such office, except the aggregate of expenditures under this subparagraph in any one State shall not exceed the greater of 16 cents multiplied by the voting age population of the State (as certified under subsection (e) of this section), or $200,000; or

(B) $20,000,000 in the case of a campaign for election to such office.


(2) For purposes of this subsection-

(A) expenditures made by or on behalf of any candidate nominated by a political party for election to the office of Vice President of the United States shall be considered to be

expenditures made by or on behalf of the candidate of such party for election to the office of President of the United States; and

(B) an expenditure is made on behalf of a candidate, including a vice presidential candidate, if it is made by-

(i) an authorized committee or any other agent of the candidate for purposes of making any expenditure; or

(ii) any person authorized or requested by the candidate, an authorized committee of the candidate, or an agent of the candidate, to make the expenditure.

**(c) Increases on limits based on increases in price index**

(1) At the beginning of each calendar year (commencing in 1976), as there become available necessary data from the Bureau of Labor Statistics of the Department of Labor, the Secretary of Labor shall certify to the Commission and publish in the Federal Register the percent difference between the price index for the 12 months preceding the beginning of such calendar year and the price index for the base period. Each limitation established by subsection (b) of this section and subsection (d) of this section shall be increased by such percent difference. Each amount so increased shall be the amount in effect for such calendar year.

(2) For purposes of paragraph (1)-

(A) the term "price index" means the average over a calendar year of the Consumer Price Index (all items-United States city average) published monthly by the Bureau of Labor Statistics; and

(B) the term "base period" means the calendar year 1974.

**(d) Expenditures by national committee, State committee, or subordinate committee of State committee in connection with general election campaign of candidates for Federal office**

(1) Notwithstanding any other provision of law with respect to limitations on expenditures or limitations on contributions, the national committee of a political party and a State committee of a political party, including any subordinate committee of a State committee, may make expenditures in connection with the general election campaign of candidates for Federal office, subject to the limitations contained in paragraphs (2) and (3) of this subsection.

(2) The national committee of a political party may not make any expenditure in connection with the general election campaign of any candidate for President of the United States who is affiliated with such party which exceeds an amount equal to 2 cents multiplied by the voting age population of the United States (as certified under subsection (e) of this section). Any expenditure under this paragraph shall be in addition to any expenditure by a national committee of a political party serving as the principal campaign committee of a candidate for the office of President of the United States.

(3) The national committee of a political party, or a State committee of a political party, including any subordinate committee of a State committee, may not make any expenditure in connection with the general election campaign of a candidate for Federal office in a State who is affiliated with such party which exceeds-

(A) in the case of a candidate for election to the office of Senator, or of Representative from a State which is entitled to only one Representative, the greater of-

(i) 2 cents multiplied by the voting age population of the State (as certified under subsection (e) of this section); or

(ii) $20,000; and

(B) in the case of a candidate for election to the office of Representative, Delegate, or Resident Commissioner in any other State, $10,000.

**(e) Certification and publication of estimated voting age population**

During the first week of January 1975, and every subsequent year, the Secretary of Commerce shall certify to the Commission and publish in the Federal Register an estimate of the voting age population of the United States, of each State, and of each congressional district as of the first day of July next preceding the date of certification. The term "voting age population" means resident population, 18 years of age or older.

**(f) Prohibited contributions and expenditures**

No candidate or political committee shall knowingly accept any contribution or make any expenditure in violation of the provisions of this section. No officer or employee of a political committee shall knowingly accept a contribution made for the benefit or use of a candidate, or knowingly make any expenditure on behalf of a candidate, in violation of any limitation imposed on contributions and expenditures under this section.

**(g) Attribution of multi-State expenditures to candidate's expenditure limitation in each State**

The Commission shall prescribe rules under which any expenditure by a candidate for presidential nominations for use in 2 or more States shall be attributed to such candidate's expenditure limitation in each such State, based on the voting age population in such State which can reasonably be expected to be influenced by such expenditure.

**(h) Senatorial candidates**

Notwithstanding any other provision of this Act, amounts totaling not more than $17,500 may be contributed to a candidate for nomination for election, or for election, to the United States Senate during the year in which an election is held in which he is such a candidate, by the Republican or Democratic Senatorial Campaign Committee, or the national committee of a political party, or any combination of such committees.

(Pub. L. 92–225, title III, §315, formerly §320, as added Pub. L. 94–283, title I, §112(2), May 11, 1976, 90 Stat. 486 ; renumbered §315, Pub. L. 96–187, title I, §105(5), Jan. 8, 1980, 93 Stat. 1354 ; amended Pub. L. 99–514, §2, Oct. 22, 1986, 100 Stat. 2095 .)

REFERENCES IN TEXT

This Act, referred to in subsecs. (a)(5) and (h), means the Federal Election Campaign Act of 1971, as amended, as defined by section 431 of this title.

CODIFICATION

Another section 320 of Pub. L. 92–225, which was classified to section 441 of this title, was repealed by Pub. L. 94–283, title I, §112(1), May 11, 1976, 90 Stat. 486 .

AMENDMENTS

**1986**-Subsecs. (a)(5), (b)(1). Pub. L. 99–514 substituted "Internal Revenue Code of 1986" for "Internal Revenue Code of 1954", which for purposes of codification was translated as "title 26" thus requiring no change in text.

SECTION REFERRED TO IN OTHER SECTIONS

This section is referred to in section 434 of this title; title 5 section 7323; title 26 sections 9004, 9008, 9034, 9035.

**MACCE & CRESTI, P.C.**
17 East Main Street
Clinton, NJ  08809
(908) 713-9008
John C. Macce, Esq. (ID#045361990)
Attorneys for Defendant, Robert Junge

| | |
|---|---|
| MARY BASILE LOGAN, Individually and on behalf of those similarly situated, Pro Se | **UNITED DISTRICT COURT DISTRICT OF NEW JERSEY** |
| Plaintiff, | **Case Number: 3:24-CV-00040-ZNQ-TJB** |
| V. | |
| MERRITT GARLAND, in his official capacity of Attorney General, Department of Justice; et. al. | <u>Civil Action</u> |
| | **CERTIFICATE OF SERVICE** |
| Defendants. | |

I hereby certify that on February 21, 2024 I electronically filed the following pleadings

on behalf of the Defendant Robert Junge:

1.    A Notice of Motion to Dismiss Plaintiff's Complaint.

2.    A Letter Brief in Support of said Motion.

3.    A Proposed Form of Order.

4.    A Cover Letter

5.    This Certificate of Service.

Notice of this filing will be sent via email to all counsel of record by the Court's

electronic filing system.  All parties may access this filing through the CM/ECF system.

MACCE & CRESTI, P.C.
Attorneys for the Defendant, Robert Junge

BY: JOHN C. MACCE, ESQ.

Dated: February 21, 2024