**BROWN & CONNERY, LLP**
William M. Tambussi, Esq.
Susan M. Leming, Esq.
Andrew S. Brown, Esq.
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendant George E. Norcross, III*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | |
|---|---|
| MARY BASILE LOGAN, individually and on behalf of those similarly situated, *Pro-Se*,<br><br>Plaintiff,<br><br>v.<br><br>MERRITT GARLAND, in his official capacity as Attorney General, Department of Justice, *et al.*,<br><br>Defendants. | Case No. 3:24-cv-00040-ZNQ-TJB<br><br><br><br><br><br>Motion Day: March 18, 2024 |

**BRIEF IN SUPPORT OF DEFENDANT GEORGE E. NORCROSS, III'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................................1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................................2

LEGAL STANDARD......................................................................................................................6

LEGAL ARGUMENT .....................................................................................................................7

   I.    PLAINTIFF LACKS ARTICLE III STANDING ...............................................................7

   II.   PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM AGAINST
       MR. NORCROSS ................................................................................................................8

        a.  Plaintiff's statutory claims against Mr. Norcross are legally deficient....................8

        b.  Plaintiff's constitutional claims against Mr. Norcross also fail ...............................9

           i.  There is no private cause of action under the Take Care Clause or
             the Treason Clause of the United States Constitution ...............................10

           ii.  Mr. Norcross is not a state actor amendable to suit under
              Section 1983................................................................................................11

           iii.  The Take Care Clause and the Treason Clause of the United States
              Constitution do not apply to Mr. Norcross ................................................12

        c.  The Court should dismiss Plaintiff's Complaint with prejudice because
           amendment is futile.................................................................................................12

CONCLUSION..............................................................................................................................13

# **TABLE OF AUTHORITIES**

**Cases**

*Adamo v. Jones*,
  2016 U.S. Dist. LEXIS 10698 (D.N.J. Jan. 29, 2016) ............................................................. 9

*Andrews v. Heaton*,
  483 F.3d 1070 (10th Cir. 2007) ............................................................................................... 8

*Antonelli v. Kennedy Hosp.*,
  2018 U.S. Dist. LEXIS 6591 (D.N.J. Jan. 16, 2018) ............................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................. 6

*Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*,
  81 F.4th 279 (3d Cir. 2023) .................................................................................................. 7, 8

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 6

*Bormuth v. Consumers Energy Co.*,
  2023 U.S. Dist. LEXIS 233074 (E.D. Mich. Dec. 12, 2023) ................................................ 10

*Brnovich v. Biden*,
  630 F. Supp. 3d 1157 (D. Ariz. 2022) ................................................................................... 10

*City of Columbus v. Trump*,
  453 F. Supp. 3d 770 (D. Md. 2020) ...................................................................................... 10

*Curran v. Frosh*,
  2016 U.S. Dist. LEXIS 13726 (D.N.J. Feb. 1, 2016) .............................................................. 9

*Davis v. Family Court of Phila.*,
  619 Fed. Appx. 51 (3d Cir. 2015) ............................................................................................ 9

*Doe v. FBI*,
  2019 U.S. Dist. LEXIS 9751 (D. Md. Jan. 22, 2019) ........................................................... 10

*Estelle v. Gamble*,
  429 U.S. 97 (1976) ................................................................................................................... 7

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*,
  615 F.3d 159 (3d Cir. 2010) .................................................................................................. 13

*Las Ams. Immigrant Advocacy Ctr. v. Biden*,
    571 F. Supp. 3d 1173 (D. Or. 2021) ...............................................................................10

*Livesay v. Murphy*,
    2022 U.S. Dist. LEXIS 178646 (D.N.J. Sept. 30, 2022) .........................................................9

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992)..............................................................................................................7

*Morse v. Lower Merion Sch. Dist.*,
    132 F.3d 902 (3d Cir. 1997)................................................................................................11

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008)..................................................................................................6

