## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN, individually and on behalf of those similarly situated, *Pro-se*; | Civil Action No. 3:24-cv-0040 (ZNQ-TJB) |
| Plaintiff, | |
| v. | **RETURN DATE: APRIL 1, 2024** |
| MERRITT GARLAND, in his official capacity Attorney General, Department of Justice, et al., | |
| Defendants. | |

### MEMORANDUM OF LAW IN SUPPORT OF THE DEMOCRATIC NATIONAL COMMITTEE'S CONSOLIDATED MOTION TO DISMISS THE COMPLAINT AND DEFENDANT ROBERT JUNGE'S CROSSCLAIMS

Dated: March 5, 2024

**SILLS CUMMIS & GROSS P.C.**
Nicole G. McDonough, Esq.
One Riverfront Plaza
Newark, New Jersey 07012
Telephone: (973) 643-5967
nmcdonough@sillscummis.com

OF COUNSEL:

**KAPLAN HECKER & FINK LLP**
Shawn G. Crowley, *pro hac vice pending*
Maximillian Feldman, *pro hac vice pending*
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
scrowley@kaplanhecker.com
mfeldman@kaplanhecker.com

*Attorneys for Defendant the Democratic National Committee*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ 1

PROCEDURAL AND FACTUAL BACKGROUND.................................................... 1

ARGUMENT .............................................................................................................. 4

    A.   The Complaint Fails to Establish Article III Standing........................................4

    B.   The Complaint Fails to State a Claim for Relief..............................................5

    C.   Dismissal With Prejudice is Appropriate.........................................................7

    D.   The Court Should Award the DNC Its Costs in Plaintiff's Previously Dismissed Action.........................................................................................................8

    E.   The Court Should Dismiss Defendant Robert Junge's Crossclaims...................9

CONCLUSION............................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................ 6

*Ballentine v. United States*,
  486 F.3d 806 (3d Cir. 2007) ............................................................ 4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................ 6

*Berg v. Obama*,
  586 F.3d 234 (3d Cir. 2009) ............................................................ 5

*California v. Texas*,
  593 U.S. 659 (2021) ........................................................................ 5

*Centennial Plaza Prop, LLC v. Trane U.S. Inc.*,
  No. 22 Civ. 1262, 2022 WL 17582548, (D.N.J. Dec. 12, 2022) .................. 8, 9

*Coniker v. Monfortoh*,
  No. 23-1507, 2023 WL 7411531 (3d Cir. Nov. 9, 2023) ................................. 7

*Conley v. Gibson*,
  355 U.S. 41 (1957) .......................................................................... 6

*Davis v. Ruby Foods, Inc.*,
  269 F.3d 818 (7th Cir. 2001) ............................................................ 6

*Gambrell v. S. Brunswick Bd. of Educ.*,
  No. 18 Civ. 16359, 2019 WL 5212964 (D.N.J. Oct. 16, 2019) ....................... 6

*Garrett v. Wexford Health*,
  938 F.3d 69 (3d Cir. 2019) ............................................................... 6

*Garza v. Citigroup Inc.*,
  881 F.3d 277 (3d Cir. 2018) ............................................................. 8, 9

*Hensley v. Eckerhart*,
    461 U.S. 424, 429 (1983) ................................................................................. 9

*Horowitz v. 148 S. Emerson Assocs. LLC*,
    888 F.3d 13 (2d Cir. 2018) ............................................................................. 9

*Jurin v. Google Inc.*,
    695 F. Supp. 2d 1117 (E.D. Cal. 2010) ....................................................... 9

*Lance v. Coffman*,
    549 U.S. 437 (2007) ....................................................................................... 5

*Marias v. Bank of Am., N.A.*,
    No. 14 Civ. 4986, 2015 WL 4064780 (D.N.J. July 1, 2015) ....................... 8

*McCormick v. Kline*,
    670 F. App'x 764 (3d Cir. 2016) .................................................................. 7

*Russell-Brown v. Jerry, II*,
    270 F.R.D. 654 (N.D. Fla. 2010) ................................................................. 9

*Schaedler v. Reading Eagle Publ'n, Inc.*,
    370 F.2d 795 (3d Cir. 1967) ......................................................................... 6

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ....................................................................................... 4

