**Public Health**

§ 2801-a. Establishment or incorporation of hospitals. 1. No hospital, as defined in this article, shall be established except with the written approval of the public health and health planning council. No certificate of incorporation of a business membership or not-for-profit corporation shall hereafter be filed which includes among its corporate purposes or powers the establishment or operation of any hospital, as defined in this article, or the solicitation of contributions for any such purpose, or two or more of such purposes, except with the written approval of the public health and health planning council, and when otherwise required by law of a justice of the supreme court, endorsed on or annexed to the certificate of incorporation. No articles of organization of a limited liability company established pursuant to the New York limited liability company law which includes among its powers or purposes the establishment or operation of any hospital as defined in this article, shall be filed with the department of state except upon the approval of the public health and health planning council.

2. With respect to the incorporation or establishment of any hospital, as defined in this article, the public health and health planning council shall give written approval after all of the following requirements have been met. An application for approval of the proposed certificate of incorporation, articles of organization or establishment shall be filed with the public health and health planning council together with such other forms and information as shall be prescribed by, or acceptable to, the public health and health planning council. Thereafter, the public health and health planning council shall forward a copy of the proposed certificate or application for establishment, and accompanying documents, to the health systems agency, if any, having geographical jurisdiction of the area where the proposed institution is to be located. The public health and health planning council shall act upon such application after the health systems agency has had a reasonable time to submit their recommendations. At the time members of the public health and health planning council are notified that an application is scheduled for consideration, the applicant and the health systems agency shall be so notified in writing. The public health and health planning council shall afford the applicant an opportunity to present information in person concerning the application to a committee designated by the council. The public health and health planning council shall not take any action contrary to the advice of the health systems agency until it affords to the health systems agency an opportunity to request a public hearing and, if so requested, a public hearing shall be held. If the public health and health planning council proposes to disapprove the application it shall afford the applicant an opportunity to request a public hearing. The public health and health planning council may hold a public hearing on the application on its own motion. Any public hearing held pursuant to this subdivision may be conducted by the public health and health planning council, or by any individual designated by the public health and health planning council. Beginning on January first, nineteen hundred ninety-four, and each year thereafter, a complete application received between January first and June thirtieth of each year shall be reviewed by the appropriate health systems agency and the department and presented to the public health and health planning council for its consideration prior to June thirtieth of the following year and a complete application received between July first and December thirty-first of each year

shall be reviewed by the appropriate health systems agency and the department presented to the public health and health planning council for consideration prior to December thirty-first of the following year.

2-a. (a) Notwithstanding any provision of law to the contrary, the commissioner is authorized to approve a certificate of incorporation or articles of organization for establishment of a hospital, provided that: (i) the certificate of incorporation or articles of organization reflects solely a change in the form of the business organization of an existing entity which had been approved by the public health and health planning council or its predecessor; and (ii) every incorporator, stockholder, member, director and sponsor of the new entity shall have been an owner, partner, incorporator, stockholder, member, director or sponsor of the existing entity; and (iii) the distribution of ownership, interests and voting rights in the new entity shall be the same as in the existing entity; and (iv) there shall be no change in the operator of a hospital other than the form of its business organization, as a result of the approval of such certificate of incorporation or articles of organization. Any approval by the public health and health planning council of a person as an owner, incorporator, stockholder, member, director or sponsor in the existing entity shall be deemed to be approval for the same degree of participation in the new entity. If the proposal is acceptable to the commissioner an amended operating certificate shall be issued. In the event the commissioner determines that the proposed transfer is not approvable the application shall be referred to the public health and health planning council for its review and action. If the public health and health planning council proposes to disapprove the application, it shall afford the applicant an opportunity to request a public hearing and, if so requested, a public hearing shall be held. Any public hearing held pursuant to this subdivision may be conducted by the public health and health planning council, or by any individual designated by the public health and health planning council.

