Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

*Counsel for Defendant Republican National Committee*
* *Pending pro hac vice admission*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN, | |
| Plaintiff, | No. 3:24-cv-00040-ZNQ-TJB |
| v. | |
| MERRICK GARLAND, *in his official capacity Attorney General, Department of Justice*, et al., | **MOTION TO DISMISS BY THE REPUBLICAN NATIONAL COMMITTEE** |
| Defendants. | |

The Republican National Committee moves to dismiss Plaintiff's claims against it under Federal Rule of Civil Procedure 12(b). This motion is based on the attached brief.

Dated: April 3, 2024               Respectfully submitted,

/s/ Michael L. Testa Jr.

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

* *Pending pro hac vice admission*

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

*Counsel for Defendant Republican National Committee*
*\* Pending pro hac vice admission*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN,<br><br>   Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, *in his official capacity Attorney General, Department of Justice*, et al.,<br><br>   Defendants. | No. 3:24-cv-00040-ZNQ-TJB<br><br>**BRIEF IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT BY THE REPUBLICAN NATIONAL COMMITTEE** |

# TABLE OF CONTENTS

Table of Contents ........................................................................................................................... ii
Introduction .................................................................................................................................... 1
Legal Standards .............................................................................................................................. 2
Argument ........................................................................................................................................ 3
    I.    The Court lacks jurisdiction over this frivolous lawsuit. ...................................................... 3
    II.   Plaintiff lacks standing and fails to state a claim against the RNC. ..................................... 4
CONCLUSION .............................................................................................................................. 6

## INTRODUCTION

Plaintiff filed the first version of this case in October of last year. *See Logan v. Lamont*, Doc. 1, No. 3:23-cv-21174 (D.N.J. Oct. 23, 2023). The Republican National Committee (RNC) and several other defendants moved to dismiss the complaint. *See id.*, Docs. 22, 23, 27, 46, 47. Plaintiff moved to amend her complaint, but then filed a response in opposition to the motions to dismiss. *See id.*, Docs. 49, 51. The response did not address the RNC's motion. Before the Court could rule on the motions, Plaintiff voluntarily dismissed the case. *See id.*, Doc. 54.

Plaintiff then filed a new case. Again, the RNC moved to dismiss. *See* Doc. 22. And again, Plaintiff amended her complaint. *See* Doc. 45. This most recent amended complaint retains the same problems as the first three: it lacks coherent allegations, contains minimal assertions about the RNC, requests impossible relief, and fails to state a claim. This time, the amended complaint appears to allege violations only of the Take Care Clause, the Treason Clause, and the criminal code. *See* Doc. 45 at 7-8. Because Plaintiff does not have standing to enforce any of those laws, the case must be dismissed. The rest of the complaint is another disjointed stream of claims involving the COVID-19 outbreak, the 2020 election, foreign affairs, and an assortment of government officials. The complaint is devoid of legal claims and allegations of traceable injury. The relief it requests is impossible for this Court to grant. And the RNC is barely mentioned. District courts routinely dismiss frivolous lawsuits for lack of jurisdiction when the complaint is so incomprehensible it is impossible to determine whether the Court even has power to decide the case. That is true here. The Court should dismiss the frivolous claims against the RNC.

1

## **LEGAL STANDARDS**

A federal court may dismiss a complaint for lack of subject matter jurisdiction "when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion.'" *DeGrazia v. FBI*, 316 F. App'x 172, 173 (3d Cir. 2009) (cleaned up) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Indeed, the Court can dismiss such claims "on its own initiative," although ordinarily it should provide "notice and an opportunity to respond." *Allen v. AFL-CIO*, 276 F. App'x 197, 199 (3d Cir. 2008) (citing *Dougherty v. Harper's Magazine Co.*, 537 F.2d 758, 761-62 (3d Cir. 1976); *Urbano v. Calissi*, 353 F.2d 196, 197 (3d Cir.1965)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Courts give pro se litigants more leeway in pleading and do not hold them to the same technical standards as trained lawyers." *Johnson v. Hill*, 910 F. Supp. 218, 220 (E.D. Pa. 1996) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). For that reason, "[a] pro se action 'can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wassem v. Romac Int'l, Inc.*, No. 97-cv-7825, 1998 WL 834094, at *3 (E.D. Pa. Dec. 1, 1998) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But that "rule does not require the district court to fabricate a claim that a plaintiff has not spelled out in the complaint." 5 Fed. Prac. & Proc. Civ. §1286 (Wright & Miller, 4th ed.).

