UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN, individually and on behalf of those similarly situated, *Pro-Se*;<br><br>                                        Plaintiff,<br><br>-against-<br><br>MERRITT GARLAND, in his official capacity as Attorney General, Department of Justice;<br><br>LLOYD AUSTIN, III, in his official capacity as the Secretary, Defense Department;<br><br>WILLIAM J. BURNS, in his official capacity as the Director, Central Intelligence Agency;<br><br>CHRISTOPHER A. WRAY, in his official capacity as the Director of the Federal Bureau of Investigation;<br><br>DENIS RICHARD MCDONOUGH, in his official capacity as Secretary of Veteran Affairs;<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary, U.S. Department of Homeland Security;<br><br>MARCIA L. FUDGE, in her official capacity as Secretary U.S. Department of Housing and Urban Development;<br><br>ROBERT CALIFF, in his official capacity as Commissioner, Food and Drug Administration;<br><br>WILLIAM J. CLINTON, in his official capacity as the former President of the United States of America;<br><br>HILLARY R. CLINTON, in her official capacity as former Secretary of State for the United States of America;<br><br>THOMAS KEAN, SR., in his official capacity as Chairman 9/11 Commission;<br><br>ROBERT MUELLER, in his former capacity as Director of the Federal Bureau of Investigation; | 24-cv-00040 (ZNQ-TJB) |

JAMES COMEY, in his former capacity as Director of the Federal Bureau of Investigation;

CHRISTOPHER J. CHRISTIE, in the capacity of the former-Governor of New Jersey;

RICHARD "DICK" CHENEY, in his former capacity as Vice President of the United States;

ELIZABETH "LIZ" CHENEY, in her former capacity as Chair, January 6 Commission;

JOHN KERRY, in his official capacity as U.S. Special Presidential Envoy for Climate;

GEORGE W. BUSH, in his official capacity as President of the United States;

BARACK H. OBAMA, in his official capacity as President of the United States;

LORETTA LYNCH, in her former capacity as United States Attorney General;

JAMES BAKER, in his former capacity as White House Chief of Staff;

ERIC HOLDER, in his former capacity as United States Attorney General;

JOSEPH R. BIDEN, in his official capacity as President, his former capacities as Vice President and Senator, of these United States;

JOHN ASHCROFT, in his former official capacity, as United States Attorney General;

JAMIE GORELICK, in her official capacity, Homeland Security Advisory Council Member;

NANCY PELOSI, in her official capacity as Congresswoman (CA);

GEORGE NORCROSS, in his capacity as Chairman, Cooper University Medical Systems,

PHIL MURPHY, in his official capacity as Governor of New Jersey, and as former Chair of the National Governors Association (NGA);

TAHESHA WAY, in her former capacity as Secretary of State, as former President of the National Association of Secretaries of State, and her current capacity as Lt. Governor, New Jersey;

JUDITH PERSICHILLI, in her official capacity as then-Commissioner of Health for the State of New Jersey;

SEJAL HATHI, in her official capacity as deputy Commissioner for Public Health Services;

MATTHEW PLATKIN, in his official capacity as Attorney General of the State of New Jersey;

KATHY HOCHUL, in her official capacity as Governor of New York;

ANDREW CUOMO, in his former capacity as Governor of New York and his capacity as Vice-Chair of the National Governors Association;

LETITIA JAMES, in her capacity as Attorney General of the State of New York;

SUSAN RICE, in her official capacity as United States Domestic Policy Advisor

ADAM SCHIFF, in his official capacity as Congressman of the State of California;

CHARLES "CHUCK" SCHUMER, in his official capacity as Senator for the State of New York;

XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services;

JANET YELLEN, in her official as Secretary of the United States Treasury;

ROD ROSENSTEIN, in his former capacity as United States Deputy Attorney General;

HUMA ABEDIN, in her former capacity as vice Chair of Hilary Clinton;

DEBBIE WASSERMAN SCHULTZ, in her current capacity as U.S. Representative, (FL-25);

BILL NELSON, in his official capacity as Administrator of NASA;

OCCIDENTAL PETROLUM;

UNITED HEALTHCARE;

THE DEMONCRATIC NATIONAL COMMITTEE;

THE REPUBLICAN NATIONAL COMMITTEE;

JAMES PITTINGER, in his official capacity as Mayor of Lebanon Borough, State of New Jersey;

LISA SELLA, in her official capacity as Deputy Clerk, Lebanon Borough, State of New Jersey;

ROBERT JUNGE, in his official capacity as Municipal Chair, Republican Party, Lebanon Borough, State of New Jersey;

JOHN DOES (1-100)

JANE DOES (1-100)

            Defendants.

