# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN, individually and on behalf of those similarly situated, *Pro-se*;<br><br>Plaintiff,<br><br>v.<br><br>MERRITT GARLAND, in his official capacity Attorney General, Department of Justice, et al.,<br><br>Defendants. | Civil Action No. 3:24-cv-0040 (ZNQ-TJB) |

## MEMORANDUM OF LAW IN SUPPORT OF THE DEMOCRATIC NATIONAL COMMITTEE'S CONSOLIDATED MOTION TO DISMISS THE AMENDED COMPLAINT AND DEFENDANT ROBERT JUNGE'S CROSS-CLAIMS

Dated: April 5, 2024

**SILLS CUMMIS & GROSS P.C.**
Nicole G. McDonough, Esq.
One Riverfront Plaza
Newark, New Jersey 07012
Telephone: (973) 643-5967
nmcdonough@sillscummis.com

OF COUNSEL:
**KAPLAN HECKER & FINK LLP**
Shawn G. Crowley, *admitted pro hac vice*
Maximillian Feldman, *admitted pro hac vice*
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
scrowley@kaplanhecker.com
mfeldman@kaplanhecker.com

*Attorneys for Defendant the Democratic National Committee*

10719509 v1

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 4
PROCEDURAL AND FACTUAL BACKGROUND.................................................................. 4
ARGUMENT ................................................................................................................................ 7
    A.   The Amended Complaint Fails to Establish Article III Standing. .......................................7
    B.   The Amended Complaint Fails to State a Claim for Relief. ................................................9
    C.   Dismissal With Prejudice is Appropriate. ..........................................................................11
    D.   The Court Should Award the DNC Its Costs in Plaintiff's Previously Dismissed Action. ................................................................................................................................11
    E.   The Court Should Dismiss Defendant Robert Junge's Cross-Claims ...............................13
CONCLUSION ........................................................................................................................... 14

10719509 v1

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................9, 10

*Ballentine v. United States*,
    486 F.3d 806 (3d Cir. 2007) ........................................................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................9

*Berg v. Obama*,
    586 F.3d 234 (3d Cir. 2009) .......................................................................................9

*California v. Texas*,
    593 U.S. 659 (2021) ...................................................................................................8

*Centennial Plaza Prop, LLC v. Trane U.S. Inc.*,
    No. 22 Civ. 1262, 2022 WL 17582548 (D.N.J. Dec. 12, 2022) ...............................12

*Coniker v. Monfortoh*,
    No. 23-1507, 2023 WL 7411531 (3d Cir. Nov. 9, 2023) .........................................10

*Conley v. Gibson*,
    355 U.S. 41 (1957) .....................................................................................................9

*Davis v. Ruby Foods, Inc.*,
    269 F.3d 818 (7th Cir. 2001) ......................................................................................9

*Democratic Nat'l Comm. v. Republican Nat'l Comm.*,
    671 F. Supp. 2d 575 (D.N.J. 2009) ..........................................................................10

*Gambrell v. S. Brunswick Bd. of Educ.*,
    No. 18 Civ. 16359, 2019 WL 5212964 (D.N.J. Oct. 16, 2019) ................................10

*Garrett v. Wexford Health*,
    938 F.3d 69 (3d Cir. 2019) .........................................................................................9

10719509 v1

*Garza v. Citigroup Inc.*,
  881 F.3d 277 (3d Cir. 2018) ............................................................... 11, 13

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) ............................................................................ 13

*Horowitz v. 148 S. Emerson Assocs. LLC*,
  888 F.3d 13 (2d Cir. 2018) .................................................................. 12

*Jurin v. Google Inc.*,
  695 F. Supp. 2d 1117 (E.D. Cal. 2010) ............................................... 12

*Lance v. Coffman*,
  549 U.S. 437 (2007) ............................................................................. 8

*Marias v. Bank of Am., N.A.*,
  No. 14 Civ. 4986, 2015 WL 4064780 (D.N.J. July 1, 2015) ............ 11, 12

*McCormick v. Kline*,
  670 F. App'x 764 (3d Cir. 2016) ......................................................... 11

*Russell-Brown v. Jerry, II*,
  270 F.R.D. 654 (N.D. Fla. 2010) ......................................................... 12

*Schaedler v. Reading Eagle Publ'n, Inc.*,
  370 F.2d 795 (3d Cir. 1967) ................................................................. 9

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016) ............................................................................. 7

*U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*,
  769 F.3d 837 (3d Cir. 2014) ............................................................... 11

