Mary B. Logan
Plaintiff *Pro-Se*
P. O. Box 5237
Clinton, New Jersey 08809
Email:  Trino@trinops.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

_____

MARY BASILE LOGAN, individually and on behalf
of those similarly situated, *Pro-Se*;                          |
                                                               |
                              Plaintiff,                        |
                                                               |
MERRICK GARLAND, in his official capacity                      |
Attorney General, Department of Justice; et al.                |
                                                               |
                              Defendants.          | **CIVIL DOCKET: 3:24-CV-00040**
                                                   |          **ZNQ-TJB**
                                                               |

_____

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' CONSOLIDATED MOTION TO DISMISS,**

**DEMOCRATIC NATIONAL COMMITTEE AND
REPUBLICAN NATIONAL COMMITTEE**

Dated April 15, 2024                          Mary Basile Logan
                                              Plaintiff, *Pro-Se*
                                              Post Office Box 5237
                                              Clinton, New Jersey 08809
                                              Telephone:  908-200-7294
                                              FAX:  888-237-2671
                                              Email:  Trino@trinops.com

Plaintiff, Mary Basile Logan, individually and on behalf of those similarly situated, does hereby reply by Opposition Motion to Defendant, the DEMOCRATIC NATIONAL COMMITTEE's ("DNC") Consolidated Motion to Dismiss, ("Motion") and REPUBLICAN NATIONAL COMMITTEE ("RNC") herein provides the Honorable Court support to same, as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff has set forth her cause of action in the Amended Complaint with supplements to same dated April 1, 2024 and April 8, 2024, in addition to 34 Exhibits.  The complex history, articulated in excruciating details through the Exhibits, are absolutely true and factual, sourced records of and belonging to Congressional, Senate, FBI and CIA repositories.  The remainder of the Exhibits were open source obtained while being confirmed through two and, in some cases, three source confirmations using scientific methodology of analysis.

2.     Plaintiff states that Defendants', the DNC and RNC's overtures and redundant disparaging language on frivolity, however artful applied or lawyerly, neither the DNC nor the RNC can dismiss the facts presented as Exhibits which corroborate the Plaintiff's claims.

3.     Plaintiff states that the abuse of the judicial system is represented in the DNC and RNC claims of innocence, claims which the Plaintiff has irrefutably proven as deceitful.

4.     Plaintiff states that the magnitude of the DNC and RNC's culpability is disclosed in their admission of *pro hac vice* admission of counsel by both parties, the foregoing action taken simultaneous to the DNC and RNC's written declarations of "disjointed stream of claims" RNC, *See* Second Action, ECF 52 at p.1, Introduction and DNC "Argument", See

Second Action, ECF 54-1 at p.7.  The Defendant's DNC and RNC's actions contradict their statements opposing Plaintiff's claims.

5.      Plaintiff states, the DNC is and remains a central figure to the Plaintiff's action as well those facts herein disclosed concerning her claims of harm.

6.      Plaintiff has no benefit of counsel as set forth in the Amended Complaint, conforming to Federal Rules of Civil Procedure in plain language.

7.      Plaintiff contests and absolutely refutes the claims set forth in the DNC and RNC presented Motions to Dismiss the Amended Complaint, the inclusive rebuttals and remedy are stated herein, including:

    a.  <u>RNC</u>:  Federal Rules of Civil Procedure 12(b)(6) State a claim to relief that is plausible on its face.

    b.  <u>RNC</u>:  Establishment of injury in fact, pled through factual matter that, if taken as true, states a claim, (*See Ashcroft v. Iqbal*, 556 U.S. at 678)

    c.  <u>DNC</u>:  Federal Rules of Civil Procedure 8(a)(2) fair notice and facial plausibility in conjunction with failure to state a claim, Fed. Civ. Rules of Civ. Procedure 12(b)(6).

    d.  DNC:  Federal Rules of Civil Procedure 12(b)(1) as regards satisfaction of three requirements (i) injury in fact; (ii) traceability; and (iii) redressability.  (*See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).

    e.  <u>DNC</u>:  Dismissal with prejudice, citing claim of futility. (*See U.S. ex rel. Schumann v. Asterzeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2019); *McCormick v. Kline*, 470 F. App'x 764, 765-66 (3d Cir. 2016)).

f. <u>DNC</u>:  DNC seeks award of costs as to Fed. R. Civ. P. 41(d) claiming that Plaintiff's amended complaint is comprised of the same claim against Defendant.  Plaintiff states that the amended complaint cannot on one hand fail to allege a claim while simultaneously being determined by the Defendant to be comprised of the same cause of action as previously entered; Plaintiff refutes DNC's statement, stating in clear, concise language the claim and harm herein.

8.    Plaintiff's states that the claims involving Russian election interference associated with the DNC and capitulated through passivity by the RNC were the only vexatious claims as evidenced by the DNC and HILLARY R. CLINTON admissions and fine.

9.    Plaintiff states that the RNC's failure of redress to the foregoing actions by the DNC resulted and contributed to the Plaintiffs harms as stated below.

