Mary B. Logan
Plaintiff *Pro-Se*
P. O. Box 5237
Clinton, New Jersey 08809
Email:  Trino@trinops.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW JERSEY

_____

MARY BASILE LOGAN, individually and on behalf
of those similarly situated, *Pro-Se*;

                Plaintiff,

MERRICK GARLAND, in his official capacity
Attorney General, Department of Justice; et al.

                Defendants.

| **CIVIL DOCKET: 3:24-CV-00040 ZNQ-TJB**

_____

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS,

### KATHY HOCHUL AND
### LETITIA JAMES

Dated April 16, 2024

        Mary Basile Logan
        Plaintiff, *Pro-Se*
        Post Office Box 5237
        Clinton, New Jersey 08809
        Telephone:  908-200-7294
        FAX:  888-237-2671
        Email:  Trino@trinops.com

Plaintiff, Mary Basile Logan, individually and on behalf of those similarly situated, does hereby provide the Honorable Court reply by Opposition Motion to Kathy Hochul, in her capacity as Governor of New York, and Letitia James, in her capacity as Attorney General of New York, herein referred to as "Defendants", Plaintiff attaches support to same as Exhibits, as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff has set forth her cause of action in the Amended Complaint with supplements to same dated April 1, 2024 and April 8, 2024, in addition to 34 Exhibits.  The complex history, articulated in excruciating details through the Exhibits, are absolutely true and factual, sourced records of and belonging to Congressional, Senate, FBI and CIA repositories.  The remainder of the Exhibits were open source obtained while being confirmed through two and, in some cases, three source confirmations using scientific methodology of analysis.

2.     Plaintiff states that Defendants' Motion to Dismiss overtures and redundant disparaging language on Fed. R. Civ. P. 8, inferring that the Defendants' expectation to have been served a narrowly written complaint; unfortunately, the magnitude of constitutional encroachment which is snowballing to crescendo requires the history of "how, where or when" Am. Compl. p.10, ¶ 2, to be disclosed.  Plaintiff states as a matter of record that the knowing actions to withhold transparency of the stated historicity has, to this point, resulted in unwitting consent by the People to the encroachments on Civil Rights.  These encroachments are the how, where or when which birthed Plaintiff's action, respecting the Honorable Court's time.

3.    Plaintiff states, that the Defendants remains central figures to the Plaintiff's action as well those facts herein disclosed concerning her claims of harm.

4.    Plaintiff has no benefit of counsel as set forth in the Amended Complaint, conforming to Federal Rules of Civil Procedure in plain language.

5.    Plaintiff contests and absolutely refutes the claims set forth in the DNC and RNC presented Motions to Dismiss the Amended Complaint, the inclusive rebuttals and remedy are stated herein, including:

    a.    <u>Fed. R. Civ. P 4(k)(1)(A)</u>  "[c]ontacts with ]New Jersey] citizens that take place outside the state' are insufficient to establish the minimum purposeful contact within New Jersey required by the Due Process clause.  *O'Connor*, 496 F.3d. at *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93,96 (3d Cir. 2004) (citing N.J. Ct. R.R. 4:4-4).  As a result, "[a] district court may exercise *in personam* jurisdiction over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Control Screening LLC. v. Tech. Application & Prod. Co.,* 687 F.3d 163,167 (3d Cir. 2012), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  "[T]he plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction."  *Control Screening*, 687 F.3d at 167 (internal quotations omitted).

    b.    <u>Fed. R. Civ.  P. 8 and 8a</u>  Defendant refers to amended complaint content, "a short and plain statement of the claim showing that the pleader is entitled to relief." p.2 ¶ 1.

    c.   Fed. R. Civ. P. 12(b)(1)(2) and (6).

    d.   11th Amendment.

6.    Plaintiff requests the Honorable Court's courtesy as to the complex history presented, absolutely necessary given the magnitude of constitutional encroachments, up to and including certain risk of national security of these United States, citing the military escalations between the nation-states of Iran and Israel, germane to Plaintiff's action before the Court as well the Defendants' culpability.

## PROCEDURAL BACKGROUND

7.    Plaintiff realleges and incorporates by reference all paragraphs as set forth in the Amended Complaint as to the paragraphs below set forth fully herein.

8.    Plaintiff attaches the Supplemental Exhibits (as enumerated 1-39, absent 20) ECF 45-1; 45-2; 45-3; 45-4; 45-5; 45-6; 45-7; 45-8; 45-9; 45-10; 45-11; 45-12; 45-13; 45-14; 45-15; 45-16; 45-17; 45-18; 45-19; 45-20; 45-21; 45-21; 45-22; 46; 46-1; 46-2; 55; 55-1; 55-2; 55-3; 55-4 and 55-5, in support of the herein claims of harm.

9.    Plaintiff attaches ECF 55-5, referring to ¶ 17, xx, i, referring to Plaintiff guarantor capacity for rental property in Brooklyn, New York from 2017 through 2022, establishing residency.

10. As to Fed. R. Civ. P 4(k)(1)(A)  "[c]ontacts with ]New Jersey] citizens that take place outside the state' are insufficient to establish the minimum purposeful contact within New Jersey required by the Due Process clause.  *O'Connor*, 496 F.3d. at *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93,96 (3d Cir. 2004) (citing N.J. Ct. R.R. 4:4-4).  As a result, "[a] district court may exercise *in personam* jurisdiction over a nonresident so long as the defendant has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend

traditional notions of fair play and substantial justice, Plaintiff restates that her entire extended family resides in the State of New York from which the Plaintiff, a State from which she herself originated and the State in which her sibling died during COVID-19.

