**BROWN & CONNERY, LLP**
William M. Tambussi, Esq.
Susan M. Leming, Esq.
Andrew S. Brown, Esq.
360 Haddon Avenue
P.O. Box 539
Westmont, New Jersey 08108
(856) 854-8900
*Attorneys for Defendant George E. Norcross, III*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### TRENTON VICINAGE

| | |
|---|---|
| MARY BASILE LOGAN, individually and on behalf of those similarly situated, *Pro-Se*,<br><br>Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, in his official capacity as Attorney General, Department of Justice, *et al.*,<br><br>Defendants. | Case No. 3:24-cv-00040-ZNQ-TJB<br><br>Motion Day: May 20, 2024 |

### BRIEF IN SUPPORT OF DEFENDANT GEORGE E. NORCROSS, III'S MOTION TO DISMISS *PRO SE* PLAINTIFF'S AMENDED COMPLAINT

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY ................................................ 2

LEGAL ARGUMENT .................................................................................................................. 6

    I.    PLAINTIFF LACKS ARTICLE III STANDING ............................................................. 6

    II.    PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM AGAINST MR. NORCROSS ........................................................................................................... 8

        a.  Plaintiff's statutory claims against Mr. Norcross are legally deficient ................... 8

        b.  Plaintiff's constitutional claims against Mr. Norcross also fail ............................. 9

            i.  There is no private cause of action under the Take Care Clause or the Treason Clause of the United States Constitution ................................ 9

            ii.  Mr. Norcross is not a state actor amendable to suit under Section 1983 ........................................................................................... 10

            iii.  The Take Care Clause and the Treason Clause of the United States Constitution do not apply to Mr. Norcross ............................................... 11

        c.  The Amended Complaint does not set forth a short and plain statement entitling Plaintiff to relief against any Defendant, let alone Mr. Norcross .......... 12

        d.  The Court should disregard Plaintiff's improper attempts to amend her Amended Complaint .............................................................................................. 13

        e.  The Court should dismiss Plaintiff's Amended Complaint with prejudice because amendment is futile ................................................................................. 14

CONCLUSION ........................................................................................................................... 15

# **TABLE OF AUTHORITIES**

**Cases[1]**

*Adamo v. Jones*,
2016 U.S. Dist. LEXIS 10698 (D.N.J. Jan. 29, 2016) .............................................................. 8, 9

*Andrews v. Heaton*,
483 F.3d 1070 (10th Cir. 2007) ...................................................................................................... 8

*Antonelli v. Kennedy Hosp.*,
2018 U.S. Dist. LEXIS 6591 (D.N.J. Jan. 16, 2018) ..................................................................... 8

*Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*,
81 F.4th 279 (3d Cir. 2023) ....................................................................................................... 6, 7

*Bormuth v. Consumers Energy Co.*,
2023 U.S. Dist. LEXIS 233074 (E.D. Mich. Dec. 12, 2023) ....................................................... 10

*Brnovich v. Biden*,
630 F. Supp. 3d 1157 (D. Ariz. 2022) ........................................................................................... 9

*City of Columbus v. Trump*,
453 F. Supp. 3d 770 (D. Md. 2020) ............................................................................................. 10

*Davis v. Family Court of Phila.*,
619 Fed. Appx. 51 (3d Cir. 2015) .................................................................................................. 8

*Doe v. FBI*,
2019 U.S. Dist. LEXIS 9751 (D. Md. Jan. 22, 2019) .................................................................. 10

*Glover v. FDIC*,
698 F.3d 139 (3d Cir. 2012) ......................................................................................................... 12

*Great Western Mining & Mineral Co. v. Fox Rothschild LLP*,
615 F.3d 159 (3d Cir. 2010) ......................................................................................................... 14

*Las Ams. Immigrant Advocacy Ctr. v. Biden*,
571 F. Supp. 3d 1173 (D. Or. 2021) ........................................................................................ 9, 10

*Lewis v. Sessions*,
2017 U.S. Dist. LEXIS 182366 (D.N.J. Nov. 3, 2017) ................................................................ 13

---

[1] Mr. Norcross's table of authorities does not include cases cited by Plaintiff in her Amended Complaint.

