

**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8973
April 29, 2024

**BY ECF**
Hon. Zahid N. Quraishi
United States District Court
District of New Jersey
Clarkson S. Fisher Building
402 East State Street, Courtroom 4W
Trenton, New Jersey 08608

Re: *Logan v. Garland, et al.*, No. 24-cv-00040 (ZNQ-TJB)

Dear Judge Quraishi:

This Office represents Defendants Kathy Hochul, in her official capacity as Governor of New York, and Letitia James, in her official capacity as Attorney General of the State of New York (collectively, the "New York State Defendants") in this action.

I write in response to Plaintiff's "Opposition" (ECF No. 60) and, pursuant to L. Civ. R. 7.1(d)(4), to indicate that no reply brief is necessary for the New York State Defendants' motion to dismiss for lack of jurisdiction (ECF No. 53) for the reasons set forth herein.

Plaintiff purports to oppose the New York State Defendants' motion to dismiss. However, Plaintiff's filing, although labeled an opposition, reads as yet another attempt to amend her complaint. Instead of addressing the jurisdictional flaws raised in the New York State Defendants' motion to dismiss, Plaintiff has reiterated alleged facts from her amended complaint, added entirely new sections of alleged facts[1] and at least six (6) new "causes of action" that are seemingly unrelated to her allegations in the amended complaint (ECF No. 45). These new claims include supposed violations of the "Computer Fraud and Abuse Act" (Opp. ¶¶ 28-33), RICO violations (Opp. ¶¶ 34-54), violations of the "Wiretap Act" (Opp. ¶¶ 55-61), violations of the "Stored Communications Act" (Opp. ¶¶ 62-66), and violations of the "Digital Millennium Copyright Act" (Opp. ¶¶ 67-73). To the extent Plaintiff has raised new claims and alleged new facts, these should be disregarded as an improper attempt to again amend her current amended complaint (ECF No. 45).

---

[1] Plaintiff's new and conclusory allegations against the New York State Defendants are also facially implausible. For example, Plaintiff alleges that the New York State Defendants were involved in "economic espionage," the "theft of trade secrets" and "witness tampering" in or before January 2004. *See e.g.*, Opp. ¶¶ 44-45, 47-54. However, even without considering the substance of the allegations, these allegations are impossible as Governor Hochul assumed her position in 2021 and Attorney General James assumed her position in 2018.

Hon. Zahid N. Quraishi     Page 2
April 29, 2024

      Furthermore, even if the Court accepted the new "facts" and legal theories included in Plaintiff's improper "Opposition," she would still fail to disturb the jurisdictional grounds that warrant dismissal of the New York State Defendants from this action, which were fully set forth in their motion to dismiss.

      The only discernable new allegation concerning even a potential connection between the New York State Defendants and New Jersey is Plaintiff's bizarre claim "[o]n information and belief "that the New York State Defendants "knowingly and internally accessed the Plaintiff's computers without authorization or in excess of authorization." (Opp. ¶ 29). Plaintiff presents no good-faith basis for her outlandish new claim, and, at any rate, it is black letter law, that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v Twombly*, 550 U.S. 544, 555 (2007). The remainder of Plaintiff's Opposition further confirms there is no connection between the New York State Defendants and New Jersey, and that the New York State Defendants should be dismissed from this action. Plaintiff's other strained attempts to manufacture a jurisdictional hook to proceed against the New York State Defendants are no more successful. To wit, Plaintiff alleges *inter alia* that members of her family, including a sibling who passed, resided in New York State (Opp. ¶ 10); that the New York State Defendants "averted the standing New York State Public Health Law" (Opp. ¶ 11) and ignored the New York Public Health Law "to the peril of the citizens of New York" (*id*.); and that they allegedly were derelict in their duties regarding a business entity submitting reports regarding its care facilities in New York (*id*.). These allegations do not come close to establishing the "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice" that would allow the Court to exercise personal jurisdiction over a non-resident defendant (*Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012), *citing Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)), and thus, this action must be dismissed as against the New York State Defendants.

      Thank you for your attention to this matter.

      Respectfully submitted,

      */s/ Frances Polifione*
      Assistant Attorney General

cc: Plaintiff, *pro se*, and all counsel of record, via ECF