# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN, individually and on behalf of those similarly situated, *Pro-se*; <br><br> Plaintiff, <br><br> v. <br><br> MERRITT GARLAND, in his official capacity Attorney General, Department of Justice, et al., <br><br> Defendants. | Civil Action No. 3:24-cv-0040 (ZNQ-TJB) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DEBBIE WASSERMAN SCHULTZ'S MOTION TO DISMISS THE AMENDED COMPLAINT

Dated: May 17, 2024

**SILLS CUMMIS & GROSS P.C.**
Nicole G. McDonough, Esq.
One Riverfront Plaza
Newark, New Jersey 07012
Telephone: (973) 643-5967
nmcdonough@sillscummis.com

OF COUNSEL:
**KAPLAN HECKER & FINK LLP**
Shawn G. Crowley, *admitted pro hac vice*
Maximillian Feldman, *admitted pro hac vice*
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
scrowley@kaplanhecker.com
mfeldman@kaplanhecker.com

*Attorneys for Defendants the Democratic National Committee and Debbie Wasserman Schultz, in her current capacity as U.S. Representative, (FL-25)*

12357735 v2

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

PROCEDURAL AND FACTUAL BACKGROUND...................................................................... 1

ARGUMENT ............................................................................................................................ 4

    A.   The Amended Complaint Fails to Establish Article III Standing. ........................................4

    B.   The Amended Complaint Fails to Establish Personal Jurisdiction. ....................................6

    C.   The Amended Complaint Fails to State a Claim for Relief. ...............................................7

    D.   Dismissal With Prejudice is Appropriate............................................................................9

    E.   The Claims are Barred by the Speech or Debate Clause. .................................................10

CONCLUSION........................................................................................................................ 11

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................. 7, 8, 9

*Ballentine v. United States*,
    486 F.3d 806 (3d Cir. 2007) ................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .........................................................................................7, 8

*Berg v. Obama*,
    586 F.3d 234 (3d Cir. 2009) ................................................................................6

*California v. Texas*,
    593 U.S. 659 (2021) ............................................................................................5

*Coniker v. Monfortoh*,
    No. 23-1507, 2023 WL 7411531 (3d Cir. Nov. 9, 2023) ....................................8

*Conley v. Gibson*,
    355 U.S. 41 (1957) ..............................................................................................7

*Control Screening LLC v. Tech. Application & Prod. Co.*,
    687 F.3d 163 (3d Cir. 2012) ................................................................................6

*Davis v. Ruby Foods, Inc.*,
    269 F.3d 818 (7th Cir. 2001) ...............................................................................8

*Eastland v. United States Servicemen's Fund*,
    421 U.S. 491 (1975) ..........................................................................................10

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
    592 U.S. 351 (2021) ............................................................................................7

*Gambrell v. S. Brunswick Bd. of Educ.*,
    No. 18 Civ. 16359, 2019 WL 5212964 (D.N.J. Oct. 16, 2019) .........................8

*Garrett v. Wexford Health*,
    938 F.3d 69 (3d Cir. 2019) ............................................................................................... 8

*Gary v. F.T.C.*,
    526 F. App'x 146 (3d Cir. 2013) ...................................................................................... 7

*Lance v. Coffman*,
    549 U.S. 437 (2007) ......................................................................................................... 5

*McCormick v. Kline*,
    670 F. App'x 764 (3d Cir. 2016) ...................................................................................... 9

*Miller Yacht Sales, Inc. v. Smith*,
    384 F.3d 93 (3d Cir. 2004) ............................................................................................... 6

*Schaedler v. Reading Eagle Publ'n, Inc.*,
    370 F.2d 795 (3d Cir. 1967) ............................................................................................. 8

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ......................................................................................................... 4

*U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*,
    769 F.3d 837 (3d Cir. 2014) ............................................................................................. 9

*United States v. Imran Awan*,
    No. 17 Cr. 161 (D.D.C. July 3, 2018) .............................................................................. 4

*United States v. Menendez*,
    831 F.3d 155 (3d Cir. 2016) ........................................................................................... 10

*White v. Pagotto*,
    No. 22-3257, 2023 WL 4929306 (3d Cir. Aug. 2, 2023) ................................................. 8

