# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN,<br><br>    Plaintiff,<br><br>v.<br><br>MERRICK GARLAND,<br><br>    Defendants. | CIVIL ACTION NO.: 3:24-cv-40-ZNQ-TJB |

---

## BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT IN LIEU OF AN ANSWER ON BEHALF OF NEW JERSEY STATE DEFENDANTS

---

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625
Attorney for Defendants, Christopher J. Christie,
Philip D. Murphy, Tahesha Way, Judith
Persichilli, Sejal Hathi, and Matthew Platkin

By:  Michael R. Sarno
    Deputy Attorney General
    609-376-3200
    Michael.Sarno@law.njoag.gov

# <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

PRELIMINARY STATEMENT ........................................................................1

STATEMENT OF FACTS ...............................................................................3

STANDARD OF REVIEW ..............................................................................5

LEGAL ARGUMENT......................................................................................6

I.   THE COURT LACKS SUBJECT MATTER JURISDICTION
OVER THE FAC ........................................................................................6

    A.  THE ELEVENTH AMENDMENT IMMUNITY BARS ALL
MONETARY CLAIMS AGAINST THE NEW JERSEY STATE
DEFENDANTS....................................................................................6

    B.  ALL CIVIL RIGHTS CLAIMS AGAINST THE NEW JERSEY
STATE DEFENDANTS SHOULD BE DISMISSED BECAUSE
THEY ARE NOT CONSIDERED "PERSONS" AMENABLE TO
SUIT UNDER § 1983 ..........................................................................9

    C.  PLAINTIFF LACKS STANDING TO BRING HER CLAIMS ........11

    D.  PLAINTIFF'S FAC FAILS UNDER THE SUBSTANTIALITY
DOCTRINE........................................................................................15

II.  THE FAC FAILS TO OTHERWISE ALLEGE A VIABLE
CLAIM AGAINST THE NEW JERSEY STATE
DEFENDANTS.........................................................................................17

    A.  MANY OF PLAINTIFF'S CONSTITUTIONAL AND STATUTORY
CLAIMS DO NOT GIVE RISE TO A PRIVATE RIGHT OF ACTION
AS A MATTER OF LAW ..................................................................18

    B.  PLAINTIFF'S ALLEGATIONS AGAINST THE NEW JERSEY
STATE DEFENDANTS FAIL TO STATE A CLAIM.....................20

i

III. PLAINTIFF HAS FAILED TO ESTABLISH A LEGITIMATE BASIS FOR INJUNCTIVE RELIEF AGAINST THE NEW JERSEY STATE DEFENDANTS ............................................................................24

CONCLUSION ........................................................................................25

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*Adamo v. Jones*,
  No. 15-cv-1073, 2016 WL 356031 (D.N.J. Jan. 29, 2016) ................................19

*Allen v. Am. Fed'n of Gov't Emp. AFL-CIO*,
  276 F. App'x 197 (3d Cir. 2008) ......................................................................16

*Aschroft v. Iqbal*,
  556 U.S. 662 (2009)........................................................................................5, 6

*Associated Builders & Contractors Western Pa. v. Cmty. Coll. of
  Allegheny Cnty.*,
  81 F.4th 279 (3d Cir. 2023) ........................................................................*passim*

*Baker v. McCollan*,
  443 U.S. 137 (1979)............................................................................................9

*Balsam v. Secretary of New Jersey*,
  607 F. App'x 177 (3d Cir. 2015) ....................................................................7, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................5

*Blanciak v. Allegheny Ludlum Corp.*,
  77 F.3d 690 (3d Cir. 1996) ................................................................................5

*Bormuth v. Consumers Energy Co.*,
  No. 23-cv-11307, 2023 WL 9229109 (E.D. Mich. Dec. 12, 2023)...................18

*Bowers v. Nat'l Collegiate Athletic Association*,
  475 F.3d 524 (3d Cir. 2007) ..............................................................................7

*Brnovich v. Biden*,
  630 F. Supp. 3d 1157 (D. Ariz. 2022) ..............................................................18

*Carpenter v. Chard*,
  492 F. Supp. 3d 321 (D.N.J. 2020)....................................................................9

*Cassaday v. Trump*,
  No. 22-cv-682, 2022 WL 3082464 (W.D. Mich. Aug. 3, 2022).......................19

*Castro v. New Jersey,*
521 F. Supp. 3d 509 (D.N.J. 2021) .................................................................10

*Constitution Party of Pa. v. Cortes,*
824 F.3d 386 (3d Cir. 2016) ...........................................................................8

*Danvers Motor Co., Inc. v. Ford Motor Co.,*
432 F.3d 286 (3d Cir. 2005) .........................................................................11

*Davis v. Family Court of Phila.,*
619 F. App'x 51 (3d Cir. 2015) .....................................................................19

*Davis v. Fed. Election Comm'n,*
554 U.S. 724 (2008).......................................................................................12

*Davis v. Ruby Foods, Inc.,*
269 F.3d 818 (7th Cir. 2001) ........................................................................22

*DeGrazia v. F.B.I.,*
316 F. App'x 172 (3d Cir. 2009) ...................................................................16

*Estate of DeRosa v. Murphy,*
No. 22-cv-2301, 2023 WL 3431218 (D.N.J. May 12, 2023) ............................21

*M.A. ex rel. E.S. v. State-Operated Sch. Dist.,*
344 F.3d 335 (3d Cir. 2003) ...........................................................................8

*Endl v. New Jersey,*
5 F. Supp. 3d 689 (2014) ...............................................................................8

