

**U.S. Department of Justice**

United States Attorney
District of New Jersey
*Civil Division*

_____

PHILIP R. SELLINGER
UNITED STATES ATTORNEY

*John F. Basiak Jr.*
*Assistant United States Attorney*
*Deputy Chief, Civil Division*

*402 East State Street, Room 430*
*Trenton, NJ 08608*
john.basiak@usdoj.gov

main: **(609) 989-2190**
direct:*(609) 858-0309*
fax:    *(609) 989-2275*

May 23, 2024

<u>Via ECF</u>
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

      **Re:**   *Logan v. Garland*, **No. 24-cv-40**
            **Status of Service on the Federal Defendants**

Dear Judge Quraishi:

      This Office represents current and former federal officials sued in their official capacities (collectively, the "Federal Defendants") in the above-referenced matter filed by *pro se* plaintiff Mary Basile Logan, which alleges treason and seditious conspiracy by federal, state, and local government officials, as well as private actors. We write to clarify the status of service on the Federal Defendants.

      We do not have any record of Plaintiff perfecting service on the Federal Defendants, and there is no evidence of this service on the docket. To serve a federal official sued in her or his official capacity, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer . . . or employee." Fed. R. Civ. P. 4(i)(2). "To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; [and] (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C." Fed. R. Civ. P. 4(i)(1). The 60-day time to answer

the complaint does not begin to run until Plaintiff effectuates service on the United States Attorney's Office. *See* Fed. R. Civ. P. 12(a)(2).[1]

Here, it appears that Plaintiff only served the Attorney General via registered or certified mail and is in the process of attempting to have a process server personally serve certain Federal Defendants via hand delivery under Rule 4(e). *See* ECF Nos. 7, 10. However, personal service of an official capacity defendant under Rule 4(e) is unnecessary and "insufficient" to satisfy the requirements of Rule 4(i)(2). *See Udomporn v. Kendall*, No. 23-cv-161, 2024 U.S. Dist. LEXIS 63084, at *5 (N.D. Fl. Mar. 1, 2024), *R&R adopted*, 2024 U.S. Dist. LEXIS 62705 (Apr. 5, 2024); *see also Craft v. Saul*, 2020 U.S. Dist. LEXIS 21675, at *9 (D. Id. Feb. 3, 2020) (Dale, M.J.) ("The use of a process server to personally deliver the summons and complaint in [an official capacity] case does not satisfy Rule 4(i)(2).").[2]

Additionally, we do not have any record of Plaintiff serving the United States Attorney's Office under Rule 4(i)(1)(A) or any Federal Defendant via certified or registered mail under Rule 4(i)(2), and there is no evidence of this service on the docket. Thus, the Federal Defendants are not yet required to answer or otherwise respond to the amended complaint under Rule 12(a)(2), and the Court currently lacks personal jurisdiction over the Federal Defendants.

Plaintiff is not entitled to leniency from the service rules because she is *pro se*. *Pro se* plaintiffs are "expected to comply with the rules of procedure" and "ignorance of service rules does not constitute good cause." *See Sykes v. Blockbuster Video*, 205

---

[1] Furthermore, Plaintiff cannot effectuate service on the Federal Defendants herself. Under Rule 4(c)(2), service can only occur by "[a]ny person who is at least 18 years old and not a party." *See also Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); *Fominyam v. Borgen*, No. 16-411, 2017 U.S. Dist. LEXIS 8883, at *4 (D.N.J Jan. 20, 2017) (rejecting *pro se* plaintiff's attempt to personally mail the complaint, as "[r]ule 4(c)(2) provides that a party may not personally effect service"); *McCray v. Unite Here*, No. 13-6540, 2015 U.S. Dist. LEXIS 34877, at *10 (D.N.J Mar. 20, 2015) (dismissing the *pro se* plaintiff's complaint, because "[i]t appears from the facts presented to the Court that Plaintiff himself mailed the summonses . . . to the USAO.").

[2] Hand delivery of a summons and complaint under Rule 4(e) is only required in suits against federal officials sued in their individual capacity (not official capacity). *Compare* Fed. R. Civ. P. 12(a)(3), *with* Fed. R. Civ. P. 12(a)(2).

F. App'x 961, 963 (3d Cir. 2006) (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1998)). Indeed, "'[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied.'" *Coulter v. U.S. Dep't of Homeland Sec.*, No. 07-4894 (JAG), 2008 U.S. Dist. LEXIS 73014, at *5 (D.N.J. Sept. 23, 2008) (quoting *Omni Cap. Int'l Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)).

Moreover, the requirement to comply with Rule 4(i) is not a "mere technicality"[3] that can be "excused" or waived. *See Tuke v. United States*, 76 F.3d 155, 156 (7th Cir. 1996) (Easterbrook, J.). The rules do not allow for it. "Rule 4(d)'s waiver of service method does not apply to service on the United States or its agencies." *John v. Sec'y of the Army*, 484 F. App'x 661, 665 (3d Cir. 2012) (citing *Tuke*); *Farrace v. U.S. Dep't of Justice*, 220 F.R.D. 419, 421 (D. Del. 2004) (citing *Tuke*). Stated another way, "even if the Government had actual notice of this lawsuit, this notice does not qualify as good cause for failure to effect timely service." *Farrace*, 220 F.R.D. at 421. As the Third Circuit has made clear, "'notice cannot by itself validate an otherwise defective service.'" *Ayers v. Jacobs*, 99 F.3d 565, 568 (3d Cir. 1996) (quoting *Grand Entm't Grp. Ltd. v. Star Media Sales Inc.*, 988 F.2d 476, 486 (3d Cir. 1993)). Thus, the Federal Defendants are not required to answer Plaintiff's amended complaint, and the Court currently lacks personal jurisdiction over the Federal Defendants.

Thank you very much for your time and consideration of these issues.

    Respectfully submitted,

    PHILIP R. SELLINGER
    United States Attorney

By:   /s/ John F. Basiak Jr.
     JOHN F. BASIAK JR.
     TASHA M. BRADT
     Assistant United States Attorneys
     *Attorneys for the Federal Defendants*

cc:   All Defendants (via ECF)
     Plaintiff (via U.S. mail)

---

[3] *Cf. Mathies v. Silver*, No. 04-2882 (RBK), 2011 U.S. Dist. LEXIS 61148, at *20-21 n.10 (D.N.J. Jun. 8, 2011) (discussing *Bivens* claims).