## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN,<br><br>        Plaintiff,<br><br>    v.<br><br>MERRITT GARLAND, ET AL.,<br><br>        Defendants. | Civil Action No.: 3:24-CV-00040-ZNQ-TJB |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S, UNITED HEALTHCARE SERVICES, INC., MOTION TO DISMISS

## <u>ORAL ARGUMENT REQUESTED</u>

**Motion Return Date: July 1, 2024**

Amanda Genovese
Robert T. Szyba
Amanda M. Williams
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500
agenovese@seyfarth.com
rszyba@seyfarth.com
amwilliams@seyfarth.com

*Attorneys for Defendant United HealthCare Services, Inc.*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     PRELIMINARY STATEMENT ........................................................................... 1

II.    FACTUAL BACKGROUND ............................................................................. 3

I.     PROCEDURAL HISTORY ............................................................................... 6

II.    LEGAL ARGUMENT ....................................................................................... 6

    A.    The FAC Must Be Dismissed Under FRCP 12(b)(6) Because It Fails To State A Claim. ................................................................................. 6

        1.    The Legal Standard Under FRCP 12(b)(6) ................................................. 6

            a.    Plaintiff's FAC Should be Dismissed in its Entirety for Failure to Meet the Pleading Standard. ........................................... 8

            b.    Plaintiff cannot establish a Violation of Law under either the Take Care Clause or the Treason Clause of the United States Constitution. ...................................................................... 11

            c.    There is no private cause of action for federal criminal statutes. ........................................................................................ 13

    B.    The FAC Must Be Dismissed Under FRCP 12(b)(1) Because Plaintiff Lacks Standing. ............................................................................. 14

        1.    The Legal Standard Under Fed. R. Civ. P. 12(b)(1) ................................. 15

        2.    Plaintiff cannot demonstrate evidence of an Injury In Fact. ..................... 17

III.   CONCLUSION .............................................................................................. 19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abadi v. Target Corp.*,
No. 23-cv-1050, 2023 WL 4045373 (3d Cir. June 16, 2023) ............................5

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..........................................................................5, 6

*Averhart v. CWA Local 1033*,
No. 10-cv-6163, 2015 WL 9581753 (D.N.J. Dec. 29, 2015) ............................8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007)..........................................................................5, 6

*Blevins v. SEW Eurodrive, Inc.*,
No. 05-cv-5261, 2006 WL 1128708 (D.N.J. Apr. 25, 2006) ............................9

*Ex parte Bollman & Swarthout*
8 U.S. 75 (1807)...............................................................................4

*Borden v. Wellpath Care*,
No. 24-cv-0153, 2024 WL 1977159 (E.D. Pa. May 3, 2024) ............................9

*City of L.A. v. Lyons*,
461 U.S. 95 (1983)............................................................................12

*Cramer v. United States* 325 U.S. 1 (1945) ...............................................4

*Doe v. Nat'l Bd. of Med. Examiners*,
210 F. App'x 157 (3d Cir. 2006) ........................................................12

*Fantone v. Latini*,
780 F.3d 184 (3d Cir. 2015) ................................................................6

*Hammerschmidt v. United States*,
265 U.S. 182 (1924)............................................................................4

*Hass v. Henkel*,
216 U.S. 462 (1910)............................................................................4

*Hernandez v. Caesars License Co., LLC*,
    No. 19-cv-06090, 2019 WL 4894501 (D.N.J. Oct. 4, 2019)..............................12

*Hollinger v. Reading Health Sys.*,
    No. 15-5249, 2017 WL 429804 (E.D. Pa. Jan. 30, 2017) ............................12, 13

*Iwu v. Volunteers of Am. Del. Valley*,
    No. 19-cv-15591, 2020 WL 1527817 (D.N.J. Mar. 31, 2020)............................6

*Kamal v. J. Crew Grp., Inc.*,
    918 F.3d 102 (3d Cir. 2019) ..............................................................................14

*Laufer v. Aark Hosp. Holding, LLC*,
    No. 20-5648, 2021 WL 486902 (D.N.J. Feb. 10, 2021)...............................11, 12

