**KMC** | **KING, MOENCH & COLLINS LLP**

ATTORNEYS AT LAW

PETER J. KING ◊
MATTHEW C. MOENCH *
MICHAEL L. COLLINS *

ROMAN B. HIRNIAK ^
KRISHNA R. JHAVERI *+
TIFFANY TAGARELLI

RYAN J. WINDELS

◊ Certified by the Supreme Court of New Jersey
  as a Municipal Court Attorney
* Also Member of the New York Bar
+ Also Member of the Arizona Bar
^ Of Counsel

Writer's Address:

51 Gibraltar Drive, Suite 2F
Morris Plains, NJ 07950
(973) 998-6860

Writer's E-Mail:
mmoench@kingmoench.com

Monmouth County Office:

225 Highway 35, Suite 202
Red Bank, NJ 07701
(732) 546-3670

Website:
www.kingmoench.com

A limited liability partnership of Peter J. King, LLC, Moench Law,
LLC & Collins Law, LLC



May 30, 2024

**VIA ELECTRONIC FILING**
Honorable Tonianne J. Bongiovanni, U.S.D.J.
Clarkson S. Fisher Federal Building and United States Courthouse
Court Room 4W
Trenton, New Jersey 08608

      **RE:   MARY BASILE LOGAN v. MERRITT GARLAND, et. al.**
             **Case No.: 3:24-CV-0400**

Dear Judge Bongiovanni:

This office represents Defendants James Pittinger (hereinafter "Mr. Pittinger") and Lisa Sella (hereinafter "Ms. Sella") in the above-captioned litigation. Please accept this letter brief in lieu of a more formal memorandum of law in support of Mr. Pittinger and Ms. Sella's Motion to Dismiss Plaintiff Mary Basile Logan's (hereinafter "Plaintiff") Amended Complaint.

**PRELIMINARY STATEMENT**

Plaintiff has filed a 180-paragraph Amended Complaint totaling 983 pages with exhibits against 40 individual defendants, which includes three former

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 2

Presidents, former Vice-Presidents, former Presidential Candidates, former Governors, approximately a dozen current cabinet members and other high-ranking appointed officials, and another dozen or so former high-ranking national leaders. Also included in this lawsuit is the current Mayor of Lebanon Borough, Mr. Pittinger, and Lebanon Borough Deputy Clerk, Ms. Sella.

The Amended Complaint, without exhibits, is 126 pages long, and can best be described as a treatise on conspiracy theories beginning prior to the first World Trade Center bombing and concluding with conspiracies involving the COVID-19 pandemic and conspiracies against President Trump. What is not contained in those 124 pages and 180 paragraphs are any factual allegations against Mr. Pittinger or Ms. Sella which suggest any cause of action that supports a theory of liability or damages as to the Plaintiff.

Even giving the Plaintiff every benefit of the doubt as a Pro Se Plaintiff on a Motion to Dismiss, and searching liberally through all 180 paragraphs, nothing exists demonstrating that Plaintiff has standing or that there are any facts properly pleaded to support a viable cause of action against Mr. Pittinger or Ms. Sella. As will be explained herein, this matter must be dismissed.

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 3

## FACTUAL BACKGROUND

Given the meandering and far-reaching nature of the Complaint, it is difficult to set forth a specific factual background, however, the following paragraphs are the only instances that appear to possibly relate to Mr. Pittinger or Ms. Sella generally.

Plaintiff's Amended Complaint consists of nine counts: Count One – Epidemic of Disinformation; Count Two – Banking; and Count Three – Trafficking; Count Four – Occidential Petroleum and Glencore, Clarendon Ltd.; Count Five – September 11, 2001; Count 6 – Untitled, but relates to Covid-19; Count "Seven" – Barack Hussein Obama; Count "Eight" – George W. Bush; Count "Nine" – William J. Clinton.

The "Summary of the Argument" section of the Amended Complaint alleges the following violations: (1) Article II, §3.1, the "Take Care Clause"; (2) 18 U.S.C. §1001, prohibiting federal employees from falsifying records; (3) 18 U.S.C. §§2384, 2385, prohibiting conspiracy to overthrow the government; and (4) Article III, § 3, clause 1, of the Constitution, prohibiting treason.  (Amended Complaint at ¶¶1-5).

