# Sills Cummis & Gross
### A Professional Corporation

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102**
**Tel: (973) 643-7000**
**Fax (973) 643-6500**

101 Park Avenue
28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

**Nicole G. McDonough**
**Member**
**Admitted In NJ and NY**
**Direct Dial: 973-643-5967**
**Email: nmcdonough@sillscummis.com**

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561)-693-0440
Fax: (561)-828-0142

June 3, 2024

**BY CM/ECF**
Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Courtroom 4W
Trenton, New Jersey 08608

> Re:   *Logan v. Garland et al.*
>        **Index No. 3:24-cv-0040 (ZNQ-TJB)**

Dear Judge Quraishi:

Together with pro hac vice counsel from Kaplan Hecker & Fink LLP, this firm represents the Democratic National Committee and Congresswoman Debbie Wasserman Schultz, in her personal capacity as the former Chair of the Democratic National Committee (collectively, "Defendants"), in the above captioned action.

Defendants previously moved to dismiss this action with prejudice. *See* Dkts. 54, 72.[1] On May 20, 2024, while those motions remained pending and without notice to the parties, Plaintiff filed a motion for a preliminary injunction and temporary restraining order. *See* Dkt. 73. Subsequently, on May 29, 2024, without leave of Court, Plaintiff filed a supplement in support of her motion. *See* Dkt. 77. These latest filings, just like others, are nothing more than an improper

---

[1] Specifically, the Democratic National Committee moved to dismiss pursuant to Rules 12(b)(1) and (b)(6), and for costs incurred in Plaintiff's prior, voluntarily dismissed action, pursuant to Rule 41(d). *See* Dkt. 54. Congresswoman Schultz, in her personal capacity as former Chair of the Democratic National Committee, moved to dismiss pursuant to Rules 12(b)(1), (2), and (6); she also asserted immunity under the Speech or Debate Clause. *See* Dkt. 72. Defendants continue to assert these defenses, and do not waive any of them, including any jurisdictional argument, by filing this opposition to Plaintiff's motion for a preliminary injunction and temporary restraining order.

# Sills Cummis & Gross
### A Professional Corporation

Honorable Zahid N. Quraishi, U.S.D.J.
June 3, 2024
Page 2

attempt to implicate a defendant in an implausible conspiracy theory. *See* Dkts. 45, 46, 55, 57, 60, 69.

In any event, Plaintiff's motion must be denied. As this Court is well aware, a preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, a plaintiff seeking a preliminary injunction must satisfy a demanding standard. Specifically, a plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. None of these factors has been satisfied here.

As set forth in detail in Defendants' motions to dismiss, Plaintiff has not come remotely close to showing a likelihood of success on the merits. *See* Dkt. 54 at 9-10; Dkt. 72 at 7-9. Indeed, numerous jurisdictional obstacles prevent this Court from even deciding the case as to Defendants. *See* Dkt. 54 at 7–9; Dkt 72 at 4–7, 10. Plaintiff also has not established legally cognizable harm (let alone irreparable harm) because the Amended Complaint does not identify the existence of any concrete, particularized injury. *See* Dkt. 54 at 7-9; Dkt. 72 at 4-6. Finally, the balance of equities and the public interest do not warrant the issuance of preliminary injunctive relief. Conspiracy theories, in short, are not an appropriate basis for legal action.

For these reasons, we respectfully request this Court deny Plaintiff's motion for a preliminary injunction and temporary restraining order.

Respectfully submitted,

*/s/ **Nicole G. McDonough***

Nicole G. McDonough

NGM:cp
Encls.

Cc:    Plaintiff *pro se* (*via CM/ECF*)
       All counsel of record (*via CM/ECF*)