# BROWN & CONNERY, LLP
ATTORNEYS AT LAW
360 NORTH HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900

Susan M. Leming, Esq.
sleming@brownconnery.com

June 3, 2024

**Via CM/ECF**
Hon. Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Court Room: 4W
Trenton, New Jersey 08608

  Re: **Mary Basile Logan v. Merrick Garland, et al.**
     **Case No.: 3:24-cv-00040-ZNQ-TJB**
     **Motion Day: June 17, 2024**

Dear Judge Quraishi:

  This office represents Defendant George E. Norcross, III ("Mr. Norcross") in the above matter. Please accept this letter brief in opposition to *pro se* Plaintiff's "Motion for Preliminary Injunction Hearing Date and Temporary Restraining Order" filed on May 20, 2024. (ECF No. 73 at p. 5.) For the reasons set forth herein, Mr. Norcross respectfully requests that the Court deny Plaintiff's motion for preliminary injunctive relief because her application is both procedurally and substantively deficient. In addition, Mr. Norcross respectfully requests that the Court disregard Plaintiff's "supplement to the Motion" filed on May 29, 2024, which sets forth 172 pages of additional argument and exhibits. (ECF No. 77 at p. 5.)

  By way of background, Plaintiff has filed suit against 51 Defendants including the current President and three former Presidents. (ECF Nos. 1, 45.) Plaintiff has used this litigation as an opportunity to set forth various conspiracy theories related to the September 11, 2001 terrorist attacks, the Great Recession, the Pandemic, the 2016 presidential election, the 2020 presidential election, and what Plaintiff characterizes as the corrupt relationship between government and the business community.

  Neither Plaintiff's Amended Complaint nor this motion are a model of clarity, especially with respect to Plaintiff's request for injunctive relief. In her unverified Amended Complaint, Plaintiff asks the Court to "[i]ssue preliminary and permanent injunctions enjoining the defendants from committing actions similar to those described herein in the future." (ECF No. 45 at p. 124, ¶ 176.) In her motion, Plaintiff vaguely claims "[p]reliminary injunctive relief is necessary to ensure that Plaintiff's fundamental Right to vote, from which all other Rights enumerated are secure, remains sovereign." (ECF No. 73 at p. 8, ¶ 6.) However, Plaintiff does not clearly set forth the specific relief sought on this motion.

June 3, 2024
Page 2

### I.    Plaintiff's Motion Fails To Comply With The Local Civil Rules.

Plaintiff's motion for a preliminary injunction and temporary restraining order must be denied because Plaintiff has demonstrated a flagrant disregard for the rules of this Court. Plaintiff's moving brief is more than double the page limit set by the Local Civil Rules, and she has impermissibly filed a "supplement to the Motion" totaling 172 pages.

A party's brief "shall not exceed 40 ordinary typed or printed pages". L. Civ. R. 7.2(b). "If a 12-point proportional font is used", as is the case here, "the page limits shall be reduced by 25 percent". L. Civ. R. 7.2(d). Thus, "the 40 page limit becomes 30 pages". *Id.* "Briefs of greater length will only be accepted if special permission of the Judge is obtained prior to submission of the brief." L. Civ. R. 7.2(b).

Plaintiff's moving brief totals 63 pages, which is 33 pages over the limit. (ECF No. 73 at pp. 6-69.) Plaintiff never obtained permission from the Court to file an overlength brief. Furthermore, this is not a minor violation of the Court rules. Plaintiff's overlength brief prejudices the Court and Defendants including Mr. Norcross.

Nine days after she filed this motion, Plaintiff filed a "supplement" setting forth an additional 72 pages of argument and 95 pages of exhibits. (ECF No. 77 at pp. 4-76; pp. 77-172.) Plaintiff has now submitted a whopping 135 pages of briefing in support of her motion. However, the Local Civil Rules do not contemplate supplemental filings. Plaintiff is only entitled to file a moving brief and a reply brief if opposition is filed. *See* L. Civ. R. 7.1. Plaintiff is not entitled to amend her motion on a continuing, or rolling, basis. Accordingly, the Court should disregard Plaintiff's "supplement to the Motion".

For these reasons, Plaintiff's motion should be denied. Plaintiff should not be allowed to violate the Court rules with impunity, even if she is proceeding *pro se*.

