Thomas R. McCarthy*
Conor D. Woodfin*
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22209
Ph.: (703) 243-9423
tom@consovoymccarthy.com
conor@consovoymccarthy.com

Michael L. Testa Jr.
Christian P. Butrica
TESTA HECK TESTA & WHITE P.A.
424 W. Landis Avenue
Vineland, NJ 08360
Ph.: (856) 691-2300
Fax: (856) 691-5655
mtestajr@testalawyers.com
cbutrica@testalawyers.com

*Counsel for Defendant Republican National Committee*
\* *Pending pro hac vice admission*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY BASILE LOGAN,<br><br>       Plaintiff,<br><br>v.<br><br>MERRICK GARLAND, *in his official capacity Attorney General, Department of Justice*, et al.,<br><br>       Defendants. | No. 3:24-cv-00040-ZNQ-TJB<br><br>**RESPONSE BY THE REPUBLICAN NATIONAL COMMITTEE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## TABLE OF CONTENTS

Table of Contents ................................................................................................... ii

Introduction ............................................................................................................ 1

Legal Standards ...................................................................................................... 1

Argument ................................................................................................................ 2

    I.    The Plaintiff will not prevail on the merits. ............................................. 2

    II.    The Plaintiff has not shown that she will suffer irreparable injury. ........ 3

    III.    The Plaintiff has not shown that equities weigh in her favor and that the public interest favors an injunction. ............................................................ 4

CONCLUSION ..................................................................................................... 4

## INTRODUCTION

The Plaintiff is on the fourth version of her complaint. The Republican National Committee (RNC) and several other defendants moved to dismiss the first three versions, but the Plaintiff either amended or voluntarily dismissed her complaints before the Court could rule on the motions. *See Logan v. Lamont*, No. 3:23-cv-21174 (D.N.J. Oct. 23, 2023). The fourth amended complaint suffers from the same problems as the first three, and the RNC and several other defendants moved to dismiss. *See* Docs. 52, 53, 54, 56, 61, 72. Those motions are still pending.

Now—eight months after her first complaint was filed—the Plaintiff demands the extraordinary relief of a preliminary injunction. *See* Docs. 73, 77. The motion fails on the merits for the same reasons the Plaintiff's complaint fails on the merits—the motion is frivolous, the Plaintiff lacks standing, and she fails to state a claim. *See* Doc. 52. The motion fails for the additional reasons that it is untimely and does not meet the other equitable factors for extraordinary relief. The Court should thus deny the motion.

## LEGAL STANDARDS

A preliminary injunction "is an extraordinary remedy which should be granted only in limited circumstances." *Frank's GMC Truck Ctr. v. Gen. Motors Corp.*, 847 F.2d 100, 102 (3d Cir. 1988) (citation omitted). To obtain relief, the Plaintiff must show a likelihood of success on the merits, that it will suffer irreparable harm if the injunction is denied, that granting preliminary relief will not result in even greater harm to the nonmoving party, and that the public interest favors the injunction. *Kos Pharms. Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

The Plaintiff has the burden of "meet[ing] the threshold for the first two 'most critical' factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). And even if the moving party satisfies those first two factors, a court must still "consider[] the remaining two factors"—the balance of the equities and public interest—"and determine[] in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Kos Pharms.*, 369 F.3d at 708.

## ARGUMENT

### I. The Plaintiff will not prevail on the merits.

As the RNC and other defendants have explained in their motions to dismiss, the "complaint is so 'devoid of merit' and 'obviously frivolous' that the Court lacks power to entertain it." Doc. 52 at 3 (quoting *Allen v. AFL-CIO*, 276 F. App'x 197, 199 (3d Cir. 2008)). In addition, the Plaintiff lacks standing, fails to state a claim against the RNC, and is not entitled to injunctive relief. *See* Doc. 52 at 3-6. The arguments in the RNC's motion to dismiss (and the motions filed by the other defendants) are sufficient reason to deny the preliminary injunction motion on the merits.

