Mary Basile Logan<br>
Post Office Box 5270<br>
Clinton, New Jersey 08809<br>
Email: Trino@trinops.com

June 17, 2024

**<u>Sent Via ECF</u>**
Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court
Clarkson S. Fisher Building and
  United States Courthouse
402 East State Street
Trenton, New Jersey 08608

    RE: LOGAN v. GARLAND, et al.
       <u>Index No.: 3:24-cv-00040 ZNQ TJB</u>

Dear Honorable Quraishi:

  I am the *pro-se* Plaintiff in the above-captioned matter. On June 6, 2024, via ECF, Plaintiff submitted to the Honorable Court Affidavits of service in this matter, *See* ECF 88. Plaintiff continues in the diligent attempt to complete service upon the Defendants with extraordinary difficulty in several cases. To that end, Plaintiff has sought the assistance of process server referral in securing skip traces on the following Defendant parties:

1. Elizabeth "Liz" Cheney. Attempted service, twice. Viable address declined without a physical office. No known address.

2. John Kerry. Attempted service, twice. Viable office address declined. No known address.

3. Robert Mueller. Attempted service, twice. Viable office address declined. No known address.

4. James B. Comey. Attempted service, twice. No known address, previous skip trace unsuccessful. No known address.

5. Loretta Lynch.  Attempted service, twice.  No known address.

6. James Baker.  Attempted service, twice.  Office has been closed, permanently with new occupants.  No known address.

7. Eric Holder.  Attempted service, twice.  Requires viable office address.  No known address.

8. John Ashcroft.  Attempted service, twice.  Office address viability requirement.  No known address.

9. Susan Rice.  Attempted service, twice.  Resigned previous role.  Skip trace to confirm viable new office address, otherwise no known address.

Plaintiff confirms receipt of ECF Doc 75; however, upon review of Fed. R. Civ. P. 4 (m), which reads (m) *Time Limit for Service*. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).  Accordingly, Plaintiff does not hold to the understanding expressed in the correspondence cited as ECF Doc. 75, the Fed. R. Civ. P. 4 (m) clear in its determination of ninety (90) days following the filing of the Amended Complaint.

Citing the ongoing complications in securing service upon the Defendants, by way of this communication, Plaintiff respectfully requests additional time from the Honorable Court to effectuate same.  At the time of this writing, Plaintiff is awaiting printing contractor who has, on her behalf, printed the Amended Complaint with same being anticipated by June 19, 2024, at

which point all certified mail packages will be completed for those Defendants' whose addresses have been confirmed by process service, these will be sent in accordance with Fed. R. Civ. P. through the United States Postal Service. Thereafter, Plaintiff will complete Affidavits of Service, inclusive of proof of service, providing same to the Honorable Court. The outstanding skip traces, as noted above, will take additional time. Plaintiff anticipates the necessity of at least one Defendant requiring private detective to locate a physical address; James B. Comey. Plaintiff asks that the Honorable Court's understanding in the knowledge that certified mail could not be effectuated until attempt to confirm viable addresses for the Defendants was assured. Lastly, Plaintiff notes that the Defendants' contact information in the foregoing cases, has been exceptionally difficult to ascertain with the addresses disclosed on professional CV, absolutely not viable. Plaintiff understands that requests for extension of time to serve is a fairly routine matter.

Should the Honorable Court require additional information to complete their evaluation of this request, please advise, Plaintiff will respond immediately. Thanking you, in advance.

Sincerely,

/s/ Mary B. Logan
Plaintiff, *Pro Se*

Cc:  Counsel of Record (**_Sent Via ECF_**)

Plaintiff's request for additional time to effectuate service of process is GRANTED. Plaintiff shall provide an update regarding service by **8/2/2024**.

It is on this 18th day of June, 2024
SO ORDERED.

s/Tonianne J. Bongiovanni
Hon. Tonianne J. Bongiovanni, U.S.M.J.