

| | *State of New Jersey* | |
|---|---|---|
| PHILIP D. MURPHY<br>*Governor* | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW<br>25 MARKET STREET<br>P.O. BOX 112<br>TRENTON, NJ 08625-0112 | MATTHEW J. PLATKIN<br>*Attorney General* |
| TAHESHA L. WAY<br>*Lt. Governor* | | MICHAEL T.G. LONG<br>*Director* |

June 24, 2024

*Via the CM/ECF system*
Hon. Zahid N. Quraishi, U.S.D.J.
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street, Courtroom 4W
Trenton, New Jersey 08608

  Re: *Logan v. Garland*, No. 3:24-cv-40-ZNQ-TJB

Dear Judge Quraishi:

This office represents Defendants, former New Jersey Governor Christopher J. Christie; current New Jersey Governor Philip D. Murphy, who is further named in his former capacity as Chair of the National Governors Association ("NGA"); current Lt. Governor Tahesha L. Way, who is also named in her former capacities as Secretary of State and former President of the National Association of Secretaries of State; former Commissioner of the New Jersey Department of Health ("DOH"), Judith Persichilli; former Deputy Commissioner of DOH, Sejal Hathi; and the current New Jersey Attorney General, Matthew J. Platkin (collectively, "New Jersey State Defendants"), in the above-referenced matter. On May 22, 2024, New Jersey

Page 2

State Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint with prejudice in lieu of an Answer. (ECF No. 74). The Motion initially had a return date on June 17, 2024, and pro se Plaintiff's opposition was due June 3, 2024. However, Plaintiff did not file her opposition until June 13, 2024, which was ten days late. (ECF No. 91). Given Plaintiff's pro se status, New Jersey State Defendants will not challenge the untimeliness of her opposition. But, unless the Court instructs otherwise, they will assume that due to Plaintiff's late filing, the new return date corresponding to their Motion will now be July 1, 2024, making this letter in lieu of a more formal reply timely.

They further respond here to Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order ("MPI") and improper supplement to the MPI. On that front, neither should be considered by this Court because the MPI and its supplemental brief fail to adhere to the local civil rules regarding properly filed motions for a preliminary injunction, along with the fact that Plaintiff has no legitimate meritorious basis to obtain injunctive relief.[1] (ECF Nos. 73 and 77). As

---

[1] Although Plaintiff failed to procedurally adhere to the rules regarding filing a proper motion for a preliminary injunction and temporary restraining as discussed below in Section B of this brief, and therefore no response should be due, the Court calendared the motion nonetheless. If the Court requires responses to the MPI despite its obvious procedural deficiencies, New Jersey State Defendants seek an extension of the time to file their response until today -- and, thus, concurrently with this reply in support of their motion to dismiss -- in the interest of judicial economy, particularly given that the discussion of the merits of the Amended Complaint for

such, this Court should grant the New Jersey State Defendants' Motion and dismiss all claims against them with prejudice, as well as relatedly deny the MPI.

### A. This Court Should Grant the New Jersey State Defendants' Motion to Dismiss the Amended Complaint Against Them With Prejudice.

After New Jersey State Defendants demonstrated in their moving papers the variety of reasons why the Amended Complaint should be dismissed as a matter of law – i.e., Eleventh Amendment immunity, lack of standing, failure to state a viable claim, etc. (ECF No. 74) -- Plaintiff's opposition fails to refute those dispositive legal arguments for dismissal in any meaningful way.  In fact, Plaintiff explicitly "reaffirm[ed] the content of the subject Amended Complaint, filed March 22, 2024." (*See* Pl. Opp. Br. ¶ 4).  She mostly reiterates the same allegations and claims, such as those improperly based on federal criminal laws pursuant to Title 18 or treason (*see* Pl. Opp. Br. ¶¶ 2, 21, 25-26, 28, 58, 60) -- along with the same, though with some additional, conspiracy theories connected to "9/11, USS Cole, Russia Interference Hoax," COVID-19, and other New Jersey, American, and world events (*id*. at ¶¶ 3, 27, 32-33, 35-36, 39-40).  Plaintiff also asserts several legal conclusions to attempt to oppose the Motion.  *Id*. at ¶¶ 25, 27, 31, 34.  And she makes arguments that are, at times, incoherent or difficult to follow, such as how her (improperly-pled) claims under Title 18's federal criminal laws remove the New Jersey State

---

this dismissal motion are intertwined and related to the MPI.

