# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MARY BASILE LOGAN,<br><br>            Plaintiff,<br><br>   v.<br><br>MERRITT GARLAND, ET AL.,<br><br>            Defendants | Civil Action No.: 3:24-CV-00040-ZNQ-TJB |

### DEFENDANT UNITED HEALTHCARE SERVICES, INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Amanda L. Genovese
Robert T. Szyba
Amanda M. Williams
Seyfarth Shaw LLP
620 Eighth Avenue
New York, New York  10018
(212) 218-5500
agenovese@seyfarth.com
rszyba@seyfarth.com
amwilliams@seyfarth.com

*Attorneys for Defendant United HealthCare Services, Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    PRELIMINARY STATEMENT ............................................................... 1

II.    FACTUAL BACKGROUND ................................................................... 2

III.    PROCEDURAL HISTORY .................................................................... 3

IV.    LEGAL ARGUMENT ............................................................................. 3

       1.    Plaintiff's Opposition is Untimely and Should Not be Considered. ........... 3

       2.    Plaintiff Cannot Allege New Facts in her Opposition to the Motion to Dismiss ...................................................................................... 4

           a.    Plaintiff's FAC Should be Dismissed in its Entirety for the reasons identified in the Motion to Dismiss. ............................... 6

           b.    Plaintiff cannot establish a Violation of Law under either the Take Care Clause or the Treason Clause of the United States Constitution .................................................................. 6

           c.    There is no private cause of action for federal criminal statutes. ... 7

       3.    The FAC Must Be Dismissed Under FRCP 12(b)(1) Because Plaintiff Lacks Standing ............................................................................ 7

V.    CONCLUSION ...................................................................................... 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Abadi v. Target Corp.*,
　No. 23-cv-1050, 2023 WL 4045373 (3d Cir. June 16, 2023)...................................................4

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)...........................................................................................................4

*Bates v. Laskiewicz*,
　No. 10-2237, 2011 WL 1447741 (D.N.J. Apr. 14, 2011).........................................................4

*In re Burlington Coat Factory*,
　114 F.3d 1410 (3d Cir. 1997)..............................................................................................5

*Defreitas v. Montgomery Cty. Corr. Facility*,
　525 F. App'x 170 (3d Cir. 2013) .........................................................................................6

*Frederico v. Home Depot*,
　507 F.3d 188 (3d Cir. 2007)................................................................................................5

*Goncalves v. Well Path Med. Dep't*,
　No. 22-6730, 2024 WL 278606 (D.N.J. Jan. 24, 2024)...........................................................6

*Harvey v. Plains Twp. Police Dep't*,
　635 F.3d 606 (3d Cir. 2011)................................................................................................6

*Jackson v. Bolandi*,
　No. 18-17484, 2020 WL 255974 (D.N.J. Jan. 17, 2020)..........................................................7

*Kinch v. Caulfield*,
　No. 2:23-cv-02076, 2024 WL 1653667 (D.N.J. Apr. 17, 2024)................................................5

*Knopick v. UBS Fin. Servs., Inc.*,
　121 F. Supp. 3d 444 (E.D. Pa. 2015) ...................................................................................5

*Lopez v. Andrews*,
　C No. 23-01131, 2023 WL 4580410 (D.N.J. July 18, 2023).....................................................8

*Marino v. Westfield Bd. of Educ.*,
　No. 16-00361, 2017 WL 216691 (D.N.J. Jan. 18, 2017)..........................................................5

*Potter v. Newkirk*,
　No. 17-08478, 2020 WL 6144756 (D.N.J. Oct. 20, 2020) .......................................................5

*Pue v. N.J. Dep't of Labor*,
No. 23-855, 2023 WL 5671561 (D.N.J. Sept. 1, 2023) .........................................................5

*United States SBA v. Herbst*,
No. 08-01962, 2011 WL 5526057 (D.N.J. Nov. 14, 2011) ...................................................4

*Weeks v. Bowman*,
No. 16-9050, 2017 WL 557332 (D.N.J. Feb. 10, 2017) ........................................................7

*Pennsylvania ex rel. Zimmerman v. PepsiCo*,
836 F.2d 173 (3d Cir. 1988)...................................................................................................4

**Statutes**

18 U.S.C. § 1001 ..........................................................................................................................7

18 U.S.C. § 2384 ..........................................................................................................................7

18 U.S.C. § 2385 ..........................................................................................................................7

42 U.S.C. § 1983 .......................................................................................................................6, 7

**Other Authorities**

Fed. R. Civ. P. 8(a) ......................................................................................................................1

Fed. R. Civ. P. 9(b) ......................................................................................................................5

Fed. R. Civ. P. 12 ...........................................................................................................1, 3, 4, 5, 7

Local Rule 6.1 ..............................................................................................................................4

Local Rule 7.1 ..............................................................................................................................4

Pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), Defendant United HealthCare Services, Inc. ("United"), by its undersigned attorneys, respectfully submits this reply memorandum of law in support of its Motion to Dismiss (ECF No. 76) the First Amended Complaint (ECF No. 45, the "FAC") of Plaintiff Mary Basile Logan  ("Plaintiff") in its entirety and with prejudice.

