

**Seyfarth Shaw LLP**

620 Eighth Avenue
New York, New York 10018
T (212) 218-5500
F (212) 218-5526

rszyba@seyfarth.com
T (212) 218-3351

www.seyfarth.com

September 17, 2024

**VIA ECF**

Hon. Zahid N. Quraishi, U.S. District Judge
U.S. District Court for the District of New Jersey
402 East State Street, Court Room 7W
Trenton, NJ 08608

    Re:   **_Mary Basile Logan v. Merritt Garland, et al._**
            Civil Action No. 3:24-cv-00040

Dear Judge Quraishi:

    This firm represents Defendant United HealthCare Services, Inc. ("United") in the above mentioned matter.

    Plaintiff Mary Basile Logan ("Plaintiff") filed her First Amended Complaint ("SAC") on March 22, 2024. (ECF No. 45.) Since that time, several of the approximately fifty (50) defendants have responded to Plaintiff's SAC either by way of Motion or Answer. United submitted its Motion to Dismiss on May 28, 2024 for this Court's consideration. (ECF No. 76.)

    Since United has made its appearance in this matter, Plaintiff has filed no fewer than three Preliminary Injunctions and/or Requests for Restraining Orders that request relief from a myriad of alleged issues. (ECF Nos. 73, 103, 105.) While the nature of the relief Plaintiff requests remains as unclear in her multiple Preliminary Injunctions as it did in her SAC, it appears that Plaintiff is again making specious allegations of election interference, corporate fraud, and miscellaneous constitutional violations.

    As an initial matter, Plaintiff's Motions for Preliminary Injunction and/or Restraining Order appear to be procedurally deficient and fail to comply with the Local Civil Rules. For example, despite the Local Civil Rules making clear that a party's brief "shall not exceed 40 ordinary typed or printed pages," each of Plaintiff's motions are well over this page limit. L.Civ.R. 7.1(d)(2). It does not appear that Plaintiff has requested leave from Court to file these overlength briefs.

    Further still, Plaintiff has failed to file a Notice of Motion pursuant to Local Civil Rule 7.1(b)(2).

    Regardless of these procedural deficiencies, United writes the Court to draw attention to the fact that Plaintiff make nearly no mention of United in her moving papers, fails to tie United to any alleged harm, and makes no specific requests as to United.



In short, Plaintiff's moving papers are silent as to why relief against United by way of Preliminary Injunction or Restraining Order is appropriate. Accordingly, as Plaintiff does not appear to be seeking relief from United, United takes the position that no substantive response is necessary to Plaintiff's motions. However, should the Court wish to see additional briefing on this topic, United would be happy to prepare a response.

We thank Your Honor for the Court's attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ Robert Szyba*

Robert Szyba

cc: All counsel of record (via ECF)