

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8973
September 19, 2024

**BY ECF**
Hon. Zahid N. Quraishi
United States District Court
District of New Jersey
Clarkson S. Fisher Building
402 East State Street, Courtroom 4W
Trenton, New Jersey 08608

Re: *Logan v. Garland, et al.*, No. 24-cv-00040 (ZNQ-TJB)

Dear Judge Quraishi:

This Office represents Defendants Kathy Hochul, in her official capacity as Governor of New York, and Letitia James, in her official capacity as Attorney General of the State of New York (collectively, the "New York State Defendants") in this action. I write in response to Plaintiff's purported "motions" and "supplements" for a preliminary injunction (ECF Nos. 103, 105, 106 and 108). Plaintiff's request for a preliminary injunction[1] should be denied for both the procedural and substantive reasons set forth below.

A. *Plaintiff's Motions Are Procedurally Improper*

Plaintiff's motions for a preliminary injunction are procedurally improper. Plaintiff was required to seek emergency relief, i.e., a preliminary injunction and/or a temporary restraining order, by proposed order to show cause. *See* Local Rule 65.1. Plaintiff has not complied with this requirement.[2]

Additionally, even if accepted in its "motion" form, Plaintiff has blatantly disregarded the clear limits to the allowable length of motion papers. Plaintiff's prolix and rambling moving papers are 114 pages (*see* ECF No. 103 at 7-121) and 84 pages (ECF No. 105 at 7-91, and the "supplements" to her papers are 110 pages (60 pages (ECF No. 106 at 5-65) and 50 pages (ECF No. 108 at 7-57)), excluding exhibits. If the Court were to consider these filings together, as Plaintiff seems to intend, her motion papers total 308 pages. Local Rule 7.2 directs that motion briefs can be no more than 40 pages if using Times New Roman font size 14, or 30 pages if using

---

[1] As much as can be determined from the rambling and incoherent statements in the two motions, both motions appear repetitive of each other and present a similar narrative and request for relief.

[2] It appears that these motions were automatically calendared despite not being brought in the proper and required form. *See* Local Rule 65.1. In an abundance of caution, the New York State Defendants nevertheless submit this letter in opposition to Plaintiff's improper motions for a preliminary injunction.

Hon. Zahid N. Quraishi    Page 2
September 19, 2024

Times New Roman font size 12. *See* Local Rule 7.2. Plaintiff's papers are approximately ten times longer than should be permitted and she has not sought, let alone received, permission of the Court to file papers of this excessive length.

Furthermore, Plaintiff did not provide notice to this Office that she would be seeking emergency relief and she has not provided a reason in her papers why she would have been excused from notifying opposing counsel of her intent to seek emergency relief.

Although a *pro se* plaintiff is given a certain degree of flexibility to present their case, a *pro se* plaintiff is still bound by the rules of this Court. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("Yet there are limits to our procedural flexibility. … At the end of the day, [a pro se] cannot flout procedural rules—they must abide by the same rules that apply to all other litigants."); *McKee v. Salamon*, No. 4:22-CV-01240, 2023 WL 158223, at *1 (M.D. Pa. Jan. 11, 2023) ("Because [pro se plaintiff] has failed to comply with the Local Rules of Court and cannot make the difficult showing required to establish a right to a preliminary injunction, the Court will deny his various motions."). Accordingly, Plaintiff's improper motions for a preliminary injunction should be denied.

### B. Plaintiff Does Not Meet the Requirements to be Granted a Preliminary Injunction

Even if the Court were to entertain Plaintiff's improper motions, they would nonetheless fail on the merits against the New York State Defendants. Plaintiff's request for a preliminary injunction must be denied as she has failed to meet any of the requirements to be granted such relief. "To obtain a preliminary injunction, the moving party must establish: (1) a likelihood of success on the merits; (2) that [she] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Lane v. New Jersey*, 725 F. App'x 185, 187 (3d Cir. 2018) (internal quotations omitted). The Third Circuit has further emphasized that a preliminary injunction is "an extraordinary remedy and should be granted only in limited circumstances" *id.*, and the "burden lies with the plaintiff to establish every element in its favor, or the grant of a preliminary injunction is inappropriate." *P.C. Yonkers, Inc. v Celebrations the Party and Seasonal Superstore, LLC.*, 428 F3d 504, 508 (3d Cir. 2005).

