# BROWN & CONNERY, LLP
ATTORNEYS AT LAW
360 NORTH HADDON AVENUE
WESTMONT, NEW JERSEY 08108
(856) 854-8900

Susan M. Leming, Esq.
sleming@brownconnery.com

September 20, 2024

**Via CM/ECF**
Hon. Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Court Room: 4W
Trenton, New Jersey 08608

  Re: **Mary Basile Logan v. Merrick Garland, et al.**
     **Case No.: 3:24-cv-00040-ZNQ-TJB**

Dear Judge Quraishi:

  This office represents Defendant George E. Norcross, III ("Mr. Norcross") in the above matter. Please accept this letter brief in opposition to *pro se* Plaintiff's "Motion for Preliminary Injunction Hearing Date, Preliminary Injunction, and Permanent Restraining Order" filed on August 30, 2024 and September 4, 2024. (ECF No. 103 at p. 4; ECF No. 105 at p. 6.)[1]  For the reasons set forth herein, Mr. Norcross respectfully requests that the Court deny Plaintiff's motion for preliminary injunctive relief because her application is both procedurally and substantively deficient. In addition, Mr. Norcross respectfully requests that the Court disregard Plaintiff's "supplemental" filings in support of her Motion for Preliminary Injunction filed on September 9, 2024, and September 17, 2024, which collectively set forth 355 pages of additional argument and exhibits. (ECF No. 106; ECF No. 108.)[2]

  By way of background, Plaintiff has filed suit against 51 Defendants including the current President and three former Presidents. (ECF Nos. 1, 45.) Plaintiff has used this litigation as an opportunity to set forth various conspiracy theories related to the September 11, 2001 terrorist attacks, the Great Recession, the Pandemic, the 2016 presidential election, the 2020 presidential election, and what Plaintiff characterizes as the allegedly corrupt relationship between government and the business community.

---

[1] Plaintiff refiled a second, lengthier version of her Motion for Preliminary Injection on September 4, 2024, which extends her brief from 150 paragraphs to 209 paragraphs. (ECF No. 105.) Mr. Norcross will refer to Plaintiff's refiled version submitted on September 4, 2024 in this brief.

[2] Plaintiff also filed a letter to the Court on September 9, 2024 in further support of her request for a restraining order as to Defendants James Pettinger, Lisa Sella, and Robert Jungle. (ECF No. 107.) Plaintiff's letter is not addressed in this submission as it does not pertain to Mr. Norcross.

September 20, 2024
Page 2

Plaintiff previously filed a Motion for Preliminary Injunction on May 20, 2024 ("Plaintiff's First Motion"), which vaguely claimed that "[p]reliminary injunctive relief is necessary to ensure that Plaintiff's fundamental Right to vote, from which all other Rights enumerated are secure, remains sovereign." (ECF No. 73 at p. 8, ¶6.) Mr. Norcross opposed that motion, and incorporates those arguments herein by reference. (ECF No. 85.) That motion is currently pending before this Court. As set forth fully below, Plaintiff's latest Motion for Preliminary Injunction ("Plaintiff's Second Motion") should also be denied for the same reasons as her First Motion as she has failed to comply with the local civil rules and she is not entitled to injunctive relief as a matter of law.

### I. Plaintiff's Second Motion Fails To Comply With The Local Civil Rules.

Like Plaintiff's First Motion, Plaintiff's Second Motion must be denied because she continues to disregard the rules of this Court. Plaintiff's moving brief is 115 pages long, 85 pages longer than the page limit for 12-point font. *See* L. Civ. R. 7.2(b); ECF No. 105. Further, Plaintiff never requested nor obtained permission from the Court to file an overlength brief. *See* L. Civ. R. 7.2(b) ("Briefs of greater length will only be accepted if special permission of the Judge is obtained prior to submission of the brief.") For this reason alone, Plaintiff's Second Motion should be denied as she should not be allowed to continually violate the Court rules causing prejudice to Defendants, even if Plaintiff is proceeding *pro se*.

