**KMC | KING, MOENCH & COLLINS LLP**

ATTORNEYS AT LAW

| | | |
|---|---|---|
| PETER J. KING ◊ | Writer's Address: | Monmouth County Office: |
| MATTHEW C. MOENCH * | | |
| MICHAEL L. COLLINS * | 51 Gibraltar Drive, Suite 2F | 225 Highway 35, Suite 202 |
| | Morris Plains, NJ 07950 | Red Bank, NJ 07701 |
| NAKICHA T. BARR ^ | (973) 998-6860 | (732) 546-3670 |
| ROMAN B. HIRNIAK ^ | | |
| KRISHNA R. JHAVERI * + | Writer's E-Mail: | Website: |
| MARK D. TAYLOR * | mmoench@kingmoench.com | www.kingmoench.com |
| RYAN WINDELS | | |

◊ Certified by the Supreme Court of New Jersey
  as a Municipal Court Attorney
\* Also Member of the New York Bar
\+ Also Member of the Arizona Bar
^ Of Counsel

A limited liability partnership of Peter J. King, LLC,
Moench Law, LLC & Collins Law, LLC

September 20, 2024

**VIA ELECTRONIC FILING**
Honorable Zahid N. Quraishi, U.S.D.J.
Clarkson S. Fisher Federal Building and United States Courthouse
Court Room 4W
Trenton, New Jersey 08608

      **RE:   MARY BASILE LOGAN v. MERRITT GARLAND, et. al.**
            **Case No.: 3:24-CV-0400**

Dear Judge Quraishi:

      This office represents Defendants James Pittinger and Lisa Sella ("Defendants" or "Pittinger/Sella") in the above-captioned litigation. Please accept this letter brief in lieu of a more formal memorandum of law in further support of Mr. Pittinger and Ms. Sella's Motion to Dismiss Plaintiff Mary Basile Logan's ("Plaintiff") Amended Complaint, and in opposition to Plaintiff's three motions for injunctive relief, (ECF 73, 103, and 105), as well as a letter request for a restraining order against Mr. Pittinger and Ms. Sella (ECF 107).

      Plaintiff has filed a nearly never-ending stream of motions, oppositions, and

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 2

"supplemental" submissions, creating a jumble of filings that are nearly indecipherable. In reviewing the last series of motions papers, and going back over the previous filings, we find it necessary to submit this paper to respond specifically to new arguments which were embedded in Plaintiff's opposition to the Pittenger/Sella motion to dismiss not previously addressed, and to respond to a "letter request" for a restraining order against Plaintiffs.

### **Improper Request for a Restraining Order**

On September 9, 2024, Plaintiff submitted a letter seeking the "entry of a restraining order on [Pittenger and Sella] to be issued, to take effect immediately and, moreover, that they are barred from any discussion of the matter which is customary once the summons has been issued." (ECF 107).

This letter is substantively and procedurally improper, and should not even be considered by the Court. Plaintiff asserts no basis to show that she would meet the criteria for injunctive relief, nor any law that suggests that a gag order could be imposed on Defendants.

The facts set forth in support of this frivolous request indicate only that there was a problem with the Plaintiff's tax payments, which appears to have been resolved. There is nothing showing any involvement by Defendants, nor any retaliatory conduct or any other basis for relief whatsoever.

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 3

If the Court does choose to consider this frivolous and improper request, we ask that a formal briefing schedule be set forth so we can brief the issue in greater detail. However, this letter contains no certification, no notice of motion, nor any brief setting forth the legal basis for the relief sought.

**New Arguments in Opposition Brief**

In reviewing the restraining order request and the recent preliminary injunction filings, counsel became aware that embedded within were factual and legal arguments as to Defendants Sella and Pittinger in Plaintiff's "Opposition to Defendants' Consolidated Motion to Dismiss, Debbie Wasserman Schultz, James Pittinger, Lisa Sella, Christopher J. Christie, Philip D. Murphy, Tahesha Way, Judith Persichilli, Sejal Hathi, Matthew Platkin. (ECF 91).[1] Within that filing, Plaintiff raises the following new legal theories and factual allegations which are not included as part of her Amended Complaint:

> 8. The Defendants claim that the Plaintiff has no standing to bring the Motion, yet the law is quite clear, under Title 18 Section 245, the sovereign Rights of the Plaintiff are implicitly protected, the "provision prohibits using force or threat of force to willfully injure, intimidate, or interfere with 'any person because he or she has been, or in order to intimidate such persons from participating, without

---

[1] Defendants did not file a "consolidated motion." As such, it was not originally obvious to counsel that Plaintiff's "Response in Opposition to Defendants' Consolidated Motion" and exhibits, constituting of 105 pages, included specific allegations as to Pittinger/Sella. In reviewing the recent filings, and in going back through the filings, Defendants became aware of this filing and its allegations as to Pittinger/Sella. If a formal request to file this reply on this issue is required, Defendants request that the Court consider this request here and grant it.

discrimination on account of race, color, religion or national origin' in voting or voting related activities." In the Defendants' capacity, they personally injured her sovereign Rights, absolutely and irrevocably with total disregard expounded upon herein.

