# SILLS CUMMIS & GROSS
A PROFESSIONAL CORPORATION

**The Legal Center**
**One Riverfront Plaza**
**Newark, New Jersey 07102-5400**
**Tel: 973-643-7000**
**Fax: 973-643-6500**

Gregory E. Reid
Member
Direct Dial: (973) 643-4411
E-mail: greid@sillscummis.com

September 23, 2024

**BY CM/ECF**

Honorable Zahid N. Quraishi, U.S.D.J.
United States District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Courtroom 4W
Trenton, New Jersey 08608

                Re:    *Logan v. Garland et al.,* No. 3:24-cv-0040 (ZNQ-TJB)

Dear Judge Quraishi:

    Together with *pro hac vice* counsel from Hecker Fink LLP,[1] this firm represents the Democratic National Committee and Congresswoman Debbie Wasserman Schultz, in her capacity as the former Chair of the Democratic National Committee (collectively, "Defendants"), in the above captioned action.

    Defendant Democratic National Committee moved to dismiss this action with prejudice on March 5, 2024, and then again on April 5, 2024 after Plaintiff was permitted to amend her complaint. Congresswoman Schultz moved to dismiss soon thereafter. *See* Dkts. 40, 54, 72.[2] On May 20, 2024, while those motions remained pending and without notice to the parties, Plaintiff filed a motion for a preliminary injunction and temporary restraining order. *See* Dkt. 73. Defendants filed an opposition to Plaintiff's motion, which remains pending. *See* Dkt. 84. Subsequently, on August 30, 2024, Plaintiff filed a second motion for a preliminary injunction and permanent restraining order. *See* Dkt. 103. Thereafter, on September 4, 2024, Plaintiff filed her third motion for a preliminary injunction and permanent restraining order. *See* Dkt. 105. Plaintiff

---

[1] Hecker Fink, previously known as Kaplan Hecker & Fink, LLP, was renamed in July 2024.

[2] Specifically, the Democratic National Committee moved to dismiss pursuant to Rules 12(b)(1) and (b)(6), and for costs incurred in Plaintiff's prior, voluntarily dismissed action, pursuant to Rule 41(d). *See* Dkt. 54. Congresswoman Schultz, in her personal capacity as former Chair of the Democratic National Committee, moved to dismiss pursuant to Rules 12(b)(1), (2), and (6); she also asserted immunity under the Speech or Debate Clause. *See* Dkt. 72. Defendants continue to assert these defenses, and do not waive any of them, including any jurisdictional argument, by filing this opposition to Plaintiff's latest motions for a preliminary injunction and permanent restraining order.

September 23, 2024
Page 2

followed this with two supplements to her preliminary injunction motions, *see* Dkts. 106, 108, and a letter, which in relevant part appears to assert the conclusory allegation that the DNC participated in a national security breach, *see* Dkt. 110 at 4. The latest filings, like those before, are nothing more than an improper attempt to implicate a defendant in an implausible conspiracy theory. *See, e.g.*, Dkts. 45, 46, 55, 57, 60, 69, 73.

In any event, Plaintiff's latest motions must be denied. As this Court is well aware, a preliminary injunction is an "extraordinary remedy" that is "never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, a plaintiff seeking a preliminary injunction must satisfy a demanding standard. Specifically, a plaintiff must establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20.

None of these factors has been satisfied. As set forth in detail in Defendants' motions to dismiss, Plaintiff has not come remotely close to showing a likelihood of success on the merits. *See* Dkt. 54 at 9–10; Dkt. 72 at 7–9. Indeed, numerous jurisdictional obstacles prevent this Court from even deciding the case as to Defendants. *See* Dkt. 54 at 7–9; Dkt. 72 at 4–7, 10. Plaintiff also has not established legally cognizable harm (let alone irreparable harm) because the Amended Complaint does not identify the existence of any concrete, particularized injury. *See* Dkt. 54 at 7–9; Dkt. 72 at 4–6. Finally, the balance of equities and the public interest do not warrant the issuance of preliminary injunctive relief. Conspiracy theories, in short, are not an appropriate basis for legal action.

We note that this case has been pending for more than nine months, and the DNC's motion to dismiss the operative complaint has been fully briefed for nearly five months. *See* Dkt. 54, 63. Plaintiff's allegations are plainly frivolous, and grow more frivolous with each improper filing. Moreover, Plaintiff's vexatious approach to this litigation, and her patent disregard for the applicable rules, has forced the DNC to incur substantial and unreasonable costs. We respectfully request that, in addition to denying the pending motions for preliminary injunction, the Court promptly dismiss the case against the DNC and Congresswoman Wasserman Schultz with prejudice.

Respectfully submitted,

*s/ Gregory E. Reid*
GREGORY E. REID