*Santiago v. Warminster Twp.*,
    629 F.3d 121 (3d Cir. 2010)..................................................................................................6

*Schneller v. Phila. Newspapers Inc.*,
    577 Fed. Appx. 139 (3d Cir. 2014).....................................................................................11

*Spokeo, Inc. v. Robins*,
    136 S. Ct. 1540 (2016)..........................................................................................................7

*Warner v. Amazon.com Servs., LLC*,
    2022 U.S. Dist. LEXIS 115373 (N.D. Ohio June 29, 2022)..................................................9

*Watson v. Cmty. Prop. Mgmt.*,
    2019 U.S. Dist. LEXIS 131984 (E.D. Pa. Aug. 6, 2019).......................................................9

*West v. Atkins*,
    487 U.S. 42 (1988)..............................................................................................................11

**Constitutional Provisions**

U.S. Const., art. II, § 3 ...............................................................................................................12

U.S. Const., art. III, § 2 ................................................................................................................7

U.S. Const., art. III, § 3, cl. 1 ....................................................................................................12

**Statutes**

18 U.S.C. § 371...............................................................................................................3, 5, 8, 9

18 U.S.C. § 1001....................................................................................................................2, 9

18 U.S.C. § 1035 ............................................................................................................... 2, 7

18 U.S.C. § 1038 ...................................................................................................................3

18 U.S.C. § 1519 ...................................................................................................................9

18 U.S.C. § 2384 ...................................................................................................................9

18 U.S.C. § 2385 ...................................................................................................................9

28 U.S.C. § 1367(c)(3) ........................................................................................................13

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 6, 13

## **PRELIMINARY STATEMENT**

Defendant George E. Norcross, III ("Mr. Norcross") submits this brief in support of his motion to dismiss *pro se* Plaintiff's Complaint with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's Complaint must be dismissed as frivolous because it is nothing more than a hodgepodge of conspiracy theories related to September 11, 2001, the Great Recession of 2008, and the Pandemic, among many others. For example, Plaintiff claims that Defendants William and Hillary Clinton were involved in the Pizzagate conspiracy, and that Defendant Nancy Pelosi "is solely responsible for the murder of the individuals who died on" January 6, 2021. In addition to seeking "$8,000,000,000" in damages, Plaintiff demands "the immediate release of those prisoners unconstitutionally held regarding January 6, 2021 events." Needless to say, Plaintiff's Complaint is less of a pleading, and more of a manifesto.

Plaintiff's Complaint is also legally and factually deficient, particularly as it relates to Mr. Norcross. Plaintiff cannot establish standing under Article III of the Constitution. Plaintiff fails to allege an injury in fact, let alone one that is traceable to Mr. Norcross or capable of being redressed by this Court. Furthermore, Plaintiff cannot state a cognizable claim for relief against Mr. Norcross. Plaintiff attempts to assert claims against an expansive list of Defendants under: (1) the Take Care Clause set forth in Article II, Section 3 of the Constitution; (2) the Treason Clause set forth in Article III, Section 3 of the Constitution; and (3) various criminal statutes set forth in Title 18 of the United States Code. However, none of these sources of authority provide for a private cause of action against Mr. Norcross. In other words, Plaintiff relies on constitutional provisions and criminal statutes that cannot give rise to civil liability. Finally, Plaintiff fails to allege that Mr. Norcross was acting under the color of state law at any time. Because these deficiencies cannot be

1

cured, granting Plaintiff leave to amend would be futile. As such, it is respectfully submitted that Plaintiff's Complaint be dismissed with prejudice as to Mr. Norcross.[1]

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this action on January 4, 2024. In the Complaint, which is 91 pages and names 40 different defendants including the current President and three former Presidents, Plaintiff "alleges violations by the Defendants within four (4) distinct yet interrelated provisions of the United States Constitution" and federal statutes. (ECF No. 1, Complaint (hereinafter, "Compl."), at ¶ 2) Specifically, Plaintiff attempts to assert causes of action under the following constitutional and statutory provisions:

> a. Article II, Section 3.1.3.1. Take Care Clause, Presidential authority. "It may be presumed that he, the man discharging the presidential office, and he alone, grants, reprieves and pardons for offenses against the United States…So he, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name of office is *designatio personae*." The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts. (*See Wilcox v. McConnel*, 28 U.S. (13 Pet.) 498, 513 (1839); *United States v. Eliason*, 41 U.S. (16 Pet.) 291 (1842); *Williams v. United States* 42 U.S. (1 How.) 2990, 297 (1843); and *United States v. Jones*, 59 U.S. (18 How.) 92, 95 (1856)).
>
> b. 18 U.S.C. § 1001. Protection against employees of any department or agency of the United States, knowingly or willfully falsifying, concealing or covering up by means of trickery, scheme or device a material fact or the act of making any false, fictitious, fraudulent statements or representations, or to make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry; 18 U.S.C. § 1035 False

---

[1] To the extent that other defendants have raised alternative grounds for dismissal that may be applicable to Mr. Norcross, Mr. Norcross joins in those motions.

2

statements relating to health care matters; 18 U.S.C. § 1038 False information and hoaxes; 18 U.S.C. §1519 Destruction, alteration, or falsification of records in Federal investigations and bankruptcy. (*See ex rel. Schutte, et al. v. SuperValu Inc., et al.* (Docket No. 21-1326); and *Yates v. United States*, USSC No. 13-7451, 2015 WL 773330 (February 25, 2015); reversing 733 F.3d 1059 (11th Cir. 2013)).

c. 18 U.S.C. §§ 2384, 2385. Seditious Conspiracy, the act of conspiring to overthrow, put down, or to destroy by force the Government of the United States, or to level war against them or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof.

d. Article III S3.C1.1.2. Treason Clause: Doctrine and Practice. Treason against the United States shall consist of levying War against them, or in adhering to their enemies, giving them aid and comfort. No person shall be convicted of Treason unless on the testimony of two witnesses to the save over Act, or on Confession in Open Court. Chief Justice John Marshall's opinion emphasized, if there was "an actual assemblage of men for the purpose of executing a treasonable design," the Court narrowly focused the scope of the treason by levying war against the United States. (*See Ex parte Bollman & Swarthout* (1807); and *Cramer v. United States* (1945)). 18 U.S.C. § 371. Conspiring to defraud the United States which includes an illegal agreements, criminal intent, and proof of an overt act. (*See Hass v. Henkel*, 216 U.S. 462 (1910); and *Hammerschmidt v. United States*, 265 U.S. 182 (1924)).

(*Id.* at ¶¶ 2(a)-(d) (footnote omitted).)

In the Complaint, Plaintiff only asserts allegations related to Mr. Norcross in four paragraphs. (*Id.* at ¶¶ 30, 75, 137, and 154.) In Paragraph 30, Plaintiff alleges:

> Defendant, GEORGE NORCROSS, in his official capacity as Chairman of the Board of Trustees Cooper Health System and Cooper University Hospital, ("Cooper") under his direction, Cooper has expanded to include Cooper Medical School at Rowan University and MD Anderson Cancer Center, for which he is a partner. Defendant served as Executive Chairman of Conner, Strong & Buckelew, an insurance brokerage firm. In 2015, as an investor, he developed the Liberty Property Trust working with Robert A.M. Stern. From 1989 – 1995, he served as Chairman of the Camden

3

> County Democratic Party, remaining influential in the New Jersey political landscape where he has been deemed a "party boss". In 2023, he announced a decrease in political activities, citing the loss 2021 Senate seat loss formerly held by Steve Sweeney.

(*Id.* at ¶ 30.)