*U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*,
    769 F.3d 837 (3d Cir. 2014) ......................................................................... 7

*White v. Pagotto*,
    No. 22-3257, 2023 WL 4929306 (3d Cir. Aug. 2, 2023) ............................. 7

## FEDERAL RULES

Fed. R. Civ. P. 8 ..................................................................................... 5, 6

Fed. R. Civ. P. 12(b)(6) .............................................................................. 6

Fed. R. Civ. P. 41(d) ............................................................................. 8, 9

**LOCAL RULES**

Local Rule 54.2 ........................................................................................................... 9

## PRELIMINARY STATEMENT

Over the last five months, Plaintiff has filed or sought to file five complaints, in two lawsuits, against the Democratic National Committee ("DNC") and various other entities and individuals with no discernible connection to one another. These complaints, including the instant complaint, have been entirely devoid of any alleged factual matter sufficient to state a plausible claim for relief against the DNC or to establish Plaintiff's standing to sue the DNC. Plaintiff's successive, specious lawsuits constitute straightforward abuse of the judicial system. Accordingly, the Court should dismiss this action with prejudice and award the DNC its costs in Plaintiff's prior, voluntarily dismissed action. In addition, the Court should dismiss Defendant Robert Junge's crossclaims for indemnification and contribution.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 13, 2023 and October 23, 2023, respectively, Plaintiff filed a complaint and an amended complaint against the DNC and eighteen other named defendants in a case captioned *Logan v. Lamont et al.*, No. 3:23 Civ. 21174 (ZNQ-TJB) (D.N.J. Oct. 13, 2023) ("First Action"). *See* ECF 1, 6. On November 30, 2023, the DNC filed a motion to dismiss the amended complaint. *See* First Action, ECF 27. On December 1, 2023, a request from Plaintiff seeking leave to amend the complaint again was docketed. *See* First Action, ECF 30. The Court denied this request as deficient. *See* First Action, ECF 31. Plaintiff then failed to timely oppose

1

the DNC's motion to dismiss and filed an additional request for leave to amend that failed to comply with this District's Local Rules (or this Court's order that any such request must comply with the Local Rules). *See* First Action, ECF 31, 49, 50. Faced with this effective default on her frivolous claims against the DNC, Plaintiff voluntarily dismissed the First Action pursuant to Rule 41(1)(A)(i). *See* First Action, ECF 54.

Just six days later, however, Plaintiff filed the instant lawsuit, which centers on the same baseless allegations as the First Action. *See* Compl., *Logan v. Garland et al.*, No. 3:24 Civ. 0040 (ZNQ-TJB) (D.N.J. Jan. 4, 2024), ECF 1 ("Compl."). Plaintiff references the DNC in five paragraphs of her Complaint:

- "Defendant, the DEMOCRATIC NATIONAL COMMITTEE, in its current form and organizational structure, in the supervisory role of national convention with presidential candidates, fund raising, commissions polls, and coordination of campaign strategies for the Democratic Party and its member body." Compl. ¶ 39.

- "Plaintiff asserts that the Defendant, the DEMOCRATIC NATIONAL COMMITTEE, has knowingly concealed facts and material evidence, deceived, and obstructed the interests and safety of the citizens of these United States, (*See* 18 U.S.C. 1519); *Yates v. United States*, 574 U.S. 528, 135 S. Ct. 1074, 191 L. Ed. 2d 64, 25 Fla. L. Weekly Supp. 93 (2015). In maintaining its silence throughout the epidemic known as COVID-19 and prior, *intentio mea imponit nomen operi meo*, the Defendant has willfully disemboweled the Executive Branch and its' Constitutional protections, (*See* Article II, Section 1) an unlawful trespass, manifesting himself as an intercessor within the informed Executive authority vested President, Donald J. Trump as well as the People's safeguard of policies, statutes and laws afforded in official capacity and persons of his designation under Proclamation 9994. The Defendant's actions were both knowing and calculated, predetermined to exact an outcome at a specific time, divorced of human dignity as to those