3. The public health and health planning council shall not approve a certificate of incorporation, articles of organization or application for establishment unless it is satisfied, insofar as applicable, as to (a) the public need for the existence of the institution at the time and place and under the circumstances proposed, provided, however, that in the case of an institution proposed to be established or operated by an organization defined in subdivision one of section one hundred seventy-two-a of the executive law, the needs of the members of the religious denomination concerned, for care or treatment in accordance with their religious or ethical convictions, shall be deemed to be public need; (b) the character, competence, and standing in the community, of the proposed incorporators, directors, sponsors, stockholders, members or operators; with respect to any proposed incorporator, director, sponsor, stockholder, member or operator who is already or within the past ten years has been an incorporator, director, sponsor, member, principal stockholder, principal member, or operator of any hospital, private proprietary home for adults, residence for adults, or non-profit home for the aged or blind which has been issued an operating certificate by the state department of social services, or a halfway house, hostel or other residential facility or institution for the care, custody or treatment of the mentally disabled which is subject to approval by the department of mental hygiene, no approval shall be granted unless the public health and health planning council, having afforded an adequate opportunity to members of health systems agencies, if any, having geographical jurisdiction

of the area where the institution is to be located to be heard, shall affirmatively find by substantial evidence as to each such incorporator, director, sponsor, principal stockholder or operator that a substantially consistent high level of care is being or was being rendered in each such hospital, home, residence, halfway house, hostel, or other residential facility or institution with which such person is or was affiliated; for the purposes of this paragraph, the public health and health planning council shall adopt rules and regulations, subject to the approval of the commissioner, to establish the criteria to be used to determine whether a substantially consistent high level of care has been rendered, provided, however, that there shall not be a finding that a substantially consistent high level of care has been rendered where there have been violations of the state hospital code, or other applicable rules and regulations, that (i) threatened to directly affect the health, safety or welfare of any patient or resident, and (ii) were recurrent or were not promptly corrected; (c) the financial resources of the proposed institution and its sources of future revenues; and (d) such other matters as it shall deem pertinent.

   3-a. Notwithstanding any other provisions of this chapter, the public health council is hereby empowered to approve the establishment, for demonstration purposes, of not more than one existing hospital within the geographical jurisdiction of each health systems agency established under the provisions of subdivision (c) of section twenty-nine hundred four of this chapter. The purposes of such hospitals shall be to offer and provide nursing home services, board and lodging to persons requiring such services within one hospital. The public health council may approve the establishment of such hospitals without regard to the requirement of public need as set forth in subdivision three of this section.

   4. (a) Any change in the person who is the operator of a hospital shall be approved by the public health and health planning council in accordance with the provisions of subdivisions two and three of this section. Notwithstanding any inconsistent provision of this paragraph, any change by a natural person who is the operator of a hospital seeking to transfer part of his or her interest in such hospital to another person or persons so as to create a partnership shall be approved in accordance with the provisions of paragraph (b) of this subdivision.

   (b) (i) Any transfer, assignment or other disposition of ten percent or more of an interest or voting rights in a partnership or limited liability company, which is the operator of a hospital to a new partner or member, shall be approved by the public health and health planning council, in accordance with the provisions of subdivisions two and three of this section, except that: (A) any such change shall be subject to the approval by the public health and health planning council in accordance with paragraph (b) of subdivision three of this section only with respect to the new partner or member, and any remaining partners or members who have not been previously approved for that facility in accordance with such paragraph, and (B) such change shall not be subject to paragraph (a) of subdivision three of this section.

   (ii) With respect to a transfer, assignment or disposition involving less than ten percent of an interest or voting rights in such partnership or limited liability company to a new partner or member, no prior approval of the public health and health planning council shall be required. However, no such transaction shall be effective unless at least ninety days prior to the

EXHIBIT 19

intended effective date thereof, the partnership or limited liability company fully completes and files with the public health and health planning council notice on a form, to be developed by the public health and health planning council, which shall disclose such information as may reasonably be necessary for the public health and health planning council to determine whether it should bar the transaction for any of the reasons set forth in item (A), (B), (C) or (D) below. Within ninety days from the date of receipt of such notice, the public health and health planning council may bar any transaction under this subparagraph: (A) if the equity position of the partnership or limited liability company, determined in accordance with generally accepted accounting principles, would be reduced as a result of the transfer, assignment or disposition; (B) if the transaction would result in the ownership of a partnership or membership interest by any persons who have been convicted of a felony described in subdivision five of section twenty-eight hundred six of this article; (C) if there are reasonable grounds to believe that the proposed transaction does not satisfy the character and competence criteria set forth in subdivision three of this section; or (D) if the transaction, together with all transactions under this subparagraph for the partnership, or successor, during any five year period would, in the aggregate, involve twenty-five percent or more of the interest in the partnership. The public health and health planning council shall state specific reasons for barring any transaction under this subparagraph and shall so notify each party to the proposed transaction.