## ARGUMENT

### I.  The Court lacks jurisdiction over this frivolous lawsuit.

The complaint is so "devoid of merit" and "obviously frivolous" that the Court lacks power to entertain it. *Allen*, 276 F. App'x at 199. First, the complaint "rel[ies] on fantastic scenarios lacking any arguable factual basis." *DeGrazia*, 316 F. App'x at 173. Many of those allegations are impossible to decipher. For example, the complaint begins by claiming that "through the secured apparatus devised under mask of public health emergency, the independent voice of the people, their vote, was expressly usurped." Doc. 45 at 5. To that end, it claims to present "a very complex parallel journey of extraneous parties fixed on greed and self-aggrandization obtained and retained at any cost." Doc. 45 at 6. Plaintiff asserts that the Defendants "have irrevocably broken their oath of public trust and Charter with the American People established in bylaws, tax exemption and allegiance, regardless of their intent at the outset of their journey to this point." Doc. 45 at 34. The Defendants have allegedly "traded oil for soil" and "have toiled to leverage these United States, aided and funded their apparatus in the manufacturing of idols worshiping, shifting every honorable citizen while altering the social fabric broadly." Doc. 45 at 70, 86-87. Neither the parties nor the Court can determine what any of these allegations mean, or whether the Court has power over them.

Second, the requested relief is "wholly incredible." *Allen*, 276 F. App'x at 199. The complaint requests an award of $8 billion with no apparent basis. Doc. 45 at 124. And it demands "that Donald John Trump be placed on the November, 2023 ballot and that Joseph R. Biden be removed as Executive of these United States." Doc. 45 at

3

124. The Court lacks jurisdiction over these claims, and it has no power to grant the outlandish relief requested.

## II. Plaintiff lacks standing and fails to state a claim against the RNC.

Even if the complaint were not wholly frivolous, Plaintiff lacks standing because she has not alleged an injury in fact fairly traceable to the RNC that is redressable by an order of this Court. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" (citation omitted)). The complaint is a general grievance against public officials—not an allegation of particular "personal injury" traceable to the Defendants. *Id.* The complaint alleges, for example, that the RNC and other defendants "shattered public trust" through alleged knowledge of some sort of dealings with Deutsche Bank. Doc. 45 at 40. Plaintiff does not explain these injuries. Even if she did, those injuries are not "particularized," "distinct," or "personal" to Plaintiff—they would be shared by all members of the public. *Spokeo*, 578 U.S. at 339 (citations omitted). The same is true of all the allegations against the RNC; Plaintiff does not tie any of those allegations to any individual injury. Finally, to the extent Plaintiff seeks prospective relief, she has not alleged an "actual or imminent" injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff thus lacks standing.

The complaint also fails to state a claim against the RNC. Most of the 126-page complaint isn't about the RNC at all. The few relevant parts allege that the RNC "stood down their Charter role of vetting and mentoring candidates," "has affixed their determinative activities towards the election cycle, forgetting their role in advocacy of

their member body," and "is culpable for the state of our Nation." Doc. 45 at 92-93. These allegations don't state a claim for several reasons.

First, even if those allegations were true, they do not amount to a legal claim entitling Plaintiff to relief. Plaintiff includes allegations of contracts and charters to which she was not a party. She seems to allege, for example, that the RNC has violated its charter. *See* Doc. 45 at 92. But a third party does not have a legal claim against an organization for allegedly failing to live up to its charter. *See D'Elia v. Grand Caribbean Co.*, No. 1:09-cv-1707, 2010 WL 1372027, at *4 (D.N.J. Mar. 30, 2010) (discussing the narrow exception for intentional third-party beneficiaries of a contract). Plaintiff again brings up a 1982 consent decree between the RNC and the Democratic National Committee over the Voting Rights Act. *See* Doc. 6 at 47 (citing *Democratic Nat'l Comm. v. Republic Nat'l Comm.*, 671 F. Supp. 2d 575, 579 (D.N.J. 2009)). But Plaintiff was not a party to that case or the resulting consent decree, and she has no legal rights or duties in relation to either. Even if she were a party, the consent decree has long since expired. *See DNC v. RNC*, 2016 WL 6584915 (D.N.J. Nov. 5, 2016).