**NEW YORK STATE DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS**

            LETITIA JAMES
            Attorney General
             State of New York
            *Attorney for the New York State Defendants*
            28 Liberty Street
            New York, NY 10005

Frances Polifione
Assistant Attorney General
*Of Counsel*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................... 1
STATEMENT OF ALLEGED FACTS AND PROCEDURAL HISTORY ............................... 2
   A. Statement of Alleged Facts ............................................................................................ 2
   B. Procedural History......................................................................................................... 3
ARGUMENT............................................................................................................................... 4
   I.   THIS COURT LACKS PERSONAL JURISDICTION OVER THE NEW YORK STATE DEFENDANTS................................................................................................................4
   II.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS AGAINST THE NEW YORK STATE DEFENDANTS; THE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT..............................................................................7
   III.   THE AMENDED COMPLAINT IS DEFICIENT IN ITS FORM............................................9
CONCLUSION........................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**CASES**                                              **Page(s)**

*Alabama v. Pugh*,
  438 U.S. 781 (1978) ................................................................................................................. 8

*Burger King Corp. v. Rudzewicz*,
  471 U.S. 462 (1985) ................................................................................................................. 7

*Coniker v. Monfortoh*,
  No. 23-1507, 2023 WL 7411531 (3d Cir. Nov. 9, 2023) ....................................................... 10

*Control Screening LLC v. Tech. Application & Prod. Co.*,
  687 F.3d 163 (3d Cir. 2012) ..................................................................................................... 5

*Cory v. White*,
  457 U.S. 85 (1982) ................................................................................................................... 8

*Display Works, LLC v. Bartley*,
  182 F. Supp. 3d 166 (D.N.J. 2016) .......................................................................................... 5

*Ex Parte Young*,
  209 U.S. 123 (1908) ................................................................................................................. 8

*Franchise Tax Bd. Of California v. Hyatt*,
  139 S. Ct. 1485 (2019) ............................................................................................................. 5

*Garrett v. Wexford Health*,
  938 F.3d 69 (3d Cir. 2019) ..................................................................................................... 10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011) ................................................................................................................. 5

*Idaho v. Coeur d'Alene Tribe of Idaho*,
  521 U.S. 261 (1997) ................................................................................................................. 8

*Logan v. Lamont, et al.*,
  No. 23-cv-21174 (ZNQ)(TJB) ................................................................................................. 4

*Miller Yacht Sales, Inc. v. Smith*,
  384 F.3d 93 (3d Cir. 2004) ....................................................................................................... 5

*Missouri v. Fiske*,
  290 U.S. 18 (1933) ................................................................................................................... 8

*O'Connor v. Sandy Lane Hotel Co.*,
  496 F.3d 312 (3d Cir. 2007) ..................................................................................................... 6


*Papasan v. Allain*,
    478 U.S. 265 (1986) ............................................................................................................8

*Pennhurst State School & Hospital v. Halderman*,
    465 U.S. 89 (1984) ..............................................................................................................8

*Phillips v. Cty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008) ..............................................................................................10

*Seminole Tribe of Florida v. Florida*,
    517 U.S. 44 (1996) ..............................................................................................................7

*Stampone v. Amann*,
    No. CV 20-03874, 2021 WL 1912642 (D.N.J. Mar. 26, 2021), appeal
    dismissed, No. CV 21-1881, 2021 WL 5467057 (3d Cir. Oct. 28, 2021) ..............................7

*Stampone v. Fopma*,
    No. CIV 13-5129 (SDW), 2013 WL 5937428 (D.N.J. Nov. 4, 2013), aff'd,
    567 F. App'x 69 (3d Cir. 2014) ...........................................................................................7

*Trotman v. Palisades Interstate Park Commission*,
    557 F.2d 35 (2d Cir. 1977) ..................................................................................................8

*Will v. Michigan Dept. of State Police*,
    491 U.S. 58 (1989) ..........................................................................................................5, 8

**CONSTITUTIONAL PROVISIONS**

United States Constitution Eleventh Amendment ................................................................ passim