*White v. Pagotto*,
  No. 22-3257, 2023 WL 4929306 (3d Cir. Aug. 2, 2023) .................... 10

**FEDERAL RULES**

Federal Rule of Civil Procedure Rule 8 ........................................................ 9

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................ 9

Federal Rule of Civil Procedure Rule 41(d) ..................................................... 11, 12

**LOCAL RULES**

Local Rule 15.1 ......................................................................................................6

Local Rule 54.1 .....................................................................................................13

Local Rule 54.2 .....................................................................................................13

10719509 v1

## PRELIMINARY STATEMENT

Over the last six months, Plaintiff has filed or sought to file five complaints, in two lawsuits, against the Democratic National Committee ("DNC") and various other entities and individuals with no discernible connection to one another. These complaints, including the instant amended complaint, have been entirely devoid of any alleged factual matter sufficient to state a plausible claim for relief against the DNC or to establish Plaintiff's standing to sue the DNC. Plaintiff's successive, specious lawsuits constitute straightforward abuse of the judicial system. It is time for this vexatious litigation to end. The Court should dismiss this action with prejudice pursuant to Rules 12(b)(1) and (6), and award the DNC its costs in Plaintiff's prior, voluntarily dismissed action pursuant to Rule 41(d). In addition, to the extent they remain pending, the Court should dismiss Defendant Robert Junge's cross-claims for indemnification and contribution.

## PROCEDURAL AND FACTUAL BACKGROUND

On October 13, 2023 and October 23, 2023, respectively, Plaintiff filed a complaint and an amended complaint against the DNC and eighteen other named defendants in a case captioned *Logan v. Lamont et al.*, No. 3:23 Civ. 21174 (ZNQ-TJB) (D.N.J. Oct. 13, 2023) ("First Action"). *See* ECF 1, 6. On November 30, 2023, the DNC filed a motion to dismiss the amended complaint. *See* First Action, ECF

27. On December 1, 2023, a request from Plaintiff seeking leave to amend the complaint again was docketed. *See* First Action, ECF 30. The Court denied this request as deficient. *See* First Action, ECF 31. Plaintiff then failed to timely oppose the DNC's motion to dismiss and filed an additional request for leave to amend that failed to comply with this Court's Local Rules (or this Court's order that any such request must comply with the Local Rules). *See* First Action, ECF 31, 49, 50. Faced with this effective default on her frivolous claims against the DNC, Plaintiff voluntarily dismissed the First Action pursuant to Rule 41(1)(A)(i). *See* First Action, ECF 54.

Just six days later, however, Plaintiff filed the instant lawsuit, which centers on the same baseless allegations as the First Action. *See* Compl., *Logan v. Garland et al.*, No. 3:24 Civ. 0040 (ZNQ-TJB) (D.N.J. Jan. 4, 2024), ECF 1 ("Second Action"). The DNC moved to dismiss the complaint for the same reasons asserted in its prior motion, *see* Second Action, ECF 40, and thereafter, Plaintiff filed an amended complaint, *see* Second Action, ECF 45 ("Amended Complaint").

The Amended Complaint spans 126 pages of allegations against more than fifty named defendants, referencing a series of disconnected individuals, organizations, and events, including the 2016 and 2020 U.S. Presidential elections, COVID-19, the September 11 terrorist attacks, Jeffrey Epstein's financial network, and the Bank of Credit and Commerce International—a bank that went defunct in

1991. *See id.* ¶¶ 62–63, 66–67, 69–70, 73–75, 85, 97, 118, 130.  As it relates to the DNC, the Amended Complaint also references an expired 1982 voting rights settlement, concerning so-called ballot security operations undertaken by the Republican National Committee, and a 2022 Federal Elections Commission ("FEC") settlement.  *See id.* ¶¶ 62, 147, 172.  The Amended Complaint does not explain how these agreements relate to Plaintiff personally, any legal claim she has, or any particularized injury caused to her.  *See id.*  Nevertheless, Plaintiff once again attempts to implicate the DNC in a wide range of conspiracy theories without any concrete allegations concerning the DNC's role or participation in those events, or any explanation of how they relate to Plaintiff specifically.  *See id.* ¶¶ 51, 62–63, 69–70, 73–75, 85, 105, 130, 147, 172.  In relief, the Amended Complaint seeks $8 billion in compensatory and punitive damages, along with various forms of injunctive relief, including the removal of President Biden from office and an end to voting by mail nationwide.  *See id.* ¶¶ 177, 179–80.