10.    Plaintiff requests the Honorable Court's courtesy as to the complex history presented, absolutely necessary given the magnitude of the mounting avalanche in enormity, up to and including certain risk of national security of these United States, citing the military escalations between the nation-states of Iran and Israel, germane to Plaintiff's action before the Court as well the Defendant, the DNC and RNC's culpability.

## **PROCEDURAL BACKGROUND**

11. Plaintiff realleges and incorporates by reference all paragraphs as set forth in the Amended Complaint as to the paragraphs below set forth fully herein.

12. Plaintiff attaches the Supplements of April 1, 2024, as EXHIBIT 1, and April 8, 2024, as EXHIBIT 2, and the inclusive Exhibits (as enumerated 1-39, absent 20) ECF 45-1; 45-2; 45-3; 45-4; 45-5; 45-6; 45-7; 45-8; 45-9; 45-10; 45-11; 45-12; 45-13; 45-14; 45-15; 45-16; 45-

17; 45-18; 45-19; 45-20; 45-21; 45-21; 45-22; 46; 46-1; 46-2; 55; 55-1; 55-2; 55-3; 55-4 and 55-5, in support of the herein claims of harm.

## **FACTUAL BACKGROUND**

13. Plaintiff states, Defendant, DEBBIE WASSERMAN SCHULTZ served as the DNC Chair from May 4, 2011 until her resignation effective date of July 28, 2016.

14. Plaintiff states that while serving as the DNC Chairwoman, the Defendant, DEBBIE WASSERMAN SHULTZ, retained the services of Imran Awan, Jamal Awan and Abid Awan ("Awan Brothers"), a relationship with commenced under the DNC and at the directive in 2004.

15. Plaintiff states that the Awan Brothers worked with the co-Defendant, XAVIER BECERRA, then serving as the Attorney General for California.

16.  Plaintiff states that the Awan Brothers were subject of simultaneous 2017 investigations conducted by Capitol Police, the Federal Bureau of Investigation ("FBI") and Congressional action.

17. Plaintiff states that the foregoing investigations were knowingly thwarted, overtly misled and squandered up to and including destruction and false records and/or facts being submitted or substituted as evidence including computer servers at the private residence of Imran Awan.

18. Plaintiff states that the Defendants, the DNC and the RNC irrefutably contributed to the compromised investigations with the DNC projected and affixing statements as well as legal framework that professed Russian interference as a manifest scheme by which the Awan Brothers evaded justice.  The fourth in a series of compromised investigations in which all four involved the DNC with direct ties to Marc Rich, BCC International, co-Defendants

MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE.

19.  Plaintiff states that the Defendant, the DNC, XAVIER BECERRA, WILLIAM J. CLINTON, HILLARY R. CLINTON and other not yet named, imposed on the aforementioned investigations, knowingly and overtly, evidencing malice of forethought and planning, ensuring that the integrity of the inclusive investigations as well the determined outcome was compromised, thereby aiding and abetting the enemy and committed espionage against these United States.

20. Plaintiff states that Defendant, CHRISTOPHER WRAY oversaw the FBI Awan Brothers investigation, consenting to the acceptance of the investigative outcome inclusive of

the blatant compromise to same, Defendant CHRISTOPHER WRAY aided and abetted the enemy and committed espionage against these United States.

21. Plaintiff states that Imran Awan came to the United States from Pakistan, first arriving in New York in 1997, (https://www.washingtonpost.com/investigations/federal-probe-into-house-technology-worker-imran-awan-yields-intrigue-no-evidence-of-espionage/201709/16/100b4170-93f2-11e7-b9bc-b2f7903bab0d) the benefactor of the Diversity Immigrant Visa program, also known as the green card lottery (See Pub. L. 101-649, 104 Stat. 4978, enacted November 29, 1990, introduced by Senator Ted Kennedy in 1989, signed into law by George H. W. Bush on November 29, 1990).

22. Plaintiff states that Imran Awan was the benefactor of the Diversity Immigration Visa program in advance of high school graduation, becoming a dual citizen of the United States in 2004, retaining his Pakistan citizenship.  Plaintiff will seek the designation (H-1, H-1B, H-1D, etc.) of the secured visa in discovery.

23. Plaintiff states that Imran Awan worked for Representatives Gregory Meeks, Yvette Clarke, Hakeem Jeffries, Joseph Crowley who at the time serves as the Queens DNC Chairman.  Plaintiff reserves the right to call the foregoing parties as co-Defendants to this action.  Plaintiff states that the records reflect a termination history, despite that termination history, the DNC retained the services of Imran Awan with the RNC allowing same to continue to eleven (11) years, exposing great risk to national security.

24. Plaintiff states that the foregoing actions accumulate with those of the historical record, of and belonging to BCC International and specifically the Awan Brothers who are referenced by name lineage in and among the BCC International record, Marc Rich and Pincus Green.