11. Plaintiff refers to ECF 53-2, p.6 ¶ 2, responding to same in sequence of statements presented.

a. Plaintiff states, irrefutably, that the Defendants, KATHY HOCHUL and LETITIA JAMES, averted the standing New York State Public Health Law, compromising human health, resulting in death.

b. Plaintiff states that the Defendants, KATHY HOCHUL and LETITIA JAMES knowingly chose to put their relationship with co-Defendant CHARLES "CHUCK" SCHUMER and his political donor interests, specifically SentosaCare, see ECF 45-20.

c. Plaintiff states that as a direct consequence to the dereliction of the Defendants, KATHY HOCHUL and LETITIA JAMES, an innocent member of a protected class, handicapped, was raped, see ECF 45-19.  Moreover, the negligence of the business entity SentosaCare was and remains active in the ownership of the Wanaque Center for Nursing and Rehabilitation in New Jersey as well properties in New York; the inclusive properties have an appreciative history of neglect and jeopardy to resident health and safety, underscoring the dereliction of the Defendants, KATHY HOCHUL, LETITIA JAMES and CHARLES "CHUCK" SCHUMER.

d. Plaintiff further states that the Defendants, KATHY HOCHUL and LETITIA JAMES did not simply "repress(ed) information about COVID-19

(or)…properly enforce New York State Public Health Laws in New York," EFC 53-2, p.6 ¶ 3, the Defendants blatantly ignored them to the peril of the citizens of New York.

e.   Plaintiff states as a matter of record, EFC 45-21, SentosaCare owns and operates 25-nursing home facilities in New York, the absence of reporting under the Department of Health which issues violations and fines to nursing homes, under character and competency recommendations, is not required to report on the inclusive facilities, thereby allowing a crevice by which the Defendants, KATHY HOCHUL, LETITIA JAMES and CHARLES "CHUCK" SCHUMER have exchanged political homage at the expense of human lives, extending to peril of life itself.

f.   Plaintiff states, as evidenced by EFC 55-3, the Defendants, KATHY HOCHUL and LETITIA JAMES, was a blatant dereliction, exposing front-line workers who traversed between the States of New York and New Jersey, specifically discussed among the YouTube recordation repository.

## **FACTUAL BACKGROUND**

12. Plaintiff refers t, ECF 55-3, which provides a detailed repository of the mutual aid and collaboration of leadership throughout COVID-19 during the period of 2019 – 2022 between the Governors of New York and New Jersey, among others.

13. Plaintiff states that the joint venture of the Port Authority of New York and New Jersey has been affirmed and codified since 1921, an interstate compact authorized by the United States Congress.

14. Plaintiff states that the joint venture of the New York/New Jersey High Intensity Drug Trafficking Areas ("NY/NJ HIDTA"), a collaboration of law enforcement investigations and joint trainings was established in 1990 as a drug prohibition enforcement program under the Anti-Drug Abuse Act of 1988 by Congress, HIDTA established under the Office of national Drug Control Policy Reauthorization Act of 2006 by Congress.

15. Plaintiff states, the facts above disclose evidenced historic longevity, aligning New York and New Jersey's connectedness through policy, federal Acts and at times national emergency, as was the case under the auspices of COVID-19, consented by the Governors as a matter of oral historic record; the Defendants, KATHY HOCHUL and LETITIA JAMES served at the time, Plaintiff restates cause of action.

16. Plaintiff restates claims of mortgage fraud and malfeasance against Defendant, LETITIA JAMES, a gross abuse of capacity and oath to the People.

17. Plaintiff states that for the Honorable Court to consider dismissal of the Defendants, KATHY HOCHUL and LETITIA JAMES, it would require the matter above and newly stated, as below.

18. Plaintiff states that Imran Awan worked for Representatives Gregory Meeks, Yvette Clarke, Hakeem Jeffries at their Brooklyn, New York offices, Joseph Crowley at his Queens, New York office where he served as DNC Chairman.  Plaintiff reserves the right to call the foregoing parties as co-Defendants to this action.

19. Plaintiff states that the foregoing actions accumulate with those of the historical record, of and belonging to BCC International and specifically the Awan Brothers who are referenced by name lineage in and among the BCC International records repository, see ECF 45-1, p.19,

64, 89, 101, 102, etc.  Plaintiff states direct relation between Amjad Awan, head of banking for BCC International and the Awan Brothers.

20. Plaintiff states that Amjad Awan (BCC International) worked out of Tampa and Miami, Florida which also directly correlates to Defendants, DEBBIE WASSERMAN SCHULTZ, the DNC, and by extension given the recurrence of facts, investigative compromise and ongoing malfeasance undermining the Constitution of these United States, the inclusive Defendants, MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE who have collectively and knowingly attempted to subvert the facts, evidence and truth from the People of these United States, literally manifesting a trojan horse within Congress through its' IT department.

21. Plaintiff states that while serving in their capacities, past and present, the Defendants, KATHY HOCHUL and LETITIA JAMES have and continue to work directly in and among the Democratic National Committee ("DNC"), Chaired by Jaime Harrison, formerly Donna Brazile and prior by Defendant, DEBBIE WASSERMAN SCHULTZ  as well as Representatives Yvette Clarke, Gregory Meeks, Hakeem Jeffries and Joseph Crowley.

22. Plaintiff states that collaborations among the parties aforementioned extend to include the broader body of Defendants, MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE, some of whom gathered most recently at the White House, See EXHIBIT 1.

23.   Plaintiff states that the Defendants, KATHY HOCHUL, LETITIA JAMES, the DNC, XAVIER BECERRA, WILLIAM J. CLINTON, HILLARY R. CLINTON, CHRISTOPHER WRAY, Rahm Emanuel[1], and others not yet named, imposed on the Awan Brothers investigations, knowingly and overtly, evidencing malice of forethought and planning, ensuring that the integrity of the inclusive investigations as well the determined outcome was compromised, thereby aiding and abetting the enemy and committing espionage against these United States.  Plaintiff reserves the right to call the foregoing parties as Defendants to this action.

24. Plaintiff states that Imran Awan came to the United States from Pakistan, first arriving in New York in 1997, (https://www.washingtonpost.com/investigations/federal-probe-into-house-technology-worker-imran-awan-yields-intrigue-no-evidence-of-espionage/201709/16/100b4170-93f2-11e7-b9bc-b2f7903bab0d) the benefactor of the Diversity Immigrant Visa program, also known as the green card lottery (See Pub. L. 101-649, 104 Stat. 4978, enacted November 29, 1990, introduced by Senator Ted Kennedy in 1989, signed into law by George H. W. Bush on November 29, 1990).

25. Plaintiff states that Imran Awan benefitted from the Diversity Immigration Visa program in advance of high school graduation, becoming a dual citizen of the United States in 2004, retaining his Pakistan citizenship.  Plaintiff will seek the designation (H-1, H-1B, H-1D, etc.) of the secured visa in discovery.