*Livesay v. Murphy*,
   2022 U.S. Dist. LEXIS 178646 (D.N.J. Sept. 30, 2022) .............................................................. 8

*Lujan v. Defs. of Wildlife*,
   504 U.S. 555 (1992) ..................................................................................................................... 6

*Marshall v. Ohio Dep't of Rehab. & Corr.*,
   2015 U.S. Dist. LEXIS 138283 (S.D. Ohio Oct. 9, 2015) ......................................................... 13

*Morse v. Lower Merion Sch. Dist.*,
   132 F.3d 902 (3d Cir. 1997) ...................................................................................................... 10

*Phillips v. Cnty. of Allegheny*,
   515 F.3d 224 (3d Cir. 2008) ...................................................................................................... 14

*Schneller v. Phila. Newspapers Inc.*,
   577 Fed. Appx. 139 (3d Cir. 2014) ............................................................................................ 11

*Scibelli v. Leb. County*,
   219 Fed. Appx. 221 (3d Cir. 2007) ............................................................................................ 12

*Spokeo, Inc. v. Robins*,
   136 S. Ct. 1540 (2016) ................................................................................................................ 6

*Stephanatos v. Cohen*,
   236 Fed. Appx. 785 (3d Cir. 2007) ............................................................................................ 12

*Warner v. Amazon.com Servs., LLC*,
   2022 U.S. Dist. LEXIS 115373 (N.D. Ohio June 29, 2022) ....................................................... 9

*Watson v. Cmty. Prop. Mgmt.*,
   2019 U.S. Dist. LEXIS 131984 (E.D. Pa. Aug. 6, 2019) ............................................................ 8

*West v. Atkins*,
   487 U.S. 42 (1988) ............................................................................................................. 10, 11

**Constitutional Provisions**

U.S. Const., art. II, § 3 ................................................................................................... 3, 11, 12

U.S. Const. ................................................................................................................................. 6

U.S. Const., art. III, § 3, cl. 1 .................................................................................................. 3, 12

**Statutes**

18 U.S.C. § 1001 .......................................................................................................... 3, 8

18 U.S.C. § 1035 .......................................................................................................... 3, 8

18 U.S.C. § 1038 .......................................................................................................... 3, 8

18 U.S.C. § 1519 .......................................................................................................... 3, 8

18 U.S.C. § 2384 ....................................................................................................... 4, 8, 9

18 U.S.C. § 2385 ....................................................................................................... 4, 8, 9

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................. 13

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 1, 8, 12

Fed. R. Civ. P. 11 ........................................................................................................... 14

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 1, 6

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1, 8

Fed. R. Civ. P. 15 ........................................................................................................... 13

Fed. R. Civ. P. 15(a)(2) .................................................................................................. 13

L. Civ. R. 15.1 .................................................................................................................. 2

## **PRELIMINARY STATEMENT**

Defendant George E. Norcross, III ("Mr. Norcross") submits this brief in support of his motion to dismiss *pro se* Plaintiff's Amended Complaint in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 8(a)(2), 12(b)(1), and 12(b)(6).

The Amended Complaint, totaling 126 pages without exhibits, must be dismissed because it is nothing more than a hodgepodge of conspiracy theories. It is frivolous, particularly with respect to Mr. Norcross. First, Plaintiff lacks Article III standing. Plaintiff has not and cannot allege an injury in fact, let alone one that is traceable to Mr. Norcross or capable of being redressed by this Court. Second, Plaintiff cannot state a cognizable claim for relief against Mr. Norcross. As best can be gleaned from Plaintiff's allegations, Plaintiff appears to assert claims against Defendants under: (1) the Take Care Clause set forth in Article II, Section 3 of the Constitution; (2) the Treason Clause set forth in Article III, Section 3 of the Constitution; and (3) various criminal statutes set forth in Title 18 of the United States Code. However, none of these sources of authority provide a private cause of action against Mr. Norcross. In other words, Plaintiff relies on criminal statutes and constitutional provisions that cannot give rise to civil liability. Finally, at all relevant times, Mr. Norcross was not acting under the color of state law. He is a private citizen. Because these deficiencies cannot be cured, granting Plaintiff leave to file another amended complaint would be futile.