*Youngblood v. DeWeese*,
    352 F. 3d 836 (3d Cir. 2003) .......................................................................................... 10

**U.S. CONSTITUTIONAL PROVISIONS**

Art. 1, § 6, cl. 1 ....................................................................................................................... 10

12357735 v2

**FEDERAL RULES**

Fed. R. Civ. P. 8 ................................................................................................................7, 8

Fed. R. Civ. P. 12 ................................................................................................ 4, 6, 7, 11

**STATE & LOCAL RULES**

Local Civ. R. 15.1 ...................................................................................................................4

N.J. Ct. R. 4:4-4 ....................................................................................................................6

**OTHER AUTHORITIES**

Scott Neuman, *Plea Deal For Former Congressional IT Staffer Debunks Right-Wing Conspiracy Theories*, NPR (July 4, 2018)..................................................4

**PRELIMINARY STATEMENT**

Over the course of her 126-page Amended Complaint, Plaintiff inexplicably narrates a series of grievances with notable events in American history, such as the 2016 and 2020 U.S. Presidential elections, the September 11 terrorist attacks, and COVID-19. Plaintiff does not explain how these historical events relate to her personally; nor does she attempt to satisfy the basic elements necessary to confer Article III standing to sue. As to the claims against Congresswoman Schultz, the Amended Complaint confines its allegations to three paragraphs, bereft of any specific factual matter describing her supposed unlawful actions. Beyond that, the District of New Jersey plainly lacks personal jurisdiction over the Congresswoman, a U.S. representative of Florida, and her Speech or Debate immunity otherwise bars aspects of this lawsuit. Given these pleading failures, which cannot be remedied by amendment, the case cannot continue. The Court should dismiss the Amended Complaint with prejudice.

**PROCEDURAL AND FACTUAL BACKGROUND**

In January 2024, Plaintiff Mary Basile Logan, acting *pro se*, filed the instant lawsuit against dozens of prominent public figures and other parties with no discernable connection to one another. *See* Dkt. 1 ("Complaint"). At times incomprehensible, the Complaint did not articulate any non-frivolous legal claim; rather, it strung together a series of unusual concerns or policy grievances Plaintiff

1

had with notable events in American history, such as COVID-19, the September 11 terrorist attacks, and the 2008 financial crisis. *See id.* ¶ 91. Multiple defendants moved to dismiss, *see* Dkts. 22, 27, 30–31, 40, and the Court, acknowledging Plaintiff's *pro se* status, granted leave to amend, *see* Dkt. 41.

Plaintiff's Amended Complaint, now the operative complaint, adds to the disarray by asserting new, equally implausible allegations and naming additional defendants, including Congresswoman Schultz. *See* Dkt. 45 ("Amended Complaint"). Spanning 126 pages, the Amended Complaint references a series of disconnected individuals, organizations, and events, including the 2016 and 2020 U.S. Presidential elections, COVID-19, the September 11 terrorist attacks, Jeffrey Epstein's financial network, and the Bank of Credit and Commerce International—a bank that went defunct in 1991. *See id.* ¶¶ 62–63, 66–67, 69–70, 73–75, 85, 97, 118, 130. In relief, the Amended Complaint seeks $8 billion in damages, along with various forms of injunctive relief, such as the removal of President Biden from office and an end to voting by mail nationwide. *See id.* ¶¶ 177, 179–80.

The Amended Complaint mentions Congresswoman Schultz just three times.

- "Defendant, DEBBIE WASSERMAN SCHULTZ serving in her capacity as U.S. Congressional Representative (FL – 25th District), former Chair of the Democratic National Committee." *Id.* ¶ 47

- "The actions of the DNC's no less repulsive than those iterated by

2

Defendants . . . DEBBIE WASSERMAN SCHULTZ; giving no consideration to the consequence of their actions in matters of foreign policy, homeland security, social and civil discourse, they were focused solely on the undercurrent of fabricated schema. Plaintiff asserts as will be disclosed herein, the duplicity of their actions becomes irrefutable as the historic threshold tests withstood by our Nation are applied to their actions, no one is above the law and justice must be served." *Id.* ¶ 63.