*Erickson v. Pardus,*
551 U.S. 89 (2007)..........................................................................................22

*Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc.,*
528 U.S. 167 (2000)........................................................................................24

*Garrett v. Wexford Health,*
938 F.3d 69 (3d Cir. 2019) .................................................................14, 22, 23

*Germany v. Power 105.1 Radio,*
790 F. App'x 442 (3d Cir. 2019) ...............................................................16, 17

*Glover v. F.D.I.C.*,
  698 F.3d 139 (3d Cir. 2012) ..........................................................................22, 23

*Hagans v. Lavine*,
  415 U.S. 528 (1974)..........................................................................................15, 17

*Iwanowa v. Ford Motor Co.*,
  67 F. Supp. 2d 424 (D.N.J. 1999) ...........................................................................5

*Kentucky v. Graham*,
  473 U.S. 159 (1985).....................................................................................................7

*Kerchner v. Obama*,
  669 F. Supp. 2d 477 (D.N.J. 2009)...................................................................13, 15

*Las Ams. Immigrant Advocacy Ctr. v. Biden*,
  571 F. Supp. 3d 1173 (D. Or. 2021) ....................................................................18

*Lichtenberg v. Sec'y of the Navy*,
  627 F. App'x 916 (11th Cir. 2015) ........................................................................19

*Livesay v. Murphy*,
  No. 20-cv-17947, 2022 WL 4597435 (D.N.J. Sept. 30, 2022) ........................19

*Lombardo v. Pa. Dep't of Pub. Welfare*,
  540 F.3d 190 (3d Cir. 2008) ....................................................................................6

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992).................................................................................................13

*MCI Telecomm. Corp. v. Bell Atl. Pa.*,
  271 F.3d 491 (3d Cir. 2001) ....................................................................................7

*McLeod v. Fifth Judicial Dist. of Pa.*,
  No. 20-cv-20475, 2024 WL 1743133 (D.N.J. April 23, 2024) ........................19

*Mikhaeil v. Santos*,
  646 F. App'x 158 (3d Cir. 2016) ............................................................................7

*Mina v. Chester Cnty.*,
  679 F. App'x 192 (3d Cir. 2017) .........................................................................16

v

*Mueller v. Kean Univ.*,
   287 A.3d 796 (N.J. Sup. Ct. App. Div. 2022) ....................................................21

*Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*,
   80 F.4th 215 (3d Cir. 2023) ....................................................................................12

*Neitzke v. Williams*,
   490 U.S. 319 (1989)................................................................................................16

*O'Shea v. Littleton*,
   414 U.S. 488 (1974)................................................................................................24

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984)..........................................................................................6, 7, 8

*Quern v. Jordan*,
   440 U.S. 332 (1979)..................................................................................................7

*Schaedler v. Reading Eagle Publ'n, Inc.*,
   370 F.2d 795 (3d Cir. 1967) ..................................................................................22

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
   678 F.3d 235 (3d Cir. 2012) ..................................................................................11

*Seminole Tribe v. Florida*,
   517 U.S. 44 (1996)....................................................................................................5

*Smith v. New Jersey*,
   908 F. Supp. 2d 560 (D.N.J. 2012)........................................................................10

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016)..........................................................................................11, 12

*Steel Co. v. Citizens for a Better Env't*,
   523 U.S. 83 (1998)..................................................................................................24

*Summers v. Earth Island Institute*,
   555 U.S. 488 (2009)................................................................................................24

*Taliaferro v. Darby Twp. Zoning Bd.*,
   458 F.3d 181 (3d Cir. 2006) ....................................................................................5

*Travaline v. U.S. Supreme Court*,
  424 F. App'x 78 (3d Cir. 2011) .......................................................................23

*United States v. Richardson*,
  418 U.S. 166 (1974) ........................................................................................12

*United States v. Texas*,
  599 U.S. 670 (2023) ........................................................................................11

*Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*,
  454 U.S. 464 (1982) ........................................................................................15

*Waterfront Comm'n of New York Harbor v. Governor of New Jersey*,
  961 F.3d. 234 (3d Cir. 2020) .............................................................................6

*Watson v. Cmty. Prop. Mgmt.*,
  No. 19-cv-2918, 2019 WL 3714529 (E.D. Pa. Aug. 6, 2019)............................19

*Weisman v. New Jersey Dep't of Human Services*,
  817 F. Supp. 2d 456 (D.N.J. 2011) ..................................................................10

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989)............................................................................................10

*Ex Parte Young*,
  209 U.S.123 (1908)............................................................................................8

*Zimmerman v. Facebook, Inc.*,
  No. 19-cv-4591, 2020 WL 5877863 (Oct. 2, 2020) ..........................................18

**Statutes**

18 U.S.C. § 1001 .................................................................................................19

18 U.S.C. § 1035 ...........................................................................................18, 19

18 U.S.C. § 1038 ...........................................................................................18, 19

18 U.S.C. § 1519 .................................................................................................19

18 U.S.C. § 2384 ...........................................................................................18, 19

18 U.S.C. § 2385 .................................................................................................19

42 U.S.C. § 1983 ...............................................................................1, 6, 9, 10

**Rules**

Fed. R. Civ. P. 8 .....................................................................................*passim*

Fed. R. Civ. P. 15 ...........................................................................................23

Fed. R. Civ. P. 12(b)(1)...............................................................................5, 17

Fed. R. Civ. P. 12(b)(6)....................................................................................5