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992).......................................................................................11, 12

*Mark v. Borough of Hatboro*,
    51 F.3d 1137 (3d Cir. 1995) ................................................................................9

*Maurer v. GL Qichen Inv. LTD*,
    No. 20-cv-20028, 2021 WL 2390049 (D.N.J. June 11, 2021) ....................11, 12

*Mirarchi v. United States Exec. Branch of Gov't*,
    No. 23-CV-1549, 2023 WL 5598454 (E.D. Pa. Aug. 29, 2023).................10, 11

*Morris v. U.S.*,
    No. 12-cv-2926, 2014 WL 1272104 (D.N.J. Mar. 27, 2014)...............................9

*Mosley v. Starbucks Corp.*,
    No. 23-3095, 2024 WL 2103313 (3d Cir. May 10, 2024).................................10

*Mullings v. Ry Mgmt. Co.*,
    No. 16-5492, 2019 WL 7047221 (D.N.J. Dec. 20, 2019) .................................11

*RD Legal Funding, LLC v. Barry A. Cohen, P.A.*,
    No. 13-cv-77, 2013 WL 1338309 (D.N.J. Apr. 1, 2013) ................................6, 7

*Residences at Bay Point Condominium Ass'n v. Standard Fire Ins. Co.*,
    641 F. App'x 181 (3d Cir. 2016) .......................................................................11

*Schutte, et al. v. SuperValu Inc., et al.*
    143 S. Ct. 61 (2022) ................................................................................3

*Seila Law. L.L.C. v. CFPB*,
    591 U.S. 197 (2020) ................................................................................8

*Spokeo Inc. v. Robins*,
    136 S. Ct. 1540 (2016) .....................................................................12, 14

*Sprauve v. W. Indian Co.*,
    799 F.3d 226 (3d Cir. 2015) ....................................................................9

*Theodore v. Newark Dep't of Health & Cmty. Wellness*,
    No. 19-cv-17726, 2020 WL 1444919 (D.N.J. Mar. 25, 2020) .................7

*Tugboat Invs. LLC v. Bank of Am., N.A.*,
    No. 22-cv-2149, 2023 WL 2390661 (E.D. Pa. Mar. 6, 2023) ................12

*United States v. Eliason*,
    41 U.S. 291 (1842) ..................................................................................3

*United States v. Jones*,
    59 U.S.  92 (1856) ...................................................................................3

*Wilcox v. McConnel*,
    38 U.S. 498 (1839) ..................................................................................3

*Williams v. United States*
    42 U.S. 290 (1843) ..................................................................................3

*Yates v. United States*,
    No. 13-7451, 2015 WL 773330 (February 25, 2015); reversing 733
    F.3d 1059 (11th Cir. 2013)) ....................................................................3

**Statutes**

18 U.S.C. § 371 ................................................................................................4

18 U.S.C. § 1001 .......................................................................................3, 10

18 U.S.C. § 1035 ..............................................................................................3

18 U.S.C. § 1038 ..............................................................................................3

18 U.S.C. §1519 .................................................................................................3

18 U.S.C. § 2381-2385 ....................................................................................11

18 U.S.C. § 2384 ..........................................................................................3, 10

18 U.S.C. § 2385 ..........................................................................................3, 10

18 U.S.C. § 2387 ............................................................................................11

42 U.S.C. § 1983 ..........................................................................................9, 10

Health Insurance Portability and Accountability Act ..........................................3, 7

**Other Authorities**

U.S. Const. art. II § 1 (Take Care Clause of the United States Constitution) ........................................................................................8

U.S. Const., art. III, § 3 (Treason Clause of the United States Constitution) ........................................................................................8

Fed. R. Civ. P. 8(a).............................................................................1, 6, 8, 16

Fed. R. Civ. P. 12 ...............................................................................*passim*

Pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), Defendant United HealthCare Services, Inc. ("United"), by its undersigned attorneys, respectfully submits this memorandum of law in support of its Motion to Dismiss the First Amended Complaint (ECF No. 45, the "FAC") of Plaintiff Mary Basile Logan ("Plaintiff") in its entirety and with prejudice.