Paragraphs 53 and 54 of the Amended Complaint identify Mr. Pittinger as the Mayor and Ms. Sella as the Deputy Clerk of Lebanon Borough but provide no additional information regarding their role as Defendants.  The next 94 or so pages of the Amended Complaint allege a string of conspiracy theories regarding 9/11, the

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 4

first World Trade Center Bombing, COVID-19, and a variety of other allegations against the other named Defendants in this matter. The only paragraphs relating to Mr. Pittinger are Paragraphs 153, 154, and 155. The only paragraphs relating to Ms. Sella are Paragraphs 153 and 156.

In Paragraph 153, Plaintiff contends that "Defendant George Norcross brokered elections in New Jersey, using bribery, coercion, and that his Co-Defendants, Mr. Pittinger, Ms. Sella, and Robert Junge colluded with those actions, up to and including bribery." (Amended Complaint at ¶ 153). In Paragraph 154, Plaintiff contends "that the motive in the case of Defendant George Norcross regards his interests in the cannabis lobby and asserts that the same holds true of Mr. Pittinger, but for the lobbying." (Amended Complaint at ¶ 154). In Paragraph 155, Plaintiff contends that Defendants "George Norcross, Philip Murphy, and James Pittinger acted at the bequest of co-Defendants herein so as to peddle and influence the election, a gross violation of Plaintiff's Civil Rights by the inclusive parties." (Amended Complaint at ¶ 155). In Paragraph 156, Plaintiff states that Ms. Sella violated the Hatch Act (5 U.S.C. 7321-7326) alleging she conducted electioneering activities in her official position as an employee of the Borough of Lebanon. (Amended Complaint at ¶ 156).

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 5

As a remedy, Plaintiff asks the Court to: (1) declare that Defendants, including Mr. Pittinger and Ms. Sella, have denied "the rights enumerated in the Article II, Section 3.1.3.1, Take Care Clause, Presidential Authority, 18 U.S.C. 1001, 18 U.S.C. 2384, 2385, Article III S3.Cll.1.2" (Amended Complaint at ¶ 175); (2) issue preliminary and permanent injunctions enjoining the Defendants from committing actions similar to those described herein in the future" (Amended Complaint at ¶ 176); (3) Award the Plaintiff $8,000,000,000 in compensatory and punitive damages for the deprivation of the rights so infringed by corruptive practice (Amended Complaint at ¶ 177); (4) Award the Plaintiff attorneys fees, costs, and disbursements incurred in this action (Amended Complaint at ¶ 178); (5) Place Donald Trump on the November 2023 ballot and that Joseph R. Biden be removed as Executive of the United States (Amended Complaint at ¶ 179); and (6) that voting be returned to one day, the first Tuesday of November, and that voting be in person by paper ballot which is to be hand counted (Amended Complaint at ¶ 180).

As will be explained herein, the "facts," as alleged, do not support a cause of action, nor do they convey standing on Plaintiff as to Mr. Pittinger and Ms. Sella (or quite frankly any of the Defendants).   Accordingly, the instant matter must be dismissed.

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 6

## LEGAL ARGUMENT

### I.     MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint when, after accepting all factual allegations as true and construing the complaint in a light most favorable to the nonmoving party, the nonmoving party is not entitled to the relief sought. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). The Court in In re Rockefeller Ctr. Properties, Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002) held that the inquiry "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." The United States Supreme Court further clarified Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), stating that to survive a motion to dismiss the factual allegations "must be enough to raise a right to relief above the speculative level." To that end, the complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 231.

Rule 12(b)(6) serves to streamline litigation "by dispensing with needless discovery and factfinding," and "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' (citation omitted) a claim must be dismissed." Neitzke v. Williams, 490

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 7

U.S. 319, 326-327 (1989). As in the present matter, when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." Bell Atl. Corp., 550 U.S. at 558.