### II.    Plaintiff Is Not Entitled To Injunctive Relief.

Plaintiff has not and cannot establish a right to preliminary injunctive relief by clear and convincing evidence, thus Mr. Norcross respectfully requests that the Court deny Plaintiff's motion for a preliminary injunction and temporary restraining order.

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426 (3d Cir. 1994) (internal quotation marks and citation omitted); *Gov't Emps. Ins. Co. v. Adams Chiropractic Ctr. P.C.*, 2020 U.S. Dist. LEXIS 112931, at *2 (D.N.J. June 29, 2020) (internal quotation marks and citation omitted) ("Injunctive relief is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion").

**BROWN & CONNERY, LLP**

June 3, 2024
Page 3

When considering whether to grant injunctive relief, the Court must determine whether the movant has demonstrated: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The party seeking an injunction "must meet the threshold for the first two 'most critical' factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.*

    **a.**    **Plaintiff Fails To Prove Immediate And Irreparable Harm.**

Mr. Norcross respectfully requests that the Court deny Plaintiff's motion because Plaintiff cannot establish that she will suffer irreparable harm in the absence of an injunction.

"Demonstrating irreparable harm is perhaps the single most important prerequisite for issuing a preliminary injunction." *H-1 Auto Care, LLC v. Lasher*, 2022 U.S. Dist. LEXIS 192328, *11 (D.N.J. Oct. 21, 2022). To establish irreparable harm, a "plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "The preliminary injunction must be the only way of protecting the plaintiff from harm." *Id.* The party seeking injunctive relief "has the burden of establishing a clear showing of immediate irreparable injury." *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344 (D.N.J. 2020).

Plaintiff cannot establish irreparable harm because she waited approximately four and a half months before she filed the instant motion. A preliminary injunction is "generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights." *Lanin v. Borough of Tenafly*, 515 F. App'x 114, 117 (3d Cir. 2013) (internal quotation marks and citation omitted). A delay in seeking relief "tends to indicate at least a reduced need for such drastic, speedy action." *Id.* at 118 (internal quotation marks and citation omitted). Indeed, courts in this District hold that a delay in moving for preliminary injunctive relief, even a few weeks or months, "knocks the bottom out of any claim of immediate and irreparable harm." *Pharmacia Corp. v. Alcon Lab'ys, Inc.*, 201 F. Supp. 2d 335, 383 (D.N.J. 2002); *see Love v. Does*, 2023 U.S. Dist. LEXIS 19495, *7 (D.N.J. Feb. 6, 2023) ("Many courts have found that a delay of just weeks or months precludes a showing of irreparable harm."); *see also Messina v. Coll. of New Jersey*, 566 F. Supp. 3d 236, 249 (D.N.J. 2021) (four-month delay precluded a finding of irreparable harm); *ProFoot, Inc. v. MSD Consumer Care, Inc.*, 2012 U.S. Dist. LEXIS 83427, at *40 (D.N.J. June 14, 2012) (three-month delay precluded a finding of irreparable harm).

Plaintiff commenced this action on January 4, 2024. Thereafter, multiple Defendants including Mr. Norcross moved to dismiss Plaintiff's original Complaint. In response, Plaintiff filed a motion to amend, which was granted. On March 22, 2024, Plaintiff filed a 126-page Amended Complaint, with approximately 800 pages of exhibits. Once again, multiple

June 3, 2024
Page 4

Defendants including Mr. Norcross moved to dismiss Plaintiff's amended pleading. Those motions are still pending, and Plaintiff did not timely oppose Mr. Norcross's motion. While she has been actively litigating this matter, Plaintiff did not file her preliminary injunction motion until May 20, 2024—four months and 16 days after she commenced this litigation. Accordingly, Plaintiff's own delay in filing this motion precludes the entry of injunctive relief.

Furthermore, Plaintiff's motion fails to set forth any specific, irreparable harm. Plaintiff suggests, without any supporting evidence, that Defendants "remove[d] her from holding office" and that they were somehow involved "in the loss of her sibling". (ECF No. 73 at p. 66, ¶ 76; p. 68, ¶ 81.) In addition to these claims being completely unsupported, preliminary injunctive relief cannot be issued based on past harm. *TriFound Fin., LLC v. Greenberg*, 2021 U.S. Dist. LEXIS 10192, *13 (D.N.J. Jan. 20, 2021) ("The irreparable harm inquiry concerns threat of future harm, not past harm.").