Moreover, even if the complaint did state a claim, the preliminary injunction motion would fail on the merits. The alleged basis for the motion is that the Plaintiff is being deprived her "privileges, or immunities in violation of 42 U.S.C. §1983, the First and Fourteenth Amendments to the Constitution, and the Equal Protections Clause." Doc. 73 at 7. Even if those allegations were sufficient, and even if the Plaintiff adequately proved a state action with regard to the government defendants, those claims could not support a preliminary injunction against a private party such as the RNC. *See Jackson v. Temple Univ. of Com. Sys. of Higher Educ.*, 721 F.2d 931, 933 (3d Cir. 1983); *Max*

*v. Republican Comm. of Lancaster Cnty.*, 587 F.3d 198, 200-01 (3d Cir. 2009). The rest of the motion, like the complaints, is a compilation of disconnected, unsupported factual claims. Those claims have nothing to do with the RNC, nothing to do with the Plaintiff, and nothing to do with any legal claim for injunctive relief.

**II.   The Plaintiff has not shown that she will suffer irreparable injury.**

The Plaintiff claims that preliminary injunctive relief "is necessary" to protect her "fundamental Right to vote." Doc. 73 at 8. But she provides no evidence that the RNC will prevent her from voting in any election or will otherwise impede her rights. In any event, the Plaintiff's delay in seeking relief undermines any claims of irreparable injury. "[P]reliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights. Delay in seeking enforcement of those rights ... tends to indicate at least a reduced need for such drastic, speedy action." *Lanin v. Borough of Tenafly*, 515 Fed. App'x 114, 117-18 (3d Cir. 2013).

The Plaintiff's allegations span years, and many center around the 2020 election and the COVID pandemic. Yet the Plaintiff waited until October 2023 to file this lawsuit, and until May 2024 to seek preliminary injunctive relief. "Where a Plaintiff delays in seeking preliminary injunctive relief, such delay is evidence that speedy relief is not needed." *EMSL Analytical, Inc. v. Testamerica Analytical Testing Corp.*, 2006 WL 892718, at *12 (D.N.J. Apr. 4, 2006). A delay of years—and then another eight months after filing the complaint—undermines the Plaintiff's claims of irreparable injury. *See New Dana Perfumes Corp. v. The Disney Store, Inc.*, 131 F.Supp.2d 616, 630 (M.D.Pa.2001) (unexplained delay of two months in filing cease and desist letter followed by unexplained delay of five months in moving for injunctive relief precluded a finding of irreparable

3

harm); *Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F.Supp.2d 417, 419 (S.D.N.Y.1998) (noting that in the trademark infringement context "courts typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months"); *Orson, Inc. v. Miramax Film Corp.*, 836 F.Supp. 309, 312 (E.D.Pa.1993) (delay of 50 days after plaintiff acquired knowledge of infringement precluded finding of irreparable harm).

### III. The Plaintiff has not shown that equities weigh in her favor and that the public interest favors an injunction.

As an initial matter, it's not even clear what relief the Plaintiff seeks. She briefly implies that the Court should enjoin the use of machine ballots. *See* Doc. 73 at 67; Doc. 77 at 8. But she does not explain how that injunction would work—what state officials would be enjoined, what conduct would be prohibited, and in what jurisdictions the order would apply. States have a strong interest in maintaining "public confidence in the integrity of the electoral process." *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 197 (2008) (plurality op.). Indefinite injunctions against unnamed election rules undermine public confidence in elections. And the harm to the defendants of complying with an indefinite court order far outweighs whatever benefits the Plaintiff would receive from obtaining one.

### CONCLUSION

For these reasons, the Court should deny the Plaintiff's motion for a preliminary injunction.

Dated: June 3, 2024                                    Respectfully submitted,

/s/ Michael L. Testa Jr.

Thomas R. McCarthy*
Conor D. Woodfin*                                      Michael L. Testa Jr.
CONSOVOY MCCARTHY PLLC                                 Christian P. Butrica
1600 Wilson Boulevard, Suite 700                       TESTA HECK TESTA & WHITE P.A.
Arlington, VA 22209                                    424 W. Landis Avenue
Ph.: (703) 243-9423                                    Vineland, NJ 08360
tom@consovoymccarthy.com                               Ph.: (856) 691-2300
conor@consovoymccarthy.com                             Fax: (856) 691-5655
                                                       mtestajr@testalawyers.com
                                                       cbutrica@testalawyers.com
* Pending pro hac vice admission