Page 4

Defendants' Eleventh Amendment sovereign immunity or how their "vocal oration" furthered their "treasonous assemblage." *Id*. at ¶¶ 18, 28. Plaintiff also includes new allegations against New Jersey State Defendants and their co-defendants in her brief for averred violations of the Elections Clause and First Amendment. *Id*. at ¶¶ 19, 21, 24, 26, 38-42. Believing that her reaffirmation of her pleading and her opposition papers suffice, she then proclaims that she "will commence discovery at once." *Id*. at ¶ 4.

Simply, Plaintiff's opposition papers fail to satisfy her burden at this stage. In the interest of judicial economy, and given that Plaintiff has not asserted a legitimate legal argument opposing the New Jersey State Defendants' various grounds for dismissal, it is not necessary for them to reply at length here. Accordingly, they rely on their moving papers here to justify the dismissal of the Amended Complaint against them with prejudice under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). This Court should, thus, grant their Motion in its entirety.

**B. This Court Should Similarly Deny Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order Because It Is Both Procedurally and Substantively Improper.**

On May 20, 2024, Plaintiff filed her MPI against all defendants in this matter. (ECF No. 73). Two days later, New Jersey State Defendants filed their motion to dismiss the Amended Complaint, which was followed by Plaintiff's "Supplement" in support of her MPI. (ECF Nos. 74 and 77, respectively). Because the MPI is both

procedurally and substantively deficient, this Court should deny it without extensive consideration.

First, it is procedurally improper and should not be assessed on the merits. More specifically, Plaintiff's MPI fails to seek her supposed emergency relief via a proposed order to show cause as required under L. Civ. R. 65.1. Furthermore, Plaintiff filed her original brief in support of the MPI that was over 63 pages, or well beyond the 40-page[2] limit under L. Civ. R. 7.2(b). (ECF No. 73). Then, she filed a supplemental brief that added to her original, over-length papers, which itself was over 70 pages. (ECF No. 77). Her MPI is, therefore, grossly over the length permitted under the rules. And, to compound her procedural deficiencies, the rules do not permit supplemental filings to the motion papers in any event. *See* L. Civ. R. 7.1. These procedural deficiencies, alone, warrant denying the MPI.

However, even if this Court were to consider the substance of the MPI, Plaintiff fails again to meet her burden. As an initial matter, "preliminary injunctive relief is an 'extraordinary remedy, which should be granted only in limited circumstances.'" *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014) (quoting *Novartis Consumer Health, Inc. v. Johnson & Johnson-*

---

[2] L. Civ. R. 7.2 additionally states, "If a 12-point proportional font is used instead, the page limits shall be reduced by 25 percent (e.g., the 40-page limit becomes 30 pages in this font)."

Page 6

*Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 210. (quotations omitted). "The 'failure to establish any element . . . renders a preliminary injunction inappropriate.'" *Id*. (quoting *NutraSweet Co. v. Vit-Mar Enters, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)). Finally, the "movant bears the burden of showing that these four factors weigh in favor of granting the injunction." *Ferring Pharm.*, 765 F.3d at 210.

Against this backdrop, and in addition to the procedural deficiencies with her MPI, Plaintiff has fallen woefully short in satisfying her burden at this stage to warrant preliminary injunctive relief against New Jersey State Defendants. First, for the multitude of jurisdictional and substantive reasons set forth in the New Jersey State Defendants' motion to dismiss, which is incorporated herein, Plaintiff is not likely to, and cannot as a matter of law, succeed on the merits of her claims. That is, she has not averred a legitimate cause of action to warrant obtaining *any* relief against New Jersey State Defendants. And, her claim for injunctive relief -- to the extent that it can be comprehended -- relates to preventing interference with the upcoming 2024 Election and preserving her right to vote. (ECF No. 73, pgs. 45-64). But, she has not adequately connected her alleged harms in this respect to any

conduct by New Jersey State Defendants, nor has she established that granting injunctive relief against them would remedy her alleged harms. She has simply failed to sufficiently allege a viable claim upon which relief can be granted.

Second, Plaintiff cannot establish that she will suffer irreparable harm in the absence of preliminary relief. "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). In other words, "[t]he preliminary injunction must be the only way of protecting the plaintiff from harm." *Id*. at 801. Plaintiff has not shown that she has incurred, or will incur, irreparable harm throughout her lengthy, convoluted pleading or briefs, let alone any such harm caused by New Jersey State Defendants. Nor has she done so in her MPI. For example, when addressing the irreparable injury prong, Plaintiff -- as far as the undersigned can tell -- does not even mention New Jersey State Defendants, nor does she include harms that they could remedy if a preliminary injunction were issued against them, for her alleged harms giving rise to her MPI seemingly stem from conduct by the Federal Government, foreign governments or actors, and third parties. (ECF No. 73, pgs. 45-66).