## I.    PRELIMINARY STATEMENT

Despite the purported new allegations in Plaintiff's Opposition to Defendant United's Motion to Dismiss, Plaintiff's claims remain legally and factually deficient, and must be dismissed. As was true with the FAC, Plaintiff's Opposition to Defendant's Motion to Dismiss makes bare, unsupported, allegations that United engaged in treason to these United States, knowingly colluded with foreign nations, usurped Constitutional protections, participated in economic espionage, and makes unintelligible claims about United's role in the development of the life-saving COVID-19 vaccine. The allegations Plaintiff lodges in her Opposition are not based in fact, and contain dangerous and harmful rhetoric about Defendant United.

Despite the underlying substantive issues identified in Plaintiff's Opposition, her response suffers from two significant procedural defects as well. First, Plaintiff's Opposition to this motion was untimely. Her response to the Motion to Dismiss was due on June 17, 2024, and was not submitted until June 18, 2024. Even in light of her *pro se* status, this Court should decline to consider her responsive papers for being untimely. Next, Plaintiff's Opposition purports to inappropriately introduce additional factual claims outside of her FAC. This is plainly inappropriate, and Defendant requests that this Court decline to consider any such extraneous factual assertions.

As to Plaintiff's purported arguments, she fails to rebut a single argument put forth by Defendant in its moving papers. Instead, the Opposition appears to be a weak attempt to defame and disparage United. She fails to explain how or why she can bring suit against United, a non-

governmental agency, for violations of the United States Constitution, how she is able to bring suit against United for criminal statutory violations, and how she has standing in this matter. In fact, despite the bluster in Plaintiff's Opposition, her claims remain exactly as they are in her FAC, and remain just as poorly plead and unsupported.

Ultimately, Plaintiff's Opposition to United's Motion to Dismiss remains factually deficient, and still contains legally incognizable claims. Even in light of the deference *pro se* litigants are afforded, Plaintiff's FAC must be dismissed, with prejudice.

## II.    FACTUAL BACKGROUND

The FAC was an incomprehensible recitation of unconnected conspiracy theories and unsupported allegations against the over fifty Defendants. Plaintiff's Opposition to United's Motion to Dismiss remains a baseless attack, this time directed to United specifically.

As will be explained below, none of the additional factual assertions Plaintiff makes in her Opposition are properly before this Court. Plaintiff has had not one, but two opportunities to file a Complaint before this Court, and her failure to include the basis of her claims in either her Original Complaint or her First Amended Complaint cannot be corrected at this late stage.

The allegations that Plaintiff makes in her Opposition are illogical at best, and a meritless attack containing dangerous accusations against not only United but several other individuals and entities at worst. For example, Plaintiff claims that Defendants have "align[ed] their loyalty and allegiance to that of foreign nation-states." (Opp. 5.) While it is not clear, Plaintiff appears to make allegations that United is somehow involved in "the advancement of epigenetics," and somehow involved in a broad, multi-national election fraud scheme. (Opp. 12.) Plaintiff's Opposition makes references to the requirements of "Sharia Law," and claims that United's "malevolent actions seek to sever Plaintiff from her Creator, God, by subversion and force." (Opp. 13.) Plaintiff also claims that United has, "through subversive ends through covert

negotiations in and among foreign nation-states, corporations, and NGOs," engaged in "heinous, unconscionable actions of sedition," "colluded with foreign nation-states ... in the orchestration and advocacy for the overthrow of the Government of the United States by force and violence" and that United has attempted to usurp the Executive branch. (*Id*.)

The remainder of Plaintiff's arguments in her Opposition are so inflammatory, depraved, and unconscionable as to not warrant repeating here. Needless to say that Plaintiff makes reprehensible allegations against United, without support, in her attempts to push forward her claims.

Plaintiff's Opposition does not purport to bring forth any new legal claims, and accordingly, she still brings suit against United for violations of the take care clause, treason, and seditious conspiracy, and fraudulent misrepresentations.