First, Plaintiff is not likely to succeed on the merits as to the New York State Defendants. Moreover, as also set forth in their motion to dismiss, Plaintiff cannot succeed on her claims – whatever they may be – against the New York State Defendants because this Court does not have jurisdiction over the New York State Defendants. *See* ECF No. 53.[3] Even setting aside this fatal jurisdictional problem, it is unclear what Plaintiff's particular claims are against the New York State Defendants. Construing Plaintiff's papers generously, she appears to be generally alleging

---

[3] The New York State Defendants incorporate by reference and reiterate the reasons that they be dismissed from this action that were set forth in their motion to dismiss and do not concede by this response to Plaintiff's motion that this Court has jurisdiction over them. Moreover, if their motion to dismiss for lack of jurisdiction is denied, they expressly reserve their right to move to dismiss pursuant to Rule 12(b)(6).

some form of election interference and that an injunction - of unspecified scope and application - would somehow ensure that the 2024 presidential election would be fairly administered. *See, e.g.*, ECF No. 103 ¶¶ 3-5, "relief" ¶¶ 1-2; ECF No. 105 ¶¶ 3-5, 201-203. However, as explained in their motion to dismiss, the New York State Defendants do not oversee and are not in control of elections in New York State or elsewhere. *See* ECF No. 53 at 9. Additionally, under any reading or interpretation of the papers, Plaintiff's relief based on a claim of genocide (ECF No. 103 "relief" ¶ 4; ECF No. 105 ¶ 205), a "claim of crimes against humanity, S. 1346; peonage, involuntary servitude; trafficking persons; sex trafficking of children; extermination; measures intended to prevent births as part of a widespread and systematic attack against the civilian population, with foreknowledge of the attack" (ECF No. 103 "relief" ¶ 5; ECF No. 105 ¶ 206) or a claim of treason (ECF No. 103 "relief" ¶ 7; ECF No. 105 ¶ 208) are basically incomprehensible and, in any event, lack any possible connection to the New York State Defendants. Therefore, Plaintiff cannot succeed on her claims against the New York State Defendants, however interpreted or construed.

Second, Plaintiff has not shown irreparable harm, let alone irreparable harm that is alleged to be caused by the New York State Defendants. Indeed, to the extent Plaintiff's basis for this injunctive relief is related to her right to vote, Plaintiff claims to be a resident of New Jersey, not New York. *See* ECF No. 45 (Amended Complaint) ¶ 60. Accordingly, she would not be eligible to vote in New York.

Plaintiff has also not alleged anything more than a fear that voting procedures will be corrupted during this election period. This is insufficient to show irreparable harm, as it is required that "more than a risk of irreparable harm must be demonstrated," and that there must be a "presently existing actual threat; [an injunction] may not be used simply to eliminate a possibility of a remote future injury...." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994).

Furthermore, "many courts have found that a delay of just weeks or months precludes a showing of irreparable harm." *Logic Tech. Dev. LLC v. Levy*, No. CV1704630 (MAS)(TJB), 2021 WL 3884287, at *3 (D.N.J. Aug. 31, 2021). Plaintiff filed the first version of her complaint in the related action in October 2023. *See* Docket No. 23-cv-21174. Since then, Plaintiff sought to amend that initial complaint, voluntarily dismissed that action, commenced this action in January 2024, amended her complaint in March 2024, moved for a preliminary injunction in May 2024, but only filed these motions for injunctive relief in September 2024 – approximately nine months after commencing this action and eleven months after commencing her initial action. Plaintiff's delay demonstrates a lack of urgency to the requested relief that is an independent basis to deny her request for a preliminary injunction.

Third, the equities and the public interest weigh against granting Plaintiff's request for a preliminary injunction. Disrupting the anticipated and understood procedures for the upcoming elections based on nothing more than convoluted conspiracy theories would likely cause confusion to the public and undermine the public's trust in the election process. This strongly weighs against granting a preliminary injunction.

Thank you for your attention to this matter.

Respectfully submitted,

Hon. Zahid N. Quraishi  Page 4
September 19, 2024

*/s/ Frances Polifione*
Assistant Attorney General

cc: Plaintiff, *pro se*, and all counsel of record, via ECF