Ten days after Plaintiff filed her second motion for injunctive relief on August 30, 2024, Plaintiff filed a "supplement" setting forth an additional 60 pages of argument and 93 pages of exhibits. (ECF No. 106, pp. 6-158.) On September 17, 2024, Plaintiff filed a second "supplement" consisting of an additional 52 pages of argument and 151 pages of exhibits (ECF No. 108, pp. 6-209.) These supplemental filings are not permitted under the Local Civil Rules, which only entitle Plaintiff to file a moving brief and reply brief if opposition is filed. *See* L. Civ. R. 7.1. Accordingly, the Court should disregard Plaintiff's supplemental filings of September 9, 2024, and September 17, 2024.

### II. Plaintiff Is Not Entitled To Injunctive Relief.

Preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426 (3d Cir. 1994) (internal quotation marks and citation omitted); *Gov't Emps. Ins. Co. v. Adams Chiropractic Ctr. P.C.*, 2020 U.S. Dist. LEXIS 112931, at *2 (D.N.J. June 29, 2020) (internal quotation marks and citation omitted) ("Injunctive relief is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion").

When considering whether to grant injunctive relief, the Court must determine whether the movant has demonstrated: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in

September 20, 2024
Page 3

even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The party seeking an injunction "must meet the threshold for the first two 'most critical' factors." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* As set forth fully below, Plaintiff's Second Motion should be denied because she cannot establish a right to preliminary injunctive relief by clear and convincing evidence.

      a.     **Plaintiff Fails To Prove Immediate And Irreparable Harm.**

Mr. Norcross respectfully requests that the Court deny Plaintiff's Second Motion because Plaintiff cannot establish that she will suffer irreparable harm in the absence of an injunction. "Demonstrating irreparable harm is perhaps the single most important prerequisite for issuing a preliminary injunction." *H-1 Auto Care, LLC v. Lasher*, No. 21-18110, 2022 U.S. Dist. LEXIS 192328, *11 (D.N.J. Oct. 21, 2022). To establish irreparable harm, a "plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). "The preliminary injunction must be the only way of protecting the plaintiff from harm." *Id.* The party seeking injunctive relief "has the burden of establishing a clear showing of immediate irreparable injury." *Tracey v. Recovco Mortg. Mgmt. LLC*, 451 F. Supp. 3d 337, 344 (D.N.J. 2020).

Plaintiff cannot establish irreparable harm because she waited approximately eight months before she filed the instant motion. As set forth in Mr. Norcross' opposition to Plaintiff's first motion, courts in this District hold that a delay in moving for preliminary injunctive relief, even a few weeks or months, "knocks the bottom out of any claim of immediate and irreparable harm." *Pharmacia Corp. v. Alcon Lab'ys, Inc.*, 201 F. Supp. 2d 335, 383 (D.N.J. 2002); ECF No. 85 at p. 3.

Plaintiff commenced this action on January 4, 2024. Subsequently, multiple Defendants including Mr. Norcross moved to dismiss Plaintiff's original Complaint. In response, Plaintiff filed a motion to amend, which was granted. On March 22, 2024, Plaintiff filed a 126-page Amended Complaint, with approximately 800 pages of exhibits. Once again, multiple Defendants including Mr. Norcross moved to dismiss Plaintiff's amended pleading. Those motions are still pending, and Plaintiff did not timely oppose Mr. Norcross's motion. Plaintiff did not file her second preliminary injunction motion until August 30, 2024—almost eight months after she commenced this litigation. Accordingly, Plaintiff's own delay in filing this motion precludes the entry of injunctive relief.

Furthermore, Plaintiff's Second Motion fails to set forth any specific, irreparable harm. Plaintiff suggests, without any supporting evidence, that her right to vote in the upcoming election in November will be harmed. (ECF No. 105 at ¶5.) Plaintiff fails to explain how the

BROWN & CONNERY, LLP

September 20, 2024
Page 4

Defendants, and specifically Mr. Norcross, will interfere with her right to vote and what relief she seeks. Not only is this claim meritless but it is entirely speculative and cannot form the basis for a finding of injunctive relief. *See Adams v. Freedom Forge Corp.*, 204 F.3d 475, 487 (3d Cir. 2000) (emphasis omitted) (internal quotation marks and citation omitted) (stating the "dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat"); *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994) (stating there must be a clear showing of immediate irreparable injury, or a presently existing actual threat, and not simply the possibility of a remote future injury). As set forth in Mr. Norcross' opposition to Plaintiff's First Motion, Plaintiff has not presented any evidence establishing that Mr. Norcross will prevent Plaintiff from exercising her right to vote.