9. The Defendants claim that the Plaintiff is seeking "extraordinary" (Doc. 81, ¶1) relief in her Amended Complaint before the Honorable Court. Plaintiff states that her Rights as a sovereign citizen, resolving to her Creator, God and that of the government of these United States in accordance with Natural Law, is rightly placed. Moreover, Plaintiff states that the sovereignty of these United States is no less her interest as too it should be the Defendants. To that end, and unique to the Defendants, Plaintiff stated at an open public meeting held in 2021, that she had grave concern regarding the elections being compromised. Plaintiff was an elected official holding a weighted vote, one which neither Defendant held. Defendant JAMES PITTINGER, admonished and changed the agenda dialogue, dismissing the voice of the Plaintiff not five minutes into reading the letter, attached as EXHIBIT 1. Today, that letter is quite relevant, in fact, is central to the Plaintiffs' action and harms thereto. As facts provide, the entirety of election infrastructure has been compromised by foreign enterprise, affirmed through contracts of bearing the co-Defendants' signatures, consent to aid and abet such foreign intrusion of Plaintiffs' sovereign Rights, commencing from 2002 actually, same set forth herein.

10. Plaintiff asserts that the Defendants, JAMES PITTINGER and LISA SELLA absolutely knew that the elections were bereft with malfeasance, up to and including violations of Executive Order 13878, they took no action from their capacity. Plaintiff states that the Defendants are overcompensating for their own shortcomings, having every knowledge of the sovereign Rights of the Plaintiff being violated, they chose not to stand by God and Country advancing their own interests. This overcompensation continues presently in the Defendants' veneer of failed leadership, quantitative in every way.

11. The Defendants have proven themselves traitors to their Country; their only concern is and remains themselves and their non-voting or appointed capacity. Plaintiff on the other hand compromises

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 5

> nothing, most especially not to JAMES PITTINGER and LISA SELLA who would dismiss their Oath, pledge and honor to these United States.
>
> 20. Defendants, JAMES PITTINGER and LISA SELLA have weaponized their capacity against the Plaintiff, causing further injury by attempt to intimidate, interfere and subvert Plaintiff's sovereign Rights unalienable to her and affirmed by the Constitution under Title 18 §245. Defendant's directive actions, attached as EXHIBIT 2, substantiate Plaintiff's claims of harm herein intimated, having no power under a Borough Form of Government, yet they knowingly assail themselves continuously, divisively and irrefutably in an attempt to intimidate Plaintiff. Defendants, JAMES PITTINGER and LISA SELLA are the composite representation of the worst of public servants, those persons who by appointment or coercion of political will, pontificate themselves of the Glory seat belonging to God, Himself, on behalf of their internal broken structure, weak in every way, so as to buttress some semblance of power up to and including usury directive of the co-Defendants. Plaintiff will not stand down her sovereign Rights, despite continual violations by the named Defendants, God demands justice to these violations.

No liability under 18 U.S.C. § 245 was alleged in the Amended Complaint, nor any factual allegations regarding changing a meeting agenda, or refusing to allow Plaintiff to read a letter at a public meeting. Furthermore, there is nothing in the Amended Complaint, nor provided here, regarding a 2018 ordinance related to boat and trailer parking prohibitions.

As these legal issues and facts are not included in the Amended Complaint, they cannot be considered as part of an opposition to dismiss. Further, if the Court were to consider them, or treat their inclusion as either a motion to leave to amend, or a request to file such motion, such amendment, or leave to file, must be denied as

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 6

futile.