In Paragraph 75, Plaintiff sets forth the core of her allegations against Mr. Norcross:

> Defendant, GEORGE NORCROSS, in his official capacity as Chairman of Cooper Health System, ("Cooper") Plaintiff alleges that Defendant did concealed knowledge to the detriment of the People's health and welfare while serving in his capacity throughout the state of emergency provided for under Executive Proclamation 9994. Defendant's concealment continues to the present day, having made no effort to speak to the truth on behalf of the American People, magnifying his culpability. Through his knowing, actual and constructive fraudulent actions, and those of his designation, as yet to be named including for profit and not for profit entities; Plaintiff alleges knowing criminal acts so as to conceal material evidence, deceive and obstruct the interests of the safety and welfare of the citizens of these United States. (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015)). The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022];Title VII, the Civil Rights Act of 1964). Citing matters of national security presented herein, evidenced further by current national and geopolitical events, the consequence to Defendant's knowing actions and those of his designation, including but not limited to for profit and non-for-profit entities, his deception has resulted in the death of innocent persons within these United States. As a direct consequence to Defendant's collective embodiment of negligent actions and invidious discrimination on behalf of the citizens of these United States, additional death of citizens has resulted, causational directly to his dereliction and obstructive hand; Defendant evidenced malicious indifference/depraved-heart murder. (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946), Eaton v. State, Del., 363 A.2d 440, 441). In maintaining silence including the epidemic known as COVID-19, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections; (*See* Article II, Section 1) an

4

> unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994. By the knowing and willful actions of the Defendant and those of his designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, he has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371; *Hass v. Henkle*, 216 U.S. 462 (1910); and *Hammerschmidt v. United States*, 265 U.S. 182 (1924)).

(*Id.* at ¶ 75 (footnotes omitted).)

In the section of the Complaint addressing the Emergency Economic Stabilization Act of 2008 and TARP, Plaintiff alleges without further explanation that "Defendant GEORGE NORCROSS and an associate, former TD Bank executive, moved to purchase First Republic Bank; that transaction has since been consummated, adding to the evident cases and controversies herein." (*Id.* at ¶ 137.)

Finally, in a section entitled "OTHER MATTERS," Plaintiff takes issue with the "Democratic professed war on drugs" and claims that "Defendants Hillary R. Clinton, William J. Clinton, among others were … trafficking in drugs." (*Id.* at ¶ 154.) Plaintiff then addresses "cannabis," stating that the "methodology of cultivation including fertilizers, (guano, etc.) are unsafe, untested and will invariably have detrimental effects on end users up to and including diminished mental faculties." (*Id.*) Plaintiff alleges that "Defendant, GEORGE NORCROSS, and his family are heavily involved in lobbying for cannabis." (*Id.*)

Plaintiff served the Complaint on Mr. Norcross on January 17, 2024. (ECF No. 11.) Thereafter, Mr. Norcross sought and obtained an automatic extension of time to answer, move, or

5

otherwise respond to the Complaint. (ECF No. 16.) Mr. Norcross's deadline to respond to Plaintiff's Complaint is February 21, 2024. This motion timely follows.

## LEGAL STANDARD

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."[2] *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks and citation omitted); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, the court should "disregard legal conclusions and 'recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Under the current pleading regime, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (alteration in original) (quoting *Iqbal*, 556 U.S. at 675). Next, "the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). And, finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 679).

It has long been held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for

---

[2] Mr. Norcross accepts Plaintiff's allegations as true for the purposes of this motion only, as he is required to do under applicable Federal Rules of Civil Procedure. However, he maintains that Plaintiff's allegations are frivolous, and he does not endorse or support any of the myriad conspiracy theories set forth in the Complaint.

failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts" in support of her claim that would entitle her to relief. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted).