2

People who died, calculable depraved indifference. (*See* Title 18, U.S.C. § 242; Public Law 1007-56 § 1001; the Patriot Act, [P.L. 107-56; 115 Stat. 272; approved October 26, 2001] [as Amended Through P.L. 117-286, Enacted December 27, 2022]; Title VII, the Civil Rights Act of 1964)). By the knowing and willful actions of the Defendant and those of its designation, yet to be named inclusive of entities who are for profit and not for profit, the Defendant has evidenced willful deception resulting in the death of innocent persons of these United States, it has irrefutably evidenced malicious indifference/depraved-heart murder, (*See Commonwealth v. Malone*, 354 Pa. 180, 47 A 2d 445 (1946) such acts of treason with the intent to defraud these United States. (*See* 18 U.S.C. § 371; *Hass v. Henkle*, 216 U.S. 462 (1910); and *Hammerschmidt v. United States*, 265 U.S. 182 (1924))." *Id.* ¶ 84 (footnote omitted, bracketed text in original).

- "Plaintiff asserts that the DNC has knowingly aided the elected and appointed persons herein named as Defendants, aided, and abetted their activities, no less culpable. One example is Alan Flacks who has a long history and one which is directly tied to 9/11. Mr. Flacks lobbies by convention of persons to intimate the movement of Judges in New York City, among them Arthur Engoron; compromising all vestiges of Justice and the Rule of Law." *Id.* ¶ 99.

- "Plaintiff asserts that Defendants, the DEMOCRATIC NATIONAL COMMITTEE, LORETTA LYNCH, ERIC HOLDER, JAMES COMEY, ROBERT MUELLER, JOHN KERRY, NANCY PELOSI, among others, consented and became party to treason by their actions of deception to protect and perpetuate the schemes as set forth herein." *Id.* ¶ 122.

- "Plaintiff asserts that the Defendant, THE DEMOCRATIC NATIONAL COMMITTEE, disclosed their culpability as well their intent to deceive as regards the Seth Rich laptop and dubious claims of Russian hacking; the FBI accompanied the DNC in echoed chorus, compromising their investigative integrity as much their reputation. As an American citizen, Plaintiff states for the record that the foregoing facts weigh heavy on the mind. *(See Huddleston v. Federal Bureau of Investigation, et al.*, Case No. 4:20-cv-447-ALM)." *Id.* ¶ 153.

Plainly, there are no specific facts alleged here, let alone facts sufficient to state a legal claim or establish standing. Therefore, as explained in further detail

below, Plaintiff's complaint should be dismissed as to the DNC.

On February 2, 2024, Defendant Robert Junge filed an Answer that asserted crossclaims for contribution and indemnification against all defendants.  *See* ECF 13.  These crossclaims contain no factual allegations concerning the DNC (or any other defendant).  Accordingly, they should also be dismissed as against the DNC.

## ARGUMENT

### A. The Complaint Fails to Establish Article III Standing.

To establish standing and invoke the jurisdiction of the federal courts, a plaintiff must satisfy three requirements: (i) injury in fact; (ii) traceability; and (iii) redressability.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The Complaint founders on all three requirements, and it should therefore be dismissed pursuant to Rule 12(b)(1).  *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (assessing Article III standing under Rule 12(b)(1)).

Though far from clear, Ms. Logan centers her grievances around the September 11 attacks, the 2008 financial crisis, and COVID-19.  *See* Compl. ¶ 91 ("Plaintiff presents evidence . . . of three distinct historic crises," namely "September 11, 2001," the "Emergency Economic Stabilization Act of 2008 and TARP," and "COVID-19").  But the Complaint does not specify how the DNC relates to (or caused harm in connection with) these historical events—and therefore fails to show "concrete, particularized" injury in fact that is "'fairly traceable'" to unlawful action

4

(or any action) by the DNC, *California v. Texas*, 593 U.S. 659, 669, 680 (2021) (internal citation omitted). Further, there is no connection between Plaintiff's vague allegations of wrongdoing and her requested relief—including $8 billion in compensatory and punitive damages, "the immediate release of those prisoners unconstitutionally held regarding January 6, 2001 events," the end of early or absentee voting (presumably nationwide), and the imposition of "federal School Choice vouchers"—which is, in any event, largely beyond the scope of relief this Court can order. *See* Compl., ECF 1 ¶¶ 165-178.