   (iii) With respect to a transfer, assignment or disposition of an interest or voting rights in such partnership or limited liability company to any remaining partner or member, which transaction involves the withdrawal of the transferor from the partnership or limited liability company, no prior approval of the public health and health planning council shall be required. However, no such transaction shall be effective unless at least ninety days prior to the intended effective date thereof, the partnership or limited liability company fully completes and files with the public health and health planning council notice on a form, to be developed by the public health and health planning council, which shall disclose such information as may reasonably be necessary for the public health and health planning council to determine whether it should bar the transaction for the reason set forth below. Within ninety days from the date of receipt of such notice, the public health and health planning council may bar any transaction under this subparagraph if the equity position of the partnership or limited liability company, determined in accordance with generally accepted accounting principles, would be reduced as a result of the transfer, assignment or disposition. The public health and health planning council shall state specific reasons for barring any transaction under this subparagraph and shall so notify each party to the proposed transaction.

   (c) Any transfer, assignment or other disposition of ten percent or more of the stock or voting rights thereunder of a corporation which is the operator of a hospital or which is a member of a limited liability company which is the operator of a hospital to a new stockholder, or any transfer, assignment or other disposition of the stock or voting rights thereunder of such a corporation which results in the ownership or control of more than ten percent of the stock or voting rights thereunder of such corporation by any person not previously approved by the public health and health planning council, or its predecessor, for that corporation shall be subject to approval by the public health and health planning council,

in accordance with the provisions of subdivisions two and three of this section and rules and regulations pursuant thereto; except that: any such transaction shall be subject to the approval by the public health and health planning council in accordance with paragraph (b) of subdivision three of this section only with respect to a new stockholder or a new principal stockholder; and shall not be subject to paragraph (a) of subdivision three of this section. In the absence of such approval, the operating certificate of such hospital shall be subject to revocation or suspension. No prior approval of the public health and health planning council shall be required with respect to a transfer, assignment or disposition of ten percent or more of the stock or voting rights thereunder of a corporation which is the operator of a hospital or which is a member of a limited liability company which is the owner of a hospital to any person previously approved by the public health and health planning council, or its predecessor, for that corporation. However, no such transaction shall be effective unless at least ninety days prior to the intended effective date thereof, the stockholder completes and files with the public health and health planning council notice on forms to be developed by the public health and health planning council, which shall disclose such information as may reasonably be necessary for the public health and health planning council to determine whether it should bar the transaction. Such transaction will be final as of the intended effective date unless, prior thereto, the public health and health planning council shall state specific reasons for barring such transactions under this paragraph and shall notify each party to the proposed transaction. Nothing in this paragraph shall be construed as permitting a person not previously approved by the public health and health planning council for that corporation to become the owner of ten percent or more of the stock of a corporation which is the operator of a hospital or which is a member of a limited liability company which is the owner of a hospital without first obtaining the approval of the public health and health planning council.

   (d) No hospital shall be approved for establishment which would be operated by a limited partnership, or by a partnership any of the members of which are not natural persons.

   (e) No hospital shall be approved for establishment which would be operated by a corporation any of the stock of which is owned by another corporation or a limited liability company if any of its corporate members' stock is owned by another corporation.

   (f) No corporation shall be a member of a limited liability company authorized to operate a hospital unless its proposed incorporators, directors, stockholders or principal stockholders shall have been approved in accordance with the provisions of subdivision three of this section applicable to the approval of the proposed incorporators, directors or stockholders of any other corporation requiring approval for establishment.