Second, many of the allegations are just vague recitations of legal concepts. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff must instead "plead *factual matter* that, if taken as true, states a claim." *Id.* at 666 (emphasis added). The complaint doesn't even identify a cause of action, let alone allege factual events that would amount to a legal violation. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

5

enhancement.'" *Id.* at 678 (citations omitted). Much less do empty citations to inapplicable law state a claim. *See, e.g.* Doc. 45 at 124 (claiming that Defendants violated "Article II, Section 3.1.3.1. Take Care Clause, Presidential authority; 18 U.S.C. §1001; 18 U.S.C. §§2384; 2385, Article III S3.C1.1.2"). "[E]ven in pleadings drafted by pro se parties, courts should not have to guess at the nature of the claim asserted." *Smith*, 2022 WL 16641857, at *3 (cleaned up). The complaint fails to state a claim.

Third, these allegations rely exclusively on criminal law or structural constitutional provisions. Plaintiff alleges violations of a variety of criminal fraud provisions. *See* Doc. 45 at 7-8 (citing 18 U.S.C. §§1001, 1035, 1038, 1519). Plaintiff also alleges criminal conspiracy. *See* Doc. 45 at 8 (citing 18 U.S.C. §§2384, 2385). But "private citizens do not have 'authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.'" *Livesay v. Murphy*, No. 3:20-cv-17947, 2022 WL 4597435, at *7 (D.N.J. Sept. 30, 2022) (quoting *United States v. Nixon*, 418 U.S. 683, 693 (1974)). Plaintiff also alleges violations of the Take Care Clause and the Treason Clause of the U.S. Constitution. Even if Plaintiff had standing to enforce those provisions, neither of those claims involve the RNC.

Finally, to the extent Plaintiff seeks relief under the Constitution or 42 U.S.C. §1983 against the RNC, the complaint fails to allege a state action imputable to the RNC. *Jackson v. Temple Univ. of Com. Sys. of Higher Educ.*, 721 F.2d 931, 933 (3d Cir. 1983); *Max v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 200-01 (3d Cir. 2009).

## CONCLUSION

For these reasons, the Court should dismiss the complaint for lack of jurisdiction or, alternatively, dismiss the claims against the RNC with prejudice.

Dated: April 3, 2024

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

* *Pending pro hac vice admission*

Respectfully submitted,

*/s/ Michael L. Testa Jr.*

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

MARY BASILE LOGAN,

    Plaintiff,

v.

MERRICK GARLAND, *in his official capacity* Attorney General, Department of Justice, et al.,

    Defendants.

No. 3:24-cv-00040-ZNQ-TJB

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2024, I electronically filed the following pleadings on behalf of the Republican National Committee:

1. Motion to Dismiss Plaintiff's Amended Complaint;
2. Brief in Support of Motion to Dismiss Plaintiff's Complaint;
3. Proposed Order; and
4. This Certificate of Service.

Notice of this filing will be sent by e-mail to all counsel of record by the Court's electronic filing system. Parties may access this filing through the CM/ECF system.

Dated: April 3, 2024

Respectfully submitted,

/s/ Michael L. Testa Jr.

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

* *Pending pro hac vice admission*

Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

*Counsel for Defendant Republican National Committee*
\* *Pending pro hac vice admission*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MERRICK GARLAND, *in his official capacity Attorney General, Department of Justice*, et al.,<br><br>　　　　　Defendants. | No. 3:24-cv-00040-ZNQ-TJB<br><br>**[PROPOSED] ORDER** |

**THIS MATTER** having been opened to the Court by the Republican National Committee's motion to dismiss under Federal Rule of Civil Procedure 12(b); and the Court, having considered the papers submitted in support thereof and in opposition thereto, if any; and good cause having been shown,

**IT IS** on this _____ day of _____, 2024, **ORDERED**, as follows:

1. The Republican National Committee's Motion to Dismiss the Amended Complaint (ECF No. ____) is **GRANTED**.

2. Plaintiff's claims against the Republican National Committee are **DISMISSED**.

3. The Republican National Committee is **DISMISSED** from this case.