**STATE STATUTES**

N.Y. Elec. Law
    Art. 7 and Art. 8 ..................................................................................................................9
    § 6-102 .................................................................................................................................9

New York State Public Health Law ....................................................................................... 3, 6

**RULES**

Fed. R. Civ. P. 4(k)(1)(A) ..........................................................................................................4

Fed. R. Civ. P. 8 ............................................................................................................... 2, 9, 10

Fed. R. Civ. P. 12(b)(1) ..........................................................................................................1, 7

Fed. R. Civ. P. 12(b)(2) ..........................................................................................................1, 9

Fed. R. Civ. P. 12(b)(6) ............................................................................................................10

Defendants Kathy Hochul, Governor of the State of New York, and Letitia James, Attorney General of the State of New York (collectively the "New York State Defendants"),[1] respectfully submit this memorandum of law in support of their motion to dismiss the amended complaint (ECF No. 45, the "Amended Complaint") as against them pursuant to Fed. R. Civ. P. 12(b)(1), and 12(b)(2).[2]

## PRELIMINARY STATEMENT

Plaintiff Mary Basile Logan brings this lawsuit against numerous federal and state officials, as well as non-governmental entities, in relation to what appear to be dubious and difficult to follow claims concerning purported treason, sedition, and various far-fetched conspiracy theories. Although three complaints have not leant clarity to Plaintiff's claims, one throughline has remained clear: there is no cause for the Court to address Plaintiff's dubious claims in relation to the New York State Defendants because those claims must be dismissed for lack of personal jurisdiction.

As an initial matter, the District of New Jersey does not have personal jurisdiction over the New York State Defendants, as there are no facts pled remotely suggesting that the New York State Defendants are subject to the general or specific personal jurisdiction of this Court. Even if such jurisdiction existed, this Court would nonetheless lack subject matter jurisdiction over the damages claims against the New York State Defendants, as they are barred by the Eleventh Amendment. And to the extent Plaintiff seeks any injunctive relief against the New York State Defendants, those claims must be dismissed because the only comprehensible relief she seeks from

---

[1] Plaintiff has named the New York State Defendants in their official capacity only.

[2] To the extent that other defendants have raised alternative grounds for dismissal that may be applicable to the New York State Defendants (such as improper venue or abstention doctrines), the New York State Defendants join in those motions.

1

them – removing President Joe Biden from office and placing Donald J. Trump on the ballot for the next presidential election, is not in their power to grant. Finally, the Amended Complaint does not meet Fed. R. Civ. P. 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Moreover, Plaintiff filed this Amended Complaint containing these fatal flaws despite already being put on notice of the jurisdictional deficiencies in her pleadings in a prior action containing similar claims, as well as the New York State Defendants' motion to dismiss the first complaint *in this action*, but has nevertheless failed to make changes to her newest complaint addressing them.

Accordingly, the Amended Complaint must be dismissed as against the New York State Defendants.

## STATEMENT OF ALLEGED FACTS AND PROCEDURAL HISTORY

### A. Statement of Alleged Facts

The prolix and incoherent nature of the Amended Complaint makes it difficult, if not impossible, to parse Plaintiff's allegations and claims. However, even the most diligent and generous attempt to interpret its allegations does not show any connection between the New York State Defendants and New Jersey or a basis for this Court's jurisdiction.

Regarding Governor Hochul, Plaintiff has alleged that she has held numerous New York State political positions. Am. Compl. ¶ 38.

As for Attorney General James, Plaintiff has alleged that she is the current Attorney General of New York State and prior to that was the New York City Public Advocate and a member of the New York City Council. Compl. ¶ 40. Plaintiff also alleges that Attorney General James, stated that she would "get Trump" as part of her campaign, attempted to bankrupt Donald J. Trump by "selecting" the judge for a court case in New York, and committed mortgage fraud by

mortgaging a property located in Brooklyn, New York in 2005. Am. Compl. ¶ 75(e)(i)(pp. 47-49, Exhibit 11).

In regards to both Governor Hochul and Attorney General James, Plaintiff has alleged that "the State of New York has not conformed to its standing law [i.e., New York State Public Health Law], as direct consequence, grave human harm has resulting[sic] including the death of citizens," and that "the State of New York and the [New York State] defendants… failed resident citizens … in nursing homes." Am. Compl. ¶ 122. *See also* Am. Compl. ¶¶ 128-29. Plaintiff also alleges that Governor Hochul and Attorney General James "knowingly allowed for the citizens of New York… to expire." Am. Compl. ¶ 123.