One week after filing the Amended Complaint, Plaintiff submitted supplemental "[e]xhibits" she "erroneously omitted" from the Amended Complaint "due to software error."  Second Action, ECF 46 at 1.  These "exhibits," which include a 49-page "statement of facts," are an untimely attempt to supplement a pleading without leave, and should not be considered.  *Id.* at 3; *see also* Local Rule 15.1.  But in any event, they merely reflect Plaintiff's continued baseless attempt to

6

implicate the DNC in a wide range of conspiracy theories. *See* Second Action, ECF 46 ¶¶ 6, 13, 15, 17, 26.

## ARGUMENT

### A. The Amended Complaint Fails to Establish Article III Standing.

To establish standing and invoke the jurisdiction of the federal courts, a plaintiff must satisfy three requirements: (i) injury in fact; (ii) traceability; and (iii) redressability. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The Complaint founders on all three requirements, and it should therefore be dismissed pursuant to Rule 12(b)(1). *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (assessing Article III standing under Rule 12(b)(1)).

Though far from clear, Ms. Logan centers her grievances around well-publicized events of public significance (*e.g.*, recent U.S. Presidential elections, COVID-19, Jeffrey Epstein), as well as a 1982 consent decree and an FEC settlement agreement that Plaintiff has nothing to do with. *See* Am. Compl. ¶¶ 62–63, 69, 73–75, 85, 118, 130, 147, 172. The Amended Complaint does not specify how the DNC caused Plaintiff individualized harm in connection with any of these events—and therefore fails to show "concrete, particularized" injury in fact that is "'fairly traceable'" to unlawful action (or any action) by the DNC. *California v. Texas*,

593 U.S. 659, 669, 680 (2021) (internal citation omitted).[1]  Further, there is no connection between Plaintiff's vague allegations of wrongdoing and her requested relief—including $8 billion in compensatory and punitive damages, the end of early or absentee voting (presumably nationwide), and the immediate removal of President Biden from office—which is, in any event, largely beyond the scope of relief this Court can order.  *See* Am. Compl. ¶¶ 175–80.

To the extent Plaintiff's claims are discernible at all, they are precisely the sort of "generalized grievances," reflecting that the plaintiff has "suffer[ed] in some indefinite way in common with people generally," that the Supreme Court has said cannot establish Article III standing to sue.  *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (internal citation and quotation marks omitted); *see also, e.g.*, Am. Compl. ¶ 172 ("Plaintiff asserts that the body of Defendants have recapitulated to §(d) of the 1982 Decree, having held the People hostage for thirty-five years by plea, the parties have now seen fit to hold them hostage by fiat of COVID-19, a mask to their atrocities while we, the People, bury our dead and mourn. The magnitude of the Defendant's traverse on the People's Constitutional Rights is reprehensible.").  For these reasons, the Court should dismiss the Amended Complaint for want of Article

---

[1] Plaintiff's supplemental "exhibits" make vague reference to the "loss of her elected capacity in an attempt to dissuade Plaintiff from pursuit of this action" and difficulties "Plaintiff and her clients" faced with mortgages.  Second Action, ECF 46 ¶ 17(a), (b).  But even assuming these vague allegations suffice for injury in fact, the Amended Complaint does not clearly trace these alleged harms to specific acts by the DNC.  *See California*, 593 U.S. at 668–69.

III standing. *See Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (affirming dismissal of *pro se* challenge to President Obama's eligibility to run and serve as President of the United States for want of Article III standing).

### B. The Amended Complaint Fails to State a Claim for Relief.

The Amended Complaint also fails to satisfy the basic requirements of Federal Rule of Civil Procedure 8—fair notice and facial plausibility—and therefore must also be dismissed for failure to state a claim pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8 requires every complaint to include a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that "'the defendant [has] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). *Pro se* complaints can fail to satisfy even this "basic notice function of a pleading," *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)) where they are too "'vague or ambiguous'" to expect a "defendant . . . to respond to it," *id.* (quoting *Schaedler v. Reading Eagle*

*Publ'n, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)).