25. Plaintiff states that the Honorable Judge Chutkan has affixed to the undercurrent scheme in the legal prudence applied in the Awan case.  The facts provided are in no manner complete.  The foregoing statement is magnified with the benefit of the historic facts, as below:

    a.  The Democrat House Intel Committee members compromised themselves and gave unfettered IT access to persons from a nation-state with a known evidenced history of terrorism, these parties included Imran Awan, Abid Awan and Jamal Awan.

    b.  Witness testimony included a sovereign citizen who was subject to wiretapping and having her personal bank accounts controlled by Imran Awan, the accounts were later drained.

    c.  The timing of the Russian hoax in relation to the Awan Brothers disclosure, noting the evidenced statements and Exhibits presented by the Plaintiff which irrefutably confirm that Russian interference in the elections was a fabrication designed for a dual outcome manifestation; 1)mask the actions of the breach of Constitutional thresholds to national security conducted through Defendant DEBBIE WASSERMAN SHULTZ with the aid of ZAVIER BECERRA, Gregory Meeks, Yvette Clarke, Hakeem Jeffries and Joseph Crowley (Democratic Party Chair – Queens, NY); 2)Prevezon and Bill Browder, the history of association with Defendant WILLIAM J. CLINTON and HILLARY R. CLINTON as well the redundancy of actions to that of the Awan Brothers, inclusive of the rental properties and government infiltrations (*See* ECF 45, p.34, ¶73).

d.  The Awan Brothers destroyed servers in the residence before the FBI investigators could access them.

e.  The Awan Brothers made unauthorized access to the House computer system on more than one occasion.  House information was discovered on external cloud servers wherein the Awan Brothers had been responsible for such access and movement of data.

f.  The Defendant, DEBBIE WASSERMAN SCHULTZ advocated on behalf of private loans for Imran Awan, the loan which was found by the originator to be contextually fraudulent.

g.  The United States Congressional offices experienced an unprecedented volume of hacking events during the period in which the Awan Brothers were contracted.  Records, (See EXHIBIT 1) provide that Imran Awan required House central IT bend the statutory rules for his access and use of the IT structure to limit paper trails in his access to unusually high permissions which he sought access.  Obviating the paper trail dismissed the checks and balances, including disclosure of access points, changes made, or information downloaded, accessed, or destroyed as well nefarious upload of external information, malware, etc.

h.  The foregoing serious compromises to national security were fully documented by at least three investigations (Capitol Police, the FBI, and House Intelligence).  Simultaneous to these events, claims were being professed through media sources of Russian infiltration into the DNC servers which were later found to be fabricated.

i.   The Defendant, DEBBIE WASSERMAN SCHULTZ, DNC Chairwoman, refused to terminate Imran Awan, confronting Capitol Police in the most unprofessional of conduct, including threats of monetary appropriation being withheld.  Thereafter, Defendant DNC demanded her laptop be returned from Capitol Police which was being held as evidence in their investigation.  The DNC again admitted having violated official information security protocols, (*See* EXHIBIT 1) but maintained a confrontational demeanor in redress of the matter, entirely.

j.   Other matters involving the Fairfax County, Virginia police involved Samina Galani[1] who claimed, in advance of the breaking House story, to be bullied out of her property by the Awan Brothers, stating that he was "very powerful…travels with a VIP police escort in Pakistan (based on)…his political power in the U.S."  The facts of the case are parallel to Plaintiff's harms, as below.  The statement of being "very powerful…" gives inference to unspoken facts, those of either perception of the Awan Brothers or those true and factual apart from transparency.

k.   In 2010 while working with the Defendant DEBBIE WASSERMAN SHULTZ, formed an LLC (Cars International A, LLC), which Imran Awan referred to as "CIA".  His former business partner described the finances involved as "bizarre and complicated (money) transfers."

---

[1] Kant, Garth.  The Biggest Scandal You've Never Heard Of.  June 29, 2017, accessed April 10, 2024. https://www.wnd.com/2017/06-the-biggest-scandal-youve-never-heard-of/

l.   One of the business transactions involved "Dr. Ali Al-Attar, who has ties to the Iranian-backed terrorist group Hezbollah, and (who) fled to the Mideast to avoid prosecution for tax fraud in the United States."[2]

m.   The foregoing evident facts become extremely problematic for individuals, contracted or otherwise, working in IT with unfettered access to governmental information including those of national security, including but not limited to personal conduct, the absence of security concerns of written records and

## PLAINTIFF'S CAUSES OF ACTION

### I – COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. §1030(A)

26. Plaintiff realleges and incorporates by reference all paragraphs as set forth in the Amended Complaint.

27. The Plaintiff's computers are involved in interstate and foreign commerce and communication, and are protected under 18 U.S.C. §1030(e)(2).