26. Plaintiff states that the Honorable Judge Chutkan has affixed to the undercurrent BCC International scheme as evidenced in the legal prudence applied in the Awan case.  The foregoing statement is magnified with the benefit of the historic facts, as below:

---

[1] LU Staff, Awan Family got Favoritism from Pakistani Govt. in 2009; Claimed Intervention by Rahm Emanuel.  November 15, 2007.  Accessed April 10, 2024, https://libertyunyielding.com/2017/11/15/awan-family-got-favoritism....

a.   The Democrat House Intel Committee members compromised themselves and gave unfettered IT access to persons from a nation-state with a known evidenced history of terrorism, these parties included Imran Awan, Abid Awan and Jamal Awan.

b.   The timing of the Russian hoax in relation to the Awan Brothers disclosure, noting the evidenced statements and Exhibits presented by the Plaintiff which irrefutably confirm that Russian interference in the elections was a fabrication designed for a dual outcome manifestation; 1)mask the actions of the breach of Constitutional thresholds to national security conducted through Defendant DEBBIE WASSERMAN SHULTZ with the aid of ZAVIER BECERRA, Gregory Meeks, Yvette Clarke, Hakeem Jeffries and Joseph Crowley (Democratic Party Chair – Queens, NY); 2)Prevezon and Bill Browder, the history of association with Defendant WILLIAM J. CLINTON and HILLARY R. CLINTON as well the redundancy of actions to that of the Awan Brothers, inclusive of the rental properties and government infiltrations (*See* ECF 45, p.34, ¶73).

c.   Plaintiff attaches Transcription of PowerPoint Presentation from House Office of Inspector General of September 20, 2016, EXHIBIT 2.  The House Report concluded that the Awan Brothers made "unauthorized access" to Congressional servers,[2] citing behavior that mirrored a "classic method for insiders to infiltrate data from an organization…they continued even after orders to stop…there are indications that numerous members' data may have

---

[2] Rosiak, Luke.  House Report Concludes Pakistanis Made 'Unauthorized Access to Congressional Servers. January 16, 2018. Accessed April 14, 2024, https://dailycaller.com/2018/01/16/house-report-concludes-pakistanis-made...

been secretly residing not on their designated servers, but instead onto one server…the entire server was then physically stolen."[3]  It would later be disclosed that the "House Democratic Caucus, a sister group of the DNC that was run at the time by then-Rep. Xavier Becerra" attempted to substitute a server, aiding and abetting the criminal actions of the Awan Brothers, maliciously interfering with an investigation – treasonous.  The foregoing was known by the inclusive body of Defendants MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM,

---

[3] *Ibid.*

UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE, including the Honorable Judge Chutkan and others not yet named. Plaintiff reserves the right to call additional Defendants to this action.

d. Plaintiff states that the investigation, while compromised and potentially incomplete, states that "an IT aide told the TheDCNF that colleagues deployed to clean up after the Awans' firing discovered that in many offices, computers were set up to be nothing more than 'thin clients" that were portals to an outside computer. 'They were using terminal servers; your desktop is projecting to you' from a computer in a different location…found remote sessions that remained active for months at a time…the data was always out of [the members] possession.  It was a breach."  The clear and present danger to these United States was surreptitiously hidden from the public, absent judicial scrutiny and allowing for the resulting consequences for which the Defendants had full and absolute knowledge.

e. The Awan Brothers destroyed servers in the residence before the FBI investigators could access them.

f. The Awan Brothers made unauthorized access to the House computer system on more than one occasion.  House information was discovered on external cloud servers wherein the Awan Brothers had been responsible for such access and movement of data.

g. The FISA Memo of July 10, 2016 (redacted), provides that John Brennan "reached out to his department at Google, requesting that they fund an organization called CROWDSTIKE.  Funding for the organization was to be

used to produce documentation indicating that the files seized from the DNC

were a back perpetrated by agents linked to the Kremlin.  Any documentation

indicating that the hack occurred locally was to be destroyed.  The narrative

was to be pushed that the emails from John Podesta's account were the result of

an elaborate internet phishing scheme…"[4]

h.  Plaintiff states that the inclusive Defendants, MERRICK GARLAND, LLOYD

AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS

MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT

CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS

KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J.

CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY,

JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA,

LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN,

JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE

NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI,

SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW

CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES

"CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD

ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL

NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the

REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM,

---

[4] Department of Justice via freedomforhumanity2016.wordpress.com.  January 23, 2018.  Here is the Much Discussed FISA Memo July 10, 2016.  Accessed April 15, 2024 https://freedomforhumanity2016.wordpress.com/2018/01/23/here-is-the-much-discussed-fisa-memo-january-23-2018/

UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE were aware of the compromise to national security and knowingly sought to shield their culpability putting these United States and her citizenry on a perilous path – treasonous.

i.  Plaintiff states that the leaked emails alleged to have been sent to WikiLeaks and Julian Assange, those alleged to have implicated the sitting Chief Executive, Donald John Trump, "were DNC staffers who leaked the emails…colluding against Bernie Sanders and cheated him out of the nomination."  According to reporting of H.A. Goodman, the Awan trial was postponed to aid Defendant XAVIER BECERRA get elected as Attorney General, California, presently he serves as Secretary of Health and Human Services, a presidential appointment with advice and consent.

j.  Plaintiff states that the evidence alleges that Seth Rich was killed.  Photos[5] provide that on the evening of Rich's murder, he was in the company of Imran Awan.  It is alleged that Defendant, HILLARY R. CLINTON arranged for the murder by gang members of MS13.[6]

k.  Plaintiff states that analysis of the inclusive data and facts provides that the Awan Brothers had been utilizing dropbox for records storage of unauthorized records, funneled outside of the Congressional IT structure.  The analysis provides treasonous compromise and actions on the part of the House Democratic Caucus, in addition to the Defendants, MERRICK GARLAND,

---

[5] Earley, Billy.  California Attorney General seeks to postpone the Imran Trial.  February 9, 2018.  Accessed February 14, 2024 https://patch.com/california/orange-county/california-attorney-general-seeks-postpone-imran-trial
[6] *Ibid.*

LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE.  "Despite Democrats' acute awareness of the importance of cybersecurity after the DNC emails appeared on Wikileaks in July, 2016, the employing members have gone to great lengths to avoid condemning Awan or have said nothing about whether they checked their office data's security following the breach."[7]

---

[7] *Ibid.* 2.

l.  The Defendant, DEBBIE WASSERMAN SCHULTZ advocated on behalf of private loans for Imran Awan, the loan which was found by the originator to be contextually fraudulent.

m.  The United States Congressional offices experienced an unprecedented volume of hacking events during the period in which the Awan Brothers were contracted.  Records provide that Imran Awan required House central IT bend the statutory rules for his access and use of the IT structure to limit paper trails in his access to unusually high permissions which he sought access.  Obviating the paper trail dismissed the checks and balances, including disclosure of access points, changes made, or information downloaded, accessed, or destroyed as well nefarious upload of external information, malware, etc.

n.  The foregoing serious compromises to national security were fully documented by at least three investigations (Capitol Police, the FBI, and House Intelligence).  Simultaneous to these events, claims were being professed through media sources of Russian infiltration into the DNC servers which were later found to be fabricated, as provided for in Plaintiff's amended complaint.

o.  The Defendant, DEBBIE WASSERMAN SCHULTZ, DNC Chairwoman, refused to terminate Imran Awan, confronting Capitol Police in the most unprofessional of conduct, including threats of monetary appropriation being withheld.  Thereafter, Defendant DNC demanded her laptop be returned from Capitol Police which was being held as evidence in their investigation.  The DNC again admitted having violated official information security protocols, but maintained a confrontational demeanor in redress of the matter, entirely.

p.  Other matters involving the Fairfax County, Virginia police involved Samina Galani[8] who claimed, in advance of the breaking House story, to be bullied out of her property by the Awan Brothers, stating that he was "very powerful…travels with a VIP police escort in Pakistan (based on)…his political power in the U.S."  The facts of the case are parallel to Plaintiff's harms, as below.  The statement of being "very powerful…" gives inference to unspoken facts, those of either perception of the Awan Brothers or those true and factual apart from transparency.

q.  In 2010 while working with the Defendant DEBBIE WASSERMAN SHULTZ, formed an LLC (Cars International A, LLC), which Imran Awan referred to as "CIA".  His former business partner described the finances involved as "bizarre and complicated (money) transfers."

r.  One of the business transactions involved "Dr. Ali Al-Attar, who has ties to the Iranian-backed terrorist group Hezbollah, and (who) fled to the Mideast to avoid prosecution for tax fraud in the United States."[9]

s.  The foregoing evident facts become extremely problematic for individuals, contracted or otherwise, working in IT with unfettered access to governmental information including those of national security, including but not limited to personal conduct, the absence of security concerns of written records and

## PLAINTIFF'S CAUSES OF ACTION

## I – COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. §1030(A)

---

[8] Kant, Garth.  The Biggest Scandal You've Never Heard Of.  June 29, 2017, accessed April 10, 2024.
https://www.wnd.com/2017/06-the-biggest-scandal-youve-never-heard-of/
[9] *Ibid.*

27. Plaintiff realleges and incorporates by reference all paragraphs as set forth in the Amended Complaint.

28. The Plaintiff's computers are involved in interstate and foreign commerce and communication, and are protected under 18 U.S.C. §1030(e)(2).

29. On information and belief, the Defendants, KATHY HOCHUL and LETITIA JAMES knowingly and internally accessed the Plaintiff's computers without authorization or in excess of authorization, and thereby obtained and used valuable information from those computers in violation of 18 U.S.C. §1030(a)(2)(C). Such information includes, but was not limited to private, politically and non-partisan sensitive communications between the Plaintiff and the People, stakeholders, candidates and poll workers affixed to matters of the election and political process; confidential donor data; digital proprietary information; proprietary analysis and data methodology designs; Plaintiff-developed code; confidential campaign strategy plans; opposition and policy research; and documents regarding planned activities, events, fundraisers and rallies. The information was used to advance the plan to denigrate the Plaintiff's actions across the United States and bolster the campaigns and/or undercurrent schemes by strategically leaking or taking advanced action on the proprietary information stolen from the Plaintiff.

30. On information and belief, the Defendants, KATHY HOCHUL and LETITIA JAMES knowingly and internally gave access to the Awan Brothers to government computers without authorization or in excess of authorization, and thereby the Awan Brothers obtained and used valuable information from those computers in violation of 18 U.S.C. §1030(a)(2)(C). Such information includes, but was not limited to private, politically and non-partisan sensitive communications between the government and the People, stakeholders, candidates and poll

workers affixed to matters of the election and political process; confidential donor data; digital proprietary information; proprietary analysis and data methodology designs; government-developed code; confidential campaign strategy plans; opposition and policy research; and documents regarding planned activities, events, fundraisers and rallies.  The information was used to advance the plan to denigrate the government protections afforded by the Constitution across the United States and bolster the computer peripheries, campaigns and/or undercurrent schemes by strategically leaking or taking advanced action on the proprietary information stolen from the government of the United States.

31. Upon information and belief, the KATHY HOCHUL and LETITIA JAMES knowingly caused the transmission of information or a program, code, or command, and as a result of such conduct, intentionally caused damage without authorization, to a protected computer, in violation of 18 U.S.C. §1030(a)(5)(A).  Such transmission included, but was not limited to, the use of malware on Plaintiff's systems.

32. Upon information and belief, the KATHY HOCHUL and LETITIA JAMES intentionally accessed a protected computer or computers without permission, and as a result of such conduct, cause damage and loss, in violation of 18 U.S.C.(a)(5)(C), or recklessly caused damage, in violation of 18 U.S.C. §1030(a)(5)(B).

33. Upon information and belief, the KATHY HOCHUL and LETITIA JAMES knowingly and with the intent to defraud, trafficked passwords and similar proprietary information from the Plaintiff's systems, and such trafficking affected interstate and foreign commerce in violation of 18 U.S.C. §1030(a)(6)(A).

**RICO (18 U.S.C. §§1962 (C), (D))**

34. Plaintiff realleges and incorporates by reference all prior paragraphs of Amended Complaint and paragraphs in this Opposition Motion in the harms enumerated below as though set forth fully herein.