Accordingly, it is respectfully submitted that Plaintiff's Amended Complaint be dismissed in its entirety and with prejudice as to Mr. Norcross.[2]

---

[2] To the extent that other Defendants raise alternative grounds for dismissal that may be applicable to Mr. Norcross, Mr. Norcross joins in those motions.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]

Plaintiff commenced this action on January 4, 2024. In her original Complaint, which totaled 91 pages, Plaintiff asserted various conspiracy theories related to September 11, 2001, the Great Recession, and the Pandemic, among many others. (ECF No. 1.) Plaintiff served her Complaint on Mr. Norcross on January 17, 2024. (ECF No. 11.) Thereafter, Mr. Norcross obtained an extension of time to respond to the original Complaint. (ECF No. 16.)

On February 21, 2024, Mr. Norcross timely filed a motion to dismiss the Complaint. (ECF No. 31.) Other Defendants filed motions to dismiss. (ECF Nos. 17, 22, 27, 30, 40.) Instead of opposing Mr. Norcross's motion, Plaintiff filed a motion to amend on February 26, 2024. (ECF No. 37.) Plaintiff's motion did not attach an amended pleading in violation of L. Civ. R. 15.1. Plaintiff simply stated that she would file one in the future.

On March 6, 2024, the Court granted Plaintiff's motion to amend and terminated Defendants' motions to dismiss without prejudice, stating:

> TEXT ORDER: Pending before the Court are multiple motions to dismiss, Plaintiff's cross motion to strike affirmative defenses, and Plaintiff's motion to amend. The motion to amend was filed three days after the deadline for Plaintiff to amend as of right under Fed.R.Civ.P. ("Rule") 15(a)(1)(B). Given Plaintiff's pro se status, coupled with the liberal amendment standard set forth in Rule 15(a)(2) and the Court's directive to "secure the just, speedy, and inexpensive determination of every action and proceeding" (Rule 1), the Court hereby grants Plaintiff's motion to amend and denies without prejudice the motions to dismiss and cross motion to strike. Plaintiff shall file an Amended Complaint by March 22, 2023. Defendants shall respond to same according to the timeframe set forth in the Federal Rules of Civil Procedure. Docket Entry Nos. 17 , 22 , 27 , 29 , 30 , 31 , and 37 are terminated. So Ordered by Magistrate Judge Tonianne J. Bongiovanni on 3/6/2024.

---

[3] Mr. Norcross accepts Plaintiff's allegations as true for the purposes of this motion only, as he is required to do under applicable Federal Rules of Civil Procedure. However, he maintains that Plaintiff's allegations are frivolous, and he does not endorse or support any of the myriad conspiracy theories and false statements set forth in the Amended Complaint.

(ECF No. 41; *see* ECF No. 42.)

On March 22, 2024, Plaintiff filed a 126-page Amended Complaint, with approximately 800 pages of exhibits, against 51 Defendants including the current President and three former Presidents. (ECF No. 45, hereinafter cited as "Am. Compl.".)[4] According to Plaintiff, her "lawsuit alleges violations by the Defendants within five (5) distinct areas." (*Id.* at p. 7, ¶ 1; *see id.* at p. 124, ¶ 175.)[5] Specifically, Plaintiff attempts to assert causes of action under the following constitutional and statutory provisions:

> 2. <u>Article II, Section 3.1.3.1. Take Care Clause, Presidential authority</u>. "It may be presumed that he, the man discharging the presidential office, and he alone, grants, reprieves and pardons for offenses against the United States…So he, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name of office is *designatio personae*." The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts. (*See Wilcox v. McConnel, 28 U.S. (13 Pet.) 498, 513 (1839); United States v. Eliason*, 41 U.S. (16 Pet.) 291 (1842); *Williams v. United States* 42 U.S. (1 How.) 2990, 297 (1843); and *United States v. Jones*, 59 U.S. (18 How.) 92, 95 (1856)).
>
> 3. <u>18 U.S.C. § 1001</u>. Protection against employees of any department or agency of the United States, knowingly or willfully falsifying, concealing or covering up by means of trickery, scheme or device a material fact or the act of making any false, fictitious, fraudulent statements or representations, or to make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry; 18 U.S.C. § 1035 False statements relating to health care matters; 18 U.S.C. § 1038 False information and hoaxes; 18 U.S.C. § 1519 Destruction, alteration,

---

[4] Mr. Norcross addresses Plaintiff's improper attempts to amend her Amended Complaint below.
[5] Since some of Plaintiff's paragraphs span multiple pages, and because her paragraph numbering is inconsistent, Mr. Norcross cites both page and paragraph number.