- "Defendants . . . DEBBIE WASSERMAN SCHULTZ . . . had full knowledge that both Deutsche Bank and Barclays Bank had direct involvement with Jeffrey Epstein as well the business entities belonging to Marc Rich. The subject lending institutions shared direct correlation with money laundering activities of Hermitage as well as BCCI, these facts are unequivocal. The Defendants have shattered public trust. Plaintiff as a short sale negotiator works directly with the subject lenders on behalf of her clients." *Id.* ¶ 74(a)(ii)(2).

After filing the Amended Complaint, Plaintiff improperly attempted to supplement her pleadings with over 300 pages of similar allegations and exhibits. *See* Dkts. 46, 55, 57, 60, 69. Within these materials, filed without leave of Court,

3

12357735 v2

Plaintiff discusses variations of the discredited conspiracy theory[1] that former House of Representatives employee Imran Awan stole U.S. government secrets.  *See, e.g.*, Dkt. 57 ¶¶ 13, 14, 18, 25, 34, 40–41, 54; Dkt. 69 at 12-13, 16.  These untimely allegations should not be considered.  *See* Local Rule 15.1.  But in any event, as addressed below, *see infra*, Part B, they merely reflect Plaintiff's latest attempt to improperly implicate a defendant in an implausible conspiracy theory.

## ARGUMENT

**A. The Amended Complaint Fails to Establish Article III Standing.**

To establish standing and invoke the jurisdiction of the federal courts, a plaintiff must satisfy three requirements: (i) injury in fact; (ii) traceability; and (iii) redressability.  *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  The Complaint founders on all three requirements, and it should therefore be dismissed pursuant to Rule 12(b)(1).  *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007) (assessing Article III standing under Rule 12(b)(1)).

Though far from clear, Plaintiff centers her grievances against Congresswoman Schultz around seemingly disconnected matters of public

---

[1] *See* Plea Agreement ¶ 8, *United States v. Imran Awan*, No. 17 Cr. 161 (TSC) (D.D.C. July 3, 2018), ECF 60 (finding "no evidence that [Mr. Awan] violated federal law with respect to the House computer systems" after a "thorough investigation" that involved "interviewing approximately 40 witnesses; taking custody of the House Democratic Caucus server . . . and questioning [Mr. Awan] during numerous voluntary interviews"); *see also* Scott Neuman, *Plea Deal For Former Congressional IT Staffer Debunks Right-Wing Conspiracy Theories*, NPR (July 4, 2018), https://www.npr.org/2018/07/04/625886351/plea-deal-for-former-congressional-it-staffer-debunks-right-wing-conspiracy-theo.

significance (*e.g.*, recent U.S. Presidential elections, Jeffrey Epstein, President Clinton's pardon of Marc Rich), as well as baseless claims concerning Imran Awan and mail in voting. *See, e.g.*, Am. Compl. ¶¶ 62–63, 74(a)(ii)(2); Dkt. 46 ¶ 6(c); Dkt. 57 ¶¶ 14, 18, 25. But the Amended Complaint does not specify how Congresswoman Schultz caused Plaintiff individualized harm in connection with any of these events—and therefore fails to show "concrete, particularized" injury in fact that is "'fairly traceable'" to unlawful action (or any action) by Congresswoman Schultz. *California v. Texas*, 593 U.S. 659, 669, 680 (2021) (internal citation omitted).[2] Further, there is no connection between Plaintiff's vague allegations of wrongdoing and much of her requested relief—including $8 billion in damages and the immediate removal of President Biden from office—which is, in any event, largely beyond the scope of relief this Court can order. *See* Am. Compl. ¶¶ 175–80.

To the extent Plaintiff's claims are discernible at all, they are precisely the sort of "generalized grievances," reflecting that the plaintiff has "suffer[ed] in some indefinite way in common with people generally," that the Supreme Court has said cannot establish Article III standing to sue. *Lance v. Coffman*, 549 U.S. 437, 439

---

[2] Plaintiff's improper supplemental filings make vague reference to things like "loss of her elected capacity in an attempt to dissuade Plaintiff from pursuit of this action," Dkt. 46 ¶ 17(a), difficulties she "and her clients" faced with mortgages, *id.* ¶ 17(b), "impos[ition] on Plaintiff's autonomous determination expressed by sovereign vote," Dkt. 69 at 2, and "insecurity resulting from insolvency by malicious opaqueness," *id.* at 22. Even assuming these vague allegations suffice for injury in fact, the Amended Complaint does not clearly trace these alleged harms to specific acts by Congresswoman Schultz. *See California*, 593 U.S. at 668–69.