## PRELIMINARY STATEMENT

*Pro se* Plaintiff, Mary Basile Logan, has filed a 126-page, seven-count First Amended Complaint ("FAC") that includes various conspiracy theories; policy disagreements with American and world leaders and events; and claims allegedly based on, *inter alia*, constitutional violations, federal criminal statutes, and treason. She has brought these purported causes of action against numerous former and current Federal and State officials, including Presidents, FBI Directors and Governors. In doing so, Plaintiff has named former New Jersey Governor Christopher J. Christie; current New Jersey Governor Philip D. Murphy, who is further named in his former capacity as Chair of the National Governors Association ("NGA"); current Lt. Governor Tahesha Way, who is also named in her former capacities as Secretary of State and former President of the National Association of Secretaries of State; former Commissioner of the New Jersey Department of Health ("DOH"), Judith Persichilli; former Deputy Commissioner of DOH, Sejal Hathi; and the current New Jersey Attorney General, Matthew Platkin (collectively, "New Jersey State Defendants"), in their official capacities. For the reasons set forth below, this court should dismiss the FAC with prejudice against the New Jersey State Defendants.

First, the FAC fails to establish subject matter jurisdiction for this court to even adjudicate Plaintiff's alleged claims. For instance, the Eleventh Amendment

sovereign immunity precludes all monetary causes of action against the New Jersey State Defendants.  Similarly, her 42 U.S.C. § 1983 claims for monetary damages fail as a matter of law because the New Jersey State Defendants are not considered "person[s]" amenable to suit under that statute.  The FAC also does not establish Article III standing because it fails to demonstrate an injury in fact, nor does it include allegations that are fairly traceable to the New Jersey State Defendants or that can be redressed by a favorable judicial decision.  Moreover, because the FAC alleges claims that are so attenuated and unsubstantial as to be devoid of merit, it runs afoul of the substantiality doctrine.  As such, for these reasons, this court lacks subject matter jurisdiction over the FAC.

Second, even if this court were to analyze the FAC's claims substantively, they are nonetheless deficient and do not state any viable cause of action against the New Jersey State Defendants.   For example, Plaintiff's claims under the Constitution's Take Care and Treason Clauses, as well as those for violations of federal criminal statutes pursuant to Title 18, fail because, as a matter of law, they do not give rise to a private right of action.  Furthermore, as to the New Jersey State Defendants specifically, Plaintiff barely mentions them in her 126-page pleading, and when she does, she does not establish averments regarding any direct conduct that could give rise to potential legitimate claims.  Instead, her allegations -- to the extent that they can be comprehended -- are either about third parties or insufficiently

connect the New Jersey State Defendants to any culpable conduct. In addition, due to the FAC's excessive length and confusing allegations, it fails to adhere to Rule 8's requirements to provide a short and concise statement to give defendants fair notice of the claims against them. These various substantive deficiencies show that the FAC does not state a viable cause of action against the New Jersey State Defendants.

Finally, Plaintiff's requests for monetary and injunctive relief are similarly unwarranted because she has not stated any legitimate claim. Moreover, with regard to requests for injunctive relief -- such as to remove President Joseph Biden from office -- given that a favorable judicial decision against the New Jersey State Defendants could not adequately provide such relief, she is not entitled to it.

In sum, this court should grant the New Jersey State Defendants' motion to dismiss in its entirety, thereby dismissing the FAC with prejudice.

## **STATEMENT OF FACTS**

*Pro se* Plaintiff, Mary Basile Logan, has filed a 126-page FAC, which does not even include her myriad number of exhibits, comprising of conspiracy theories; policy opinions regarding American and world events stemming from prior decades until the present; and purported treason. (*See generally* ECF No. 45, March 22, 2024 Amended Complaint ("FAC")). In this lawsuit, she has sued various federal and state officials, such as former Presidents, Attorneys General and FBI Directors; out-

of-state Governors; and private parties.  *Id.* at pgs. 1-4.  Among the various

defendants, Plaintiff has named the New Jersey State Defendants.  *Id*. at pgs. 2-3.

Though the FAC is exceedingly difficult to follow, it seemingly avers in

Count One conspiracy claims arising from a "Russian dossier" involving former

President Donald J. Trump and "Russian Collusion" and the expense to taxpayers as

a result.  *Id.* at ¶¶ 61-63, 69, 70, 74.  In Count Two, Plaintiff asserts allegations for

"weaponized lawfare" by out-of-state officials.  *Id.* at ¶ 75.  Count Three features

conspiracy claims arising from the COVID-19 lockdowns; "foreign encroachment"

in American affairs; and supposed collusion between former Presidents regarding

funds sent to Haiti.  *Id.* at ¶¶ 76-77, 82.  As for Count Four, Plaintiff apparently

asserts claims arising from America's oil and energy policies.  *Id*. at ¶¶ 90, 92, 95.

Count Five alleges liability tied to the September 11, 2001 terrorist attacks, as well

as to America's current immigration policy and border security.  *Id*. at ¶¶ 104-05,

108, 111, 112-14, 116-18.  In Count Six, Plaintiff avers that the New Jersey State

Defendants and various New York and federal governmental officials' response to

COVID-19 was "abhorrent and unacceptable."  *Id*. at ¶¶ 124-25, 127-29, 131, 141,

164.  The remaining counts are individually lodged against former Presidents

Clinton, Bush, and Obama.  *Id*. at pgs. 120-21.