## I.    PRELIMINARY STATEMENT

Plaintiff's frivolous FAC spans 125 pages, and brings suit against approximately fifty (50) defendants, including several former presidents, former vice presidents, current and former government officials, such as former Attorneys General, former New Jersey and New York governors, members of Congress, and a slew of other government agents and agencies. The FAC includes 857 pages of extraneous exhibits, and appears to bring claims about political conspiracies ranging from the COVID-19 pandemic to the domestic terror attacks that occurred on September 11, 2001, and a range of other national concerns that Plaintiff asserts have been manufactured by the many named Defendants here.

Plaintiff's FAC is unfounded in law and in fact, and must be dismissed, especially as to United. In fact, United is barely mentioned in the FAC – only being referenced exactly one time. And, the single time that United is referenced, there are no factual allegations that comport with the pleading requirements

established in the Federal Rules of Civil Procedure. Plaintiff's FAC is deficient and cannot be cured by further amendment.

First, Plaintiff's Complaint fails to provide a clear and plain statement of what United stands accused of, despite the 180-paragraph FAC in which Plaintiff attempts to do so. Accordingly, Plaintiff's FAC is not in compliance with the accepted pleading requirements in this Circuit. Next, the FAC brings forth claims that cannot be successfully pursued by an individual civil litigant in these circumstances. For example, to the extent that Plaintiff attempts to bring claims against United, a private corporation, for violations of the United States Constitution, none of which are supported by any facts, these claims must fail, as United is not, and has never operated as a state actor, such that suit can be brought against it for constitutional violations. Further, Plaintiff arguably purports to bring suit under several federal criminal statutes, again devoid of any factual support, that do not have a private right of action for a civil litigant. Finally, even if the Court determines that Plaintiff's FAC states a claim, she has proffered nothing to permit this Court to conclude that Plaintiff has standing to bring this action against United.

Even in light of the deference *pro se* litigants are afforded, Plaintiff's FAC must be dismissed, with prejudice

## II.    FACTUAL BACKGROUND

The FAC is replete with conspiracy theories and unsubstantiated complaints against many named defendants in this action. While it is challenging to parse the FAC, it appears that Plaintiff raises concern with the "Russian collusion disinformation campaign," (FAC ¶ 62); assert sweeping claims against the American banking industry that "Defendants have set into motion [something that is] determined to cause the substructures and foundations of these United States to fail," (FAC ¶ 75); includes allegations that the State of New York was "derelict in carrying out its statutory responsibility," (FAC ¶ 123), as well as generalized allegations of fraud, human trafficking, international oil conspiracies, the 2008 Recession, the attacks on September 11, 2001, and the events of January 6, 2021.

United is only mentioned in passing. Aside from when United is identified as a Defendant in this matter, there is merely one additional factual allegation against United. (*See* FAC ¶ 49.) Specifically, paragraph 152 of the FAC states that: "Plaintiff contents [*sic*] that Defendants George Norcross and United Healthcare breached Section 1 of the HHS directive regarding Medicare, Medicaid, State Children's Health Insurant programs and the Health Insurance Portability and Accountability Act Privacy Rule." (FAC ¶ 152.) That is all.

Plaintiff brings claims under the following legal frameworks:

> a. Article II, Section 3.1.3.1. Take Care Clause, Presidential authority. "It may be presumed that he, the

man discharging the presidential office, and he alone, grants, reprieves and pardons for offenses against the United States…So he, and he alone, is the supreme commander in chief of the Army and Navy of the United States, and of the militia of the several States when called into the actual service of the United States…No act of Congress, no act even of the President himself, can, by constitutional possibility, authorize or create any military officer not subordinate to the President…an Establishment by name of office is designatio personae." The heads of departments are his authorized assistants in the performance of his executive duties, and their official acts, promulgated in the regular course of business, are presumptively his acts. (*See Wilcox v. McConnel*, [3]8 U.S. (13 Pet.) 498, 513 (1839); *United States v. Eliason*, 41 U.S. (16 Pet.) 291 (1842); *Williams v. United States* 42 U.S. (1 How.) [290], 297 (1843); and *United States v. Jones*, 59 U.S. (18 How.) 92, 95 (1856)).