Here, reviewing the Amended Complaint with the greatest deference to the Plaintiff, it demonstrates that not only has she not stated a cause of action, but she is affirmatively not entitled to relief.

## II.    PLAINTIFF'S   AMENDED   COMPLAINT   SHOULD   BE DISMISSED AS SHE LACKS STANDING

The Court in Davis v. Wells Fargo, U.S. Bank N.A., 824 F.3d 333, 346 (3d Cir. 2016) stated that standing is "a jurisdictional matter." Further, in Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) the Court ruled "absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." The three elements that must be satisfied to show the constitutional minimum of standing are

> "(1) the plaintiff must have suffered an injury in fact- an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 188. (quoting United States v. Hays, 515 U.S. 737, 742-743 (1995)).

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 8

More simply put, the plaintiff must show that they have personally "suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant [and] [t]he injury must be concrete and capable of being redressed by the court should the plaintiff prevail on the merits." <u>Taliaferro</u>, 458 F.3d 181 at 188-189. (quoting <u>Wheeler v. Travelers Ins. Co.</u>, 22 F3d 534, 537-538 (3d Cir. 1994)).

Here, Plaintiff cannot meet any of the requirements for standing.

**1. <u>Plaintiff has Not Suffered an Injury In Fact</u>**

In order to have standing, Plaintiff must first demonstrate that she has suffered a concreate harm, which is actual, concrete, and particularized. Paragraph 174 in the "Harm" section of the Amended Complaint provides "based on the facts stated herein, the People of these United States have had their sovereign voices held hostage…" Thus, on its face, her harms are not specific to Plaintiff.

The remaining harms generally name various Defendants and cite to various federal statutes. To the extent the alleged injuries here are caused by general governmental policies applicable to all citizens, they are certainly not specific to Plaintiff.

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 9

**2. Plaintiff Has Not Demonstrated a Casual Connection to Defendants Pittinger and Sella**

Even to the extent that some of Plaintiff's harms are actual, concrete, and particularized, there is no connection to Defendants Mr. Pittinger and Ms. Sella. Neither individual had any control or involvement in 9/11, federal policy following 9/11, national security, COVID-19 policy, or any other federal or state policy.

**3. The Remedies Sought Do Not Redress The Harm**

Finally, even if the Court somehow found that the Plaintiff has suffered harm, and it was causally connected to Mr. Pittinger and Ms. Sella, the remedies sought do not redress the harms. Local officials have no control on any of the issues complained of Plaintiff and thus, the Plaintiff, even if successful on the merits in some way, is not seeking relief which can address those harms.

As a result, Plaintiff lacks standing, and the Amended Complaint must be dismissed.

**III. PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED**

Even if the Court finds that the Plaintiff does have the required standing, the case should be dismissed for a failure to state a claim for which relief may be granted. Courts have generally given more leeway to Pro Se litigants, holding that a Pro Se complaint, "however inartfully pleaded, must be held to less stringent standards than

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 10

formal pleadings drafted by lawyers." <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 500

(3d Cir. 2002). Yet, a Pro Se complaint "may be dismissed for failure to state a claim

if the allegations set forth by the plaintiff cannot be construed as supplying facts to

support a claim entitling the plaintiff to relief." <u>Grohs v. Yatauro</u>, 984 F. Supp. 2d

273, 282 (D.N.J. 2013).  Such is the case here.

Paragraph 1 of the Amended Complaint sets forth the four bases upon which

the Plaintiff is bringing the current action. These causes of action are legally and

factually insufficient to state a claim.

### 1.  Violation of The "Take Care Clause" and the "Treason Clause"

Paragraphs 2 of the Amended Complaint alleges violations by the 40

Defendants of two provisions of the Constitution.  The first allegation is a violation

of the "Take Care Clause" of Article II, Section 3.  That provision states in relevant

part that the President of the United States "shall take Care that the Laws be faithfully

executed." In <u>Las Ams. Immigrant Advocacy Ctr. v. Biden</u>, 571 F. Supp. 3d 1173,

1180 (D. Or. 2021), the Oregon District Court found that the "viability of the 'Take

Care Clause' as a stand-alone cause of action is, to put it lightly, uncertain," and that

"no circuit court has definitively found a private right of action stemming from the

clause." (quoting <u>City of Columbus v. Trump</u>, 453 Supp. 3d 770, 800 (D. Md.