Finally, Plaintiff's claim that Defendants will infringe on her right to vote in the 2024 presidential election is not only meritless, but impermissibly speculative. *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (emphasis omitted) (internal quotation marks and citation omitted) (stating the "dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat"); *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994) (stating there must be a clear showing of immediate irreparable injury, or a presently existing actual threat, and not simply the possibility of a remote future injury). On this motion, Plaintiff has not presented any evidence establishing that Defendants including Mr. Norcross will prevent Plaintiff from exercising her right to vote.

For these reasons, Plaintiff cannot establish immediate irreparable harm.

### b.   Plaintiff Fails To Establish A Likelihood Of Success On The Merits

Mr. Norcross respectfully requests that the Court deny Plaintiff's motion because Plaintiff cannot establish a likelihood of success on the merits.

On April 22, 2024, Mr. Norcross filed a motion to dismiss the Amended Complaint in its entirety and with prejudice, under Fed. R. Civ. P. 8(a)(2), 12(b)(1), and 12(b)(6). (ECF No. 61.) Mr. Norcross's motion was returnable on May 20, 2024. Plaintiff failed to file timely opposition. Accordingly, Mr. Norcross's motion to dismiss is unopposed and should be granted.[1]

As set forth at length in the motion, Plaintiff's Amended Complaint is frivolous, and the allegations against Mr. Norcross specious. First, Plaintiff lacks Article III standing. Plaintiff does not allege an injury in fact, let alone one that is fairly traceable to Mr. Norcross or capable of being redressed by this Court. Second, Plaintiff cannot state a cognizable claim for relief against Mr. Norcross. As best can be gleaned from the Amended Complaint, Plaintiff asserts claims

---

[1] Mr. Norcross hereby incorporates by reference his motion to dismiss the Amended Complaint as if fully set forth herein.

**BROWN & CONNERY, LLP**

June 3, 2024
Page 5

against Defendants under: (1) the Take Care Clause set forth in Article II, Section 3 of the Constitution; (2) the Treason Clause set forth in Article III, Section 3 of the Constitution; and (3) various criminal statutes set forth in Title 18 of the United States Code. However, none of these sources of authority provide a private cause of action against Mr. Norcross. Simply put, Plaintiff relies on criminal statutes and constitutional provisions that cannot give rise to civil liability. Finally, at all relevant times, Mr. Norcross was not acting under the color of state law, as required by Section 1983. He is a private citizen.

For these reasons, and the reasons set forth in Mr. Norcross's motion to dismiss, Plaintiff cannot establish a likelihood of success on the merits in this action.

  **c.**  **The Remaining Factors Weigh Against Injunctive Relief.**

Since Plaintiff fails to establish irreparable harm or a likelihood of success on the merits, the Court need not consider the final two factors of the preliminary injunction analysis. *Leone v. Essex Cnty. Prosecutor's Off.*, 2021 U.S. Dist. LEXIS 182040, *18 (D.N.J. Sept. 23, 2021). However, for the sake of completeness, Mr. Norcross will address the balance of hardships and public interest.

The remaining factors weigh strongly against injunctive relief. Plaintiff asks this Court to disrupt the status quo by entering an injunction of unspecified scope against 51 Defendants because she believes, among other things, that she will not be able to cast a vote in favor of Donald J. Trump in the 2024 presidential election. While protecting the right to vote is of paramount importance, Plaintiff does not present any evidence whatsoever that Defendants have infringed or will infringe on Plaintiff's right to vote. This motion is just another example of Plaintiff abusing the judicial system, and forcing the Court and Defendants to spend time and resources responding to frivolous pleadings and applications. Lawsuits are not a vehicle by which to espouse bizarre conspiracy theories and fanciful claims. They are for addressing cognizable legal wrongs, which Plaintiff has not suffered as it relates to this matter.

Accordingly, for the reason set forth herein, and in his motion to dismiss, Mr. Norcross respectfully requests that the Court deny Plaintiff's motion for a preliminary injunction and temporary restraining order.

            Respectfully submitted,
            **BROWN & CONNERY, LLP**

            <u>s/ Susan M. Leming</u>
            Susan M. Leming

SML/asb