However, even more fatal to Plaintiff's "irreparable harm" claim is her lack of urgency in seeking her MPI. To start, following her original complaint, she waited

several months to file her MPI, despite making other filings in the interim. (ECF Nos. 29, 37, 46, and 55). Furthermore, many of the events that she has included in her Amended Complaint forming the bases for her claims -- such as 9/11 or the COVID-19 pandemic -- have occurred several years or even decades ago, yet she has only sought preliminary injunctive relief recently. (ECF No. 45, pgs. 87, 102-15). In contrast, "preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights." *Lanin v. Borough of Tenafly*, 515 F. App'x 114, 117-18 (3d Cir. 2013) (quoting *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 275 (2d Cir. 1985)). And, "[d]elay in seeking enforcement of those rights . . . tends to indicate at least a reduced need for such drastic, speedy action," as well as a lack of irreparable harm. *Id*. Plaintiff's significant delay in seeking injunctive relief here fatally undermines her claim of irreparable harm and the need for a preliminary injunction. *See also Benisek v. Lamone*, 585 U.S. 155, 160 (2018) (denying plaintiffs' request for preliminary injunctive relief and noting that their "unnecessary . . . delay in asking for preliminary injunctive relief weighed against their request"); *Messina v. Coll. of New Jersey*, 566 F. Supp. 3d 236, 249 (D.N.J. 2021) (holding that four-month delay was inconsistent with claim for irreparable harm and injunctive relief); *EMSL Analytical, Inc. v. Testamerica Analytical Testing Corp.*, No. 05-5259, 2006 WL 892718, at *12 (D.N.J. Apr. 4, 2006) (explaining that plaintiff's delay "in seeking preliminary

injunctive relief . . . is evidence that speedy relief is not needed").

At this juncture, Plaintiff has failed to establish the first two prongs necessary to obtain a preliminary injunction. "The 'failure to establish any element . . . renders a preliminary injunction inappropriate.'" *Ferring Pharm.*, 765 F.3d at 210 (quoting *NutraSweet Co. v. Vit-Mar Enters, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)). Likewise, courts have held a district court "cannot sustain a preliminary injunction . . . where either or both" of the first two prongs -- likelihood of success on the merits and the probability of irreparable harm if relief is not granted -- "are absent." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186, 197 (3d Cir. 1990) (quoting *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)). Consequently, because Plaintiff cannot meet either prong, let alone both, this Court should deny Plaintiff's MPI without further consideration.

Nonetheless, the last two factors do not weigh in favor of granting Plaintiff's request for injunctive relief in any event. For instance, in assessing the third factor, a court must consider "the potential injury to the plaintiff if an injunction does not issue versus the potential injury to the defendant if the injunction is issued." *Novartis Health*, 290 F.3d at 596. Given that Plaintiff has failed to state a legitimate claim and now seeks wide-ranging injunctive relief against all defendants, there are no equities that tip in her favor for obtaining injunctive relief. Plaintiff has not demonstrated any viable harm incurred if the status quo is maintained, while there

will be harm to New Jersey State Defendants if this Court were to issue injunctive relief constraining their public action and conduct (though it is unclear what that injunctive relief may entail, given that Plaintiff's requests are unclear).

Plaintiff fares no better with respect to the fourth factor. Issuing an unspecified, broad injunction regarding election procedures against New Jersey State Defendants, as Plaintiff seemingly seeks, would not further any public interest. Instead, for the above reasons, there is a strong public interest weighing against granting Plaintiff's injunctive relief. *See Messina*, 566 F. Supp. 3d at 250 (denying request for preliminary injunction and holding that the public interest weighed against granting injunctive relief). In short, this Court should deny Plaintiff's MPI, as she has failed to meet the elements to properly obtain preliminary injunctive relief.

## CONCLUSION

For the above reasons, as well as those set forth in the New Jersey State Defendants' opening brief, this Court should grant their motion to dismiss, thereby dismissing all claims against them with prejudice. Moreover, this Court should deny Plaintiff's MPI because she has not averred legitimate claims in her pleading to warrant any relief, nor has she established the required factors sufficient to obtain preliminary injunctive relief. I thank Your Honor for your time and attention to this matter.

Respectfully submitted,

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY

By: _____
Michael R. Sarno
Deputy Attorney General

cc: Plaintiff pro se, Mary B. Logan (via the CM/ECF system)
All counsel of record (via the CM/ECF system)