Ultimately, Plaintiff's Opposition here fails to make *any legal arguments* to rebut Defendant's motion to dismiss. Accordingly, Plaintiff has still failed to state a claim as required by Fed. R. Civ. P. 12(b)(6) or plead sufficient facts to demonstrate standing under Fed. R. Civ. P. 12(b)(1), and accordingly, the FAC must be dismissed as it pertains to United.

### III.    PROCEDURAL HISTORY

Defendant United relies on and incorporates wholly its recitation of the procedural history in this matter from its moving brief. (ECF No. 76.)

Defendant United filed a Motion to Dismiss Plaintiff's First Amended Complaint on May 28, 2024. Plaintiff filed her Opposition on June 18, 2024. (ECF No. 94.)

### IV.    LEGAL ARGUMENT

### 1.    Plaintiff's Opposition is Untimely and Should Not be Considered.

Defendants filed their motion on May 28, 2024. This Court then set the return date of Plaintiff's motion for July 1, 2024, making any opposition to the Motion due on June 17, 2024.

Plaintiff, upon information and belief, did not request or obtain any extension of time to reply to the motion to dismiss. Instead, on June 18, 2024, Plaintiff filed an untimely opposition to the motion, without leave of this Court.

In accordance with this Court's jurisprudence, and with Local Rules 6.1 and 7.1, this Court should disregard Plaintiff's untimely Opposition and consider Defendant's Motion as unopposed. *See United States SBA v. Herbst*, Civil Action No. 08-01962, 2011 U.S. Dist. LEXIS 130977, at *5 (D.N.J. Nov. 14, 2011) (declining to consider an untimely opposition).

**2.    Plaintiff Cannot Allege New Facts in her Opposition to the Motion to Dismiss.**

To survive a motion to dismiss under FRCP 12(b)(6), "a [FAC] must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *Abadi v. Target Corp.*, No. 23-cv-1050, 2023 WL 4045373, at *1 (3d Cir. June 16, 2023). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (internal citation and internal quotations omitted).

The law is clear that a motion to dismiss is to be decided on the factual allegations identified in the Complaint, and not in other extraneous submissions. In fact, "it is improper to use an opposition to a motion to dismiss to amend a complaint." *Bates v. Laskiewicz*, No. 10-2237, 2011 WL 1447741, at *2 (D.N.J. Apr. 14, 2011). *See Pennsylvania ex rel. Zimmerman v. PepsiCo*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Here, Plaintiff has submitted a 23 page document with new allegations, naming new parties, and new connections, as well as submitting three additional documents in support of her Opposition. This Court cannot consider such extraneous information.

First, this Court cannot consider the additional documents submitted with Plaintiff's Opposition. *See Kinch v. Caulfield*, No. 2:23-cv-02076, 2024 WL 1653667, at *3 (D.N.J. Apr. 17, 2024) ("The Court will not consider the additional documents in the opposition for the purpose of this motion to dismiss, as they were not included in the Complaint."). *Potter v. Newkirk*, No. 17-08478, 2020 WL 6144756, at *3 (D.N.J. Oct. 20, 2020) (quoting *In re Burlington Coat Factory*, 114 F.3d 1410, 1426 (3d Cir. 1997)) (noting that "a court generally may not 'consider matters extraneous to the pleadings.'").

Further, Plaintiff's entire Opposition consists of facts and information not plead in the Complaint. It has long been true that information and facts provided in Opposition cannot be considered by this Court. *See Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (noting that courts "do not consider after-the-fact allegations in determining the sufficiency of [a] complaint under Rules 9(b) and 12(b)(6)"); *Marino v. Westfield Bd. of Educ.*, No. 16-00361, 2017 WL 216691, at *7 (D.N.J. Jan. 18, 2017) ("Plaintiff raises several new facts in its brief that purport to establish actual malice, but these new facts can have no place in the Court's 12(b)(6) analysis."); *Pue v. N.J. Dep't of Labor*, No. 23-855, 2023 WL 5671561, at *4 n.8 (D.N.J. Sept. 1, 2023) ("While the Court construes Plaintiff's Amended Complaint liberally, the Court cannot consider new facts presented for the first time in opposition."); *Knopick v. UBS Fin. Servs., Inc.*, 121 F. Supp. 3d 444, 461 (E.D. Pa. 2015) (noting that "it is improper to use an opposition to a motion to dismiss to amend a complaint").

Accordingly, this Court should not consider any additional documentation or facts submitted for the first time in Opposition.