The remaining paragraphs in Plaintiff's Second Motion are replete with allegations of past harm, such as that Defendants gave "aid and comfort to enemies of the United States," and "manipulate[ed] [the results] of the 2020 Federal election." (ECF No. 105 at ¶¶17, 100.) Plaintiff also suggests that Defendants' actions may have resulted in the inability of her son to have children because he was previously mandated by his employer to receive the COVID-19 vaccine. (ECF No. 105 at ¶133.) In addition to these claims being completely unsupported and speculative, preliminary injunctive relief cannot be issued based on past harm. *TriFound Fin., LLC v. Greenberg*, No. 1:20-cv-19303, 2021 U.S. Dist. LEXIS 10192, *13 (D.N.J. Jan. 20, 2021) ("The irreparable harm inquiry concerns threat of future harm, not past harm."). For these reasons, Plaintiff cannot establish immediate irreparable harm.

### b.     Plaintiff Fails To Establish A Likelihood Of Success On The Merits

Mr. Norcross respectfully requests that the Court deny Plaintiff's Second Motion because Plaintiff cannot establish a likelihood of success on the merits. On April 22, 2024, Mr. Norcross filed a motion to dismiss the Amended Complaint in its entirety and with prejudice, under Fed. R. Civ. P. 8(a)(2), 12(b)(1), and 12(b)(6). (ECF No. 61.) Mr. Norcross's motion was returnable on May 20, 2024. Plaintiff failed to file timely opposition. Accordingly, Mr. Norcross's motion to dismiss is unopposed and should be granted.[3]

As set forth at length in the motion, Plaintiff's Amended Complaint is frivolous, and the allegations against Mr. Norcross specious. First, Plaintiff lacks Article III standing. Plaintiff does not allege an injury in fact, let alone one that is fairly traceable to Mr. Norcross or capable of being redressed by this Court. Second, Plaintiff cannot state a cognizable claim for relief against Mr. Norcross. As best can be gleaned from the Amended Complaint, Plaintiff asserts claims against Defendants under: (1) the Take Care Clause set forth in Article II, Section 3 of the Constitution; (2) the Treason Clause set forth in Article III, Section 3 of the Constitution; and (3) various criminal statutes set forth in Title 18 of the United States Code. However, none of these sources of authority provide a private cause of action against Mr. Norcross. Simply put, Plaintiff relies on criminal statutes and constitutional provisions that cannot give rise to civil liability.

---

[3] Mr. Norcross hereby incorporates by reference his motion to dismiss the Amended Complaint as if fully set forth herein.

**BROWN & CONNERY, LLP**

September 20, 2024
Page 5

Finally, at all relevant times, Mr. Norcross was not acting under the color of state law, as required by Section 1983. He is a private citizen. For these reasons, and the reasons set forth in Mr. Norcross's motion to dismiss, Plaintiff cannot establish a likelihood of success on the merits in this action.

      c.      **The Remaining Factors Weigh Against Injunctive Relief.**

Since Plaintiff fails to establish irreparable harm or a likelihood of success on the merits, the Court need not consider the final two factors of the preliminary injunction analysis. *Leone v. Essex Cnty. Prosecutor's Off.*, 2021 U.S. Dist. LEXIS 182040, *18 (D.N.J. Sept. 23, 2021). However, as explained in Mr. Norcross' opposition to Plaintiff's First Motion, and as further argued herein, these factors also weigh strongly against injunctive relief as Plaintiff requests this Court enter an injunction of unspecified scope against 51 Defendants because she believes, among other things, she will not be able to cast a vote in the 2024 presidential election. (ECF No. 85 at p. 5.) Plaintiff's motion is frivolous as she does not present any evidence whatsoever that Defendants have infringed or will infringe on her right to vote.

Accordingly, for the reason set forth herein, in his motion to dismiss, and in his opposition to Plaintiff's First Motion for injunctive relief, and in the arguments set forth above, Mr. Norcross respectfully requests that the Court deny Plaintiff's motion for a preliminary injunction and permanent restraining order.

                                                  Respectfully submitted,
                                                  **BROWN & CONNERY, LLP**

                                                  s/ Susan M. Leming
                                                  Susan M. Leming

SML/KLL