    1. <u>The New Facts Alleged in Plaintiff's Opposition Are Inappropriate and Cannot Be Considered by The Court.</u>

It is well established that a plaintiff may not amend a complaint in a brief in opposition to a motion to dismiss. <u>Hamza v. United Cont'l Holdings, LLC</u>, 2020 U.S. Dist. LEXIS 177853, *7 (D.N.J. Sept. 28, 2020) (citing <u>Com. of. Pa. ex rel. Zimmerman v. PepsiCo, Inc.</u>, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (alteration in original) (international quotations omitted). "Since a complaint may not be amended by the briefs in opposition to a motion to dismiss, the Court must disregard these allegations." <u>Eli Lilly & Co., Roussel Corp.</u>, 23 F.Supp.2d 460, 493 (D.N.J. 1998) (internal quotations omitted).

Here, there is no question that any legal basis asserted under 18 U.S.C. § 245 is not included in Plaintiff's Amended Complaint. Neither does the Amended Complaint contain any allegations regarding the 2018 ordinance or Plaintiff's alleged attempt to read a letter at a public meeting, and Defendants' allegedly cutting her off from doing so. As such, those legal and factual assertions cannot serve as the basis for an opposition and cannot be considered.

    2. <u>Even If the New Facts or Legal Arguments Are Considered, The Motion to Dismiss Should Be Granted.</u>

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 7

First, the conduct alleged by Plaintiff as to Defendants Pittinger and Sella is unrelated to the conduct prohibited by 18 U.S.C. § 245. 18 U.S.C. § 245, in relevant part, "prohibits using force or threat of force to willfully injure, intimidate, or interfere with 'any person because he or she has been, or in order to intimidate such persons from participating, without discrimination on account of race, color, religion or national origin' in voting or voting related activities." Id. Nowhere in the Amended Complaint, or new facts alleged, is there any indication that Defendants Sella or Pittinger used any "force or threat of force" as to Plaintiff. Neither are there any facts to support the requirement in the statute that any actions as to Plaintiff were motivated by any of the prohibited characteristics. Finally, the allegations by Plaintiffs do not relate to any "voting or voting related activities." Thus, there is absolutely no facts in the Amended Complaint or in the opposition brief, to meet the elements required in 18 U.S.C. § 245.

Furthermore, *even if*, elements were met, 18 U.S.C. § 245 is a criminal statute, and provides no private right of standing to Plaintiff. See Jones v. NJTA/EZPASS NJ, 2023 U.S. Dist. LEXIS 107615, at *7-8 (18 U.S.C. § 245 does not "provide Plaintiff with a private right of action for alleged violations, but rather set[s] forth a basis for federal prosecution.") (citing Carpenter v. United States, 2010 U.S. Dist. LEXIS 133015, at *3 (D.N.J. Dec. 16, 2010) (dismissing claim brought under 18

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 8

U.S.C. § 245 because it "do[es] not give rise to a private cause of action.")  See also Thompson v. Eva's Vill. & Sheltering Program, 2006 U. S. LEXIS…… holding that 18 U.S.C. 245 is a "federal criminal statute[] and thus [it does] not convey a private right of action." Id. at *23 (citing Maier v. Phillips  See, e.g., Maier v. Phillips, 2000 U.S. App. LEXIS 1882, No. 99-7120, 2000 WL 234453, at *2 (2d Cir. Feb. 1, 2000) (dismissing claim brought pursuant to 18 U.S.C. § 371 because § 371 is a criminal statute that affords no private right of action); Fechter v. Shiroky, 1995 U.S. App. LEXIS 15814, No. 04-16047, 1995 WL 377155 at *4 (9th Cir. June 23, 1995) (affirming dismissal of § 245 claims because, as a criminal statute, there is no private right of action); Rockefeller v. U.S. Court of Appeals Office, For The Tenth Circuit Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing plaintiff's § 371 claims because there [*24] is no private right of action); John's Insulation, Inc. v. Siska Const. Co., Inc., 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (finding that § 245 does not create a private right of action for damages). Accordingly, since Plaintiff does not have the right to bring claims pursuant to 18 U.S.C. §§ 371 and 245(b)(2)(B), such claims are dismissed.  See also Dormevil v. Domestic rels. Officer Delaware Cnty. Pennsylvania Child Support Agency, 2023 U.S. Dist. LEXIS 167103, at *3, n.26 (E.D. Pa. Sept. 20, 2023), *aff'd*, 572 Fed. Appx. 68 (3d

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 9

Cir. 2014) ("There is no civil private right of action available to [Plaintiff] under [18 U.S.C.] sections 242 or 245.").

Accordingly, this Court should not consider any additional documentation or facts submitted for the first time in Opposition.

> 3. The Court Should Not Grant Leave to Amend Based Upon These Allegations, or Alternatively, the Court Should Consider the Opposition as a Motion to Amend and Deny It.