## LEGAL ARGUMENT

### I. PLAINTIFF LACKS ARTICLE III STANDING

Article III of the United States Constitution limits the scope of federal courts to actual "cases" or "controversies." U.S. Const., art. III, § 2; *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). In order to establish standing under Article III, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560). "Standing is not dispensed in gross." *Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 287 (3d Cir. 2023) (internal quotation marks and citation omitted). Instead, "a plaintiff must demonstrate standing for each claim he [or she] seeks to press and for each form of relief that is sought." *Id.* (alteration added) (internal quotation marks and citation omitted).

"An injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citation omitted). To be concrete, "the asserted harm must have a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* (internal quotation marks and citation omitted). "An injury is particular when it is personal to the plaintiff." *Id.* at 288. "Injury to some third party or society at large will not do." *Id.*

Plaintiff fails to allege an injury in fact in support of any alleged cause of action, let alone one that is fairly traceable to Mr. Norcross or capable of being redressed by this Court. As set forth

at length below, Plaintiff's Complaint fails as a matter of law because Plaintiff relies on constitutional provisions and criminal statutes that do not provide for a private cause of action against Mr. Norcross. Furthermore, with respect to Mr. Norcross, Plaintiff only alleges harm to "the People's health and welfare" and "the safety and welfare of the citizens of these United States." (Compl., ¶ 75.) While the Complaint is not a model of clarity, Plaintiff seems to be speaking solely "on behalf of the American People" who passed away during the Pandemic. (*Id.*) Thus, Plaintiff's alleged injury is wholly insufficient to establish Article III standing. *Associated Builders & Contractors W. Pa.*, 81 F.4th at 288 ("Injury to some third party or society at large will not do."). Plaintiff further alleges that Mr. Norcross purchased a bank, and that he has lobbied on behalf of cannabis. (Compl., ¶¶ 137, 154.) These allegations do not establish a particularized injury to Plaintiff. *Associated Builders & Contractors W. Pa.*, 81 F.4th at 288 ("An injury is particular when it is personal to the plaintiff."). As such, Plaintiff lacks Article III standing because the Complaint is devoid of any alleged injury in fact suffered by Plaintiff that is attributable to Mr. Norcross.

## II. PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM AGAINST MR. NORCROSS

### a. Plaintiff's statutory claims against Mr. Norcross are legally deficient.

Plaintiff attempts to assert causes of action against all Defendants under Title 18 of the United States Code, which is part of the criminal code. In Paragraph 2(b) of the Complaint, Plaintiff cites to 18 U.S.C. §§ 1001, 1035, 1038, and 1519. In Paragraph 2(c), Plaintiff cites to 18 U.S. §§ 2384 and 2385. Finally, Plaintiff cites to 18 U.S.C. § 371 in Paragraph 2(d).

Plaintiff's claims against Mr. Norcross under Title 18 must be dismissed with prejudice because these criminal statutes do not provide for a private cause of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims under Title 18 "because these

are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."); *Davis v. Family Court of Phila.*, 619 Fed. Appx. 51, 52 n.2 (3d Cir. 2015) ("18 U.S.C. § 1001 is a criminal statute and does not create a private cause of action"); *Watson v. Cmty. Prop. Mgmt.*, 2019 U.S. Dist. LEXIS 131984, *8 (E.D. Pa. Aug. 6, 2019) (18 U.S.C. § 1035 "does not create a private cause of action"); *Livesay v. Murphy*, 2022 U.S. Dist. LEXIS 178646, *21 (D.N.J. Sept. 30, 2022) (18 U.S.C. §§ 1001 and 1038 "are criminal statutes that do not allow independent civil claims"); *Antonelli v. Kennedy Hosp.*, 2018 U.S. Dist. LEXIS 6591, *3 (D.N.J. Jan. 16, 2018) (18 U.S.C. § 1519 is "a federal criminal statute that does not confer a private right of action"); *Adamo v. Jones*, 2016 U.S. Dist. LEXIS 10698, *33 (D.N.J. Jan. 29, 2016) (18 U.S.C. § 2384 "is a criminal statute that does not provide a private right of action"); *Warner v. Amazon.com Servs., LLC*, 2022 U.S. Dist. LEXIS 115373, *15 (N.D. Ohio June 29, 2022) ("18 U.S.C. § 2385 does not provide a private cause of action"); *Curran v. Frosh*, 2016 U.S. Dist. LEXIS 13726, *15 (D.N.J. Feb. 1, 2016) ("18 U.S.C. § 371 is a statute in the federal criminal and penal code, and does not provide Plaintiff with a basis for a civil suit").