To the extent Plaintiff's claims are discernible at all, they are precisely the sort of "generalized grievances," reflecting that the plaintiff has "suffer[ed] in some indefinite way in common with people generally," that the Supreme Court has said cannot establish Article III standing to sue. *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (internal citation and quotation marks omitted). For these reasons, the Court should dismiss the Complaint for want of Article III standing. *See Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (affirming dismissal of *pro se* challenge to President Obama's eligibility to run and serve as President of the United States for want of Article III standing).

**B. The Complaint Fails to State a Claim for Relief.**

The Complaint also fails to satisfy the basic requirements of Federal Rule of Civil Procedure 8—fair notice and facial plausibility—and therefore must also be

10453446 v3

dismissed for failure to state a claim, pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8 requires every complaint to include a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that "'the defendant [has] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). *Pro se* complaints can fail to satisfy even this "basic notice function of a pleading," *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)) where they are too "'vague or ambiguous'" to expect a "defendant . . . to respond to it," *id.* (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)).

The Complaint does not satisfy these pleading standards. It is devoid of "any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction, and therefore [the Complaint] wholly fails to comply with Twombly/Iqbal and Federal Rule of Civil Procedure 8(a)." *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18 Civ. 16359, 2019 WL 5212964, at *3 (D.N.J. Oct. 16, 2019) (Sheridan, J.)

(internal citation and quotation marks omitted). Plaintiff's vague and unexplained references to COVID-19, the "disembowel[ment]" of "the Executive Branch and its' Constitutional protections," the September 11 attacks, the "Seth Rich laptop," and "dubious claims of Russian hacking" are plainly insufficient to state a claim, and the Complaint must be dismissed for this reason as well. *See, e.g., Coniker v. Monfortoh*, No. 23-1507, 2023 WL 7411531, at *2 (3d Cir. Nov. 9, 2023) (per curiam) (affirming dismissal of pro se complaint lacking a "comprehendible factual narrative"); *White v. Pagotto*, No. 22-3257, 2023 WL 4929306, at *2 (3d Cir. Aug. 2, 2023) (per curiam) (affirming dismissal of *pro se* complaint that was "entirely unclear" as to "what actions the defendant took or what harm, if any, occurred"); Compl. ¶¶ 49, 84, 99, 122, 153.

## C. Dismissal With Prejudice is Appropriate.

Dismissal with prejudice is appropriate here because amendment of the Complaint "would be futile." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014); *McCormick v. Kline*, 670 F. App'x 764, 765–66 (3d Cir. 2016) (affirming dismissal of *pro se* complaint without leave to amend). Here, the Complaint is merely a vehicle to air generalized, non-cognizable grievances. No amendment can cure this central deficiency—indeed, the instant Complaint is, effectively, Plaintiff's fourth bite at the apple. Plaintiff simply does not have any cognizable legal claim against the DNC, and she should not be

permitted another opportunity to waste the Court's time and resources yet again.

### D. The Court Should Award the DNC Its Costs in Plaintiff's Previously Dismissed Action.[1]

Federal Rule of Civil Procedure 41(d) provides for the award of the costs of a "previously dismissed action" where "a plaintiff who previously dismissed an action" proceeds to file a second action "based on or including the same claim against the same defendant."  Fed. R. Civ. P. 41(d); *see also Garza v. Citigroup Inc.*, 881 F.3d 277, 281 (3d Cir. 2018) ("[W]hen a plaintiff has voluntarily dismissed a case, and later files a case with the same claim against the same defendant, the district court in the later action may order the plaintiff to pay of the 'costs' of the voluntarily dismissed case.").  Rule 41(d) does not require identical lawsuits.  The Rule applies to award the costs of the previously dismissed action where the two actions are "virtually the same." *Centennial Plaza Prop, LLC v. Trane U.S. Inc.*, No. 22 Civ. 1262, 2022 WL 17582548, at *5 (D.N.J. Dec. 12, 2022); *Marias v. Bank of Am., N.A.*, No. 14 Civ. 4986, 2015 WL 4064780, at *5 (D.N.J. July 1, 2015).