   (g) A natural person appointed as trustee of an express testamentary trust, created by a deceased sole proprietor, partner or shareholder in the operation of a hospital for the benefit of a person of less than twenty-five years of age, may, as the trustee, apply pursuant to subdivision two of this section for approval to operate or participate in the operation of a facility or interest therein which is included in the corpus of such trust until such time as all beneficiaries attain the age of twenty-five, unless the trust instrument provides for earlier termination, or such beneficiaries receive establishment approval in their own right, or until a

transfer of the trust corpus is approved by the public health and health planning council, in accordance with this subdivision and subdivisions two and three of this section, whichever first occurs. The public health and health planning council shall not approve any such application unless it is satisfied as to:

   (i) the character, competence and standing in the community of each proposed trustee operator pursuant to the provisions of paragraph (b) of subdivision three of this section; and

   (ii) the ability of the trustee under the terms of the trust instrument to operate or participate in the operation of the hospital in a manner consistent with this chapter and regulations promulgated pursuant thereto.

   (h) A natural person appointed conservator pursuant to article eighty-one of the mental hygiene law, or a natural person appointed committee of the property of an incompetent pursuant to article eighty-one of the mental hygiene law or a sole proprietor, partner or shareholder of a hospital, may apply pursuant to subdivision two of this section for approval to operate a hospital owned by the conservatee or incompetent for a period not exceeding two years or until a transfer of the hospital is approved by the public health and health planning council in accordance with subdivisions two and three of this section, whichever occurs first. The public health and health planning council shall not approve any such application unless it is satisfied as to:

   (i) the character, competence and standing in the community of the proposed conservator operator or committee operator pursuant to the provisions of paragraph (b) of subdivision three of this section; and

   (ii) the ability of the conservator or committee under the terms of the court order to operate the hospital in a manner consistent with this chapter and regulations promulgated pursuant thereto.

   (i) Upon recommendation by the commissioner, if the public health and health planning council finds by substantial evidence that an improper delegation of management authority by a governing authority or operator of a general hospital has occurred as defined by paragraph (g) of subdivision one of section twenty-eight hundred six-a of this article, the establishment approval of such hospital shall be subject to revocation or suspension.

   5. Except as otherwise hereinafter provided, no county, city, town, village or other governmental subdivision shall establish or create any agency concerned with the establishment of any hospital as defined in this article without securing the written approval of the public health and health planning council in accordance with the requirements and procedures of subdivisions two and three of this section with respect to certificates of incorporation, articles of organization and establishment, except that the requirements relating to the proposed incorporators, directors and sponsors shall not apply. The preceding shall not apply to the establishment of state hospitals by the state of New York or to the establishment of municipal hospitals by the city of New York.

   6. No corporation having power to solicit contributions for charitable purposes shall be

deemed to have authority to solicit contributions for any purpose for which the approval of the public health and health planning council is required, unless the certificate of incorporation specifically makes provision therefor, and the written approval of the public health and health planning council, or its predecessor is endorsed on or annexed to such certificate.

7. Where such approval has not been obtained the public health and health planning council may institute and maintain an action in the supreme court through the attorney general to procure a judgment dissolving and vacating or annulling the certificate of incorporation of

(a) any such corporation, or

(b) any corporation hereafter incorporated, the name, purposes, objects or the activities of which in any manner may lead to the belief that the corporation possesses or may exercise any of such purposes.

8. No corporation heretofore formed, having among its powers the power to solicit contributions for charitable purposes, may solicit or continue to solicit contributions for a purpose for which the approval of the public health and health planning council is required without the written approval of the public health and health planning council, except: (a) a corporation which, prior to June first, nineteen hundred seventy, had received the approval of the state board of social welfare of a certificate of incorporation containing such power; or (b) a corporation, which prior to December first, two thousand ten, had received the approval of the public health council of a certificate of incorporation containing such power. If such approval is not obtained and the corporation continues to solicit or to receive contributions for such purpose or advertises that it has obtained such approval, the public health and health planning council may institute and maintain an action in the supreme court through the attorney general to procure a judgment dissolving and vacating or annulling the certificate of incorporation of any such corporation.