Plaintiff also alleges that Governor Hochul and Attorney General James, as part of a laundry list of other defendants, were somehow involved - without any explanation of how, where or when - with the "Russian collusion of disinformation associated with the 2016 Presidential election." Am. Compl. ¶¶ 62-63. Additionally, Plaintiff alleges that Governor Hochul and Attorney General James, along with almost all the other named defendants (and again without any allegation of how, where or when), knew of Deutsche Bank and Barclay's dealings with Jeffery Epstein and have "shattered public trust." Am. Compl. ¶ 74(a)(ii)(2) (p. 40).

For both Governor Hochul and Attorney General James, the Amended Complaint is devoid of any allegation that the purported acts giving rise to the allegations against them took place in New Jersey or were directed at New Jersey residents.

**B. Procedural History**

In October 2023, Plaintiff filed a lawsuit against nearly 20 defendants, many of whom have been named again in this lawsuit (including New York State Defendants), seeking nearly-identical relief and involving the same set of material allegations, mostly relating to COVID-19 and the

3

presidential elections. *See Logan v. Lamont, et al.*, No. 23-cv-21174 (ZNQ)(TJB), ECF Nos. 1 and 6. The New York State Defendants filed a motion to dismiss, noting that Plaintiff had failed to make any allegations that would provide personal or subject matter jurisdiction over them. *Id.,* ECF No. 22. Numerous other defendants filed additional motions to dismiss soon thereafter. Rather than oppose those motions in substance, Plaintiff voluntarily dismissed her proceeding on December 29, 2023 (*id.*, ECF No. 54) and the Court marked the case closed on January 2, 2024 (*id.*, ECF No. 55).

Only two days later, on January 4, 2024, Plaintiff filed this lawsuit, naming approximately 40 defendants. Despite being aware of the law regarding personal jurisdiction and the shortcomings of her prior complaint, Plaintiff nevertheless proceeded on substantially the same flawed factual allegations and substantially the same legal theories as her prior case. On February 20, 2024, the New York State Defendants moved to dismiss the initial complaint in this action for lack of jurisdiction. ECF No. 27. Numerous other co-defendants also moved to dismiss. On March 6, 2024, the Court granted Plaintiff's motion to amend the complaint, and denied the pending motions to dismiss without prejudice. ECF Nos. 41, 42.

On March 22, 2024, Plaintiff filed the Amended Complaint, which included eleven newly named defendants. ECF No. 45.

## ARGUMENT

I. **THIS COURT LACKS PERSONAL JURISDICTION OVER THE NEW YORK STATE DEFENDANTS**

A United States District Court may only exercise personal jurisdiction over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A). "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution."

4

*Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. R. 4:4-4). As a result, "[a] district court may exercise *in personam* jurisdiction over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "[T]he plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." *Control Screening*, 687 F.3d at 167 (internal quotations omitted).

"Personal jurisdiction may be either general or specific." *Id.* It is manifestly clear that general jurisdiction does not exist here. For general jurisdiction to be present, when the cause of action is unrelated to the defendant's contacts with the forum state and service of process occurs outside of the forum state,[3] the defendant's contacts must be "so continuous and systematic as to render them essentially at home in the forum state." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal quotations omitted). For natural persons, this means the state in which they are domiciled.[4] *Id.* at 924; *Display Works, LLC v. Bartley*, 182 F. Supp. 3d 166, 182 n. 2 (D.N.J. 2016). However, when a suit is brought against an official in her official capacity, as in this case, it is generally considered to be a suit against the state. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Further, a State is not "at home" within another state, and basic principles of federalism and sovereignty necessitate that a state is not subject to general jurisdiction in another state's federal courts. *Cf. Franchise Tax Bd. Of California v. Hyatt,* 139 S. Ct. 1485

---

[3] Plaintiff served the New York State Defendants at their New York State offices.

[4] Governor Hochul and Attorney General James are both residents of New York by nature of their positions, and in fact are legally required to reside in New York State to qualify for the positions they hold. N.Y. Const. Art. IV, § 2; N.Y. Const. Art. V, § 1. Accordingly, the New York State Defendants are nonresidents who would be outside the reach of this Court's general jurisdiction even if they had been sued in their personal capacities.