The Amended Complaint does not satisfy these pleading standards. It is devoid of "any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction, and therefore [the Complaint] wholly fails to comply with Twombly/Iqbal and Federal Rule of Civil Procedure 8(a)." *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18 Civ. 16359, 2019 WL 5212964, at *3 (D.N.J. Oct. 16, 2019) (Sheridan, J.) (internal citation and quotation marks omitted). Plaintiff's vague, unexplained, and haphazard references to historical events from the past thirty years are plainly insufficient to state a claim, and the Amended Complaint must be dismissed for this reason as well. *See, e.g., Coniker v. Monfortoh*, No. 23-1507, 2023 WL 7411531, at *2 (3d Cir. Nov. 9, 2023) (per curiam) (affirming dismissal of pro se complaint lacking a "comprehendible factual narrative"); *White v. Pagotto*, No. 22-3257, 2023 WL 4929306, at *2 (3d Cir. Aug. 2, 2023) (per curiam) (affirming dismissal of *pro se* complaint that was "entirely unclear" as to "what actions the defendant took or what harm, if any, occurred").[2]

---

[2] Plaintiff plainly has no cognizable claim as to the DNC settlement agreements. The 1982 Consent Decree, issued in the case captioned *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, has expired. *See* Am. Compl. ¶ 147. The Consent Decree concerned abusive, so-called ballot security operations by the RNC that have nothing to do with the allegations in the Amended Complaint. Moreover, at least between 2009 and the time the Consent Decree expired, "[o]nly the parties to the Consent Decree [could] bring suit to redress a violation of that agreement." *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, 671 F. Supp. 2d 575, 622 (D.N.J. 2009), *aff'd*, 673 F.3d 192 (3d Cir. 2012). Plaintiff's unadorned allegation, in an untimely filing, that the DNC must somehow be acting in a way "that reiterates the 1982 ballot security task force" is wholly conclusory and entitled to no weight. Second Action, ECF 46 ¶ 26; *Iqbal*, 556 U.S. at 678 ("[M]ere conclusory

### C. Dismissal With Prejudice is Appropriate.

Dismissal with prejudice is appropriate here because amendment of the Amended Complaint "would be futile." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014); *McCormick v. Kline*, 670 F. App'x 764, 765–66 (3d Cir. 2016) (affirming dismissal of *pro se* complaint without leave to amend). Like the ones that preceded it, the Amended Complaint is merely a vehicle to air generalized, non-cognizable grievances. No further amendment can cure this central deficiency—indeed, the instant Amended Complaint is, effectively, Plaintiff's fifth bite at the apple. Plaintiff simply does not have any cognizable legal claim against the DNC, and she should not be permitted yet another opportunity to waste the Court's time and resources.

### D. The Court Should Award the DNC Its Costs in Plaintiff's Previously Dismissed Action.[3]

Federal Rule of Civil Procedure 41(d) provides for the award of the costs of a "previously dismissed action" where "a plaintiff who previously dismissed an action" proceeds to file a second action "based on or including the same claim against the same defendant." Fed. R. Civ. P. 41(d); *see also Garza v. Citigroup Inc.*, 881 F.3d 277, 281 (3d Cir. 2018) ("[W]hen a plaintiff has voluntarily dismissed a

---

statement[s] do not suffice."). The Federal Election Commission settlement likewise has nothing to do with Plaintiff.

[3] Rule 41(d) requests may be included within the body of a motion to dismiss. *See, e.g.*, *Marias v. Bank of Am., N.A.*, No. 14 Civ. 4986, 2015 WL 4064780, at *2 (D.N.J. July 1, 2015) (explaining that the defendant included its Rule 41(d) request on pages 6 and 7 of its Rule 12(b)(6) motion).

11

case, and later files a case with the same claim against the same defendant, the district court in the later action may order the plaintiff to pay of the 'costs' of the voluntarily dismissed case."). Rule 41(d) does not require identical lawsuits. The Rule applies to award the costs of the previously dismissed action where the two actions are "virtually the same." *Centennial Plaza Prop, LLC v. Trane U.S. Inc.*, No. 22 Civ. 1262, 2022 WL 17582548, at *5 (D.N.J. Dec. 12, 2022); *Marias v. Bank of Am., N.A.*, No. 14 Civ. 4986, 2015 WL 4064780, at *5 (D.N.J. July 1, 2015).