28. On information and belief, the DNC and the RNC knowingly and internally accessed the Plaintiff's computers without authorization or in excess of authorization, and thereby obtained and used valuable information from those computers in violation of 18 U.S.C. §1030(a)(2)(C).  Such information includes, but was not limited to private, politically and non-partisan sensitive communications between the Plaintiff and the People, stakeholders, candidates and poll workers affixed to matters of the election and political process; confidential donor data; digital proprietary information; proprietary analysis and data methodology designs; Plaintiff-developed code; confidential campaign strategy plans; opposition and policy research; and documents regarding planned activities, events,

---

[2] *Ibid.*

fundraisers and rallies.  The information was used to advance the plan to denigrate the Plaintiff's actions across the United States and bolster the campaigns and/or undercurrent schemes by strategically leaking or taking advanced action on the proprietary information stolen from the Plaintiff.

29. On information and belief, the DNC and the RNC knowingly and internally gave access to the Awan Brothers to government computers without authorization or in excess of authorization, and thereby the Awan Brothers obtained and used valuable information from those computers in violation of 18 U.S.C. §1030(a)(2)(C).  Such information includes, but was not limited to private, politically and non-partisan sensitive communications between the government and the People, stakeholders, candidates and poll workers affixed to matters of the election and political process; confidential donor data; digital proprietary information; proprietary analysis and data methodology designs; government-developed code; confidential campaign strategy plans; opposition and policy research; and documents regarding planned activities, events, fundraisers and rallies.  The information was used to advance the plan to denigrate the government protections afforded by the Constitution across the United States and bolster the computer peripheries, campaigns and/or undercurrent schemes by strategically leaking or taking advanced action on the proprietary information stolen from the government of the United States.

30. Upon information and belief, the DNC and RNC knowingly caused the transmission of information or a program, code, or command, and as a result of such conduct, intentionally caused damage without authorization, to a protected computer, in violation of 18 U.S.C. §1030(a)(5)(A).  Such transmission included, but was not limited to, the use of malware on Plaintiff's systems.

31. Upon information and belief, the DNC and RNC intentionally accessed a protected computer or computers without permission, and as a result of such conduct, cause damage and loss, in violation of 18 U.S.C.(a)(5)(C), or recklessly caused damage, in violation of 18 U.S.C. §1030(a)(5)(B).

32. Upon information and belief, the DNC and RNC knowingly and with the intent to defraud, trafficked passwords and similar proprietary information from the Plaintiff's systems, and such trafficking affected interstate and foreign commerce in violation of 18 U.S.C. §1030(a)(6)(A).

### RICO (18 U.S.C. §§1962 (C), (D))

33. Plaintiff realleges and incorporates by reference all prior paragraphs of Amended Complaint and paragraphs in this Opposition Motion in the harms enumerated below as though set forth fully herein.

34. Defendants, the DNC, the RNC, DEBBIE WASSERMAN SCHULTZ, WILLIAM J. CLINTON and HILLARY R. CLINTON are all "persons" within the meaning of 18 U.S.C. §§1961(3); 1962(c), with DEBBIE WASSERMAN SCHULTZ acting as the primary conduit to the criminal espionage breach and in her capacity as DNC Chairperson.  At all relevant times, Defendants conducted the affairs of an Enterprise -which affected interstate and foreign commerce – through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(c). Each Defendant agreed that the operation would involve repeated violations of 18 U.S.C. §1831 (economic espionage); 18 U.S.C. §1832 (theft of trade secrets); 18 U.S.C. §1503 (relating to obstruction of justice); and 18 U.S.C. §1512 (relating to tampering with a witness, victim, or an informant).

A.  The DNC and RNC were the Racketeering Enterprises.

35. The DNC was a Racketeering Enterprise, as that term is used in 18 U.S.C. §1961(4). The Enterprise was formed in 1848.

36. The RNC was a Racketeering Enterprise, as that term is used in 18 U.S.C. §1961(4). The Enterprise was formed in 1854.

37. The DNC and the RNC had an ongoing organizational framework for carrying out its objectives.

38. Because the DNC contracted with Awan Brothers, expending $5 million while providing absolute and total unfettered access to House Intelligence computers through the IT contract, those areas not contracted were hacked by the Awan Brothers.

39. Because the RNC permitted without obstructing the co-Defendant, DNC, to commence the blatant breach.

40. Each of the Defendants, the DNC and the RNC as well those of the amended complaint,  MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE

WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE, conducted and/or participated in the affairs of the DNC and RNC through a pattern of racketeering activity, including acts indictable under 18 U.S.C. § 1831 (economic espionage); and 18 U.S.C. §1832 (theft of trade secrets).

B.   Alternatively, And At the Very Least, the RNC was Part of An Association-in-Fact Enterprise.

41. Alternatively, and at the very least, the DNC and the RNC was part of an Association-in-Fact Enterprise comprised of the co-defendants, MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA

SELLA, and ROBERT JUNGE, the Defendants' employees and agents, and additional entities and individuals known and unknown. The Association-In-Fact Enterprise was formed until the present, the members of the Association-in-Fact Enterprise have worked together to further their mutual goal of using illegal means to secure the undercurrent scheme and its grip on these United States, intent on dismantling these United States, causing irreparable harm to her inhabitants, up to and including death.