35. Defendants, the KATHY HOCHUL and LETITIA JAMES, the DNC, the RNC, DEBBIE WASSERMAN SCHULTZ, WILLIAM J. CLINTON and HILLARY R. CLINTON are all "persons" within the meaning of 18 U.S.C. §§1961(3); 1962(c), with DEBBIE WASSERMAN SCHULTZ acting as the primary conduit to the criminal espionage breach and in her capacity as DNC Chairperson.  At all relevant times, Defendants conducted the affairs of an Enterprise -which affected interstate and foreign commerce – through a pattern of racketeering activity, in violation of 18 U.S.C. §1962(c).  Each Defendant agreed that the operation would involve repeated violations of 18 U.S.C. §1831 (economic espionage); 18 U.S.C. §1832 (theft of trade secrets); 18 U.S.C. §1503 (relating to obstruction of justice); and 18 U.S.C. §1512 (relating to tampering with a witness, victim, or an informant).

36. Plaintiff states that the DNC contracted with Awan Brothers, expending $5 million while providing absolute and total unfettered access to House Intelligence computers through the IT contract, those areas not contracted were hacked by the Awan Brothers.  The Defendant, DNC in the company of Rahm Emanuel introduced the breach to these United States which resulted in CROWDSTRIKE, the RICO cover-up which sought to frame a sitting President, the Chief Executive of these United States, Donald John Trump – treasonous sedition.  The inclusive Defendants, MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE,

RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, ROBERT JUNGE, the Honorable Judge Kaplan, the Honorable Judge Chutkan, the Honorable Judge Merchan, the Honorable Judge Engoron, Special Counsel Jack Smith, etc.  Plaintiff reserves the right to call the foregoing parties as Defendants to this action.

37. Plaintiff states that the inclusive Defendants, MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF,

CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE, conducted and/or participated in the matters as set forth herein, through a pattern of racketeering activity, including acts indictable under 18 U.S.C. § 1831 (economic espionage); and 18 U.S.C. §1832 (theft of trade secrets).

    A.  Alternatively, And At the Very Least, the DNC and RNC was Part of An Association-in-Fact Enterprise.

38. Alternatively, and at the very least, the DNC and the RNC was part of an Association-in-Fact Enterprise comprised of the co-defendants, MERRICK GARLAND, LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,  WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK" CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R. BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI, MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ, BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN NATIONAL COMMITTEE,

OCCIDENTAL PETROLEUM, UNITED HEALTHCARE, JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE, the Defendants' employees and agents, and additional entities and individuals known and unknown.  The Association-In-Fact Enterprise was formed until the present, the members of the Association-in-Fact Enterprise have worked together to further their mutual goal of using illegal means to secure the undercurrent scheme and its grip on these United States, intent on dismantling these United States, causing irreparable harm to her inhabitants, up to and including death.

39. The Association-in-Fact Enterprise had an ongoing organizational framework for carrying out its objectives.  In fact, the Association-in-Fact Enterprise could not have carried out its intricate task of sharing confidential information at the moments when it would be most beneficial to the Defendants, KATHY HOCHUL and LETITIA JAMES unless it had some structure for making and communication group decisions.

40. As described above, the Defendants, KATHY HOCHUL and LETITIA JAMES participated in the operation or management of the Association-in-Fact Enterprise, and benefitted financially from the enterprise.

41. Because the Association-in-Fact Enterprise's activities affected electoral spending in 2020, as well as the media response to the 2020 presidential rate, it affected interstate and foreign commerce.

### B.  RICO Predicate Acts.

42. Each Defendant conducted and/or participated in the affairs of the Awan Brothers in among the Defendants, KATHY HOCHUL and LETITIA JAMES and the Association-in-Fact Enterprise through a pattern of racketeering activities, including acts indictable under 18 U.S.C. §1831 (economic espionage); 18 U.S.C. §1832 (theft of trade secrets); 18 U.S.C. §1503

(relating to obstruction of justice); and 18 U.S.C. §1512 (relating to tampering with a witness, victim, or an informant).

    a. **Economic Espionage**.

43. Beginning in the 1920's and, specifically under the structure of BCC International (*See* ECF 45-1), originally conceived by Agha Hasan Abedi and his assistant, Swaleh Naqvi, through their designees, the Awan Brothers, the Defendants have repeatedly attempted – in many instances, successfully – to steal, and without authorization appropriate, take, carry way, or by fraud, artifice, or deception obtain trade secrets from the government of these United States, intending or knowing that doing so would benefit the global apparatus, instrumentalities, or agents, in violation of 18 U.S.C. §§1831(a)(1); 1831(a)(4); 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

44. Beginning on or before January, 2004, the Defendants, KATHY HOCHUL and LETITIA JAMES without authorization, copied, duplicated, downloaded, uploaded, altered, destroyed, replicated, transmitted, delivered, sent, communicated, and/or conveyed Plaintiff's trade secrets, intended or knowing that doing so would benefit them, their instrumentalities or agents, in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

45. Beginning on or before January, 2004, the Defendants, KATHY HOCHUL and LETITIA JAMES gave consent to the Awan Brothers, without authorization, copied, duplicated, downloaded, uploaded, altered, destroyed, replicated, transmitted, delivered, sent, communicated, and/or conveyed Governmental trade secrets of these United States, intended or knowing that doing so would benefit the undercurrent scheme principally operated by Defendants, WILLIAM J. CLINTON and HILLARY R. CLINTON, their instrumentalities or agents, in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

b. **Theft of Trade Secrets**.

46. Beginning on or before 1920's and, specifically under the structure of BCC International (*See* ECF 45-1), originally conceived by Agha Hasan Abedi and his assistant, Swaleh Naqvi, through their designees, the Awan Brothers, the Defendants have repeatedly attempted – in many instances, successfully – to steal, and without authorization appropriate, take, carry way, or by fraud, artifice, or deception obtain trade secrets from the government of these United States, intending to convert those trade secrets, which are and were related to products or services used in or intended for use in interstate commerce, to the economic benefit of other Defendants and non-defendant coconspirators, and intending and knowing that the offense would injure the government of these United States, in violation of 18 U.S.C. §§1832(a)(1); 1832(a)(4); 18 U.S.C. §§1832(a)(2); 183(a)(3); and 1831(a)(5).