3

or falsification of records in Federal investigations and bankruptcy. (*See* ex rel. *Schutte, et al. v. SuperValu Inc., et al.* (Docket No. 21-1326); and *Yates v. United States*, USSC No. 13-7451, 2015 WL 773330 (February 25, 2015); reversing 733 F.3d 1059 (11th Cir. 2013)).

4. 18 U.S.C. §§ 2384, 2385. Seditious Conspiracy, the act of conspiring to overthrow, put down, or to destroy by force the Government of the United States, or to level war against them or to oppose by force the authority thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof.

5. Article III S3.C1.1.2. Treason Clause: Doctrine and Practice. Treason against the United States shall consist of levying War against them, or in adhering to their enemies, giving them aid and comfort. No person shall be convicted of Treason unless on the testimony of two witnesses to the save over Act, or on Confession in Open Court. Chief Justice John Marshall's opinion emphasized, if there was "an actual assemblage of men for the purpose of executing a treasonable design," the Court narrowly focused the scope of the treason by levying war against the United States. (*See Ex parte Bollman & Swarthout* (1807); and *Cramer v. United States* (1945)). Conspiring to defraud the United States means primarily to cheat the government of property or funds, but it also means to interfere with or obstruct one of its lawful government functions by deceit, craft, or trickery, or at least by means that are dishonest. (*See Hass v. Henkel*, 216 U.S. 462 (1910); and *Hammerschmidt v. United States*, 265 U.S. 182 (1924)).

(*Id.* at pp. 7-8, ¶¶ 2-5 (footnote omitted).)

In the Amended Complaint, Plaintiff only asserts allegations related to Mr. Norcross in six paragraphs. (*Id.* at p. 18, ¶ 32; pp. 39-40, ¶ 74(a)(ii)(2); p. 115, ¶ 152; p. 115, ¶ 153; p. 116, ¶ 154; p. 116, ¶ 155.) In Paragraph 32, Plaintiff alleges:

Defendant, GEORGE NORCROSS, in his official capacity as Chairman of the Board of Trustees Cooper Health System and Cooper University Hospital, ("Cooper") under his direction, Cooper has expanded to include Cooper Medical School at Rowan University and MD Anderson Cancer Center, for which he is a partner. Defendant served as Executive Chairman of Conner, Strong & Buckelew, an insurance brokerage firm. In 2015, as an

> investor, he developed the Liberty Property Trust working with Robert A.M. Stern. From 1989 – 1995, he served as Chairman of the Camden County Democratic Party, remaining influential in the New Jersey political landscape where he has been deemed a "party boss". In 2023, he announced a decrease in political activities, citing the loss 2021 Senate seat loss formerly held by Steve Sweeney.

(*Id.* at p. 18, ¶ 32.)

In "Count One" of the Amended Complaint, entitled "EPIDEMIC OF DISINFORMATION", Plaintiff alleges that certain "Lending/Banking Institutions" engaged in unlawful activities.[6] (*Id.* at pp. 38-40, ¶¶ 74(a)(i)-(ii).) Plaintiff claims that 40 of the 51 Defendants, including Mr. Norcross, "had full knowledge that both Deutsche Bank and Barclays Bank had direct involvement with Jeffrey Epstein as well the business entities belonging to Marc Rich" and that the "subject lending institutions shared direct correlation with money laundering activities of Hermitage as well as BCCI, these facts are unequivocal." (*Id.* at pp. 39-40, ¶ 74(a)(ii)(2).) According to Plaintiff, "Defendants have shattered public trust." (*Id.*)

Plaintiff's remaining allegations related to Mr. Norcross are set forth in Paragraphs 152 to 155 of the Amended Complaint:

> 152. Plaintiff contents that Defendants GEORGE NORCROSS and UNITED HEALTHCARE breached Section 1 of the HHS directive regarding Medicare, Medicaid, State Children's Health Insurance programs and the Health Insurance Portability and Accountability Act Privacy Rule.
>
> 153. Plaintiff further contents that Defendant, GEORGE NORCROSS brokered elections in New Jersey, using bribery, coercion, and that his co-Defendants, JAMES PITTINGER, LISA SELLA and ROBERT JUNGE colluded with those actions, up to and including bribery.