5

12357735 v2

(2007) (internal citation and quotation marks omitted); *see also, e.g.*, Am. Compl. ¶ 104 ("The People by way of the Plaintiff as their advocate demands the truth."); *id.* 74(a)(ii)(2) ("The Defendants have shattered public trust."). For these reasons, the Court should dismiss the Amended Complaint for want of Article III standing. *See Berg v. Obama*, 586 F.3d 234, 239 (3d Cir. 2009) (affirming dismissal of *pro se* challenge to President Obama's eligibility to run and serve as President of the United States for want of Article III standing).

**B. The Amended Complaint Fails to Establish Personal Jurisdiction.**

The Amended Complaint faces another predicable obstacle: personal jurisdiction. Plaintiff cannot hale Congresswoman Schultz, a U.S. representative of Florida, into a New Jersey federal court in this case. *See* Fed. R. Civ. P. 12(b)(2).

New Jersey federal courts apply the State's long arm statute, meaning they may exercise personal jurisdiction over an out-of-state defendant only consistent with due process. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. Rule 4:4-4(c)). To meet this standard, the plaintiff must establish constitutionally sufficient contacts between the defendant and New Jersey as to confer general or specific jurisdiction. *See id.*; *see also Control Screening LLC v. Tech. Application & Prod. Co.*, 687 F.3d 163, 167 (3d Cir. 2012) (adding that the plaintiff must establish jurisdiction by a preponderance of the evidence).

6

12357735 v2

The Amended Complaint fails to do so. It can hardly be the case that a U.S. Representative of Florida is "essentially at home" in New Jersey. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (internal citations omitted) (discussing general jurisdiction). And as to specific jurisdiction, Plaintiff does not even attempt to establish the requisite elements, including nexus and purposeful availment. *See, e.g.*, *Gary v. F.T.C.*, 526 F. App'x 146, 150 (3d Cir. 2013) (holding that New Jersey official's "handful of communications" with Pennsylvania plaintiff did "not establish specific jurisdiction" in Pennsylvania). For these reasons, the Court should dismiss the Amended Complaint with prejudice.

### C. The Amended Complaint Fails to State a Claim for Relief.

The Amended Complaint also fails to satisfy the basic requirements of Federal Rule of Civil Procedure 8—fair notice and facial plausibility—and therefore must be dismissed for failure to state a claim pursuant to Rule 12(b)(6). *See* Fed. R. Civ. P. 8(a)(2), 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 8 requires every complaint to include a "plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement ensures that "'the defendant [has] fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Moreover, a complaint "must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  *Pro se* complaints can fail to satisfy even this "basic notice function of a pleading," *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (citing *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)) where they are too "'vague or ambiguous'" to expect a "defendant . . . to respond to it," *id.* (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)).

The Amended Complaint does not satisfy these pleading standards.  It is devoid of "any facts to explain the who, what, where, when and why of plaintiff's dissatisfaction, and therefore [the Amended Complaint] wholly fails to comply with Twombly/Iqbal and Federal Rule of Civil Procedure 8(a)." *Gambrell v. S. Brunswick Bd. of Educ.*, No. 18 Civ. 16359, 2019 WL 5212964, at *3 (D.N.J. Oct. 16, 2019) (Sheridan, J.) (internal citation and quotation marks omitted).  Plaintiff's vague, unexplained, and haphazard references to historical events from the past thirty years are plainly insufficient to state a claim.  *See, e.g., Coniker v. Monfortoh*, No. 23-1507, 2023 WL 7411531, at *2 (3d Cir. Nov. 9, 2023) (per curiam) (affirming dismissal of *pro se* complaint lacking a "comprehendible factual narrative"); *White v. Pagotto*, No. 22-3257, 2023 WL 4929306, at *2 (3d Cir. Aug. 2, 2023) (per curiam) (affirming dismissal of *pro se* complaint that was "entirely unclear" as to "what actions the defendant took or what harm, if any, occurred").  The same is true

12357735 v2

for the untimely, discredited allegations concerning Imran Awan. Even if considered and taken as true, Plaintiff fails to allege specific facts to show how (or more broadly, why) the Congresswoman would be civilly responsible for the conduct of another person. *See Iqbal*, 556 U.S. at 678. The Congresswoman's decision to defend Mr. Awan against a false conspiracy theory is commendable; it is not a basis for liability. For these reasons, the Court should dismiss the Amended Complaint with prejudice.