Plaintiff seeks $8 billion in compensatory and punitive damages, along with

fees and costs; injunctive relief to declare that all Defendants denied citizens their

putative rights under the Constitution's Take Care Clause and other constitutional provisions, as well as multiple federal criminal statutes; preliminary and permanent injunctions enjoining Defendants from "committing actions similar to those described herein in the future"; to place former President Trump on the ballot and remove President Biden from office; and to return voting to "one day." *Id*. at pg. 124.

## STANDARD OF REVIEW

The New Jersey State Defendants move to dismiss Plaintiff's pleading under Rules 12(b)(1) and 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(1), which may be raised at any time, will be granted if the pleading, on its face, does not allege sufficient grounds to demonstrate that the court has subject matter jurisdiction. *See Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 437-38 (D.N.J. 1999); *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). To that end, the Supreme Court has explained that where a defendant successfully demonstrates that Eleventh Amendment immunity precludes a suit, the court in which the plaintiff filed the action lacks subject matter jurisdiction over that complaint. *See Seminole Tribe v. Florida*, 517 U.S. 44, 64 (1996) (stating that the Eleventh Amendment stands "for the constitutional principle that state sovereign immunity limit[s] the federal courts' jurisdiction under Article III"); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996) ("[T]he Eleventh Amendment is a jurisdictional bar

which deprives federal courts of subject matter jurisdiction.")).

Next, to survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must have more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a pleading that simply offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not do," nor will one that relies on "naked assertions" devoid of "further factual enhancement." *Id.* In short, a claim becomes facially plausible at this stage when, based on the factual content of the pleading, the court can draw a reasonable inference that the defendant is liable. *See Iqbal*, 556 U.S. at 678.

## **LEGAL ARGUMENT**

### I.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THE FAC.**

### A. **THE ELEVENTH AMENDMENT IMMUNITY BARS ALL MONETARY CLAIMS AGAINST THE NEW JERSEY STATE DEFENDANTS.**

In her complaint, Plaintiff names the New Jersey State Defendants in only their official capacities. (*See* FAC, pgs. 2-3). As such, her constitutional claims under 42 U.S.C § 1983, as well as her other claims, for monetary damages against them are subject to the Eleventh Amendment immunity and, consequently, should be dismissed without further consideration.

Under the Eleventh Amendment of the United States Constitution, the principle of sovereign immunity bars "private suits against non-consenting States in federal court." *Lombardo v. Pa. Dep't of Pub. Welfare*, 540 F.3d 190, 194 (3d Cir. 2008) (emphasis omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *Waterfront Comm'n of New York Harbor v. Governor of New Jersey*, 961 F.3d. 234, 238-39 (3d Cir. 2020) (affirming that sovereign immunity bars a private person's federal suit against a State). More specifically, the Eleventh Amendment immunity precludes suits in federal court against a non-consenting State based on violations of state law, irrespective of the relief sought, and federal law, except when prospective injunctive relief is demanded. *See Balsam v. Secretary of New Jersey*, 607 F. App'x 177, 183 (3d Cir. 2015) (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 106 (1984)).

Sovereign immunity further extends beyond the State itself to immunize "state agencies and departments," *MCI Telecomm. Corp. v. Bell Atl. Pa.*, 271 F.3d 491, 503 (3d Cir. 2001), as well as "entities that are considered arms of the state" and state employees acting in their official capacities, *Bowers v. Nat'l Collegiate Athletic Association*, 475 F.3d 524, 545 (3d Cir. 2007) (citations omitted). *See also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (noting that the Eleventh Amendment immunity bars a damages action against a State and state officials acting in their official capacities in federal court); *Quern v. Jordan*, 440 U.S. 332, 340-45 (1979)

(holding that sovereign immunity bars suits against States and state agencies under § 1983).

Consequently, without more, the Eleventh Amendment immunity precludes all monetary claims in the FAC against the New Jersey State Defendants. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (affirming dismissal of § 1983 claims against the State of New Jersey and the Office of the Attorney General based on Eleventh Amendment immunity); *Balsam*, 607 F. App'x at 183 (citing *Halderman*, 465 U.S. at 106) (noting that sovereign immunity precludes claims against the State and its entities and employees in their official capacities in federal court); *Endl v. New Jersey*, 5 F. Supp. 3d 689, 697-98 (2014) (dismissing claims against the State and state officials under § 1983 based on sovereign immunity).

There are nonetheless three exceptions to the Eleventh Amendment immunity: "(1) abrogation by an Act of Congress, (2) waiver by state consent to suit; and (3) suits against individual state officials for prospective relief to remedy an ongoing violation of federal law" pursuant to *Ex Parte Young*, 209 U.S.123 (1908). *M.A. ex rel. E.S. v. State-Operated Sch. Dist.*, 344 F.3d 335, 345 (3d Cir. 2003). However, there are no allegations in the FAC that could feasibly support the application of any of these exceptions to this case. For instance, while the first two exceptions have no discernable application here, Plaintiff does seek prospective injunctive relief. (*See* FAC, pg. 124). But, as shown below, the FAC fails to demonstrate that there are

any ongoing violations of federal law that the New Jersey State Defendants are committing, which renders the exception inapplicable to them. And, on an even more fundamental level, the *Ex Parte Young* exception requires that the state officials have "some connection with the enforcement" powers to provide the requested relief. 209 U.S. at 157; *Constitution Party of Pa. v. Cortes*, 824 F.3d 386, 396-99 (3d Cir. 2016) (explaining need for a "sufficient connection" between officials sued and enforcement under *Ex Parte Young* exception). Here, Plaintiff seeks prospectively to obtain relief from the Federal Government, i.e. remove President Biden from office, or otherwise seeks forms of relief that the New Jersey State Defendants cannot provide solely within their capacities. (*See* FAC, pg. 124).