b. 18 U.S.C. § 1001. Protection against employees of any department or agency of the United States, knowingly or willfully falsifying, concealing or covering up by means of trickery, scheme or device a material fact or the act of making any false, fictitious, fraudulent statements or representations, or to make or use any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry; 18 U.S.C. § 1035 False statements relating to health care matters; 18 U.S.C. § 1038 False information and hoaxes; 18 U.S.C. §1519 Destruction, alteration, or falsification of records in Federal investigations and bankruptcy. (*See ex rel. Schutte, et al. v. SuperValu Inc., et al*. (Docket No. 21-1326); and *Yates v. United States*, USSC No. 13-7451, 2015 WL 773330 (February 25, 2015); reversing 733 F.3d 1059 (11th Cir. 2013)).

c. 18 U.S.C. §§ 2384, 2385. Seditious Conspiracy, the act of conspiring to overthrow, put down, or to destroy by force the Government of the United States, or to level war against them or to oppose by force the authority

4

thereof, or by force to prevent, hinder, or delay the execution of any law of the United States, or by force to seize, take, or possess any property of the United States contrary to the authority thereof.

d. Article III S3.C1.1.2. Treason Clause: Doctrine and Practice. Treason against the United States shall consist of levying War against them, or in adhering to their enemies, giving them aid and comfort. No person shall be convicted of Treason unless on the testimony of two witnesses to the save over Act, or on Confession in Open Court. Chief Justice John Marshall's opinion emphasized, if there was "an actual assemblage of men for the purpose of executing a treasonable design," the Court narrowly focused the scope of the treason by levying war against the United States. (*See Ex parte Bollman & Swarthout* (1807); and *Cramer v. United States* (1945)). 18 U.S.C. § 371. Conspiring to defraud the United States which includes an illegal agreements, criminal intent, and proof of an overt act. (*See Hass v. Henkel*, 216 U.S. 462 (1910); and *Hammerschmidt v. United States*, 265 U.S. 182 (1924)).

(FAC ¶¶ 2-5.)

Further, in addition to the injunctive relief that Plaintiff would have the Court enforce, including a demand that "Donald John Trump be placed on the November, 2023 ballot and that Joseph R. Biden be removed as executive of these United States," she requests that she be awarded "$8,000,000,000 in compensatory and punitive damages for the deprivation of the rights so infringed by corruptive practice, will and intent as set forth herein." (FAC ¶¶ 177, 179.)

Ultimately, the FAC, as with the original pleading, fails to state a claim as required by Fed. R. Civ. P. 12(b)(6) or plead sufficient facts to demonstrate

standing under Fed. R. Civ. P. 12(b)(1), and accordingly, the FAC must be dismissed as it pertains to United.

## I.    PROCEDURAL HISTORY

Plaintiff filed her Original Complaint in this Court on January 4, 2024. (ECF No. 1.) Several of the named Defendants in the Original Complaint filed responses in the form of Answers or Motions to Dismiss. (*See* ECF Nos. 13, 22, 27, 30, 31, 40.) Plaintiff requested leave to amend her Complaint, and received leave to do so on March 6, 2024. (ECF Nos. 41-42.) Accordingly, the Court terminated the pending motions, and Plaintiff filed the FAC on March 22, 2024. (ECF No. 45.)

After Plaintiff filed the FAC, several additional defendants filed motions to dismiss, highlighting the deficiencies that were not, and could not be addressed by the filing of an amended pleading. United was served on April 23, 2024. United requested and received an extension of time to respond to the Complaint on May 3, 2024. (ECF No. 66.)