2020)).

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 11

The second allegation alleges a violation of the Treason Clause, which is found in Article III, Section 3 of the United States Constitution, and states "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No Person shall be convicted of Treason unless on the testimony of two Witnesses to the same overt Act, or on Confession in open Court."

42 U.S.C. § 1983 is the federal statute which provides a private right of action generally when government officials violate constitutional rights. It provides that:

> "every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory … subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit, in equity, or other proper proceeding for redress…"

In order to successfully state a claim for relief under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law (citations omitted)." West v. Atkins, 487 U.S. 42, 48 (1988).

In the instant matter, the Plaintiff fails both prongs of the test to sustain a claim for relief under § 1983. First, Plaintiff has failed to demonstrate that these provisions of the Constitution provide her with a specific "right" which provides her with a

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 12

cause of action.  As contrasted with due process rights or rights to free speech, there is nothing in the "Take Care" clause or the "Treason Clause" providing a private right to be conferred on Plaintiff.

Even if such a right existed and § 1983 could be read to infer a private right to enforce any aspect of the Constitution, there are no facts to support the notion that the local mayor and deputy clerk of Lebanon usurped presidential authority or committed a treasonous act at all, let alone related to 9/11, COVID-19 policy, international relations, or any of the other allegations in the Complaint.

## 2.  Federal Statutory Claims

Paragraphs 3 through 5 allege violations of various federal statutes which generally relate to criminalizing the falsifying records by federal employees (18 U.S.C. § 1001) and by participating in the overthrow of government (18 U.S.C. §§ 2384, 2384).   As a threshold matter, Mr. Pittinger and Ms. Sella are not federal employees.  However, more importantly, these are federal criminal statutes which provide the government, not a private citizen, to bring federal criminal charges for alleged violations.  They do not confer a private right of action.  Therefore, they cannot stand as a basis for relief.

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 13

### 3.  General Claims Against Pittinger and Sella

Finally, to the extent that any other claims contained in the Amended Complaint could be read to contain additional causes of action than those set forth in paragraph 2, those similarly do not set forth a cause of action.  No right is specifically identified that the Defendants allegedly violated, no specific actions in support of the perceived violation is set forth, and no harm is identified.  Further, to the extent Plaintiff is alleging criminal actions, she would not have a private right of action, which would be reserved to state law enforcement officials.  And finally, to the extent she is alleging election matters, then this court would not have subject matter jurisdiction.

The Plaintiff does not demonstrate whatsoever that Mr. Pettinger and Ms. Sella violated any right secured by the Constitution or federal law, or that the alleged deprivation of rights was done under the color of state.

As previously discussed in this letter brief, the allegations made against Mr. Pittinger and Ms. Sella in the Amended Complaint are completely baseless and they offer no shred of evidence to back up the Plaintiff's ludicrous claims. If this matter is allowed to proceed, Mr. Pittinger and Ms. Sella would be forced to defend themselves further at a significant cost based on an Amended Complaint that is deficient on its face. Though a Pro Se litigant is allowed to be given flexibility in

Hon. Tonianne J. Bongiovanni, U.S.D.J.
May 30, 2024
Page 14

their pleadings, the Amended Complaint is egregiously deficient and contains no

facts that would show the Plaintiff has suffered actual harm as a result of any conduct

of Mr. Pettinger and Ms. Sella.

## **CONCLUSION**

For these reasons, Defendants Mr. Pittinger and Ms. Sella respectfully request

that their Motion to Dismiss should be granted as a matter of law.

Very truly yours,

s/*Matthew C. Moench, Esq.*
MATTHEW C. MOENCH


Cc:   Mary Basile Logan, Plaintiff (via Regular Mail)
       All Counsel of Record (via electronic filing)