        **a.**      **Plaintiff's FAC Should be Dismissed in its Entirety for the reasons identified in the Motion to Dismiss.**

As described above, Plaintiff's Opposition contains absolutely no additional legal arguments in support of her claim. She cites to no additional case law, makes no arguments aside from unsupported conclusory statements, and generally fails to oppose United's Motion to Dismiss in any way. Accordingly, this Court should dismiss Plaintiff's Complaint as to United, for the reasons set out in United's moving brief and summarized below.

        **b.**      **Plaintiff cannot establish a Violation of Law under either the Take Care Clause or the Treason Clause of the United States Constitution.**

United incorporates by reference the same arguments it made in its moving brief. (ECF No. 76). In sum, Plaintiff alleges that United has violated two Constitutional provisions: namely the Take Care Clause and the Treason Clause of the United States constitution. These claims must fail for the reasons identified in United's moving brief.

First, Plaintiff cannot and does not identify how United, a non-governmental entity, can be held liable for violations of the United States Constitution. A plaintiff may bring a cause of action for the violation of certain constitutional rights under 42 U.S.C. § 1983. Plaintiff has failed to explain how she can bring a viable cause of action against United, a non-governmental agency. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (internal citations omitted).

Plaintiff has also failed to establish a viable cause of action against a private party based on these facts. Further, "a healthcare provider is subject to liability under Section 1983 only if it "had a policy or custom that caused [the] deprivation of a constitutional right." *Defreitas v. Montgomery Ctny. Corr. Facility*, 525 F. App'x 170, 176 (3d Cir. 2013); *accord Goncalves v. Well Path Med. Dep't*, No. 22-6730, 2024 WL 278606, at *3 (D.N.J. Jan. 24, 2024). Plaintiff

points to nothing, in either her FAC or her Opposition, that would support that United had any such policy or custom.

Accordingly, claim asserted by Plaintiff under 42 U.S.C. § 1983 must be dismissed with prejudice in its entirety.

### c.    There is no private cause of action for federal criminal statutes.

Plaintiff's Opposition further fails to explain how Plaintiff can bring suit under federal criminal statutes that do not have a private right of action. Plaintiff brings suit pursuant to both 18 U.S.C. § 1001 and under 18 U.S.C. 2384 and 2385 for purported "Seditious Conspiracy." These claims must fail as a matter of law for the reasons explained in United's moving brief, which is incorporated by reference. Namely, the federal criminal statutes that Plaintiff cites do not contain a private right of action in a civil case. *See, e.g., Weeks v. Bowman,* No. 16-9050, , 2017 WL 557332, at *2 (D.N.J. Feb. 10, 2017); *Jackson v. Bolandi,* No. 18-17484, 2020 WL 255974, at *6 (D.N.J. Jan. 17, 2020) (dismissing the plaintiff's criminal causes of action because the criminal statutes Plaintiff pursues did not cause a private right of action).

### 3.    The FAC Must Be Dismissed Under FRCP 12(b)(1) Because Plaintiff Lacks Standing.

Finally, Plaintiff puts forth no acceptable evidence or argument that she has standing to bring suit against United, and accordingly United incorporates by reference the arguments made in its moving papers.

Ultimately, Plaintiff's FAC should be dismissed because she has failed to plead an "injury in fact" or a likelihood of imminent future harm warranting an relief. Plaintiff here does not demonstrate any injury that she suffered in the FAC, and makes no argument in support in her Opposition. Even if Plaintiff had alleged an injury, she certainly cannot and has not demonstrated that any such injury can be traceable to United. *See Lopez v. Andrews,* No. 23-

01131, 2023 WL 4580410, at *2-3 (D.N.J. July 18, 2023) (granting the defendants' motion to dismiss and noting that "when viewing the facts in the light most favorable to Plaintiff, the facts set forth in the Complaint do not demonstrate an injury in fact," and "[t]he Complaint … does not allege that Plaintiff was personally injured in any concrete and particularized way.").

Because it is not clear what harm Plaintiff has suffered, there is no evidence that this Court can redress her purported injury.

## V.    CONCLUSION

For the foregoing reasons, United respectfully requests that this Court dismiss the FAC in its entirety and with prejudice.

Date: June 24, 2024

Respectfully submitted,

SEYFARTH SHAW LLP

By  /s/ Amanda L. Genovese
　　 Amanda L. Genovese
　　 Robert T. Szyba
　　 Amanda M. Williams
　　 Seyfarth Shaw LLP
　　 620 Eighth Avenue, 32nd Floor
　　 New York, New York 10018-1405
　　 (212) 218-5500
　　 agenovese@seyfarth.com
　　 rszyba@seyfarth.com
　　 amwilliams@seyfarth.com

　　 *Attorneys for Defendant United HealthCare Services, Inc.*

8