In Hamza, the court noted when a plaintiff is proceeding *pro se,* courts have construed additional allegations in an opposition brief as a motion to amend the complaint. When doing so they have failed to consider the arguments in the opposition, but granted leave to amend. Hamza, supra, at 8. However, in this case, the Court has already granted Plaintiff leave to amend, previously administratively terminating all original pending motions to dismiss and permitting the filing of an amended complaint. As Plaintiff has already had a second bite at the apple, she should not be permitted for a third time to amend her complaint again, either through her opposition brief, which is prohibited, or through the Court turning Plaintiff's opposition into a motion for leave and granting it sua sponte.

If the Court were inclined to treat the new facts as a motion to amend, the Court should follow the analysis recently conducted by Judge Bongiovanni in Severino v. Middlesex Cnty. Prosecutor's Off., 2024 U.S. Dist. LEXIS 78390

(D.N.J. Apr. 30, 2024). There the court recognized that while *pro se* filings are to be liberally construed and that there is often leniency regarding full technical compliance of pro se filings, "[t]his leniency … should not be abused by *pro se* litigants" and "all litigants, including *pro ses*, have an obligation to comply with Court orders.'" Id at *7-8 (quoting Edelson v. Cheung, 2017 U.S. Dist. LEXIS 5219, *15 (D.N.J. Jan. 12, 2017).

In addressing a second motion to amend a complaint, filed out of time from a prior court order, the court undertook a two-part analysis. First, the court considered whether the court should even consider a request to amend under the more stringent standard of Rule 16(b)(4), which states that a "schedule may be modified only for good cause and with the judge's consent." Severino, supra, at *8 (quoting Rule 16(b)(4)). The Court "has broad discretion in determining what kind of showing the moving party must make in order to satisfy Rule 16(b)'s good cause requirement." Id. at 8 (quotations omitted). The Court noted that there was no basis offered for the explanation, but chose to consider the merits anyway given the *pro se* nature.

Here, the Court should not grant leave to amend, as the Court has already granted leave and provided a period for doing so. Parties have submitted significant briefings, and the motions have been pending since April. There is no good cause to justify permitting any new motions to amend. Despite Plaintiff's *pro se* status, a

second motion to amend, implicitly made in an opposition brief, should not be considered.

However, if the Court finds that Rule 16 is either inapplicable or has been met, the Court should not grant leave to amend or, if the Court considers the opposition as a motion to amend it should be denied, because such amendment is futile. A court "may deny a motion to amend where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Severino, at *11-12 (quoting Forman v. Davis, 371 U.S. 178, 182 (1962)).

"An amendment is futile if it 'is frivolous or advances a claim or defense that is legally insufficient on its face.'" Severino, at *12 (quoting Harrison Beverage Co. v. Dribeck Imp., Inc., 133 F.R.D. 463, 468 (D.N.J. 1990). "To determine if an amendment is 'insufficient on its face,' the Court utilizes the motion to dismiss standard under Rule 12(b)(6)." Severino, at *12 (citing In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002)). The court "considers only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the party's claims are based upon the same." Id. (citing

Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993)).

"'[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead enough facts to state a claim to relief that is plausible on its face.'" Severino, at *12-13 (quoting Duran v. Equifirst Corp., 2010 U.S. Dist. LEXIS 22903, *2 (D.N.J. Mar. 12, 2010).

Here, courts have unequivocally articulated that 18 U.S.C. § 245 does not provide a private cause of action. Therefore, any claims based upon it are inherently futile (and frivolous). Additionally, as discussed above, the facts alleged do not even meet the requirements of a claim under 18 U.S.C. § 245, even if a private cause of action did exist.

Any amendments would be futile and leave to file a motion to amend should be denied or the opposition should be considered as a motion to amend and similarly denied.

Facts alleged in an amended complaint must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Severino, at *13 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). The focus is not on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 13

the claims.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Conclusory and superficial allegations that a cause of action exists are insufficient. Id. (citing Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Id. (quoting Ashcroft, 556 U.S. at 678). To survive a motion to dismiss, civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. Additionally, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." Id. (quoting Baraka v. McGreevey, 481 F.3d 187, 211 (3d Cir. 2007).