Because the cited criminal statutes cannot give rise to civil liability, Plaintiff's claims against Mr. Norcross under Title 18 must be dismissed with prejudice as a matter of law.

### b. Plaintiff's constitutional claims against Mr. Norcross also fail.

Plaintiff attempts to assert two constitutional claims against Defendants in the Complaint. In Paragraph 2(a), Plaintiff alleges a violation of the Take Care Clause as set forth in Article II, Section 3 of the United States Constitution. In Paragraph 2(d), Plaintiff alleges a violation of the Treason Clause as set forth in Article III, Section 3 of the Constitution.

Plaintiff's claims against Mr. Norcross lack merit for three main reasons. First, like her claims based on criminal statutes, there is no private cause of action for her constitutional claims.

9

Second, Plaintiff has not, and cannot allege, that Mr. Norcross was acting under the color of state law. Finally, Plaintiff cannot plausibly allege a claim against Mr. Norcross under either the Take Care Clause or the Treason Clause of the Constitution.

### i. There is no private cause of action under the Take Care Clause or the Treason Clause of the United States Constitution.

Plaintiff's constitutional claims against Mr. Norcross must be dismissed with prejudice because there is no private cause of action under the Take Care Clause or Treason Clause.

While the Supreme Court has not addressed the question, federal courts around the country agree that there is likely no private cause of action under the Take Care Clause. *Brnovich v. Biden*, 630 F. Supp. 3d 1157, 1178 (D. Ariz. 2022) ("The Court agrees that separation of powers principles and the Take Care Clause do not provide Plaintiffs with causes of action."); *Las Ams. Immigrant Advocacy Ctr. v. Biden*, 571 F. Supp. 3d 1173, 1180 (D. Or. 2021) ("Conscious of the Supreme Court's reluctance to create new causes of action in constitutional cases and finding no unambiguous directive that the Take Care Clause creates a private cause of action, this Court declines to find that it does so here."); *City of Columbus v. Trump*, 453 F. Supp. 3d 770, 800 (D. Md. 2020) ("The viability of the 'Take Care Clause' as a stand-alone cause of action is, to put it lightly, uncertain. No court in this circuit, or any other circuit, has definitively found that the 'Take Care Clause' provides a private cause of action which a plaintiff may bring against the President of the United States or his administration.").

Federal courts likewise hold that "there is no private cause of action for treason" under the Treason Clause of the Constitution. *Bormuth v. Consumers Energy Co.*, 2023 U.S. Dist. LEXIS 233074, *13 (E.D. Mich. Dec. 12, 2023); *Doe v. FBI*, 2019 U.S. Dist. LEXIS 9751, *9 (D. Md. Jan. 22, 2019) ("No private right of action exists that would allow an individual plaintiff to pursue

10

a civil claim against a government agency" for "treason in violation of Article III, Section III of the United States Constitution.").

Accordingly, Plaintiff's constitutional claims against Mr. Norcross must be dismissed with prejudice as a matter of law, since no private cause of action exists.

### ii. Mr. Norcross is not a state actor amendable to suit under Section 1983.

Even if a private cause of action did exist, Plaintiff cannot plausibly allege that Mr. Norcross was acting under the color of state law, thus her constitutional claims must be dismissed.[3]

To bring a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). To act under the color of state law, the defendant must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (internal quotation marks and citation omitted). Section 1983 "does not provide a cause of action for merely private conduct." *Schneller v. Phila. Newspapers Inc.*, 577 Fed. Appx. 139, 143 (3d Cir. 2014) (internal quotation marks and citation omitted).