Rule 41(d) is satisfied here.  Ms. Logan filed this action against the DNC, alleging a claim about COVID-19, six days after voluntarily dismissing the prior action against the DNC—also about COVID-19.  And she relies on the same

---

[1] Rule 41(d) requests may be included within the body of a motion to dismiss.  *See, e.g.*, *Marias v. Bank of Am., N.A.*, No. 14 Civ. 4986, 2015 WL 4064780, at *2 (D.N.J. July 1, 2015) (explaining that the defendant included its Rule 41(d) request on pages 6 and 7 of its Rule 12(b)(6) motion).

10453446 v3

essential facts in both actions.  It does not matter that Ms. Logan has added new defendants, *see Centennial Plaza*, 2022 WL 17582548 at *1, 5, or that she has added allegations referencing September 11 and the 2008 financial crisis, *see* Fed. R. Civ. P. 41(d) (providing for costs if the new action "include[s]" the same claim as before); *Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 660 (N.D. Fla. 2010) (noting that Rule 41(d) may apply when the second lawsuit adds new claims); *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010) (similar); *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23-24 (2d Cir. 2018) (similar).  Accordingly, Plaintiff should be required to pay the DNC's costs defending her previously dismissed action.  *See Logan v. Lamont et al.*, No. 3:23 Civ. 21174 (D.N.J. Oct. 13, 2023) (ZNQ-TJB).  Upon dismissal of the current action, the DNC will submit a declaration to support the amount of costs incurred and thus awardable under Rule 41(d).  *See* Local Rule 54.2.[2]

### E. The Court Should Dismiss Defendant Robert Junge's Crossclaims

Finally, Defendant Robert Junge's crossclaims should be dismissed as against the DNC.  Mr. Junge states that "should liability be found against this Defendant,

---

[2] Awardable costs from the prior action can include attorneys' fees where the plaintiff brings the claim under a statutory cause of action that allows for attorneys' fees, *see Garza*, 881 F.3d at 285, such as Title VI of the Civil Rights Act of 1964, *see* 42 U.S.C. § 1988(b); First Action, ECF 6 at 58-60 (invoking Title VI of the Civil Rights Act of 1964). "A prevailing defendant may recover" attorneys' fees under Section 1988, where, as here, the "suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *see also Garza*, 881 F.3d at 283 n.6. The DNC reserves all rights to seek its attorneys' fees in the prior action.

she [sic] is entitled to and hereby claim contribution from the co-defendants pursuant to the New Jersey Join Tortfeasors Contribution Act, N.J. Stat. § 2A:53A-1, *et. seq.*, and the Comparative Negligence Act, N.J. Stat. § 2A:15-5.1, *et seq.*," and that "her [sic] negligence, if any, was passive, vicarious and imputed, whereas the negligence of the co-defendants was primary and active." ECF 13. These bare assertions are entirely unsupported by any factual allegations against the DNC (or any other defendant). Accordingly, they should be dismissed.

## <u>CONCLUSION</u>

For the reasons set forth above, the Court should dismiss the Complaint with prejudice as against the DNC pursuant to Rules 12(b)(1) and (b)(6),[3] award the DNC its costs in defending Plaintiff's previously dismissed action pursuant to Rule 41(d), and dismiss Defendant Robert Junge's crossclaims against the DNC pursuant to Rule 12(b)(6).

---

[3] The DNC also incorporates by reference all arguments for dismissal made in its motion to dismiss in the First Action. *See* DNC MTD, 23 Civ. 21174, ECF 27-1.

Dated: March 5, 2024                         Respectfully submitted,

                                             */s/ Nicole G. McDonough*_____

                                             Nicole G. McDonough, Esq.
                                             **SILLS CUMMIS & GROSS P.C.**
                                             One Riverfront Plaza
                                             Newark, New Jersey 07012
                                             Telephone: (973) 643-5967
                                             nmcdonough@sillscummis.com

                                             OF COUNSEL:
                                             Shawn G. Crowley, *pro hac vice pending*
                                             Maximillian Feldman, *pro hac vice pending*
                                             **KAPLAN HECKER & FINK LLP**
                                             350 Fifth Avenue, 63rd Floor
                                             New York, New York 10118
                                             Telephone: (212) 763-0883
                                             scrowley@kaplanhecker.com
                                             mfeldman@kaplanhecker.com

                                             *Attorneys for Defendant the Democratic National Committee*

11