9. Only a natural person, a partnership or limited liability company may hereafter undertake to engage in the business of operating or conducting a hospital, as defined in this article, for profit, except that: (a) a person, partnership or corporation which owned and was operating a hospital on April fourth, nineteen hundred fifty-six, may continue to own and operate such hospital; (b) a business corporation may, with the approval of the public health council, and in accordance with the provisions of subdivisions two and three of this section, undertake to engage in the business of operating or conducting a hospital, as defined in this article for profit, provided that such corporation shall not discriminate because of race, color, creed, national origin or sponsor in admission or retention of patients; (c) a business corporation owning and operating a nursing home on May twenty-second, nineteen hundred sixty-nine, in accordance with applicable provisions of law, may continue to own and operate such nursing home; (d) a person who, or a partnership which, is operating a private proprietary nursing home in accordance with applicable provisions of law may, with the approval of the public health and health planning council, and in accordance with the provisions of subdivision three of this section and any rules and regulations thereunder form

a business corporation to engage in the business of operating or conducting such nursing home, provided, however, that such corporation shall not discriminate because of race, color, creed, national origin or sponsor in admission or retention of patients; (e) a business corporation operating a nursing home, which corporation was formed with the approval of the state board of social welfare, may continue to own and operate such nursing home.

10. (a) The public health and health planning council, by a majority vote of its members, shall adopt and amend rules and regulations, to effectuate the provisions and purposes of this section, and to provide for the revocation, limitation or annulment of approvals of establishment.

(b) (i) No approval of establishment shall be revoked, limited or annulled without first offering the person who received such approval the opportunity of requesting a public hearing. (ii) The commissioner, at the request of the public health and health planning council, shall fix a time and place for any such hearing requested. (iii) Notice of the time and place of the hearing shall be served in person or mailed by registered mail to the person who has received establishment approval at least twenty-one days before the date fixed for the hearing. (iv) Such person shall file with the department, not less than eight days prior to the hearing, a written answer. (v) All orders or determinations hereunder shall be subject to review as provided in article seventy-eight of the civil practice law and rules. Application for such review must be made within sixty days after service in person or by registered mail of a copy of such order or determination.

11. Any person filing a proposed certificate of incorporation, articles of organization or an application for establishment of a residential health care facility for approval of the public health and health planning council shall file with the commissioner such information on the ownership of the property interests in such facility as shall be prescribed by regulation, including the following:

(a) The name and address and a description of the interest held by each of the following persons:

(i) any person, who directly or indirectly, beneficially owns any interest in the land on which the facility is located;

(ii) any person who, directly or indirectly, beneficially owns any interest in the building in which the facility is located;

(iii) any person who, directly or indirectly, beneficially owns any interest in any mortgage, note, deed of trust or other obligation secured in whole or in part by the land on which or building in which the facility is located; and

(iv) any person who, directly or indirectly, has any interest as lessor or lessee in any lease or sub-lease of the land on which or the building in which the facility is located.

(b) If any person named in response to paragraph (a) of this subdivision is a partnership or limited liability company, then the name and address of each partner or member.

EXHIBIT 19

(c) If any person named in response to paragraph (a) of this subdivision is a corporation, other than a corporation whose shares are traded on a national securities exchange or are regularly quoted in an over-the-counter market or which is a commercial bank, savings bank or savings and loan association, then the name and address of each officer, director, stockholder and, if known, each principal stockholder and controlling person of such corporation.

(d) If any corporation named in response to paragraph (a) of this subdivision is a corporation whose shares are traded on a national securities exchange or are regularly quoted in an over-the-counter market or which is a commercial bank, savings bank or savings and loan association, then the name and address of the principal executive officers and each director and, if known, each principal stockholder of such corporation.

12. The following definitions shall be applicable to this section:

(a) "Controlling person" of any corporation, partnership, limited liability company or other entity means any person who by reason of a direct or indirect ownership interest (whether of record or beneficial) has the ability, acting either alone or in concert with others with ownership or membership interests, to direct or cause the direction of the management or policies of said corporation, partnership, limited liability company or other entity. Neither the commissioner nor any employee of the department nor any member of a local legislative body of a county or municipality, nor any county or municipal official except when acting as the administrator of a residential health care facility, shall, by reason of his or her official position, be deemed a controlling person of any corporation, partnership, limited liability company or other entity, nor shall any person who serves as an officer, administrator or other employee of any corporation, partnership, limited liability company or other entity or as a member of a board of directors or trustees of any corporation be deemed to be a controlling person of such corporation, partnership, limited liability company or other entity as a result of such position or his or her official actions in such position.