(2019) (under the Eleventh Amendment, states retain their sovereign immunity from suits brought in the courts of other states).

Nor does this Court possess specific jurisdiction over the New York State Defendants. To exercise specific jurisdiction over a nonresident defendant, the court must find that the defendant (1) "purposefully directed its activities at the forum" state, (2) that the cause of action arose out of those activities, and (3) if the first two elements are met, that "the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (internal citations omitted).

Here, the Complaint does not satisfy even the first requirement. While it is not clear from the Amended Complaint what specifically the New York State Defendants are accused of, the most generous interpretation is that Plaintiff believes that Attorney General James attempted to "get" Trump through her campaigns and court actions in New York and committed mortgage fraud regarding a property in Brooklyn, New York; and that both Governor Hochul and Attorney General James repressed information about COVID-19, did not properly enforce New York State Public Health Laws in New York, and that they have held multiple political positions within New York State and New York City. There is no possible reading of the alleged facts which constitutes a "purposeful direction" of the activities of the New York State Defendants to furnish sufficient contact with New Jersey. Indeed, there are no allegations that the New York State Defendants acted in any way in New Jersey. Even if the Amended Complaint were read to allege facts that the purported actions of the New York State Defendants somehow harmed New Jersey residents in New York, that alone would still be insufficient to confer jurisdiction, as "[c]ontacts with [New Jersey] citizens that take place outside the state" are insufficient to establish the minimum purposeful contact within New Jersey required by the Due Process clause. *O'Connor*, 496 F.3d at

317. There is no suggestion in the Amended Complaint of any connection at all between any actions taken by the New York State Defendants and the forum state of New Jersey.

As it is beyond serious dispute that the New York State Defendants did not direct any activities relevant to this case towards New Jersey, the other requirements for the exercise of specific jurisdiction cannot possibly be satisfied. Moreover, subjecting the New York State Defendants to suit in the District of New Jersey, when they took no action remotely directed at or related to New Jersey, would violate the general requirement of due process that "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (internal quotations omitted). Indeed, this Court has dismissed suits against out-of-state government officials based on a lack of personal jurisdiction where all events involving Plaintiff and non-resident Defendants occurred outside the state. *Stampone v. Fopma*, No. CIV 13-5129 (SDW), 2013 WL 5937428 (D.N.J. Nov. 4, 2013), aff'd, 567 F. App'x 69 (3d Cir. 2014); *see also Stampone v. Amann*, No. CV 20-03874, 2021 WL 1912642, at *3 (D.N.J. Mar. 26, 2021), appeal dismissed, No. CV 21-1881, 2021 WL 5467057 (3d Cir. Oct. 28, 2021).

The District of New Jersey does not have specific or general personal jurisdiction over the New York State Defendants in this action, and must therefore dismiss the Amended Complaint as against them pursuant to Fed. R. Civ. P. 12(b)(1).

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE CLAIMS AGAINST THE NEW YORK STATE DEFENDANTS; THE CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

The Eleventh Amendment to the United States Constitution bars federal suits by individuals against a state and its agencies and departments unless (i) the state unambiguously consents to be sued, or (ii) Congress enacts legislation explicitly and unmistakably overriding the state's Eleventh Amendment immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54-55

(1996); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). This bar applies regardless of the remedy sought, and precludes injunctive as well as monetary relief. *Missouri v. Fiske*, 290 U.S. 18, 27 (1933); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (*per curiam*); *Cory v. White*, 457 U.S. 85, 90-91 (1982). Plaintiff does not and cannot demonstrate that the State of New York has waived its Eleventh Amendment immunity. To the contrary, the State of New York has not consented to suit in federal court. *See Trotman v. Palisades Interstate Park Commission*, 557 F.2d 35, 38-40 (2d Cir. 1977). Nor does Plaintiff allege or demonstrate that Congress has enacted legislation abrogating the State's immunity in this case. *See also Will*, 491 U.S. at 66–67 (Eleventh Amendment applies to § 1983 claims).

With respect to individual state officials, lawsuits against state officials named in their official capacity for monetary relief are deemed to be lawsuits against the state itself. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261 (1997); *Will*, 491 U.S. at 71. Such a lawsuit is therefore equally barred as one against the state itself. Here, Plaintiff has clearly indicated that she is only bringing suit against Governor Hochul and Attorney General James in their official capacities. As such, Eleventh Amendment immunity squarely applies to the damages claims against Governor Hochul and Attorney General James and requires dismissal of this case as against them.