Rule 41(d) is satisfied here. Ms. Logan filed this action against the DNC, alleging a claim about COVID-19 (and, now, the 1982 consent decree), six days after voluntarily dismissing the prior action against the DNC—also about COVID-19 and the 1982 consent decree. *See* First Action, ECF 6 ¶¶ 44, 46, 48. And she relies on the same essential facts in both actions. It does not matter that Ms. Logan has added new defendants, *see Centennial Plaza*, 2022 WL 17582548 at *1, 5, or that she has added allegations referencing other events such as September 11 and Jeffrey Epstein's financial network, *see* Fed. R. Civ. P. 41(d) (providing for costs if the new action "include[s]" the same claim as before); *Russell-Brown v. Jerry, II*, 270 F.R.D. 654, 660 (N.D. Fla. 2010) (noting that Rule 41(d) may apply when the second lawsuit adds new claims); *Jurin v. Google Inc.*, 695 F. Supp. 2d 1117, 1123 (E.D. Cal. 2010) (similar); *Horowitz v. 148 S. Emerson Assocs. LLC*, 888 F.3d 13, 23-24 (2d Cir. 2018) (similar).

12

The DNC's prior motion to dismiss put Ms. Logan on notice that it would seek costs pursuant to Rule 41(d).  Yet Ms. Logan chose to double down on her COVID claim, and to add another previously asserted claim about the 1982 consent decree.  Accordingly, Plaintiff should be required to pay the DNC's costs defending her previously dismissed action.  *See Logan v. Lamont et al.*, No. 3:23 Civ. 21174 (D.N.J. Oct. 13, 2023) (ZNQ-TJB).  Upon dismissal of the current action, the DNC will submit a declaration to support the amount of costs incurred and thus awardable under Rule 41(d).  *See* Local Rules 54.1, 54.2.[4]

### E. The Court Should Dismiss Defendant Robert Junge's Cross-Claims

Finally, to the extent that the cross-claims asserted in Defendant Robert Junge's initial Answer remain pending, they should be dismissed as against the DNC.  *See* Second Action, ECF 13 at 28 (asserting cross-claims); Second Action, ECF 51 (abandoning such cross-claims).  Mr. Junge's initial Answer stated that "should liability be found against this Defendant, she [sic] is entitled to and hereby claim contribution from the co-defendants pursuant to the New Jersey Join Tortfeasors Contribution Act, N.J.S.A. 2A:53A-1 et. Seq. and the Comparative

---

[4] Awardable costs from the prior action can include attorneys' fees where the plaintiff brings the claim under a statutory cause of action that allows for attorneys' fees, *see Garza*, 881 F.3d at 285, such as Title VI of the Civil Rights Act of 1964, *see* 42 U.S.C. § 1988(b); First Action, ECF 6 at 58-60 (invoking Title VI of the Civil Rights Act of 1964).  "A prevailing defendant may recover" attorneys' fees under Section 1988, where, as here, the "suit was vexatious, frivolous, or brought to harass or embarrass the defendant." *Hensley v. Eckerhart*, 461 U.S. 424, 429 n.2 (1983); *see also Garza*, 881 F.3d at 283 n.6.  The DNC reserves all rights to seek its attorneys' fees in the prior action.

Negligence Act N.J.S.A. 2A:15-5.1 et seq." and that "her [sic] negligence if any was passive, vicarious and imputed, whereas the negligence of the co-defendants was primary and active." ECF 13 at 28. These bare assertions are entirely unsupported by any factual allegations against the DNC (or any other defendant). Accordingly, they should be dismissed.[5]

## CONCLUSION

For the reasons set forth above, the Court should dismiss the Amended Complaint with prejudice as against the DNC pursuant to Rules 12(b)(1) and (b)(6),[6] award the DNC its costs in defending Plaintiff's previously dismissed action pursuant to Rule 41(d), and dismiss Defendant Robert Junge's cross-claims.

---

[5] To clear, the DNC previously moved to dismiss Mr. Junge's cross-claims when it moved to dismiss Plaintiff's initial Complaint, see Second Action, ECF 40 at 9–10; the DNC's consolidated motion was denied without prejudice by the Court, see Second Action, ECF 42.

[6] The DNC also incorporates by reference all arguments for dismissal made in its prior motions to dismiss. See First Action, ECF 27-1; Second Action, ECF 40.

14

10719509 v1

Dated: April 5, 2024

Respectfully submitted,

*/s Nicole G. McDonough*
Nicole G. McDonough, Esq.
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, New Jersey 07012
Telephone: (973) 643-5967
nmcdonough@sillscummis.com

OF COUNSEL:
Shawn G. Crowley, *admitted pro hac vice*
Maximillian Feldman, *admitted pro hac vice*
**KAPLAN HECKER & FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
scrowley@kaplanhecker.com
mfeldman@kaplanhecker.com

*Attorneys for Defendant the Democratic National Committee*

15

10719509 v1