42. The Association-in-Fact Enterprise had an ongoing organizational framework for carrying out its objectives. In fact, the Association-in-Fact Enterprise could not have carried out its intricate task of sharing confidential information at the moments when it would be most beneficial to the DNC and the RNC unless it had some structure for making and communication group decisions.

43. As described above, the Defendants, the DNC and RNC participated in the operation or management of the Association-in-Fact Enterprise, and benefitted financially from the enterprise.

44. Because the Association-in-Fact Enterprise's activities affected electoral spending in 2020, as well as the media response to the 2020 presidential rate, it affected interstate and foreign commerce.

**C. RICO Predicate Acts.**

45. Each Defendant conducted and/or participated in the affairs of the Awan Brothers in among the Defendants, the DNC and the RNC and the Association-in-Fact Enterprise through a pattern of racketeering activities, including acts indictable under 18 U.S.C. §1831 (economic espionage); 18 U.S.C. §1832 (theft of trade secrets); 18 U.S.C. §1503 (relating to obstruction

of justice); and 18 U.S.C. §1512 (relating to tampering with a witness, victim, or an informant).

      a. **Economic Espionage**.

46. Beginning in the 1920's and, specifically under the structure of BCC International (*See* ECF 45-1), originally conceived by Agha Hasan Abedi and his assistant, Swaleh Naqvi, through their designees, the Awan Brothers, the Defendants have repeatedly attempted – in many instances, successfully – to steal, and without authorization appropriate, take, carry way, or by fraud, artifice, or deception obtain trade secrets from the government of these United States, intending or knowing that doing so would benefit the global apparatus, instrumentalities, or agents, in violation of 18 U.S.C. §§1831(a)(1); 1831(a)(4); 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

47. Beginning on or before January, 2004, the DNC and RNC, without authorization, copied, duplicated, downloaded, uploaded, altered, destroyed, replicated, transmitted, delivered, sent, communicated, and/or conveyed Plaintiff's trade secrets, intended or knowing that doing so would benefit the DNC and RNC, their instrumentalities or agents, in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

48. Beginning on or before January, 2004, the DNC and RNC gave consent to the Awan Brothers, without authorization, copied, duplicated, downloaded, uploaded, altered, destroyed, replicated, transmitted, delivered, sent, communicated, and/or conveyed Governmental trade secrets of these United States, intended or knowing that doing so would benefit the undercurrent scheme principally operated by Defendants, WILLIAM J. CLINTON and HILLARY R. CLINTON, their instrumentalities or agents, in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

b. **Theft of Trade Secrets**.

49. Beginning on or before 1920's and, specifically under the structure of BCC International (*See* ECF 45-1), originally conceived by Agha Hasan Abedi and his assistant, Swaleh Naqvi, through their designees, the Awan Brothers, the Defendants have repeatedly attempted – in many instances, successfully – to steal, and without authorization appropriate, take, carry way, or by fraud, artifice, or deception obtain trade secrets from the government of these United States, intending to convert those trade secrets, which are and were related to products or services used in or intended for use in interstate commerce, to the economic benefit of other Defendants and non-defendant coconspirators, and intending and knowing that the offense would injure the government of these United States, in violation of 18 U.S.C. §§1832(a)(1); 1832(a)(4); 18 U.S.C. §§1832(a)(2); 183(a)(3); and 1831(a)(5).

50. Beginning on or January, 2004, the Defendants, the DNC and the RNC have repeatedly attempted – in many instances, successfully – to steal, and without authorization appropriate, take, carry way, or by fraud, artifice, or deception obtain trade secrets from the government of these United States, intending to convert those trade secrets, which are and were related to products or services used in or intended for use in interstate commerce, to the economic benefit of other Defendants and non-defendant coconspirators, and intending and knowing that the offense would injure the government of these United States, in violation of, in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

51. Beginning on or before January, 2004, the DNC and RNC gave consent to the Awan Brothers, without authorization, copied, duplicated, downloaded, uploaded, altered, destroyed, replicated, transmitted, delivered, sent, communicated, and/or conveyed Plaintiff's trade secrets with the intent to convert those trade secrets, which are and were related to products or

19

service used in or intended for use in interstate commerce, to the economic benefit of themselves and the other Defendants and non-defendant coconspirators, and intending and knowing that the offense would injure the Plaintiff in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

c. **Obstruction of Justice.**

52. As explained in detail in the amended complaint and herein, the Defendants and non-defendant coconspirators repeatedly obstructed justice in violation of 18 U.S.C. §1503, including on the dates set forth below.

53. Beginning on or before January, 2004, the DNC and the RNC corruptly endeavored to obstruct and impeded – and did obstruct and impede – the due administration of justice, in violation of 18 U.S.C. §1503(a).

54. Beginning on or before January, 2004, the co-defendants, MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF, WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ,

BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE corruptly endeavored to obstruct and impede – and did obstruct and impede – the due administration of justice, in violation of 18 U.S.C. §1503(a)

       d. **Witness Tampering**.

55. As explained in detail in the amended complaint and herein, the Defendants and non-defendant coconspirators repeatedly obstructed official proceedings in violation of 18 U.S.C. §§1512), (k), and 1512(c)(2), including on the dates set forth below.