47. Beginning on or January, 2004, the Defendants, the Defendants , KATHY HOCHUL and LETITIA JAMES have repeatedly attempted – in many instances, successfully – to steal, and without authorization appropriate, take, carry way, or by fraud, artifice, or deception obtain trade secrets from the government of these United States, intending to convert those trade secrets, which are and were related to products or services used in or intended for use in interstate commerce, to the economic benefit of other Defendants and non-defendant coconspirators, and intending and knowing that the offense would injure the government of these United States, in violation of, in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

48. Beginning on or before January, 2004, the Defendants , KATHY HOCHUL and LETITIA JAMES gave consent to the Awan Brothers, without authorization, copied, duplicated, downloaded, uploaded, altered, destroyed, replicated, transmitted, delivered, sent,

communicated, and/or conveyed Plaintiff's trade secrets with the intent to convert those trade

secrets, which are and were related to products or service used in or intended for use in

interstate commerce, to the economic benefit of themselves and the other Defendants and non-

defendant coconspirators, and intending and knowing that the offense would injure the

Plaintiff in violation of 18 U.S.C. §§1831(a)(2); 1831(a)(3); and 1831(a)(5).

    c.  **Obstruction of Justice.**

49. As explained in detail in the amended complaint and herein, the Defendants and non-

defendant coconspirators repeatedly obstructed justice in violation of 18 U.S.C. §1503,

including on the dates set forth below.

50. Beginning on or before January, 2004, the Defendants, KATHY HOCHUL and

LETITIA JAMES corruptly endeavored to obstruct and impeded – and did obstruct and

impede – the due administration of justice, in violation of 18 U.S.C. §1503(a).

51. Beginning on or before January, 2004, the co-defendants, MERRICK GARLAND,

LLOYD AUSTIN, WILLIAM J. BURNS, CHRISTOPHER A. WRAY, DENIS

MCDONOUGH, ALEJANDRO MAYORKAS, MARCIA FUDGE, ROBERT CALIFF,

WILLIAM J. CLINTON, HILLARY R. CLINTON, THOMAS KEAN SR., ROBERT

MUELLER, JAMES COMEY, CHRISTOPHER J. CHRISTIE, RICHARD "DICK"

CHENEY, ELIZABETH "LIZ" CHENEY, JOHN KERRY, GEORGE W. BUSH, BARACK

HUSSEIN OBAMA, LORETTA LYNCH, JAMES BAKER, ERIC HOLDER, JOSEPH R.

BIDEN, JOHN ASHCROFT, JAIME GORELICK, NANCY PELOSI, GEORGE

NORCROSS, PHILIP MURPHY, TAHESHA WAY, JUDITH PERSICHILLI, SEJAL HATHI,

MATTHEW PLATKIN, KATHY HOCHUL, ANDREW CUOMO, LETITIA JAMES, SUSAN

RICE, ADAM SCHIFF, CHARLES "CHUCK" SCHUMER, XAVIER BECERRA, JANET

YELLEN, ROD ROSENSTEIN, HUMA ABEDIN, DEBBIE WASSERMAN SCHULTZ,

BILL NELSON, the DEMOCRATIC NATIONAL COMMITTEE, the REPUBLICAN

NATIONAL COMMITTEE, OCCIDENTAL PETROLEUM, UNITED HEALTHCARE,

JAMES PITTINGER, LISA SELLA, and ROBERT JUNGE corruptly endeavored to obstruct

and impede – and did obstruct and impede – the due administration of justice, in violation of

18 U.S.C. §1503(a)

        d. **Witness Tampering**.

52. As explained in detail in the amended complaint and herein, the Defendants and non-

defendant coconspirators repeatedly obstructed official proceedings in violation of 18 U.S.C.

§§1512), (k), and 1512(c)(2), including on the dates set forth below.

53. Beginning on or before January, 2004, the Defendants, KATHY HOCHUL and

LETITIA JAMES corruptly altered, destroyed, mutilated, or concealed a record, document, or

other object with the intent to impair the object's integrity or availability for use in an official

proceeding, including elections, in violation of 18 U.S.C. §§1512(c)(1), (k) and 1512(c)(2).

54. Beginning on or before January, 2004, the Awan Brothers by way of access provided

by the Defendants, KATHY HOCHUL and LETITIA JAMES, corruptly altered, destroyed,

mutilated, or concealed a record, document, or other object with the intent to impair the

object's integrity or availability for use in an official proceeding, including elections, in

violation of 18 U.S.C. §1512(c)(1), (k), and 1512(c)(2).

### WIRETAP ACT (18 U.S.C. §§2510-22)

55. Plaintiff realleges and incorporates by reference all prior paragraphs of Amended

Complaint and paragraphs in this Opposition Motion in the harms enumerated below as though

set forth fully herein.

56. Each of the above-listed Defendants is a "person" within the meaning of 18 U.S.C. §§2510, 2511.

57. In violation of 18 U.S.C. §2511(1)(c), the Defendants, KATHY HOCHUL and LETITIA JAMES willfully and internationally endeavored to disclose and did disclose the contents of Plaintiff's wire, oral, or electronic communications, knowing or having reason to know that the information was obtained through the interception of wire, oral, or electronic communications in violation of 18 U.S.C. §2511.

58. Plaintiff had a justifiable expectation that its wire, oral, or electronic communications were not subject to interception.

59. Plaintiff is a "person" whose wire, oral, or electronic communications were intercepted within the meaning of 18 U.S.C. §2520.

60. As a direct result of the Defendants KATHY HOCHUL and LETITIA JAMES; actions, Plaintiff suffered irreparable harm to its business and property and is entitled to an award of the greater of the actual damages suffered or the statutory damages and injunctive relief pursuant to 18 U.S.C. §2520(c).  This harm includes, but is not limited to, harm to computers, servers, harm to Plaintiff reputation, loss in the value of trade secrets, and business information, and harm to business as described above.