---

[6] The Amended Complaint includes counts. However, the counts do not appear to assert viable causes of action. They essentially organize Plaintiff's allegations into different categories. Plaintiff's causes of action under the Take Care Clause, the Treason Clause, and criminal statutes are set forth in Paragraphs 2 to 5 of the Amended Complaint.

5

> 154. Plaintiff contents that the motive in the case of Defendant, GEORGE NORCROSS regards his interests in the cannabis lobby and asserts that the same holds true of Defendant JAMES PITTINGER, but for the lobbying.
>
> 155. Plaintiff contends that the Defendants, GEORGE NORCROSS, PHILIP MURPHY and JAMES PITTINGER acted at the bequest of co-Defendants herein so as to peddle and influence the election, a gross violation of Plaintiff's Civil Rights by the inclusive parties.[7]

(*Id.* at p. 115, ¶ 152; p. 115, ¶ 153; p. 116, ¶ 154; p. 116, ¶ 155.)

While it is marked filed on March 22, 2024, the Amended Complaint was not electronically filed on the docket until March 25, 2024. Thereafter, Mr. Norcross sought and obtained an automatic extension of time to respond to the Amended Complaint. (ECF No. 48.) Mr. Norcross's deadline is now April 22, 2024. This motion timely follows.

## LEGAL ARGUMENT

### I. PLAINTIFF LACKS ARTICLE III STANDING

Mr. Norcross seeks to dismiss Plaintiff's Amended Complaint for lack of standing, pursuant to Fed. R. Civ. P. 12(b)(1).

Article III of the United States Constitution limits the scope of federal courts to actual "cases" or "controversies." U.S. Const., art. III, § 2; *see Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555 (1992). In order to establish standing under Article III, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 136 S. Ct. at 1547 (citing *Lujan*, 504 U.S. at 560). "Standing is not dispensed in gross." *Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*,

---

[7] To be clear, Plaintiff's allegations against Mr. Norcross are not only false but defamatory.

6

81 F.4th 279, 287 (3d Cir. 2023) (internal quotation marks and citation omitted). Instead, "a plaintiff must demonstrate standing for each claim he [or she] seeks to press and for each form of relief that is sought." *Id.* (alteration added) (internal quotation marks and citation omitted).

"An injury in fact is an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citation omitted). To be concrete, "the asserted harm must have a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* (internal quotation marks and citation omitted). "An injury is particular when it is personal to the plaintiff." *Id.* at 288. "Injury to some third party or society at large will not do." *Id.*

Plaintiff fails to allege an injury in fact in support of any alleged cause of action, let alone one that is fairly traceable to Mr. Norcross or capable of being redressed by this Court. As set forth below, the Amended Complaint fails because Plaintiff relies on criminal statutes and constitutional provisions that do not provide a private cause of action against Mr. Norcross. Furthermore, Plaintiff does not allege any particularized injury attributable to Mr. Norcross. Plaintiff instead speaks on behalf of third parties and society at large. For example, Plaintiff claims that Defendants have laid "siege against the American People" and that the Amended Complaint "presents the proverbial root and branch, a very complex parallel journey of extraneous parties" responsible for "defrauding these United States." (Am. Compl., pp. 4-7.) Plaintiff further states that her "complaint seeks a voice of Justice in the Rule of Law, these United States, Donald J. Trump, his family and extraneous parties." (*Id.* at p. 24, ¶ 64.) According to Plaintiff, "the People of these United States have had their sovereign voices held hostage, manipulated, cajoled" and "the People are rightly disgusted." (*Id.* at p. 123, ¶ 174.) However, Plaintiff's grand conspiracy theories are wholly insufficient to establish standing.

7

Accordingly, Plaintiff lacks Article III standing because the Amended Complaint is devoid of any alleged injury in fact suffered by Plaintiff that is attributable to Mr. Norcross.

## II. PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM AGAINST MR. NORCROSS

Mr. Norcross seeks to dismiss Plaintiff's Amended Complaint in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 8(a)(2) and 12(b)(6).