### D. Dismissal With Prejudice is Appropriate.

Dismissal with prejudice is appropriate here because amendment of the Amended Complaint "would be futile." *U.S. ex rel. Schumann v. Astrazeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014); *McCormick v. Kline*, 670 F. App'x 764, 765–66 (3d Cir. 2016) (affirming dismissal of *pro se* complaint without leave to amend). Like the ones that preceded it, the Amended Complaint is merely a vehicle to air generalized, non-cognizable grievances. No further amendment can cure this central deficiency—indeed, none of Plaintiff's improper supplemental filings has done so. Plaintiff simply does not have any cognizable legal claim against Congresswoman Schultz. She should not be permitted another opportunity to waste the Court's time and resources.[3]

---

[3] The Amended Complaint is effectively Plaintiff's fifth bite at the apple. *See Logan v. Lamont et al.*, No. 3:23 Civ. 21174 (ZNQ-TJB) (D.N.J. 2023), Dkts. 1, 6, 49-3 (filing complaint, amended complaint, and proposed second amended complaint); *Logan v. Garland et al.*, No. 3:24 Civ. 0040

9

### E. The Claims are Barred by the Speech or Debate Clause.

Finally, the Speech or Debate Clause operates as a separate jurisdictional bar to some of the allegations against Congresswoman Schultz.  *See* U.S. Const. Art. 1, § 6, cl. 1.  Under the Speech or Debate Clause, members of Congress enjoy absolute immunity from suit and liability for actions "in the sphere of legitimate legislative activity."  *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 503 (1975); *see also Youngblood v. DeWeese*, 352 F.3d 836, 839 (3d Cir. 2003).  This immunity is construed "broadly" in effort to serve a salutary purpose: "to insure that the legislative function the Constitution allocates to Congress may be performed independently."  *Eastland*, 421 U.S. at 502.

Though not entirely clear, and at times referencing the Congresswoman's separate role as DNC Chairwoman, Plaintiff takes issue with decisions or events that are legislative, or at least have legislative "content, purpose, and motive."  *United States v. Menendez*, 831 F.3d 155, 166 (3d Cir. 2016); *see, e.g.,* Am. Compl. ¶ 63 (accusing defendants of "duplicity" affecting "matters of foreign policy, homeland security, [and] social and civil discourse").  The Congresswoman is legislatively

---

(ZNQ-TJB) (D.N.J. 2024), Dkts. 1, 45 (filing complaint and amended complaint).  Each time Plaintiff files a frivolous complaint, she wastes the defendants' resources and the Court's time.  Plaintiff has had ample opportunity to amend and to add legally cognizable claims.  Another opportunity for amendment rewards Plaintiff's behavior and encourages future frivolous filings.

immune from any such claims, and the Court should dismiss the Amended Complaint with prejudice.

## CONCLUSION

For the reasons set forth above, the Court should dismiss the Amended Complaint with prejudice as to Congresswoman Schultz, pursuant to Rules 12(b)(1), (2), and (6).

Dated: May 17, 2024

Respectfully submitted,

*/s/ Nicole G. McDonough*

Nicole G. McDonough, Esq.
**SILLS CUMMIS & GROSS P.C.**
One Riverfront Plaza
Newark, New Jersey 07012
Telephone: (973) 643-5967
nmcdonough@sillscummis.com

OF COUNSEL:
Shawn G. Crowley, *pro hac vice*
Maximillian Feldman, *pro hac vice*
**KAPLAN HECKER & FINK LLP**
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
scrowley@kaplanhecker.com
mfeldman@kaplanhecker.com

*Attorneys for Defendants the Democratic National Committee and Debbie Wasserman Schultz, in her current capacity as U.S. Representative, (FL-25)*

11