Thus, with none of the specific exceptions applicable in this case, this court should dismiss all monetary claims against the New Jersey State Defendants based on the Eleventh Amendment immunity with prejudice.

## B. ALL CIVIL RIGHTS CLAIMS AGAINST THE NEW JERSEY STATE DEFENDANTS SHOULD BE DISMISSED BECAUSE THEY ARE NOT CONSIDERED "PERSONS" AMENABLE TO SUIT UNDER § 1983.

Because Plaintiff again sued the New Jersey State Defendants solely in their official capacities, they are not amenable to suit for monetary damages as a matter of law under § 1983, which additionally justifies the dismissal of such claims.

As an initial matter, Plaintiff brings constitutional claims against the New Jersey State Defendants, and to that end, "Section 1983 is a remedial statute designed

to redress deprivations of rights secured by the Constitution and its subordinate federal laws." *Carpenter v. Chard*, 492 F. Supp. 3d 321, 328-29 (D.N.J. 2020) (citing *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979)). Thus, Plaintiff's constitutional claims are truly pursuant to § 1983.

The plain language of § 1983 imposes liability on "[e]very *person* who, under color of" law violates a plaintiff's civil rights. 42 U.S.C. § 1983 (emphasis added). To that end, the United States Supreme Court has concluded for § 1983 purposes that States, "arms" of the States, and state officials acting in their official capacities are not "person[s]" within the meaning of the statute and are, thus, not subject to suit under § 1983 based on principles of sovereign immunity that intersect with the civil rights law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In accord with *Will*, this court has already held numerous times that States and their departments, agencies, and employees in their official capacities are not "person[s]" within the meaning of § 1983 and, thus, not subject to monetary damages. *See Castro v. New Jersey*, 521 F. Supp. 3d 509, 517-18 (D.N.J. 2021) (noting that neither a State nor its officials acting in their official capacities are "persons" under § 1983); *Smith v. New Jersey*, 908 F. Supp. 2d 560, 563 (D.N.J. 2012) ("A state, its agencies, and its actors in their official capacities are not persons

who may be sued under § 1983."); *Weisman v. New Jersey Dep't of Human Services*, 817 F. Supp. 2d 456, 464 (D.N.J. 2011) (same).

Consequently, Plaintiff's monetary claims under § 1983 against the New Jersey State Defendants are untenable because they are not considered "person[s]" amenable to suit under the law. This court should, therefore, dismiss such claims with prejudice.

**C. <u>PLAINTIFF LACKS STANDING TO BRING HER CLAIMS.</u>**

Another ground for dismissal based on a lack of subject matter jurisdiction is that Plaintiff fails to demonstrate standing for her alleged claims. Under Article III, which affords Federal Courts only limited jurisdiction over actions that meet the case-or-controversy requirements, "a case or controversy can exist only if a plaintiff has standing to sue -- a bedrock constitutional requirement that [the] Court has applied to all manner of important disputes." *United States v. Texas*, 599 U.S. 670, 675 (2023). "To establish Article III standing, a plaintiff bears the burden of showing three 'irreducible' elements": "He must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Associated Builders & Contractors Western Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 287 (3d Cir. 2023) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016)).

"The injury-in-fact requirement exists to assure that litigants have a 'personal stake' in the litigation." *Danvers Motor Co., Inc. v. Ford Motor Co.*, 432 F.3d 286, 291 (3d Cir. 2005). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypotehtical." *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 244 (3d Cir. 2012). To be concrete, an injury must be "real and not abstract." *Spokeo*, 578 U.S. at 340 (citations omitted). And, an "injury is particular when it is personal to the plaintiff." *Associated Builders*, 81 F.4th at 288. That is, "[s]tanding 'is not dispensed in gross.'" *Id.* at 287 (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008)). Moreover, a plaintiff's "concrete injuries must also be actual and imminent," meaning that "either a threat of injury must be 'certainly impending,' or there must at least be a 'substantial risk that the harm will occur.'" *Id.* at 289 (quoting *Nat'l Shooting Sports Found. v. Att'y Gen. of N.J.*, 80 F.4th 215, 218 (3d Cir. 2023)).

Against this backdrop, Plaintiff lacks standing to bring her claims against the New Jersey State Defendants because she falls short on satisfying Article III's requirements. First, the FAC fails to convey an injury in fact. Throughout her FAC, Plaintiff seeks to redress harms on behalf of the "People," "taxpayers," "homeowners of these United States," and "all citizens of this Nation," as well as for "the well-being of the People of these United States." (*See* FAC, ¶¶ 69, 74-75,

86, 108, 111, 116, 129 ang pg. 123-24).  However, "[i]njury to some third party or society at large will not do." *Associated Builders*, 81 F.4th at 288 (citing *United States v. Richardson*, 418 U.S. 166, 171-72 (1974)).  Plaintiff's numerous claims for harms "raising only a generally available grievance about government -- claiming only harm to . . . every citizens' interest . . . and seeking relief that no more directly and tangibly benefits [her] than it does the public at large -- does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573-74 (1992).  *See also Kerchner v. Obama*, 669 F. Supp. 2d 477, 482 (D.N.J. 2009) (dismissing claim due to lack of standing and noting plaintiffs' failure to show an injury in fact based on the "generalized harm" alleged in the complaint).  In other words, her various attempts to state causes of action on behalf of third parties, i.e. American citizens, are insufficient to aver an injury in fact and satisfy Article III's standing requirements, as there are no personalized harms to Plaintiff.