## II.    LEGAL ARGUMENT

### A.    The FAC Must Be Dismissed Under FRCP 12(b)(6) Because It Fails To State A Claim.

#### 1.    The Legal Standard Under FRCP 12(b)(6)

To survive a motion to dismiss under FRCP 12(b)(6), "a [FAC] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (internal quotations and

citations omitted); *Abadi v. Target Corp.*, No. 23-cv-1050, 2023 WL 4045373, at

*1 (3d Cir. June 16, 2023). To state a claim that is plausible on its face, a plaintiff

must plead "factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need

detailed factual allegations . . . a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic

recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v.

Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). Further, while

the court must accept all of plaintiff's factual allegations in the FAC as true, that

assumption does not extend to legal conclusions. *Id.* Thus, "[t]hreadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do

not suffice" and plaintiff must support his legal claims with factual allegations.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Finally, while considering a motion to dismiss that has been filed by a *pro se*

litigant, "a court must bear in mind that pro se complaints are held to less stringent

standards than formal pleadings drafted by lawyers." *Iwu v. Volunteers of Am. Del.

Valley*, No. 19-cv-15591, 2020 WL 1527817, at *3 (D.N.J. Mar. 31, 2020).

However, *pro se* litigants still required to comply with the Federal Rules of Civil

Procedure, and a *pro se* plaintiff must still ensure that their complaint "has

sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face." *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (internal quotations and citations omitted).

In addition to these pleading rules, Fed. R. Civ. P. 8(a)(2) requires a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Courts are required to ensure that Fed. R. Civ. P. 8(a)(2) is satisfied. *See Twombl*y, 550 U.S. at 555–56. Although the Rule does not require detailed factual allegations, it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555. Showing an "entitle[ment] to relief" requires more than a mere "the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Pleadings offering labels, legal conclusions, or "naked assertions" devoid of factual support do not state a claim upon which relief may be granted. *Id.*; *Twombly*, 550 U.S. at 555.

As set forth herein, the FAC fails to meet these pleading requirements and must be dismissed.

> a.    **Plaintiff's FAC Should be Dismissed in its Entirety for Failure to Meet the Pleading Standard.**

The basic pleading standard set forth in Fed. R. Civ. P. 8(a) requires that a complaint put the defendant on notice of the basis of the claims asserted against him. *See RD Legal Funding, LLC v. Barry A. Cohen, P.A.*, No. 13-cv-77, 2013 WL

1338309, at *3 (D.N.J. Apr. 1, 2013).  Plaintiff has failed to do so. As succinctly stated by the court in *RD Legal Funding*, "Plaintiff's Complaint, standing alone, has failed to put Defendants on notice of the basis of all of the claims against them. Plaintiff has pled many detailed factual allegations which *may* sufficiently support elements of [her] claims, but neither the Court nor Defendants should be required to guess which particular claims are being asserted and/or to sift through a tome of allegations to piece together those claims." *Id.*; *see also Theodore v. Newark Dep't of Health & Cmty. Wellness*, No. 19-cv-17726, 2020 WL 1444919, at *3 n.3 (D.N.J. Mar. 25, 2020) ("Plaintiff should ensure she provides adequate notice as to what each Defendant is allegedly liable for, and when such conduct occurred" and citing cases finding fault with "group" or "shotgun" pleadings).

Plaintiff's FAC fails to put United on notice of the claims or allegations lodged against it. The FAC is unclear, and spends 125 pages describing conspiracy theories and putting forth unsupported allegations, without doing anything to describe the manner in which United is alleged to have violated any law. In fact, United is mentioned *once* in the FAC, and only to state that United has "breached Section 1 of the HHS directive regarding Medicare, Medicaid, State Children's Health Insurance programs and the Health Insurance Portability and Accountability Act Privacy Rule." (FAC ¶ 152.) The FAC puts no additional detail into how United allegedly violated this "HHS directive." In fact, this allegation is nestled

9

under the subheading "Voter Caging," (FAC, p. 113), and seems to be embedded in allegations against other parties about the impropriety of voting by mail in New Jersey. (*Id*. ¶¶ 147-151.)

In making these bald and unsupported allegations, Plaintiff has failed to specify exactly how United is responsible for any violations of law, and further fails to state the basis of liability as to United. The FAC thus leaves Defendants unable to determine what claims are asserted against United, for what acts, and pursuant to what legal principle giving rise to liability.