In the case at hand, a second amended complaint would not cure any of the deficiencies outlined in Defendants' moving papers. Rather, if given a third bite at the apple, Plaintiff would merely recite the baseless allegations contained in the countless submissions to this Court. A second amended complaint, like the Complaints filed before it, would still fall short of meeting the minimum federal pleading standards. No conceivable or legally sound argument can be made, and no amount of time would enable Plaintiff to cure the factual and legal deficiencies in

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 14

the amended complaint. The facts are clear: Plaintiff has not, and cannot, sufficiently state a claim that would warrant relief against Defendants Pittinger or Sella based on the federal criminal statutes cited.

Whether considered on the merits on the opposition, or considered as part of a potential motion to dismiss, the claims are futile and do not serve as a basis to oppose the motion to dismiss or a valid motion to amend the complaint a second time.

First, the conduct alleged by Plaintiff as to Defendants Pittinger and Sella is unrelated to the conduct prohibited by 18 U.S.C. § 245. 18 U.S.C. § 245, in relevant part, "prohibits using force or threat of force to willfully injure, intimidate, or interfere with 'any person because he or she has been, or in order to intimidate such persons from participating, without discrimination on account of race, color, religion or national origin' in voting or voting related activities." Id. Plaintiff does not allege that any alleged conduct of Defendants is based upon any of the triggering factors. Furthermore, the conduct complained of in the opposition does not relate to "voting or voting related activities." Plaintiff alleges Defendants "admonished and changed the agenda dialogue," while she was reading a letter at an open public meeting held in 2021. (Id. at ¶ 9).

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 15

Even if the Court chooses to address these improper claims, as Defendants previously asserted in their moving papers, the alleged violations under federal criminal statutes are fundamentally flawed. This is because the relevant statute, 18 U.S.C. § 245, grants the government—not private individuals—the authority to pursue federal criminal charges for alleged interference with federally protected rights through force or threat. They do not confer a private right of action. Even supposing that this statute applies to the matter at hand, Plaintiff fails to present any evidence showing how the Defendants used force or threat to infringe upon her protected right. Id. at ¶¶ 9, 10.

Accordingly, this Court should not consider any additional documentation or facts submitted for the first time in Opposition.

   4. Plaintiff Has Failed to Respond to Defendants' Arguments Which are Deemed Waived.

Under well-settled law, the Third Circuit has been clear that "[f]ailing to bring an argument at the appropriate time can result in a finding of waiver." In re Imerys Talc Am., Inc. v. Cyprus Historical Excess Insurers, 38 F.4th 361, 373 (3d Cir. 2022) (citing Pinchler v. UNITE, 542 F.3d 380, 396 n.19 (3d Cir. 2008) ("holding an argument waived where a party raised it at oral argument, but not in its briefs"); see also Confer v. Custom Eng'g Co., 952 F.2d 41, 44 (3d Cir. 1991). Courts have specifically applied this clear principle in the motion to dismiss setting. As recently

as June 2024, Judge Kirsch held that "Defendant did not respond to [the] argument in its brief, and thus waives any argument in opposition to Plaintiff's argument…" Michael v. Bravo Brio Rests, LLC, 2024 U.S. Dist. LEXIS 102504, at *18, n6 (D.N.J. June 10, 2024) (citing Dreibelbis v. Scholton, 274 F.App'x 183, 185 (3d Cir. 2008) (affirming district court's grant of a motion to dismiss on grounds raised in defendants' opposition but not addressed in plaintiff's opposition); Woodell v. Coach, 2022 U.S. Dist. LEXIS 220420, at *3 (D.N.J. Dec. 7, 2022) ("As Woodell does not address these arguments in his opposition brief, any arguments in opposition are deemed waived." (citing Leisure Pass N. Am., LLC v. Leisure Pass Grp., Ltd., 2013 U.S. Dist. LEXIS 120593 (D.N.J Aug. 26, 2013)). Selective Insurance Company of America v. Christeyns Laundry Technology, LLC, 2020 WL 6194015, *5 (D.N.J. Oct. 22, 2020) ("[Defendant] apparently conceded this argument by failing to address it in its Response to [Plaintiff's] Motion.").

District Courts throughout the Third Circuit have similarly found that the failure to address an issue in an opposition to a motion to dismiss waives any potential opposition. "[W]hen "[a] brief in opposition to a motion to dismiss [ ] fails to respond to a substantive argument to dismiss a particular claim" that "results in the waiver or abandonment of that claim." See Barber v. Rivello, No. 1:22-CV-1840, 2024 WL 198904, at *3 (M.D. Pa. Jan. 18, 2024); Culley v. Cumberland Valley

School District, 2016 WL 775091, *4 (M.D. Pa. Feb. 29, 2016) ("[B]ecause Plaintiffs' brief wholly fails to address this argument, they have in effect waived their opposition to Defendant's request for dismissal of their monetary damages claim."); Hanoverian, Inc. v. Pa. Dep't of Envtl. Prot., 2008 WL 906545, *16 (M.D. Pa. Mar. 31, 2008) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded.").