In this matter, Plaintiff does not allege any facts in the Complaint demonstrating that Mr. Norcross is a state actor. Unlike the other individual Defendants, Plaintiff does not allege that Mr. Norcross holds or has held public office at the state or federal level. As alleged by Plaintiff, Mr. Norcross is a private citizen who is involved in various private business ventures. (Compl., ¶ 30.) Plaintiff claims that Mr. Norcross is "Chairman of the Board of Trustees" for "Cooper Health

---

[3] Plaintiff invokes this Court's jurisdiction pursuant to Section 1983 in Paragraph 45 of the Complaint. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law.").

11

System and Cooper University Hospital". (*Id.*) Plaintiff further claims that Mr. Norcross "served as Executive Chairman of Conner, Strong & Buckelew, an insurance brokerage firm", and that "he developed the Liberty Property Trust" "as an investor." (*Id.*) Simply alleging that Mr. Norcross is "influential in the New Jersey political landscape" is wholly insufficient to transform a private citizen into a state actor subject to liability under Section 1983.

Accordingly, the Court must dismiss Plaintiff's constitutional claims against Mr. Norcross because the Complaint contains no facts supporting a reasonable inference of state action.

### iii. The Take Care Clause and the Treason Clause of the United States Constitution do not apply to Mr. Norcross.

Finally, even if a private cause of action existed, and Mr. Norcross was acting under the color of state law, the Take Care and Treason Clauses are inapplicable to Mr. Norcross. The Take Care Clause, which addresses presidential powers, provides that the President of the United States "shall take Care that the Laws be faithfully executed". U.S. Const., art. II, § 3. Plaintiff does not allege that Mr. Norcross was the President or a member of a presidential administration. Thus, it is unclear how Mr. Norcross could have violated the Take Care Clause. Furthermore, the Treason Clause provides: "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort." U.S. Const., art. III, § 3, cl. 1. Plaintiff does not allege any conduct whatsoever on the part of Defendants, including Mr. Norcross, that could constitute a violation of the Treason Clause. The Complaint is nothing more than delusional ranting. Accordingly, Plaintiff's constitutional claims against Mr. Norcross are frivolous and must be dismissed.

### c. The Court should dismiss Plaintiff's Complaint with prejudice because amendment is futile.

When a court grants a motion pursuant to Fed. R. Civ. P. 12(b)(6), "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 236. "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal quotation marks and citation omitted).

In this case, granting Plaintiff leave to amend would be futile. Plaintiff's Complaint is both legally and factually deficient. Plaintiff does not have standing to assert claims on behalf of the "United States and her citizens." (Compl., ¶ 172.) Furthermore, Plaintiff relies on constitutional provisions and criminal statutes that do not provide for a private cause of action. Even if those sources of authority could give rise to civil liability, Plaintiff will never be able to establish her claims against Mr. Norcross. Plaintiff's Complaint is nothing more than a string of conspiracy theories regarding "masked assailants" who "murdered their own citizenry."[4] (*Id.*)

## CONCLUSION

For the reasons set forth herein, Mr. Norcross respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff's Complaint is frivolous, and the allegations against Mr. Norcross specious.

Dated: February 21, 2024

Respectfully submitted,

*s/ Susan M. Leming*
Susan M. Leming, Esq.

---

[4] On February 2, 2024, Defendant Robert Junge filed crossclaims against Defendants, including Mr. Norcross, for contribution and indemnification under New Jersey state law. (ECF No. 13.) If the Court grants the instant motion, Mr. Norcross respectfully requests that it decline to exercise supplemental jurisdiction over Defendant Junge's crossclaims against Mr. Norcross, pursuant to 28 U.S.C. § 1367(c)(3).

13