(b) "Principal stockholder" of a corporation means any person who beneficially owns, holds or has the power to vote, ten percent or more of any class of securities issued by said corporation.

(c) "Principal member" of a limited liability company means any person who beneficially owns, holds or has the power to vote, ten percent or more interest determined by such member's share in the current profits of the limited liability company.

13. Any person who operates a hospital without the written approval of the public health and health planning council shall be liable to the people of the state for a civil penalty not to exceed ten thousand dollars for every such violation.

14. (a) The public health and health planning council may approve the establishment of not-for-profit rural health networks as defined in article twenty-nine-A of this chapter, pursuant to the provisions of subdivisions two and three of this section, except that the public health and health planning council shall not consider the public need for and financial resources and sources of future revenues of such networks which do not seek approval to

operate a hospital. In addition to character and competence, the public health and health planning council may take into consideration available network plans.

(b) The board of directors or trustees of a not-for-profit rural health network shall be comprised of a representative or representatives of participating providers and members of the general public residing in the area served by such network.

15. (a) Diagnostic or treatment centers established exclusively to provide end stage renal disease services may be operated by corporations and limited liability companies formed under the laws of New York whose stockholders or members, as applicable, are not natural persons if such corporations and limited liability companies and its principal stockholders and members, as applicable, and controlling persons comply with all applicable requirements of this section and demonstrate, to the satisfaction of the public health and health planning council, sufficient experience and expertise in delivering high quality end stage renal disease care. For purposes of this subdivision, the public health and health planning council shall adopt and amend rules and regulations, notwithstanding any inconsistent provision of this section, to address any matter it deems pertinent to the establishment and operation of diagnostic or treatment centers pursuant to this subdivision; provided that such rules and regulations shall include, but not be limited to provisions governing or relating to: (i) any direct or indirect changes or transfers of ownership interests or voting rights in such corporations and limited liability companies or their stockholders or members, as applicable, and provide for public health and health planning council approval of any change in controlling interests, principal stockholders, principal members, controlling persons, parent company or sponsors; (ii) oversight of the operator and its stockholders or members, as applicable, including local governance of the diagnostic or treatment centers; and (iii) relating to the character and competence and qualifications of, and changes relating to, the directors, managers and officers of the operator and its principal stockholders, principal members, controlling persons, parent company or sponsors.

(b) The following provisions of this section shall not apply to diagnostic or treatment centers operated pursuant to this subdivision: (i) paragraph (b) of subdivision three of this section, relating to stockholders and members; (ii) paragraph (c) of subdivision four of this section, relating to the disposition of stock or voting rights; and (iii) paragraph (e) of subdivision four of this section, relating to the ownership of stock or membership.

16. (a) The commissioner shall charge to applicants for the establishment of hospitals the following application fee:

(i) For general hospitals: $3,000

(ii) For nursing homes: $3,000

(iii) For safety net diagnostic and treatment centers

as defined in paragraph (c) of this subdivision: $1,000

(iv) For all other diagnostic and treatment centers: $2,000

(b) An applicant for both establishment and construction of a hospital shall not be subject to this subdivision and shall be subject to fees and charges as set forth in section twenty-eight hundred two of this article.

(c) The commissioner may designate a diagnostic and treatment center or proposed diagnostic and treatment center as a "safety net diagnostic and treatment center" if it is operated or proposes to be operated by a not-for-profit corporation or local health department; participates or intends to participate in the medical assistance program; demonstrates or projects that a significant percentage of its visits, as determined by the commissioner, were by uninsured individuals; and principally provides primary care services as defined by the commissioner.

(d) The fees and charges paid by an applicant pursuant to this subdivision for any application for establishment of a hospital approved in accordance with this section shall be deemed allowable capital costs in the determination of reimbursement rates established pursuant to this article. The cost of such fees and charges shall not be subject to reimbursement ceiling or other penalties used by the commissioner for the purpose of establishing reimbursement rates pursuant to this article. All fees pursuant to this section shall be payable to the department of health for deposit into the special revenue funds - other, miscellaneous special revenue fund - 339, certificate of need account.