While the Supreme Court's decision in *Ex Parte Young*, 209 U.S. 123 (1908), provides an exception to sovereign immunity when the suit against the state officials seeks only prospective injunctive relief to cure an alleged ongoing violation of constitutional law, that exception has no application here. The *Ex Parte Young* exception only applies against state officials who have the authority or enforcement powers relevant to provide the requested relief. *See id.* at 157 ("[I]t is

8

plain that such officer must have some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state, and thereby attempting to make the state a party."). Here, the only specific comprehensible prospective injunctive relief Plaintiff seeks against defendants is that they remove President Joe Biden from office, place Donald J. Trump on the ballot and that voting for that election is returned to in-person with paper ballots on only the first Tuesday of November. Am. Compl. ¶¶ 179, 180.[5] Plaintiff does not, and cannot, allege that the New York State Defendants have the authority to provide the requested relief. *See* N.Y. Elec. Law § 6-102; N.Y. Elec. Law Art. 7 and Art. 8.

As the claims against the New York State Defendants are barred by Eleventh Amendment immunity, the Court lacks subject matter jurisdiction over these claims and must dismiss the Amended Complaint as against the New York State Defendants pursuant to Fed. R. Civ. P. 12(b)(2).

### III. THE AMENDED COMPLAINT IS DEFICIENT IN ITS FORM

Even if the Court finds it has both personal jurisdiction over the New York State Defendants and subject matter jurisdiction over the claims against them, the Amended Complaint should still be dismissed for its total failure to make plain why Plaintiff would be entitled to any relief. Pursuant to Fed. R. Civ. P. 8(a), a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Amended Complaint is still convoluted and nonsensical to an extent that it is virtually impossible to determine precisely what Plaintiff is alleging the New York State Defendants have purportedly done, what laws those acts supposedly violated, and what relief Plaintiff seeks. This complete lack of clarity renders the

---

[5] Plaintiff also seeks "preliminary and permanent injunctions enjoining the defendants from committing actions similar to those described herein in the future." Am. Compl ¶ 176. In light of the difficulty in comprehending the Amended Complaint as a whole, however, this request for injunctive reliefs is too vague to be comprehensible.

9

Amended Complaint defective under Fed. R. Civ. P. 8. The "plain statement requirement … prompts us to ask whether, liberally construed, a pleading identifies discrete defendants and the actions taken by these defendants in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (internal quotations omitted). This rule requires that the pleading be adequate to provide the defendant with "fair notice of what the claim is and the grounds upon which it rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal quotations omitted). If a pleading "is so vague or ambiguous that a defendant cannot reasonably be expected to respond to it[, it] will not satisfy Rule 8." *Garrett*, 938 F.3d at 93 (internal quotation omitted). The Amended Complaint here does not satisfy this standard, and it should be dismissed on this basis alone. *See, e.g., Coniker v. Monfortoh*, No. 23-1507, 2023 WL 7411531, at *2 (3d Cir. Nov. 9, 2023) (affirming dismissal under Rule 8 of a "confused, ambiguous, [and] vague" *pro se* complaint when the Plaintiff "failed to connect the vague bases for relief to any facts demonstrating that the defendants may be liable for misconduct.").[6]

## CONCLUSION

For the reasons set forth above, the New York State Defendants respectfully request that the Court grant their motion and dismiss the Amended Complaint as against them, together with such other relief as the Court may grant.

However, if the Court does not grant their motion, the New York State Defendants respectfully request 45 days from the entry of that decision to respond to the Amended Complaint.

Dated: New York, New York
April 5, 2024

---

[6] In the event that the Court finds that it has personal jurisdiction over the New York State Defendants, subject matter jurisdiction over the claims against them, and that the Amended Complaint satisfies the requirements of Rule 8, it would nonetheless fail to state a claim against the New York State Defendants and they expressly reserve their right to move to dismiss, pursuant to Rule 12(b)(6), on that basis if necessary.

**LETITIA JAMES**
Attorney General
  State of New York
*Attorney for the New York State Defendants*

By: */s/ Frances Polifione*
   FRANCES POLIFIONE
   Assistant Attorney General
   28 Liberty Street
   New York, NY 10005
   (212) 416-8973
   Frances.Polifione@ag.ny.gov