56. Beginning on or before January, 2004, the DNC and the RNC corruptly altered, destroyed, mutilated, or concealed a record, document, or other object with the intent to impair the object's integrity or availability for use in an official proceeding, including elections, in violation of 18 U.S.C. §§1512(c)(1), (k) and 1512(c)(2).

57. Beginning on or before January, 2004, the Awan Brothers by way of access provided by the Defendants, the DNC and RNC, corruptly altered, destroyed, mutilated, or concealed a record, document, or other object with the intent to impair the object's integrity or availability for use in an official proceeding, including elections, in violation of 18 U.S.C. §1512(c)(1), (k), and 1512(c)(2).

## WIRETAP ACT (18 U.S.C. §§2510-22)

58. Plaintiff realleges and incorporates by reference all prior paragraphs of Amended Complaint and paragraphs in this Opposition Motion in the harms enumerated below as though set forth fully herein.

59. Each of the above-listed Defendants is a "person" within the meaning of 18 U.S.C. §§2510, 2511.

60. In violation of 18 U.S.C. §2511(1)(c), the DNC and the RNC willfully and internationally endeavored to disclose and did disclose the contents of Plaintiff's wire, oral, or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire, oral, or electronic communications in violation of 18 U.S.C. §2511.

61. Plaintiff had a justifiable expectation that its wire, oral, or electronic communications were not subject to interception.

62. Plaintiff is a "person" whose wire, oral, or electronic communications were intercepted within the meaning of 18 U.S.C. §2520.

63. As a direct result of the DNC and RNC's actions, Plaintiff suffered irreparable harm to its business and property and is entitled to an award of the greater of the actual damages suffered or the statutory damages and injunctive relief pursuant to 18 U.S.C. §2520(c).  This harm includes, but is not limited to, harm to computers, servers, harm to Plaintiff reputation, loss in the value of trade secrets, and business information, and harm to business as described above.

64. As a direct result of the DNC and RNC's actions, these United States has suffered irreparable harm to its core constitutional principles, including but not limited to the threat to national security, Plaintiff is entitled to punitive damages and reasonable attorneys' fees and costs pursuant to 18 U.S.C. §§2520(b)(2) and (3).

**STORED COMMUNICATIONS ACT (18 U.S.C. §§2701-12)**

65. Plaintiff realleges and incorporates by reference all prior paragraphs of the amended complaint and paragraphs within the Opposition Motion hereto as set forth fully herein.

66. Plaintiff is a "person" within the meaning of 18 U.S.C. §§2510(6) and 2707(a).

67. The DNC and RNC willfully and intentionally provided venue of access to the Awan Brothers without authorization to a facility through which an electronic communication service is provided, namely the governmental computer systems, including their email servers, thereby obtaining access to wire or electronic communications while they were in electronic storage in such systems, in violation of 18 U.S.C. §2701(a).

68. The DNC and the RNC willfully and intentionally accessed without authorization to a facility through which an electronic communication service is provided, namely the Plaintiff's computer systems, including their email servers, including collaboration in and among 3rd parties, thereby obtaining access to wire or electronic communications while they were in electronic storage in such systems, in violation of 18 U.S.C. §2701(a)

69. As a result of these willful and intentional violations, Plaintiff has suffered damages and, as provided for in 18 U.S.C. §2707, seeks an award of the greater of the actual damages suffered or the statutory damages; punitive damages; attorneys fees, and other costs of this action; and appropriate equitable relief.

## DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1201 ET. SEQ.)

70. Plaintiff realleges and incorporates by reference all prior paragraphs of the amended complaint and paragraphs within the Opposition Motion hereto as set forth fully herein.

71. Plaintiff's computer networks and files contained information subject to protection under the copyright laws of the United States, including campaign strategy documents and opposition research that the DNC and RNC illegally accessed without authorization.

72. Access to the copyrighted material contained on the Plaintiff's computer networks and email was controlled by technological measures, including measures restricting remote access, firewalls, and measures restricting access to users with valid credentials and passwords.

73. In violation of 17 U.S.C. §1201(a), the DNC and RNC circumvented these technological barriers by stealing credentials from authorized users, conducting a "password dump" to unlawfully obtain passwords to the system controlling access to the Plaintiff's domain, and installing malware on Plaintiff's computer systems.

74. In violation of 17 U.S.C. §1201(a), the DNC and RNC circumvented these technological barriers by stealing credentials from authorized users, conducting a "password dump" to unlawfully obtain passwords to the system controlling access to the governmental domain, and installing malware on governmental computer systems of and belonging to these United States including but not limited to those relating to elections.

75. The DNC and RNC conduct cause the Plaintiff significant damages.  These damages including, but are not limited to, damage resulting from harm to the Plaintiff's computers, loss of the value of Plaintiff's trade secrets and business information, and harm to business enterprise as described above.  Plaintiff is entitled to the greater of its actual damages or statutory damages as provided by 17 U.S.C. §1203, in an amount to be proven at trial.