61. As a direct result of the Defendants, KATHY HOCHUL and LETITIA JAMES' actions, these United States has suffered irreparable harm to its core constitutional principles, including but not limited to the threat to national security, Plaintiff is entitled to punitive damages and reasonable attorneys' fees and costs pursuant to 18 U.S.C. §§2520(b)(2) and (3).

## STORED COMMUNICATIONS ACT (18 U.S.C. §§2701-12)

62. Plaintiff realleges and incorporates by reference all prior paragraphs of the amended complaint and paragraphs within the Opposition Motion hereto as set forth fully herein.

63. Plaintiff is a "person" within the meaning of 18 U.S.C. §§2510(6) and 2707(a).

64. The Defendants, KATHY HOCHUL and LETITIA JAMES willfully and intentionally provided venue of access to the Awan Brothers without authorization to a facility through which an electronic communication service is provided, namely the governmental computer systems, including their email servers, thereby obtaining access to wire or electronic communications while they were in electronic storage in such systems, in violation of 18 U.S.C. §2701(a).

65. The Defendants, KATHY HOCHUL and LETITIA JAMES willfully and intentionally accessed without authorization to a facility through which an electronic communication service is provided, namely the Plaintiff's computer systems, including their email servers, including collaboration in and among 3rd parties, thereby obtaining access to wire or electronic communications while they were in electronic storage in such systems, in violation of 18 U.S.C. §2701(a)

66. As a result of these willful and intentional violations, Plaintiff has suffered damages and, as provided for in 18 U.S.C. §2707, seeks an award of the greater of the actual damages suffered or the statutory damages; punitive damages; attorneys' fees, and other costs of this action; and appropriate equitable relief.

**DIGITAL MILLENNIUM COPYRIGHT ACT (17 U.S.C. §1201 ET. SEQ.)**

67. Plaintiff realleges and incorporates by reference all prior paragraphs of the amended complaint and paragraphs within the Opposition Motion hereto as set forth fully herein.

68. Plaintiff's computer networks and files contained information subject to protection under the copyright laws of the United States, including campaign strategy documents and opposition research that the Defendants, KATHY HOCHUL and LETITIA JAMES illegally accessed without authorization.

69. Access to the copyrighted material contained on the Plaintiff's computer networks and email was controlled by technological measures, including measures restricting remote access, firewalls, and measures restricting access to users with valid credentials and passwords.

70. In violation of 17 U.S.C. §1201(a), the Defendants, KATHY HOCHUL and LETITIA JAMES circumvented these technological barriers by stealing credentials from authorized users, conducting a "password dump" to unlawfully obtain passwords to the system controlling access to the Plaintiff's domain, and installing malware on Plaintiff's computer systems.

71. In violation of 17 U.S.C. §1201(a), the Defendants, KATHY HOCHUL and LETITIA JAMES circumvented these technological barriers by stealing credentials from authorized users, conducting a "password dump" to unlawfully obtain passwords to the system controlling access to the governmental domain, and installing malware on governmental computer systems of and belonging to these United States including but not limited to those relating to elections.

72. The Defendants, KATHY HOCHUL and LETITIA JAMES' conduct caused the Plaintiff significant damages.  These damages including, but are not limited to, damage resulting from harm to the Plaintiff's computers, loss of the value of Plaintiff's trade secrets and business information, and harm to business enterprise as described above.  Plaintiff is entitled to the greater of its actual damages or statutory damages as provided by 17 U.S.C. §1203, in an amount to be proven at trial.

73. Plaintiff is entitled to an award of attorneys' fees and costs as provided by 17 U.S.C. §1203.

## VOTER CAGING

74. Plaintiff realleges and incorporates by reference all prior paragraphs of the amended complaint and paragraphs within the Opposition Motion hereto as set forth fully herein restates.

75. Plaintiff analyzed the election data in New Jersey from 2020 – 2023.

76. Plaintiff states her claims regarding the history of the Democratic National Committee v. Republican National Committee, 671 F. Supp. 2d 575, 579 (D.N.J. 2009)).  From the aforementioned election analysis, as provided in EXHIBIT 3, the report states clearly that the turnout percentages reflect limited change, despite registration increasing.  In point of fact, the various voting options appear to have deterred voter turnout.  These data driven observations are consistent with the dropbox video recordation viewing, where ballots could be clearly visible as being inserted.

77. Plaintiff reasserts as provided for in the amended complaint supplements, the over registration did not occur nationwide until 2007.

78. Plaintiff states that the ongoing investigative malfeasance serves to disenfranchise voters.  Plaintiff states that this a component of the BCC International design and mapping, causation in the failure of nation-state structure.

## HARMS STATEMENT

79. The Plaintiff was forced to close her offices when the following four events transpired:

a.  Defendant, CHRISTOPHER J. CHRISTIE's property management firm contacted the Plaintiff's spouse for contracted services at his commercial property twice, once in 2022 and

once in 2023.  Plaintiff reiterates the herein claims of tampering and intimidation.  Plaintiff does not yield.

b.   Defendant, CHRISTOPHER WRAY's designees contacted Plaintiff's spouse for contracted services twice at their private residence, once in 2022, and once in 2023.  Individual gave Plaintiff's spouse and her son CIA token coins and made it a point to expound on touring his trophy office which included an array of photos with former Presidents, Senators, etc. Plaintiff retains one such token outside of residence, the other thrown in the garbage.  Plaintiff reiterates the herein claims of tampering and intimidation.  Plaintiff does not yield.

c.   Plaintiff's client, "Mrs. X," came to her in 2019, her life was endangered with a spousal restraining order, seeking assistance in her matrimonial matter with contracted forensic investigative work product requested.  Upon completion of the retained contract, Plaintiff herself was made to feel threatened.  The investigative work product clearly indicated false identities, fictitious entities, and money laundering, including mortgage fraud, securing credit cards in false or fictitious names, and securing social security numbers using fictitious names. Plaintiff advised "Mrs. X" to provide the forensic records to her matrimonial attorney for handling.  The client was so fearful for her circumstances and those of her daughters that she withdrew the matrimonial matter altogether.  Finding no choice, absent any contractual relationship, Plaintiff provided vocational recommendations and community support programs for abused women; after confirming the Mrs. X and her daughters were safe, the interact terminated.  The parallels between the personal experience of the Plaintiff and the Awan Brothers victim, Mrs. Galani, are distinctly similar, exceeding coincidence.  At the time of the Plaintiff's interaction, knowledge regarding BCC International, etc. was not present.

d.   In December, 2021, Plaintiff received a client inquiry from "Mr. Y" claiming to be in dire circumstance of mortgage foreclosure, a Russian immigrant who formerly owned a check-cashing entity.  When Plaintiff declined to engage a retainer, Mr. Y contacted the Plaintiff no less than three times until the phone number was blocked Plaintiff's computers are involved in the conduct of business in interstate, foreign commerce, federal and state as well as private agency communications, and the computers are protected under 18 U.S.C. §1030(e)(2).