### a. Plaintiff's statutory claims against Mr. Norcross are legally deficient.

Plaintiff attempts to assert causes of action against Defendants under Title 18 of the United States Code, which is part of the criminal code. In Paragraph 3 of the Amended Complaint, Plaintiff alleges violations of 18 U.S.C. §§ 1001, 1035, 1038, and 1519. Plaintiff also alleges violations of 18 U.S.C. §§ 2384 and 2385 in Paragraph 4.

Plaintiff's claims against Mr. Norcross under Title 18 must be dismissed with prejudice because these criminal statutes do not provide for a private cause of action. *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims under Title 18 "because these are criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action."); *Davis v. Family Court of Phila.*, 619 Fed. Appx. 51, 52 n.2 (3d Cir. 2015) ("18 U.S.C. § 1001 is a criminal statute and does not create a private cause of action"); *Watson v. Cmty. Prop. Mgmt.*, 2019 U.S. Dist. LEXIS 131984, *8 (E.D. Pa. Aug. 6, 2019) (18 U.S.C. § 1035 "does not create a private cause of action"); *Livesay v. Murphy*, 2022 U.S. Dist. LEXIS 178646, *21 (D.N.J. Sept. 30, 2022) (18 U.S.C. §§ 1001 and 1038 "are criminal statutes that do not allow independent civil claims"); *Antonelli v. Kennedy Hosp.*, 2018 U.S. Dist. LEXIS 6591, *3 (D.N.J. Jan. 16, 2018) (18 U.S.C. § 1519 is "a federal criminal statute that does not confer a private right of action"); *Adamo v. Jones*, 2016 U.S. Dist. LEXIS 10698, *33 (D.N.J. Jan. 29, 2016) (18 U.S.C. § 2384 "is a criminal statute that does not provide a private

8

right of action"); *Warner v. Amazon.com Servs., LLC*, 2022 U.S. Dist. LEXIS 115373, *15 (N.D. Ohio June 29, 2022) ("18 U.S.C. § 2385 does not provide a private cause of action").

Because the cited criminal statutes cannot give rise to civil liability, Plaintiff's claims against Mr. Norcross under Title 18 must be dismissed with prejudice as a matter of law.

### b. Plaintiff's constitutional claims against Mr. Norcross also fail.

Plaintiff attempts to assert two constitutional claims against Defendants in the Amended Complaint. In Paragraph 2, Plaintiff alleges a violation of the Take Care Clause as set forth in Article II, Section 3 of the Constitution. In Paragraph 5, Plaintiff alleges a violation of the Treason Clause as set forth in Article III, Section 3 of the Constitution.

Plaintiff's claims against Mr. Norcross lack merit for the following, nonexclusive reasons. First, like her claims based on criminal statutes, there is no private cause of action for her constitutional claims. Second, Plaintiff has not, and cannot allege, that Mr. Norcross was acting under the color of state law at any time. Finally, Plaintiff cannot plausibly allege a claim under the Take Care Clause or the Treason Clause of the Constitution.

### i. There is no private cause of action under the Take Care Clause or the Treason Clause of the United States Constitution.

Plaintiff's constitutional claims against Mr. Norcross must be dismissed with prejudice because there is no private cause of action under the Take Care Clause or Treason Clause.

While the Supreme Court has not addressed the question, federal courts around the country agree that there is likely no private cause of action under the Take Care Clause. *Brnovich v. Biden*, 630 F. Supp. 3d 1157, 1178 (D. Ariz. 2022) ("The Court agrees that separation of powers principles and the Take Care Clause do not provide Plaintiffs with causes of action."); *Las Ams. Immigrant Advocacy Ctr. v. Biden*, 571 F. Supp. 3d 1173, 1180 (D. Or. 2021) ("Conscious of the Supreme Court's reluctance to create new causes of action in constitutional

9

cases and finding no unambiguous directive that the Take Care Clause creates a private cause of action, this Court declines to find that it does so here."); *City of Columbus v. Trump*, 453 F. Supp. 3d 770, 800 (D. Md. 2020) ("The viability of the 'Take Care Clause' as a stand-alone cause of action is, to put it lightly, uncertain. No court in this circuit, or any other circuit, has definitively found that the 'Take Care Clause' provides a private cause of action which a plaintiff may bring against the President of the United States or his administration.").