Furthermore, Plaintiff fails to demonstrate that there was an "actual" "invasion of a legally protected interest," or that there is an "imminent . . . threat of injury" by the New Jersey State Defendants against her to meet the injury-in-fact requirement. *Associated Builders*, 81 F.4th at 287-89.  Once again, it is difficult to comprehend from the FAC what challenged conduct the New Jersey State Defendants committed against Plaintiff for her to aver an "actual" harm.  And, it is equally difficult from the FAC to ascertain any potential "imminent threat" that

exists -- solely due to the New Jersey State Defendants -- to satisfy the injury-in-fact prong for Article III standing.

Plaintiff similarly fares no better with regard to the remaining requirements for Article III standing. Her generalized claims encompassing foreign conduct and various actions allegedly taken by the Federal Government are simply not "fairly traceable" to the New Jersey State Defendants. *Associated Builders*, 81 F.4th at 287. Moreover, Plaintiff's requests for relief regarding former President Trump and President Biden and past or future Federal Elections are not "likely" to redress the challenged conduct and alleged harms -- if any -- by the New Jersey State Defendants. *Id.* at 287. That is, removing President Biden from office, as Plaintiff seeks to do, has no connection to the New Jersey State Defendants, nor could the New Jersey State Defendants provide such relief.

On a final note regarding Article III standing, in her *original* complaint, Plaintiff mentions her mother-in-law's unfortunate death after 9/11; the tragic death from COVID-19 of her sister, who lived in Pennsylvania; and her averred "lost years of income" by her "loss mitigation firm" "as a direct consequence to the governmental actions taken." (*See* ECF No. 1, Jan. 4, 2024 Complaint, ¶¶ 162-64). However, even if these harms were asserted here, they also fall short of establishing Article III standing because, first, her original complaint is no longer operative once her FAC was filed. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019)

(explaining that generally "an amended pleading supersedes the original pleading and renders the original pleading a nullity"). In addition, these harms similarly either are not "particularized" to Plaintiff herself; are not "fairly traceable to the challenged conduct of" the New Jersey State Defendants; and/or are not "likely to be redressed by a favorable judicial decision" given the relief sought in the FAC.[1] *Associated Builders*, 81 F.4th at 287.

As such, Plaintiff has failed to establish Article III standing. Consequently, this court lacks subject matter jurisdiction and should dismiss the FAC in its entirety with prejudice.

## D. PLAINTIFF'S FAC FAILS UNDER THE SUBSTANTIALITY DOCTRINE.

The substantiality doctrine permits dismissal of a claim for lack of subject matter jurisdiction when the claim is "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly

---

[1] Even if Plaintiff had alleged an injury in fact sufficient to satisfy Article III standing, the doctrine of prudential standing should nonetheless prevent the court from exercising jurisdiction. The Supreme Court has held that "even when the plaintiff has alleged redressable injury sufficient to meet the requirements of Art. III, the Court has refrained from adjudicating 'abstract questions of wide public significance' which amounts to 'generalized grievances,' pervasively shared and most appropriately addressed in the representative branches." *Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.*, 454 U.S. 464, 474-75 (1982)). As such, most, if not all, of Plaintiff's claims constitute "generalized grievances that are most appropriately handled by the legislative branch" and that are subject to dismissal based on prudential standing. *Kerchner*, 669 F. Supp. 2d at 483 n.5.

unsubstantial," "implausible," or "no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528, 536-37, 543 (1974) (internal citations omitted). Allegations that come within this standard are those that rely "on 'fantastic or delusional scenarios'" "lacking any arguable factual basis." *DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 328 (1989)).

The Third Circuit has upheld dismissals under the substantiality doctrine for cases like the within matter involving wild conspiracy theories. *See Germany v. Power 105.1 Radio*, 790 F. App'x 442, 443 (3d Cir. 2019) (affirming dismissal under doctrine based on the complaint's "fantastic scenario lacking any arguable factual basis"); *Mina v. Chester Cnty.*, 679 F. App'x 192, 195 (3d Cir. 2017) (upholdng dismissal pursuant to doctrine based on plaintiff's "obviously frivolous" conspiracy claims and "outlandish nature of some of his claims"); *DeGrazia*, 316 F. App'x at 172 (affirming dismissal where plaintiff alleged he was "the victim of a government-run, Nazi-designed genetic experiment which caused his body to combine with reptile DNA"); *Allen v. Am. Fed'n of Gov't Emp. AFL-CIO*, 276 F. App'x 197, 199-200 (3d Cir. 2008) (upholding dismissal due to the "obviously fantastic nature" of plaintiff's conspiracy claims).

The FAC falls within the substantiality doctrine and should be dismissed accordingly. Most, if not all, of Plaintiff's allegations concern "fantastic" scenarios and wild conspiracy theories involving a series of former and current federal and

state officials, as well as private individuals, spanning over decades and touching several of America's historical moments, including 9/11, COVID-19, and the current legal proceedings involving former President Trump. (*See generally* FAC). The FAC constitutes one outlandish conspiracy claim after another that makes it difficult to ascertain any potential viable cause of action. As a result, this court should dismiss the "complaint for lack of subject matter jurisdiction pursuant to Fed. R. of Civ. P. 12(b)(1) [because] the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit.'" *Germany*, 790 F. App'x at 443 (quoting *Hagans*, 415 U.S. at 536-37).