Plaintiff has already had the opportunity to amend her Complaint, and failed to bring viable claims to this Court. She should not be given an unlimited number of times to cure those defects. *See Averhart v. CWA Local 1033*, No. 10-cv-6163, 2015 WL 9581753, at *5 (D.N.J. Dec. 29, 2015) ("[T]he Court finds that allowing the Plaintiff to have another attempt to make a proper claim would allow the Plaintiff far too many chances to bite at the same apple.  The Plaintiff was or should have been aware of his pleading obligations at the time he moved to amend."). Simply put, Plaintiff's FAC fails to satisfy Fed. R. Civ. P. 8(a) pleading requirements and all of the claims asserted therein against United should be dismissed with prejudice.

**b.    Plaintiff cannot establish a Violation of Law under either the Take Care Clause or the Treason Clause of the United States Constitution.**

Plaintiff refers to several constitutional provisions in her FAC in an attempt to lodge a viable complaint with this Court. First, she relies on the Take Care Clause of the United States Constitution. Article II of the United States Constitution provides that "[t]he executive Power shall be vested in a President of the United States of America[,]" and "he shall take Care that the Laws be faithfully executed[.]" U.S. Const. art. II § 1; *id.* at § 3. The executive power "belongs to the President alone." *Seila Law. L.L.C. v. CFPB*, 591 U.S. 197, 213  (2020).

Plaintiff also appears to bring claims of treasons against pursuant to the Treason Clause of the United States Constitution. The Treason Clause provides in full:

> Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No  Person shall be convicted of Treason unless on the Testimony of two Witnesses to the same overt Act, or on Confession in open Court. The Congress shall have Power to declare the Punishment of Treason, but no Attainder of Treason shall work Corruption of Blood, or Forfeiture except during the Life of the Person attained.

U.S. Const., art. III, § 3.

However, Plaintiff puts forth no evidence as to how United, a non-governmental entity, can be held liable for violations of the United States

Constitution. "The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983." *Borden v. Wellpath Care*, No. 24-cv-0153, 2024 WL 1977159, at *2 (E.D. Pa. May 3, 2024). To assert a viable claim under Section 1983, Plaintiff must allege "first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law." *Morris v. U.S.*, No. 12-cv-2926, 2014 WL 1272104, at *7 (D.N.J. Mar. 27, 2014). Thus, a plaintiff "must allege facts demonstrating … the misconduct [she] complain[s] of was under color of state law." *Sprauve v. W. Indian Co.*, 799 F.3d 226, 229 (3d Cir. 2015) (internal quotations and citation omitted). Plaintiff's FAC includes vague and unintelligible references to violations of her Constitutional rights, but it is utterly devoid of any allegations that United was acting under color of state law, and is similarly devoid of any facts supporting that inference.

Plaintiff cannot and will not be able to make such assertions because United is not a state actor and its employees or former employees would not be state actors in the course of their work at United. "Actions by private entities qualify as 'state action' only when the private actor (1) has engaged in the performance of a public function traditionally reserved for the state, or (2) has acted with the help of or in concert with state officials, or (3) has a symbiotic relationship with the State … that it must be considered a joint participant in the challenged activity." *Blevins v.*

*SEW Eurodrive, Inc.*, No. 05-cv-5261, 2006 WL 1128708, at \*3 (D.N.J. Apr. 25, 2006) (citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir. 1995)). Plaintiff does not, and cannot, make any such showing.

Even if Plaintiff is provided the opportunity to amend yet another time, she will be unable to provide any evidence at all that United acted as a state actor in the context of her FAC such that she can bring suit pursuant to Section 1983. Accordingly, Plaintiff's FAC cannot be cured. Thus, any claim asserted by Plaintiff under 42 U.S.C. § 1983 must be dismissed with prejudice in its entirety for failure to state a claim upon which relief may be granted.