Here, Defendant Pittinger and Sella's Motion to Dismiss is premised upon Plaintiff's lack of standing and her inability to meet the required elements. Her opposition does not address any of those arguments besides her attempt to bring in a new, and improper, basis for standing. As she has failed to address the claims, any arguments should be deemed waived and the motion granted accordingly.

Plaintiff's Amended Complaint does not state a claim for which relief may be granted, and thus should be dismissed by this Court. Plaintiff's Opposition further fails to explain how Plaintiff can bring suit under federal criminal statutes that do not have a private right of action. Thompson, supra, at *24. The various causes of action claimed by Plaintiff are legally and factually insufficient to state a claim. Plaintiff's Opposition does not address the fact that there is no legal cause of action for bringing an action as a private citizen for violation of the "Take Care

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 18

Clause", "Treason Clause," or this newly purported hate crime statute, and, even if such causes of action were theoretically permitted, no facts have been presented that would suggest that Defendants are liable for such imagined violations.

Moreover, Plaintiff sets forth no acceptable evidence or argument in her Opposition to disprove Defendants' lack of standing assertion. Defendants incorporate by reference the arguments made in their moving papers. Plaintiff has not met her burden of demonstrating that she has experienced any specific harm, nor has she shown that the alleged harm she suffered was a result of any illegal conduct by Defendants. Finally, even in the event the Court did find that Plaintiff suffered specific harm that was causally connected to Defendants, she is not seeking any relief that can address those harms. Because Plaintiff has failed to meet any of the requirements for standing, the Amended Complaint must be dismissed.

5. <u>The Court Should Deny Plaintiff's Various Motions for Preliminary Injunction and Temporary/Permanent Restraining Order and Supplements in Support of Same as They are Procedurally and Substantively Improper.</u>

Lastly, without proper notice to the parties, on three separate occasions, on May 20, 2024, August 30, 2024, and September 4, 2024, Plaintiff filed three distinct motions for Preliminary Injunction and Temporary/Permanent Restraining Order. (ECF 73, 103, and 105). Following each of these improper filings, and again without leave of Court or notice to the parties, the Plaintiff subsequently submitted

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 19

"supplement" materials in support of each motion for injunctive relief. (ECF 77, 104, 106, and 108). As the motions for injunctive relief and supplemental submissions are both procedurally and substantively improper, Defendant Pittinger and Sella request Plaintiff's motions be denied in their entirety. See L. Civ. R. 65.1; L. Civ. R. 7.1; L. Civ. R. 7.2; see also Reilly v. City of Harrisburg, 858 F.3d 173.

Should the Court choose to disregard the procedural deficiencies and consider the motions, the motions should nonetheless be denied on the merits. A preliminary injunction is an "extraordinary and drastic remedy," and "it is never awarded as of right". Munaf v. Geren, 553 U.S. 674, 689-690. Plaintiff must establish that "[s]he is likely to succeed on the merits." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). Furthermore, Plaintiff must prove that she is "likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest." Id. None of these factors have been satisfied here. To date, the Plaintiff has not demonstrated any legally recognizable harm, much less irreparable harm, that is concrete and particular to her. Likewise, the balance of equities and the public interest do not warrant the issuance of the requested relief.

To save time and public resources, and in light of the blatant procedural and legal deficiencies in Plaintiff's motions, Defendants believe a detailed substantive

Honorable Zahid N. Quraishi, U.S.D.J.
September 20, 2024
Page 20

response to the motions for injunctive relief is unnecessary at this time. Should the Court elect to consider the motions, despite the procedural and substantive deficiencies briefly highlighted herein, Defendants reserve the right to request additional time to provide a more detailed substantive response to same.

## CONCLUSION

For these reasons, Defendants Pittinger and Sella respectfully request that their Motion to Dismiss be granted as a matter of law. Additionally, Because Plaintiff has failed to raise any cogent argument warranting injunctive relief, her motions for a preliminary injunction and request for a restraining order against Mr. Pittinger and Ms. Sella should be denied.

Very truly yours,

s/*Matthew C. Moench, Esq.*
MATTHEW C. MOENCH

Cc:  Mary Basile Logan, Plaintiff (via Regular Mail and Email)
     All Counsel of Record (via electronic filing)