76. Plaintiff is entitled to an award of attorneys' fees and costs as provided by 17 U.S.C. §1203.

## VOTER CAGING

77. Plaintiff realleges and incorporates by reference all prior paragraphs of the amended complaint and paragraphs within the Opposition Motion hereto as set forth fully herein restates.

78. Plaintiff analyzed the election data in New Jersey from 2020 – 2023.

79. Plaintiff states her claims regarding the history of the Democratic National Committee v. Republican National Committee, 671 F. Supp. 2d 575, 579 (D.N.J. 2009)).  From the aforementioned election analysis, as provided in EXHIBIT 2, the report states clearly that the turnout percentages reflect limited change, despite registration increasing.  In point of fact, the various voting options appear to have deterred voter turnout.  These data driven observations are consistent with the dropbox video recordation viewing, where ballots could be clearly visible as being inserted.

80. Plaintiff states and reiterates her claims of Charter obligations of the DNC and RNC based on the foregoing facts. The facts provide that there exist no benchmarks or verified chain of custody for mail in ballots from the time they depart the voter until the time they are warehoused, post-election.  Moreover, the protocol for dropbox recordations are inconsistent, not evidence quality and do not perform in the affirming their intent as most the opening faces away from the camera and out of view.

81. Plaintiff states that the ongoing investigative malfeasance serves to disenfranchise voters.  Plaintiff states that this a component of the BCC International design and mapping, causation in the failure of nation-state structure.

**HARMS STATEMENT**

82. The Plaintiff was forced to close her offices when the following four events transpired:

a.   Defendant, CHRISTOPHER J. CHRISTIE's property management firm contacted the Plaintiff's spouse for contracted services at his commercial property twice, once in 2022 and once in 2023.  Plaintiff reiterates the herein claims of tampering and intimidation.  Plaintiff does not yield.

b.  Defendant, CHRISTOPHER WRAY's designees contacted Plaintiff's spouse for contracted services twice at their private residence, once in 2022, and once in 2023.  Individual gave Plaintiff's spouse and her son CIA token coins and made it a point to expound on touring his trophy office which included an array of photos with former Presidents, Senators, etc. Plaintiff retains one such token outside of residence, the other thrown in the garbage.  Plaintiff reiterates the herein claims of tampering and intimidation.  Plaintiff does not yield.

c.  Plaintiff's client, "Mrs. X," came to her in 2019, her life was endangered with a spousal restraining order, seeking assistance in her matrimonial matter with contracted forensic investigative work product requested.  Upon completion of the retained contract, Plaintiff herself was made to feel threatened.  The investigative work product clearly indicated false identities, fictitious entities, and money laundering, including mortgage fraud, securing credit cards in false or fictitious names, and securing social security numbers using fictitious names. Plaintiff advised "Mrs. X" to provide the forensic records to her matrimonial attorney for handling.  The client was so fearful for her circumstances and those of her daughters that she withdrew the matrimonial matter altogether.  Finding no choice, absent any contractual relationship, Plaintiff provided vocational recommendations and community support programs for abused women; after confirming the Mrs. X and her daughters were safe, the interact terminated.  The parallels between the personal experience of the Plaintiff and the Awan Brothers victim, Mrs. Galani, are distinctly similar, exceeding coincidence.  At the time of the Plaintiff's interaction, knowledge regarding BCC International, etc. was not present.

d.  In December, 2021, Plaintiff received a client inquiry from "Mr. Y" claiming to be in dire circumstance of mortgage foreclosure, a Russian immigrant who formerly owned a check-cashing entity.  When Plaintiff declined to engage a retainer, Mr. Y contacted the Plaintiff no

less than three times until the phone number was blocked Plaintiff's computers are involved in the conduct of business in interstate, foreign commerce, federal and state as well as private agency communications, and the computers are protected under 18 U.S.C. §1030(e)(2).

83. Plaintiff, having first-hand knowledge and experience with "Mrs. X" with both she and her spouse emigrating from Pakistan.  The facts and Exhibits presented in the Plaintiff's Final Supplement in Support of the Amended Complaint, EFC Doc. 50, attached hereto, Plaintiff restates each and every claim presented.

84. Plaintiff states that the manifest personal harm caused by the DNC in fortifying the history of lies and malfeasance while buttressing the sheer ineptitude of Defendant, JOSEPH R. BIDEN is causational in the palpable disclosure of risk to personal life, liberty, and property.

85. Plaintiff states that that the manifest personal harm caused by the RNC in its absence of holding to count, codified statutes, the Founding documents and regulations informed by the Constitution, in cases of egregious usurpation by elected officials of the current Administration has caused and will continue to cause risk of harm to personal life, liberty, and property.