80. Plaintiff, having first-hand knowledge and experience with "Mrs. X" with both she and her spouse emigrating from Pakistan.  The facts and Exhibits presented in the Plaintiff's Final Supplement in Support of the Amended Complaint, EFC Doc. 50, attached hereto, Plaintiff restates each and every claim presented.

81. Plaintiff has been unwittingly made part to the fraud perpetrated by the Defendants above named in the negotiation of real property among parties and with banking entities who were associated and financially derived benefit from Plaintiff's services, in some cases services were unpaid due to federal HUD disclosure rules.

82. Plaintiff states that the manifest personal harm caused by the inclusive Defendants by fortifying the history of lies and malfeasance while buttressing the sheer ineptitude of Defendant, JOSEPH R. BIDEN is causational in the palpable disclosure of Plaintiff's risk to personal life, liberty, and property.

83. Plaintiff states that the lawfare being waged by designees of the Defendant, JOSEPH R. BIDEN against his opponent in the presidency of these United States, has and continues to disenfranchise voters; the blatant abuse of Article II authority in stacking the deck among in and among the 3-branches of government, each with a history of compromised, bartered or political blackmail obligations, serves to dismantle democracy.  Plaintiff states injury resulting

from harm to her protected Civil Rights including but not limited to privacy rights, as stated herein, and including but not limited to the Help America Vote Act ("HAVA").

84. Plaintiff holds very specific degrees of study which were applied in the analysis of the findings associated with nuclear trafficking and data triangulation; applying those findings with the events involving Iran and Israel, Plaintiff restates harms as below:

    a.  These United States are unquestionably in a Constitutional crisis, at the hands of the Defendants,

    b.  The absence of Executive action in the interest of avoiding further global strife and confrontation exposes a national security crisis.  Citing Plaintiff's knowledge, carefully sourced and affirmed data findings, Plaintiff holds that her personal life, liberty, and property are in grave jeopardy.

    c.  Plaintiff states that the volume of public private partnership agreements that result in outsourcing security, including but not limited to Accenture as provided for in the supplements to the amended complaint, *See* EFC 46, p.14, which include known impositions that have already resulted, and are continuing to be at great risk to Plaintiff's reasonable expectation of life, liberty, and property.  The subject agreements are outsourcing the constitutional checks and balances affixed to sovereign vote, accountability, cost, and expense escalation as well the consequence on Plaintiff's rising housing costs.

    d.  The unfettered accountability on the part of the Defendants, KATHY HOCHUL and LETITIA JAMES as well the co-Defendant, BARACK HUSSEIN OBAMA, GEORGE W. BUSH, WILLIAM J. CLINTON and HILLARY R. CLINTON and the known treasonous actions as represented in the amended

complaint and supplements hereto have provided and continue to provide great risk of harm to Plaintiff's Civil Rights and life, liberty, and property.

WHEREFORE, Plaintiff demands judgment against Defendants on all counts, and seeks such relief as specified below for all allegations for which such relief is provided by law:

a. Awarding Plaintiff damages in an amount to be determined, including but not limited to all damages and losses suffered by Plaintiff as a result of the illegal hacking, theft, and subsequent release of Plaintiff's confidential documents and/or Plaintiff's response to and remediation related thereto;

b. Rewarding Plaintiff compensatory and treble damages, as available, in an amount to be proven by trial;

c. Awarding Plaintiff the financial fain earned by Defendants as a consequence of the violations described herein;

d. Awarding Plaintiff statutory damages, as available;

e. Awarding Plaintiff punitive damages, as available;

f. Issuing a declaration that: Defendants, according to proof, conspired to and did damage in a common scheme to affect the illegal and unauthorized hacking of Plaintiff's computer systems and/or personal emails and the exfiltration of confidential information; disseminated that stolen information to the extraneous parties; and used that disclosed stolen information for their own gain;

g. Issuing an injunction restraining Defendants, and their officers, agents, servants, employees, assigns, and those acting in active concert or participation with them from:

     i.  Assessing Plaintiff's computer networks and/or personal emails without Plaintiff's authorization;

    ii.  Engaging in any activity that disrupts, diminishes the quality of, interferes with the performance of, or impairs the functionality of Plaintiff's computer networks or personal emails; and

   iii.  Selling, publishing, distributing, or using any property or information obtained from Plaintiff's computer networks or personal emails without Plaintiff's authorization;

   iv.  Removing, extracting, or copying any information or data from Plaintiff's computer or personal emails without Plaintiff's authorization;

h.  Awarding Plaintiff all costs and attorneys' fees to the full extent permitted under applicable law;

i.  Awarding Plaintiff pre-and post-judgment interest as permitted by law;

j.  Awarding any other relief as the Court may deem just and proper.

## <u>CERTIFICATION OF SERVICE</u>

Plaintiff, Mary Basile Logan, hereby certifies that on this 16th day of April, 2024, I

electronically filed the foregoing Plaintiff's Opposition to Defendants' Motion to Dismiss the

Complaint with the Clerk's office of the U.S. District Court for the District of New Jersey using the

Electronic Case Filing ("ECF"), to be served upon the Defendant, Kathy Hochul and Letitia James,

same being notice of electronic filing to the following:

Letitia James                         Frances Polifione
Attorney General, NY       Asst. Attorney General, NY
28 Liberty Street
New York, NY 10005


Dated April 15, 2024

                                                    Respectfully submitted,

                                                    /s/Mary B. Logan_____
                                                    Mary Basile Logan
                                                    Plaintiff (*Pro Se*)

cc:      All Counsel of Record (***Via ECF)***