Federal courts likewise hold that "there is no private cause of action for treason" under the Treason Clause of the Constitution. *Bormuth v. Consumers Energy Co.*, 2023 U.S. Dist. LEXIS 233074, *13 (E.D. Mich. Dec. 12, 2023); *Doe v. FBI*, 2019 U.S. Dist. LEXIS 9751, *9 (D. Md. Jan. 22, 2019) ("No private right of action exists that would allow an individual plaintiff to pursue a civil claim against a government agency" for "treason in violation of Article III, Section III of the United States Constitution.").

Accordingly, Plaintiff's constitutional claims against Mr. Norcross must be dismissed with prejudice as a matter of law, since no private civil cause of action exists.

### ii. Mr. Norcross is not a state actor amendable to suit under Section 1983.

Even if a private cause of action did exist, Plaintiff cannot allege that Mr. Norcross was acting under the color of state law, thus her constitutional claims must be dismissed.[8]

To bring a claim under Section 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S.

---

[8] Plaintiff invokes this Court's jurisdiction pursuant to Section 1983 in Paragraph 57 of the Amended Complaint. *See Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) ("By itself, Section 1983 does not create any rights, but provides a remedy for violations of those rights created by the Constitution or federal law.").

42, 48 (1988). To act under the color of state law, the defendant must "have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (internal quotation marks and citation omitted). Section 1983 "does not provide a cause of action for merely private conduct." *Schneller v. Phila. Newspapers Inc.*, 577 Fed. Appx. 139, 143 (3d Cir. 2014) (internal quotation marks and citation omitted).

Plaintiff does not allege any facts in the Amended Complaint demonstrating that Mr. Norcross is a state actor. Plaintiff does not allege that Mr. Norcross holds or has held public office at the state or federal level. As alleged by Plaintiff, Mr. Norcross is a private citizen who is involved in various private business ventures. (Am. Compl., p. 18, ¶ 32.) Plaintiff claims that Mr. Norcross is "Chairman of the Board of Trustees" for "Cooper Health System and Cooper University Hospital." (*Id.*) Plaintiff further claims that Mr. Norcross "served as Executive Chairman of Conner, Strong & Buckelew, an insurance brokerage firm," and that "he developed the Liberty Property Trust" "as an investor." (*Id.*) Simply alleging that Mr. Norcross is "influential in the New Jersey political landscape" is wholly insufficient to transform a private citizen into a state actor subject to liability under Section 1983.

Thus, the Court must dismiss Plaintiff's constitutional claims against Mr. Norcross with prejudice because the Amended Complaint contains no facts supporting a reasonable inference of state action.

### iii. The Take Care Clause and the Treason Clause of the United States Constitution do not apply to Mr. Norcross.

Finally, even if a private cause of action existed, and Mr. Norcross was acting under the color of state law, the Take Care and Treason Clauses of the Constitution are not applicable to Mr. Norcross. The Take Care Clause, which addresses presidential powers, provides that the President of the United States "shall take Care that the Laws be faithfully executed." U.S. Const.,

art. II, § 3. Plaintiff does not allege that Mr. Norcross was the President or a member of a presidential administration. Thus, it is unclear how Mr. Norcross could have violated the Take Care Clause. Furthermore, the Treason Clause provides: "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort." U.S. Const., art. III, § 3, cl. 1. Plaintiff does not allege any conduct whatsoever on the part of Defendants, including Mr. Norcross, that could constitute a violation of the Treason Clause. The Amended Complaint is nothing more than delusional ranting. Accordingly, Plaintiff's constitutional claims against Mr. Norcross are frivolous and must be dismissed.

### c. The Amended Complaint does not set forth a short and plain statement entitling Plaintiff to relief against any Defendant, let alone Mr. Norcross.

Plaintiff's Amended Complaint must be dismissed with prejudice for failure to comply with Fed. R. Civ. P. 8(a)(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate when a complaint, for instance, is "illegible or incomprehensible," *Scibelli v. Leb. County*, 219 Fed. Appx. 221, 222 (3d Cir. 2007), "an unwieldy length" or "largely unintelligible," *Stephanatos v. Cohen*, 236 Fed. Appx. 785, 787 (3d Cir. 2007), or requires "a district court or opposing party to forever sift through its pages in search of the nature of the plaintiff's claim," *Glover v. FDIC*, 698 F.3d 139, 147 (3d Cir. 2012) (internal quotation marks and citation omitted).