## II. THE FAC FAILS TO OTHERWISE ALLEGE A VIABLE CLAIM AGAINST THE NEW JERSEY STATE DEFENDANTS.

Even if this court were to consider the substance of the FAC and put aside its failure to confer subject matter jurisdiction, Plaintiff fails to meet her burden at this stage. First, several of her constitutional and federal criminal statutory claims do not give rise to a legitimate civil cause of action pursuant to the relevant case law. Second, Plaintiff's allegations otherwise fail to articulate a viable, coherent claim against the New Jersey State Defendants, nor do they even satisfy Rule 8's requirements to give fair notice through a short and plain statement of the claims against a defendant. These deficiencies warrant a dismissal of the FAC for failure to state a claim.

## A. MANY OF PLAINTIFF'S CONSTITUTIONAL AND STATUTORY CLAIMS DO NOT GIVE RISE TO A PRIVATE RIGHT OF ACTION AS A MATTER OF LAW.

Several of Plaintiff's explicit references in the FAC to constitutional and statutory provisions fail on their face because they do not give rise to a private civil claim. For example, she avers violations by all defendants of the Constitution's "Take Care Clause" and "Treason Clause."[2]  (*See* FAC, ¶¶ 2, 5).  But, there is no recognized private right of action that derives from those clauses.  *See Brnovich v. Biden*, 630 F. Supp. 3d 1157, 1178 (D. Ariz. 2022) (declining to recognize a private right of action under the Take Care Clause); *Las Ams. Immigrant Advocacy Ctr. v. Biden*, 571 F. Supp. 3d 1173, 1180 (D. Or. 2021) (noting that "no circuit court has definitively found a private right of action stemming from the [Take Care] Clause"); *Bormuth v. Consumers Energy Co.*, No. 23-cv-11307, 2023 WL 9229109, at *6 (E.D. Mich. Dec. 12, 2023) ("Courts have consistently held that there is no private cause of action for treason."); *Zimmerman v. Facebook, Inc.*, No. 19-cv-4591, 2020 WL 5877863, at *2 (Oct. 2, 2020) (dismissing plaintiffs' claims for treasonous

---

[2] The "Take Care Clause" of Article II, § 3 provides that the President "shall take Care that the Laws be faithfully executed."  The "Treason Clause" of Article III, § 3 states that "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court."

conduct "because there is no private cause of action for treason") (internal quotations omitted).

In addition, she bases other claims on federal criminal statutes, such as 18 U.S.C. §§ 1001, 1035, 1038 and 1519; and 18 U.S.C. §§ 2384 and 2385. (*See* FAC, ¶¶ 3-4). However, these Title 18 provisions similarly do not create a private civil right of action, which justifies the dismissal of these claims without more. *See Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015) (holding that 18 U.S.C. § 1001 "does not provide a civil cause of action"); *Davis v. Family Court of Phila.*, 619 F. App'x 51, 52 n.2 (3d Cir. 2015) (same); *McLeod v. Fifth Judicial Dist. of Pa.*, No. 20-cv-20475, 2024 WL 1743133, at *4 (D.N.J. April 23, 2024) (holding that 18 U.S.C. § 1519 provides no private claim); *Livesay v. Murphy*, No. 20-cv-17947, 2022 WL 4597435, at *7 (D.N.J. Sept. 30, 2022) (ruling that 18 U.S.C. §§ 1001 and 1038 "are criminal statutes that do not allow independent civil claims"); *Cassaday v. Trump*, No. 22-cv-682, 2022 WL 3082464, at *3-4 (W.D. Mich. Aug. 3, 2022) (dismissing claim under 18 U.S.C. § 2385 because it did not create a private claim); *Watson v. Cmty. Prop. Mgmt.*, No. 19-cv-2918, 2019 WL 3714529, at *3 (E.D. Pa. Aug. 6, 2019) ("Because § 1035 is a criminal statute which does not create a private right of action, Watson fails to state a claim pursuant to 18 U.S.C. § 1035."); *Adamo v. Jones*, No. 15-cv-1073, 2016 WL 356031, at *11 (D.N.J.

Jan. 29, 2016) (ruling that 18 U.S.C. § 2384 is a criminal statute and does not provide for a private claim).

### B. PLAINTIFF'S ALLEGATIONS AGAINST THE NEW JERSEY STATE DEFENDANTS FAIL TO STATE A CLAIM.

*(i)    Overall*

Even if this court were to consider the allegations further, Plaintiff still fails to state a viable claim against the New Jersey State Defendants.  In the very few instances in her 126-page amended complaint when Plaintiff mentions one or more of the New Jersey State Defendants, she does not articulate a specific right that she had, let alone one that was violated and then can be attributed to actions taken by the New Jersey State Defendants.  For instance, in Count One, she notes issues stemming from the 2016 Presidential Election and the "disinformation campaign regarding the Russian dossier."  (*See* FAC, at ¶ 61).  She avers that co-defendant, the Democratic National Committee ("DNC"), "was found culpable" for the "Russian collusion disinformation campaign," and then broadly states that a multitude of defendants, including former Governor Christopher Christie, also had "actions" "no less repulsive" than the DNC.  *Id*. at ¶ 63.  This falls short because, first, even if true, these allegations do not list any right that *Plaintiff* had -- for she seemingly seeks to assert rights on behalf of former President Trump or voters in general, which again fails to confer Article III standing on her.  Even so, Plaintiff

does not mention any actions that former Governor Christie specifically took that constituted potentially culpable conduct to state a valid civil claim.