### c.    There is no private cause of action for federal criminal statutes.

The balance of the claims identified in the FAC must fail for similar reasons – namely, Plaintiff brings suit under federal criminal statutes that do not have a private right of action. For example, Plaintiff brings suit pursuant to 18 U.S.C. § 1001. 18 U.S.C. § 1001, a criminal statute that levies criminal penalties against those within the jurisdiction of the government of the United States who "knowingly and willingly":

> (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry.

13

However, the Third Circuit has been clear that such federal criminal statutes do not contain a private right of action. *See Mosley v. Starbucks Corp.*, No. 23-3095, 2024 WL 2103313, at *1 (3d Cir. May 10, 2024) (affirming the District Court's dismissal of the plaintiff's claim under 18 U.S.C. § 1001 because there is no private right of action for civil litigants under pursuant to that statute.)

Plaintiff also asserts claims under 18 U.S.C. 2384 and 2385 for purported "Seditious Conspiracy." (FAC ¶ 4.) Similarly, these claims must fail for one simple reason – these federal criminal statutes, like 18 U.S.C. § 1001, do not create a private right of action and "cannot be relied upon by a civil plaintiff to state a claim for relief." *Mirarchi v. United States Exec. Branch of Gov't*, No. 23-CV-1549, 2023 WL 5598454, at *3 (E.D. Pa. Aug. 29, 2023). *See id.* (concluding that claims for treason pursuant to pursuant to 18 U.S.C. §§ 2381-2385 and 2387 are not viable because there is no private right of action).

## B.    The FAC Must Be Dismissed Under FRCP 12(b)(1) Because Plaintiff Lacks Standing.

While the Court should dismiss this action under Fed. R. Civ. P. 12(b)(6) for the reasons set forth above, even if Plaintiff had stated a claim under any of the defined statutes (and she has not), then the Court would still not have subject matter jurisdiction over this case. As with Original Complaint, the amended pleading has not cured Plaintiff's failure to plead an "injury in fact" or a likelihood of imminent future harm warranting any relief.

14

1.      **The Legal Standard Under Fed. R. Civ. P. 12(b)(1)**

"Standing must exist at the time a suit is first filed, and must persist throughout the life of the suit." *Mullings v. Ry Mgmt. Co.*, No. 16-5492, 2019 WL 7047221, at *1 (D.N.J. Dec. 20, 2019) (citing *Residences at Bay Point Condominium Ass'n v. Standard Fire Ins. Co.*, 641 F. App'x 181, 183 (3d Cir. 2016)). To demonstrate standing, a plaintiff must establish: (1) she suffered an injury-in-fact; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to speculative, that the injury will be redressed by a favorable decision. *Laufer v. Aark Hosp. Holding, LLC*, No. 20-5648, 2021 WL 486902, at *3-4 (D.N.J. Feb. 10, 2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Injury in fact is the "[f]irst and foremost of standing's three requirements." *Maurer v. GL Qichen Inv. LTD*, No. 20-cv-20028, 2021 WL 2390049, at *1 (D.N.J. June 11, 2021) (internal quotation marks and citations omitted). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Lujan*, 504 U.S. at 561 (internal quotations omitted).

In order to establish an "injury in fact," the plaintiff must show "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Laufer*, 2021 WL 486902, at

*4 (citing *Lujan*, 504 U.S. at 560); *see also Tugboat Invs. LLC v. Bank of Am.*, *N.A.*, No. 22-cv-2149, 2023 WL 2390661, at *2 (E.D. Pa. Mar. 6, 2023) ("Without injury to a legally protected interest, [Plaintiff] lacks standing to sue . . .").

In order to be concrete, the injury must be "real," and not "abstract." *Hernandez v. Caesars License Co., LLC*, No. 19-cv-06090, 2019 WL 4894501, at *2-3 (D.N.J. Oct. 4, 2019) (citing *Spokeo Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016)). Thus, "a bare procedural violation" of a statute or regulation is insufficient to establish an injury-in-fact. *Spokeo Inc.*, 136 S. Ct. at 1549. Accordingly, the question is not whether a statutory or constitutional violation occurred, but whether Plaintiff was in fact injured by such a violation. In order for "an injury to be 'particularized,' it must affect the plaintiff in a personal and individual way." *Maurer*, 2021 WL 2390049, at *1 (internal citation omitted).