86. Plaintiff states that the lawfare being waged by the Defendant, JOSEPH R. BIDEN against his opponent in the presidency of these United States, has and continues to disenfranchise voters, including the Plaintiff, from choice in elections with such actions being supported by the DNC.  The blatant abuse of Article II authority in stacking the deck among in and among the 3-branches of government, each with a history of compromised, bartered or political blackmail obligations, dismantles democracy.  Plaintiff states injury resulting from harm to Plaintiff Civil Rights including but not limited to privacy rights, as stated herein, and including but not limited to the Help America Vote Act ("HAVA").

87. Plaintiff holds very specific degrees of study which were applied in the analysis of the findings associated with nuclear trafficking and data triangulation.  Applying those findings with the events involving Iran and Israel, Plaintiff restates harms as below:

a. The absence of Executive action in the interest of avoiding further global strife and confrontation exposes a national security crisis.  Citing Plaintiff's knowledge, carefully sourced and affirmed data findings, Plaintiff holds that her personal life, liberty, and property are in grave jeopardy.

b. Plaintiff states that the volume of public private partnership agreements that result in outsourcing security, including but not limited to Accenture as provided for in the supplements to the amended complaint, *See* EFC 46, p.14, which include known impositions that have already resulted, and are continuing to be at great risk to Plaintiff's reasonable expectation of life, liberty, and property.  The subject agreements are outsourcing the constitutional checks and balances affixed to sovereign vote, accountability, cost, and expense escalation as well the consequence on Plaintiff's rising housing costs.

c. The unfettered accountability on the part of the Defendant, the DNC as to the co-Defendant, BARACK HUSSEIN OBAMA, WILLIAM J. CLINTON and HILLARY R. CLINTON and the known actions as represented in the amended complaint and supplements hereto have provided and continue to provide great risk of harm to Plaintiff's Civil Rights and life, liberty, and property.

WHEREFORE, Plaintiff demands judgment against Defendants on all counts, and seeks such relief as specified below for all allegations for which such relief is provided by law:

a.  Awarding Plaintiff damages in an amount to be determined, including but not limited to all damages and losses suffered by Plaintiff as a result of the illegal hacking, theft, and subsequent release of Plaintiff's confidential documents and/or Plaintiff's response to and remediation related thereto;

b.  Rewarding Plaintiff compensatory and treble damages, as available, in an amount to be proven by trial;

c.  Awarding Plaintiff the financial fain earned by Defendants as a consequence of the violations described herein;

d.  Awarding Plaintiff statutory damages, as available;

e.  Awarding Plaintiff punitive damages, as available;

f.  Issuing a declaration that: Defendants, according to proof, conspired to and did damage in a common scheme to affect the illegal and unauthorized hacking of Plaintiff's computer systems and/or personal emails and the exfiltration of confidential information; disseminated that stolen information to the extraneous parties; and used that disclosed stolen information for their own gain;

g.  Issuing an injunction restraining Defendants, and their officers, agents, servants, employees, assigns, and those acting in active concert or participation with them from:

i.  Assessing Plaintiff's computer networks and/or personal emails without Plaintiff's authorization;

ii.  Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiff's computer networks or personal emails; and

       iii.   Selling, publishing, distributing, or using any property or information obtained from Plaintiff's computer networks or personal emails without Plaintiff's authorization;

       iv.   Removing, extracting, or copying any information or data from Plaintiff's computer or personal emails without Plaintiff's authorization;

h.   Awarding Plaintiff all costs and attorneys' fees to the full extent permitted under applicable law;

i.   Awarding Plaintiff pre-and post-judgment interest as permitted by law;

j.   Awarding any other relief as the Court may deem just and proper.

## <u>CERTIFICATION OF SERVICE</u>

Plaintiff, Mary Basile Logan, hereby certifies that on this 15th day of April, 2024, I electronically filed the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss the Complaint with the Clerk's office of the U.S. District Court for the District of New Jersey using the Electronic Case Filing ("ECF"), to be served upon the Defendant, the Democratic National Committee ("DNC"), and the Republic National Committee ("RNC"), same being notice of electronic filing to the following:

**Nicole G. McDonough, Esq.**
Sills Cummis & Gross P.C**.**
One Riverfront Plaza
Newark, New Jersey 07012
nmcdonough@sillscummis.com

**Kaplan Hecker & Fink LLP**
Shawn G. Crowley, *pro hac vice*
Maximillian Feldman, *pro hac vice*
350 Fifth Avenue, 63rd Floor
New York, New York  10118
scrowley@kaplanhecker.com
mfeldman@kaplanhecker.com

Thomas R. McCarthy*  
Conor D. Woodfin*  
Consovoy McCarthy PLLC  
1600 Wilson Boulevard, Ste. 700  
Arlington, VA  22209  
tom@consovoymccarthy.com  
conor@consovoymccarthy.com

Michael L. Testa, Jr.  
Christian P. Butrica  
TESTA, HECK, et al.  
424 W. Landis Avenue  
Vineland, NJ  08360  
mtestajr@testalawyers.com  
cbutrica@testalawyers.com

Dated April 15, 2024

Respectfully submitted,

/s/Mary B. Logan
Mary Basile Logan  
Plaintiff (*Pro Se*)

cc:      All Counsel of Record (***Via ECF***)