The Amended Complaint is anything but short and concise. It is too long at 126 pages, it is largely incomprehensible, and it contains irrelevant digressions into what Plaintiff calls her "three interlocking case studies, supported by sourced findings that serve to connect three seemingly disconnected events to one larger criminal enterprise." (Am. Compl. at p. 24, ¶ 65.)

12

This Court and Defendants cannot be expected to sift through the Amended Complaint in search of the nature of Plaintiff's claims. Accordingly, the only just result is dismissal.

### d. The Court should disregard Plaintiff's improper attempts to amend her Amended Complaint.

Plaintiff filed her Amended Complaint with exhibits on March 22, 2024. Thereafter, on April 1, 2024, Plaintiff attempted to amend her pleadings by filing "Exhibits Erroneously Omitted in Support of Amended Complaint." (ECF No. 46.) On April 8, 2024, Plaintiff filed a "Final Supplement in Support of Amended Complaint." (ECF No. 55.) On April 15, 2024, Plaintiff once again attempted to amend her pleadings by and through her opposition to the motions to dismiss filed by Defendants Democratic National Committee and Republican National Committee. (ECF No. 57.) Other attempted amendments are anticipated.

The Rule governing amendments is clear. Fed. R. Civ. P. 15(a)(2) provides, if a party is not permitted to amend the pleading as a matter of course, that "party may amend its pleading only with the opposing party's written consent or the court's leave."

At this time, Plaintiff is not permitted to amend her pleading as a matter of course, nor has she obtained Mr. Norcross's consent or this Court's leave to file another amended complaint. Furthermore, Plaintiff is not permitted to amend her Amended Complaint on a rolling basis. *Lewis v. Sessions*, 2017 U.S. Dist. LEXIS 182366, *6 (D.N.J. Nov. 3, 2017) ("Neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits Plaintiff to submit numerous addenda to his Complaint in this piecemeal fashion."); *Marshall v. Ohio Dep't of Rehab. & Corr.*, 2015 U.S. Dist. LEXIS 138283, *5 (S.D. Ohio Oct. 9, 2015) (holding, pursuant to Fed. R. Civ. P. 15, that the *pro se* plaintiff was "not permitted to amend his complaint on a continuing, or rolling, basis.").

For these reasons, the Court should disregard all of Plaintiff's improper attempts to amend her Amended Complaint in a piecemeal fashion.

### e. The Court should dismiss Plaintiff's Amended Complaint with prejudice because amendment is futile.

In general, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (internal quotation marks and citation omitted).

Granting Plaintiff leave to amend, again, would be futile. Plaintiff was already afforded an opportunity to amend her Complaint in this case after Defendants filed motions to dismiss (ECF No. 41), and, according to some Defendants, the instant action is simply a copycat of a prior case that Plaintiff voluntarily dismissed late last year. (ECF No. 54-1 at pp. 6-7.) Nevertheless, the fact of the matter is that the Amended Complaint is legally and factually deficient. Plaintiff lacks Article III standing. She relies on constitutional provisions and criminal statutes that do not provide a private cause of action. Even if those sources of authority could give rise to civil liability, Plaintiff will never be able to establish a claim against Mr. Norcross, and she should not be allowed unlimited bites at the proverbial apple. Plaintiff's Amended Complaint is nothing more than a series of nonsensical conspiracy theories, and this action a giant waste of judicial time and resources. Finally, if Plaintiff continues to file frivolous papers, Mr. Norcross will have no option but to seek sanctions pursuant to Fed. R. Civ. P. 11.

## **CONCLUSION**

For the reasons set forth herein, Mr. Norcross respectfully requests that the Court dismiss Plaintiff's Amended Complaint in its entirety and with prejudice. Plaintiff's Amended Complaint is frivolous, and the allegations against Mr. Norcross specious.

Dated: April 22, 2024                                             Respectfully submitted,

*s/ Susan M. Leming*
Susan M. Leming, Esq.