Likewise, in Count Six, Plaintiff's allegations seemingly attempt -- though they are difficult to follow -- to state claims against the other New Jersey State Defendants for the tragic deaths of "the citizens of New Jersey" in connection with COVID-19.  (*See* FAC, ¶¶ 124-25).  Once again, Plaintiff does not aver a specific right that they supposedly violated against *her*, as opposed to third parties.  She also generally notes that the New Jersey State Defendants were "derelict" in their duties and again mentions harms to third parties, but fails to articulate in a comprehensible manner what conduct these defendants specifically took against Plaintiff that could potentially give rise to a valid civil claim.  *Id*. at ¶¶ 128-29, 131.  Otherwise, Count Six then pivots to various conspiracy theories related to the pandemic involving, *inter alia*, the NIH, HHS, FDA, CDC and Pentagon, which do not appear to connect to the New Jersey State Defendants.  *Id*. at ¶¶136, 138, 144.  Given that these are the only instances that New Jersey State Defendants are specifically mentioned in the FAC, the pleading falls woefully short of stating a viable claim against them.[3]

---

[3] Even if Plaintiff were able to survive the standing challenge and pleading deficiencies for these COVID-based claims, they additionally would be dubious based on the immunities that have been granted to state officials in connection with the pandemic. *See Mueller v. Kean Univ.*, 287 A.3d 796, 803-05 (N.J. Sup. Ct. App. Div. 2022) (noting that Emergency Health Powers Act immunizes state agencies and employees for injury caused in connection with a public health emergency); *Estate of DeRosa v. Murphy*, No. 22-cv-2301, 2023 WL 3431218, at *1-4 (D.N.J. May 12,

*(ii)   Rule 8's Requirements*

A court may dismiss a complaint for failing to comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that allegations "must be simple, concise and direct" and contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See Garrett*, 938 F.3d at 91-92 (discussing dismissal of complaint under Rule 8).  "Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'"  *Id*. at 92 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)).  Under this analysis, "an excessively prolix and overlong complaint" could warrant dismissal under Rule 8's "short" statement requirement.  *Id*. at 93.  In addition, with regard to the "plain" statement requirement, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8."  *Id*. (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795, 799 (3d Cir. 1967)).  "And, of course, '[t]he dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading."  *Id*. (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).  The consideration for a court is whether "a pro se complaint's language . . .

---

2023) (dismissing claims against Governor and Commissioner of the Dept. of Health stemming from their responses to the COVID-19 pandemic based on qualified immunity).

presents cognizable legal claims to which a defendant can respond on the merits." *Id*. at 94.

Against this backdrop, "[f]air notice was lacking here" to apprise the New Jersey State Defendants of the potential causes of action against them. *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012). The 126-page pleading -- which does not even include the numerous exhibits and additional (improper) attempts by Plaintiff to file further amendments to the FAC[4] -- is not short, plain, concise or direct in any respect. *See* Fed. R. Civ. P. 8. Rather, it is "excessively prolix" and an "overlong complaint," *Garrett*, 938 F.3d at 93, while containing "unintelligible ramblings," *Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011), and "obscur[ing] the factual predicate and legal theory of the amended claim," *Glover*, 698 F.3d at 147-48. Even acknowledging Plaintiff's *pro se* status, the FAC cannot pass muster under Rule 8's requirements.

In sum, it is necessary for Plaintiff to establish appropriate allegations that form the bases for her causes of action against the New Jersey State Defendants. She

---

[4] For example, Plaintiff filed a "Final Supplement In Support of Amended Complaint," which is a 42-page document attempting to amend her FAC, and an opposition brief to the New York Defendants' motion to dismiss that included new alleged facts and "causes of action." (*See* ECF Nos. 55 and 60, respectively). These attempts to amend the FAC are in clear violation of Rule 15 of the Federal Rules of Civil Procedure and should be disregarded.

has simply failed to do so.  This court should dismiss all causes of action against the New Jersey State Defendants accordingly.

### III.   PLAINTIFF HAS FAILED TO ESTABLISH A LEGITIMATE BASIS FOR INJUNCTIVE RELIEF AGAINST THE NEW JERSEY STATE DEFENDANTS.

As thoroughly demonstrated above, the FAC fails to fundamentally plead a legitimate claim.  There are both jurisdictional and substantive deficiencies that justify the dismissal of the FAC.  Consequently, her requests for relief are untenable too.

In addition to establishing Article III standing and a legitimate claim -- which again Plaintiff has failed to satisfy -- one of the other requirements for obtaining injunctive relief is that "it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009) (quoting *Friends of Earth, Inc. v. Laidlaw Env't Servs. (TOC) Inc.*, 528 U.S. 167, 180-81 (2000)).  Furthermore, "'[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 109 (1998) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

As such, Plaintiff falls short in demonstrating a past or ongoing violation of her rights by the New Jersey State Defendants in the first instance, let alone in

supporting the notion that even with a favorable judicial decision against them, the New Jersey State Defendants could provide her with the relief she seeks.  That is, Plaintiff seemingly requests injunctive relief to remove President Biden from office and to make changes to voting laws and ballots for the upcoming Federal Election. (*See* FAC, pg. 124).  However, even if the FAC stated a legitimate claim against the New Jersey State Defendants, they could not provide Plaintiff with such relief: They cannot remove federal officials from office nor single-handedly change voting laws and ballots.  Consequently, Plaintiff's requests for injunctive relief against the New Jersey State Defendants are untenable on their face.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this court grant the New Jersey State Defendants' motion to dismiss, thereby dismissing all claims against them with prejudice.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Michael R. Sarno
Deputy Attorney General

Date: May 22, 2024

25