Further, since Plaintiff's FAC requests injunctive relief, she must also demonstrate the additional burden to demonstrate a real and immediate threat of future injury. *Maurer*, 2021 WL 2390049, at *2. *Doe v. Nat'l Bd. of Med. Examiners*, 210 F. App'x 157, 160-61 (3d Cir. 2006); *Hollinger v. Reading Health Sys.*, No. 15-5249, 2017 WL 429804, at *3 (E.D. Pa. Jan. 30, 2017) ("A plaintiff seeking prospective injunctive relief must show a real and immediate threat of repeated future injury in order to satisfy the 'injury in fact' requirement of Article III.") (citing *City of L.A. v. Lyons*, 461 U.S. 95, 102, 105 (1983)).

16

2.    **Plaintiff cannot demonstrate evidence of an Injury In Fact.**

Even if the FAC was not legally and factually deficient in a manner that cannot be cured with an amendment, Plaintiff has still failed to demonstrate that she has suffered an injury in fact, much less one that can be reasonably traced to United.

As described above, the FAC does not clearly identify any injury that Plaintiff has suffered. She does not set forth ways in which the many claims she raises have impacted her or caused her any harm. Plaintiff's FAC appears to be on behalf of "the American People," and not on behalf of herself. (FAC, p. 4-7.) In fact, Plaintiff expressly states that the named Defendants have "la[id] siege against the American People," and notes that Plaintiff "presents the proverbial root and branch" necessary to understand the complex web the FAC attempts to weave. (*Id.*) Plaintiff makes reference to "the People" several times in the FAC – from allegations that the 2020 election was impacted by "Russian collusion … at great cost to these United States and the People," (*Id.* ¶ 69), allegations of violations of the First and Fourth Amendments to "penetrate private records of the People of these United States," (*id.* ¶ 70 (b)(ix)), to requests that "the People seek" information about the events that occurred in Benghazi, (*id.* ¶ 103).

Ultimately, Plaintiff's references to possible harms suffered by the American public at large is insufficient to grant her standing, without evidence of more.

Plaintiff does not assert how the alleged statutory and constitutional violations have harmed her directly, which is fatal to her claims.

Even if Plaintiff was able to allege an injury in fact, she certainly cannot demonstrate that any such injury can be traceable to United. As mentioned before, Plaintiff has failed to clearly identify the allegations against United. In fact, United is mentioned exactly one time in the FAC – with no allegations that any actions that United took brought Plaintiff concrete harm. Plaintiff simply asserts that United has "breached Section 1 of the HHS directive" without demonstrating how this alleged breach has caused her harm. This alleged bare procedural violation is exactly what the standing doctrine is designed to prevent. Plaintiff cannot "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341. In fact, standing cannot be conferred if and when there is a "a bare procedural violation, divorced from any concrete harm." *Id.* "Rather, a procedural violation must yield or risk actual harm to meet the requirements of Article III." *Kamal v. J. Crew Grp., Inc.*, 918 F.3d 102, 111 (3d Cir. 2019). It is clear that even if Plaintiff had the legal ability to pursue her claims, she would still need to demonstrate some injury – something which she has plainly failed to do.

Finally, because it is not clear what harm Plaintiff has suffered, there is no evidence that this Court can redress her purported injury.

### III.    CONCLUSION

For the foregoing reasons, United respectfully requests that this Court dismiss the FAC in its entirety and with prejudice.

Date: May 28, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By  */s/ Robert T. Szyba*
    Amanda L. Genovese
    Robert T. Szyba
    Amanda M. Williams
    Seyfarth Shaw LLP
    620 Eighth Avenue, 32nd Floor
    New York, New York 10018-1405
    (212) 218-5500
    agenovese@seyfarth.com
    rszyba@seyfarth.com
    amwilliams@seyfarth.com

    *Attorneys for Defendant United HealthCare Services, Inc.*

311297120v.3